UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12253MLW

STEVEN McDERMOTT, )
    Plaintiff, )
vs. )
     )
FEDERAL EXPRESS CORPORATION, )
    Defendant )

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE THE FIRST AMENDED COMPLAINT

Now comes the Plaintiff, Steven McDermott ("McDermott") and hereby moves this Honorable Court for leave to file his proposed First Amended Complaint attached hereto as **Exhibit "A"**. Plaintiff seeks: (1) to add Stacey McDermott as Co-Plaintiff, and (2) to add T.S. Pruitt as Co-Defendant in the above entitled action.

Further, the Plaintiff seeks to amend the name of the corporate Defendant from Federal Express Corporation to FedEx Ground Package Systems, Inc., pursuant to Defendant's Corporate Disclosure Statement in the above entitled action.

Plaintiff states that these amendments are necessary to the presentation of this matter. Plaintiff further states that there is no undue delay, bad faith or dilatory motive on the part of the Plaintiff.

GOGUEN, MCLAUGHLIN,
RICHARDS & MAHANEY, LLP
ATTORNEYS AT LAW
2 PLEASANT STREET
SOUTH NATICK,
MASSACHUSETTS 01760

(508) 651-1000
FAX (508) 651-1128

## SUMMARY OF THE FACTS

McDermott is a resident of the Commonwealth of Massachusetts, and self employed truck driver. On or about February 7, 2003, McDermott was involved in a motor vehicle accident involving his tractor trailer on Interstate 84 in the Commonwealth of Pennslyvania. It is alleged that a tractor trailer owned by FedEx Ground Package Systems, Inc., and operated by T.S. Pruitt, collided with McDermott's vehicle causing him significant personal injury. It is also alleged that the Defendant T.S. Pruitt was operating his tractor trailer at an excessive and unreasonable speed taking into account the conditions of the road.

McDermott filed suit on October 26, 2004. Service of Process was effectuated on January 10, 2005. The Defendant filed its answer.

## ARGUMENT

I. **McDERMOTTS MOTION TO AMEND HIS COMPLAINT SHOULD BE GRANTED**

Mass.R.Civ.P. 15(a) states in part "…a party may amend his pleading only by leave of the court or be written consent of the adverse party; and leave shall be freely given when justice so requires. Fed.R.Civ.P. 15(c) states: "An amendment of a pleading relates back to the date of the original pleading when (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Judges have broad discretion

GOGUEN, MCLAUGHLIN,
RICHARDS & MAHANEY, LLP
ATTORNEYS AT LAW
2 PLEASANT STREET
SOUTH NATICK,
MASSACHUSETTS 01760

(508) 651-1000
FAX (508) 651-1128

in ruling on motions to amend. All Seasons Services, Inc. v. Commissioner of Health & Hospitals of Boston, 416 Mass. 269, 272, 620 N.E.2d 778 (1993). Granting a motion to amend is justified in circumstances where there is no undue delay, no undue prejudice to the opposing party, and not futile. Castellucci v. United States Fidelity and Guaranty Co., 372 Mass. 288, 290, 361 N.E.2d 1264 (1977). McDermott's proposed First Amended Complaint was not unduly delayed as the original Complaint was filed with the Court on October 25, 2004 with service of process being accomplished on January 10, 2005.

Allowance of this motion is not futile and will not cause any undue prejudice against the Defendants as this case is presently in the discovery process.

## II  McDERMOTT SHOULD BE ALLOWED TO ADD STACEY McDERMOTT AS PLAINTIFF

The Mass.R.Civ.P., 19 states in part: (a) Persons to be Joined if Feasible. A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest.

Stacey McDermott initially did not want to pursue her action of loss of consortium at the time of the filing of the initial complaint. After consideration of her claim, she now wishes to pursue same.

GOGUEN, McLAUGHLIN,
RICHARDS & MAHANEY, LLP
ATTORNEYS AT LAW
2 PLEASANT STREET
SOUTH NATICK,
MASSACHUSETTS 01760

(508) 651-1000
FAX (508) 651-1128

### III  McDERMOTT SHOULD BE ALLOWED TO ADD T.S. PRUITT AS DEFENDANT

McDermott seeks to add T.S. Pruitt ("Pruitt") as a Defendant in the action. McDermott did not initially name Pruitt as a party Defendant however did identify Pruitt in the original Complaint and therefore Defendant had sufficient notice that Pruitt was the operator of the vehicle.

Fed.R.Civ.P. 15(a) states in part "leave shall be freely given when justice so requires. While a motion to amend the pleadings to conform to the evidence may be made post-trial, the timing of such a motion is a factor that may be considered by the judge in ruling on the motion, and the judge may also weigh the prejudice to the non-moving party. Rules Civ.Proc., Rule 15(b), 43A M.G.L.A. Sullivan v. Utica Mutual Insurance Co., 439 Mass. 387, 788 N.E.2d 522 (2003).

In Berman v. Alexander, 57 Mass.App. 181, 191 (2003), the Court ruled that the trial judge had acted within his discretion in denying a motion, made a month before trial, to add a claim under G.L. c. 93A, § 11, where the trial judge had ruled not only that the claim had been brought very late, but that it "would have changed some of the strategy on the part of the defendant or at least could have." 57 Mass.App. at 191. In Shaw v. Seigel, 13 Mass.App.Ct. 258, 263 (1982), the Court held that granting the amendment "almost certainly would have necessitated a substantial continuance of the case" and that the proposed amendment, which left wholly unchanged the objectionably vague allegations of the original complaint, reasonably could have been viewed by the motion judge as a "deliberate or grossly negligent attempt to confuse amounting to bad faith,

GOGUEN, MCLAUGHLIN,
RICHARDS & MAHANEY, LLP
ATTORNEYS AT LAW
2 PLEASANT STREET
SOUTH NATICK,
MASSACHUSETTS 01760

(508) 651-1000
FAX (508) 651-1128

and as causing undue prejudice" to the defendants. 13 Mass.App.Ct. at 263-264.

In the matter presently before the Court, timeliness of this motion would not and could not change any strategy presently adopted by defense counsel. Again this case is still in the discovery process, Pruitt was identified in the original complaint and therefore no prejudice will result to Defendant.

**WHEREFORE**, Plaintiff, Steven McDermott respectfully requests this Motion be allowed.

Respectfully submitted,
The Plaintiff, by his counsel

_____
Joseph M. Mahaney, Esq.
BBO# 549042
Goguen, McLaughlin, Richards & Mahaney, LLP
2 Pleasant Street
South Natick, Massachusetts 01760
(508) 651-1000

dated: July 25, 2005

GOGUEN, MCLAUGHLIN,
RICHARDS & MAHANEY, LLP
ATTORNEYS AT LAW
2 PLEASANT STREET
SOUTH NATICK,
MASSACHUSETTS 01760

(508) 651-1000
FAX (508) 651-1128