UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-CV-12253

| | |
|---|---|
| STEVEN McDERMOTT, | ) |
| STACEY McDERMOTT, | ) |
| Plaintiffs, | ) |
| vs. | ) |
| FEDEX GROUND PACKAGE SYSTEMS, INC., | ) |
| T.S. PRUITT, | ) |
| Defendants, | ) |

**DEFENDANT FEDEX GROUND PACKAGE SYSTEMS, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO TRANSFER VENUE**

### I. INTRODUCTION

Fedex Ground Package Systems, Inc. ("Fedex"), pursuant to 28 U.S.C. §1404(a), moves for an Order transferring the venue of this civil action to the United States District Court for the Middle District of Pennsylvania because the factual bases for the plaintiff's claims have no material connection to the plaintiff's chosen forum.

### II. RELEVANT FACTS

The plaintiff Steven McDermott alleges that on February 7, 2003 he was operating his tractor-trailer on Interstate 84 Eastbound in the Commonwealth of Pennsylvania. He stopped his tractor-trailer on Interstate 84 for an unrelated accident that had occurred prior to his arrival. Mr. McDermott also alleges that Fedex's tractor-trailer, being operated by co-defendant T.S. Pruitt on Interstate 84 Eastbound, was unable to stop and struck the plaintiff with excessive force, causing injuries to the plaintiff. He has filed suit against Fedex and T.S. Pruitt alleging that the

cause of the accident was T.S. Pruitt, as an agent for Fedex, for negligently operating the tractor-trailer. Mr. McDermott alleges he injured his back from the accident and that he can no longer work again.

### III.  THIS LAWSUIT PROPERLY BELONGS IN PENNSYLVANIA

In relevant part, 28 U.S.C. §1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of §1404(a) "is to prevent waste 'of time, energy and money' and 'to protect litigants, witnesses and the general public against, unnecessary inconvenience and expense." U.S. Fidelity and Guaranty v. Republic Drug, 800 F. Supp. 1076, 1079 (E.D.N.Y. 1992) (quoting Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (quotation omitted)).

### A.  THIS ACTION COULD PROPERLY HAVE BEEN FILED IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PENNSYLVANIA.

There is a two-part test in deciding a motion to transfer venue. The threshold question under §1404(a) is whether the action sought to be transferred is one which "might have been brought" in the district court in which the movant seeks to have the case litigated." U.S. Fidelity and Guaranty v. Republic Drug, 800 F. Supp. 1076, 1079; Princess House, Inc. v. Lindsey, 136 F.R.D. 16, 18 (D.Mass. 1991). The question of whether venue is initially proper is governed by 28 U.S.C. §1391(a). Id.; Princess House, Inc., 136 F.R.D. at 17. The statute provides in relevant part that "[a] civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in ... (2) a judicial district in which a substantial part of the events or omission giving rise to the claim occurred... ."

In this case, the threshold requirement of §1404(a) is met. Diversity jurisdiction exists under 28 U.S.C. §1332 because the plaintiff, T.S. Pruitt and Fedex are citizens of different states

and the amount in controversy allegedly exceeds $75,000. Further, personal jurisdiction and venue is proper in Pennsylvania under 28 U.S.C. §1391(a)(2) because the alleged accident occurred there.

**B.  A TRANSFER TO THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA IS APPROPRIATE FOR THE CONVENIENCE OF THE WITNESSES AND IN THE INTERESTS OF JUSTICE.**

The second part of the test in deciding a motion to transfer venue is whether, in considering "the convenience of parties and witnesses" and the "interest of justice," a transfer to the proposed district is appropriate. U.S. Fidelity and Guaranty v. Republic Drug, 800 F. Supp. 1076, 1079; Fairview Machine & Tool Co., Inc. v. Oakbrook International, Inc. & Nuway Paper, L.L.C., 56 F. Supp. 2d 134, 141 (D. Mass. 1999). In deciding this issue, several factors are considered including: (1) convenience and attendance of witnesses; (2) locus of operative facts and relative ease of access to sources of proof; (3) plaintiff's choice of forum; (4) relative means of the parties; (5) convenience of the parties; (6) the desirability of having the case tried by the forum familiar with the substantive law to be applied; and (7) the interest of justice, based on an assessment of the totality of material circumstances. U.S. Fidelity and Guaranty, 800 F. Supp. 1076, 1080; see also, Gibbs & Hill, Inc. v. Harbert International, Inc., 745 F. Supp. 993, 996 (S.D.N.Y. 1990); Oussama Elbalah v. Republic Insurance Company, 879 F. Supp. 3, 5 (D. RI 1995). Codex Corp. v. Milgo Electronic Corp., 553 F.2d 737 (1st Cir. 1977); Berrigan v. Greyhound Lines, Inc., 560 F. Supp. 165, 169 (D. Mass. 1982), aff'd, 7982 F.2d 295 (1st Cir. 1986). Each of these factors is considered below.

1. **Convenience and Attendance of the Witnesses**

The convenience of the witnesses is "[p]robably the most important factor, and the factor most frequently mentioned, in passing on a motion to transfer under 28 U.S.C. §1404(a)." Brant

Point Corp. v. Poetzsch and Fryar, 671 F. Supp. 2, 3 (D. Mass. 1987) (citations omitted); Fairview Machine & Tool Co., Inc., 56 F. Supp. 2d at 141; Oussama Elbalah, 879 F. Supp. at 4.

Most of the witnesses with personal knowledge of the facts and circumstances concerning the alleged incident reside in Pennsylvania. J.T. Fosbrink, according to the Pennsylvania State Police Accident Report, was one of the truck drivers involved in the accident. Attached hereto as Exhibit A is a true and genuine copy of the police records obtained concerning the alleged incident. See also Affidavit of Adam A. Larson, attached hereto as Exhibit D. Upon information and belief, Fedex believes that Mr. Fosbrink currently resides in Dunbar, Pennsylvania. Fedex expects that Mr. Fosbrink will provide testimony regarding the events of the incident.

There were also several police officers from the Milford Police Department and Pennsylvania State Police at the scene immediately following the incident. See Exhibit A. Three reports were filed including one from Trooper Jennifer A. Kosakevitch. Trooper Kosakevitch will be expected to testify to the contents of her report and her investigation of the alleged incident. In addition, Pennsylvania State Police Troopers Bradley Beach, Warren Graber, Enrico Pascolini, Charles Phelps, P.J. McGurrin, William Hartshorn and Trooper Carroll also responded to the scene and investigated the incident. These officers are also expected to provide important testimony as to their investigation of the alleged incident. All the investigating personnel are believed to be residing in the Middle District of Pennsylvania area.

Further, the police reports and ambulance records indicate that there were paramedics at the scene of the alleged incident from Milford Volunteer Fire and Ambulance Service, and the Hemlock Farms Volunteer Fire Company. Attached hereto as Exhibit B is a true and accurate copy of the ambulance records. Marcia Hall, Barry Beaton, and Ty Lewis of the Hemlock Volunteer Fire Department and possibly other emergency medical technicians are expected to

testify as to the plaintiff's condition and their treatment of him. All of these witnesses are believed to reside in the Middle District of Pennsylvania area.

According to the Hemlock Farms report, the plaintiff was transported to Wayne Memorial Hospital in Honesdale, Pennsylvania. Personnel at Wayne Memorial are expected to testify as to the plaintiff's physical condition immediately following the alleged incident. These witnesses are believed to be residing in the Middle District of Pennsylvania area. Attached hereto as <u>Exhibit C</u> are the medical records and bills concerning treatment of the plaintiff. In particular, attending physician Dr. Bruce Becker, Director of Clinical Laboratory Lillian Longendorfer, Radiologist Jerome Brustein and the emergency room staff and personnel are expected to testify as to the plaintiff's condition and their treatment of him.

Another important factor is the ability of the witnesses to be compelled to testify in either the transferor or transferee district. See <u>Brant Point Corp.</u>, 671 F. Supp. at 5; <u>Princess House, Inc.</u>, 136 F.R.D. at 20. It is much more likely that the local officials and employees listed, who are crucial witnesses, will be available to testify at trial if it were held in Pennsylvania rather than in Massachusetts. It is well settled that a court should procure live testimony of material non-party witnesses at trial rather than being forced to rely upon deposition evidence. See <u>Brant Point Corp.</u>, 671 F. Supp. at 4; <u>Princess House, Inc.</u>, 136 F.R.D. at 20. If this action remains in Massachusetts it is likely that the greatest portion of Fedex's case will consist of deposition evidence.

Clearly, the witness factors, the most important factors, dictate that the case be transferred to Pennsylvania.

2.  **Locus of Operative Facts**

Where the operative facts occurred is an obvious factor to consider which includes the relative ease of access to the sources of proof. U.S. Fidelity and Guaranty, 800 F. Supp. at 1081. The locus of operative facts is in Pike County, Pennsylvania, where the alleged incident occurred. The locus of operative facts test is in conjunction with 28 U.S.C. §1391(a)(2), which provides that a diversity action can be brought in the district where "a substantial part of the events or omission giving rise to the claim occurred." All of the documentation of the incident and many of the witnesses are in Pennsylvania. Clearly this factor weights heavily in making a transfer to Pennsylvania.

3.  **The Plaintiff's Choice of Forum**

The plaintiff's initial choice of forum is normally entitled to "great weight." U.S. Fidelity and Guaranty, 800 F. Supp. at 1082. However, "the plaintiff's choice of forum is not controlling." Brant Point Corp, 671 F. Supp. at 5. Where the facts giving rise to the action have no material relation or significant connection to the plaintiff's chosen forum, then the plaintiff's choice is not accorded the same great weight" and is given reduced significance. U.S. Fidelity and Guaranty, 800 F. Supp. at 1079; Oussama Elbalah, 879 F. Supp. 3. The plaintiff cannot establish any material relation or significant connection between the action and Massachusetts other than that he resides here. The plaintiff's choice of forum of Massachusetts is apparently based on 28 U.S.C. §1391(a)(3) and should not be given any weight because this section only applies "if there is no district in which the action may otherwise be brought." There is another district in which the action can be brought and therefore, the plaintiff's choice of forum should be accorded no weight.

4.   **Relative Means of the Parties**

In cases where a disparity between the parties exists, a court must also consider the relative means of the parties in determining whether to transfer the case. See e.g., Goldstein v. Rusco Industries, Inc., 351 F. Supp. 1314, 1318 (E.D.N.Y. 1972). In the case at bar, having the case transferred to Pennsylvania would minimally affect the plaintiff's means. The plaintiff's court appearances in Pennsylvania would be minimal and his deposition could be taken in Massachusetts, if agreed to by the parties. Moreover, even if the case is in Massachusetts, the plaintiff's counsel will have to travel to Pennsylvania to attend the depositions FedEx plans to take of the police, emergency responders and medical personnel. Therefore, the plaintiff would have to undergo costs and expenses if the suit were to stay in Massachusetts, making the costs to transfer even more minimal.

5.   **Convenience of the Parties**

In assessing convenience to the parties, the convenience of the plaintiff's or defendant's counsel is accorded no weight. S-G Securities, Inc. v. Fuqua Investment Co., 466 F. Supp. 1114, 1122 (D. Mass. 1978) With regard to the plaintiff, since his deposition could be taken in Massachusetts, his only inconvenience is to appear for trial in Pennsylvania. Fedex is a Delaware corporation with its main office in Coraopolis, Pennsylvania and T.S. Pruitt resides in Mississippi. There would be little difference in convenience in changing the venue to Pennsylvania. Therefore, the convenience of the parties would not be greatly affected.

6.   **The Forum State Familiar with the Substantive Law to be Applied**

A consideration affecting the interest of justice is the state law that governs the action. See Brant Point Corporation, 671 F. Supp. at 5. Here, based on the fact that the alleged incident occurred in Pennsylvania, the tort law of Pennsylvania will apply. A transfer to a Pennsylvania

forum promotes the interest of justice because Pennsylvania tort law will be construed by a federal court sitting in that state. See Brant Point Corporation, 671 F. Supp. at 5. It is appropriate that the trial of this case occur in Pennsylvania since substantive Pennsylvania tort law should govern. Bergin v. Dartmouth Pharmaceutical, 326 F. Supp. 179 (D. Mass. 2004). There is no reason to burden citizens of Massachusetts with jury duty in a Pennsylvania case. Oussama Elbalah, 879 F. Supp. at 5.

### 7. **Interests of Justice**

Another consideration in the interests of justice is whether the transfer would prejudice the non-moving party if the action was already in advanced stages of litigation. U.S. Fidelity and Guaranty, 800 F. Supp. at 1082. As no depositions have taken place yet, a transfer would not result in repetitive proceedings in the District of Pennsylvania or prejudice the plaintiff. If the case is transferred to Pennsylvania, the United States District Court for the Middle District of Pennsylvania would not be burdened by having to familiarize itself with a case with an extensive history, nor would the plaintiff be prejudiced since there has been no delay in transferring the case.

The interests of justice dictate that this case be transferred since the entire case revolves around the Pike County, Pennsylvania area, including the alleged incident, its evidence and most of the witnesses. Conversely, the plaintiff has no material basis on which to keep the case in Massachusetts. Accordingly, in the interests of justice, a transfer to Pennsylvania should be strongly favored.

### IV. **CONCLUSION**

For the foregoing reasons, Fedex respectfully requests an Order transferring this action to the United States District Court for the Middle District of Pennsylvania.

FEDEX GROUND PACKAGE SYSTEMS, INC.
By Their Attorneys,
CAMPBELL CAMPBELL EDWARDS &
CONROY PROFESSIONAL CORPORATION

/s/ Adam A. Larson
_____
Adam A. Larson (BBO #632634)
James M. Campbell (BBO #541882)
One Constitution Plaza
Boston, Massachusetts 02129
(617) 241-3000

### CERTIFICATE OF SERVICE

I, Adam A. Larson, certify that on April 24, 2006 a true copy of the above was sent electronically, and by first class mail to:

Joseph M. Mahaney, Esq.
Goguen, McLaughlin, Richards & Mahaney, P.C.
The Harrier Beecher Stowe House
2 Pleasant Street
South Natick, MA 01760

/s/ Adam A. Larson
_____
Adam A. Larson