UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-12253MLW

STEVEN McDERMOTT,
    Plaintiff,
and

STACEY McDERMOTT
    Plaintiff,
vs.

FEDEX GROUND PACKAGE SYSTEMS, INC.,
    Defendant,
and

T.S. PRUITT
    Defendant.

## PLAINTIFF'S FIRST AMENDED COMPLAINT

### I. PARTIES

1. The Plaintiff, Steven McDermott ("Mr. McDermott") is an individual with a primary residence of 175 Mechanic Street, Bellingham, Norfolk County, Massachusetts.

2, The Co-Plaintiff, Stacey McDermott ("Mrs. McDermott") is the wife of the Mr. McDermott and an individual with a primary address of 175 Mechanic Street, Bellingham, Norfolk County, Massachusetts.

3. The Defendant, FedEx Ground Package Systems, Inc., ("FedEx") is a foreign corporation with a principal place of business located at 3610 Hacks Cross Road, Memphis, Tennessee and at all times relevant hereto was the owner of a tractor and trailer that the Plaintiff claims caused his injuries.

4. The Co-Defendant, T.S. Pruitt, ("Pruitt") is an individual with a primary address of 373 Highway 30 East, Oxford, Lafayette County, Mississippi, and at all times relevant hereto was the agent, servant and/or employee of Defendant, FedEx.

### II. JURISDICTION

5. The Defendant, at all relevant times herein actively engaged in business in the Commonwealth of Massachusetts and/or contracted to do business in the Commonwealth of Massachusetts. Jurisdiction over the subject matter of this action is conferred by 28 U.S.C., § 332. The amount in controversy exceeds seventy-five thousand and 00/100 ($75,000.00) exclusive of interests and costs.

GOGUEN, McLAUGHLIN,
RICHARDS & MAHANEY, LLP
ATTORNEYS AT LAW
2 PLEASANT STREET
SOUTH NATICK,
MASSACHUSETTS 01760

(508) 651-1000
FAX (508) 651-1128

6. Jurisdiction over the Defendant, Federal Express, Inc., is conferred by M.G.L. c. 223A, §§ 3(a) and 3(b) and is consistent with the due process clause of the Fourteenth Amendment as the Defendant at all times relevant herein (a) transacted business in the Commonwealth of Massachusetts and (b) contracted to supply services in the Commonwealth of Massachusetts.

7. Jurisdiction over the Co-Defendant, Pruitt, as agent, servant and/or employee of FedEx, is conferred by M.G.L. c.223A, §§ 3(a) and 3(b) and is consistent with the due process clause of the Fourteenth Amendment as the Co-Defendant at all times relevant herein, as agent, servant, employee of FedEx, (a) transacted business in the Commonwealth of Massachusetts and (b) contracted to supply services in the Commonwealth of Massachusetts.

### III. FACTS

8. On or about February 7, 2003, at approximately 3:00 am, Mr. McDermott stopped his tractor-trailer on Interstate 84 Eastbound in the Commonwealth of Pennsylvania for an unrelated accident, which had occurred prior to Mr. McDermott's arrival.

9. The FedEx motor vehicle, being operated by Pruitt, their agent, servant and/or employee, also traveling Interstate 84 Eastbound, was exceeding a reasonable and safe speed taking into account the conditions of the road.

10. Pruitt, unable to stop his motor vehicle, struck the Mr. McDermott with excessive force causing severe and permanent injuries of body and mind.

11. The Plaintiff, Mr. McDermott, sustained personal injuries on February 7, 2003, due to the negligence and carelessness of the Defendant, its agents, servants, employees and/or contractors

12. The Co-Plaintiff, Mrs. McDermott, is seeking damages for loss of comfort, care, companionship, and consortium as a result of these injuries.

### IV. NEGLIGENCE
### Steven McDermott v. FedEx Ground Package Systems, Inc.

13. Plaintiff Steven McDermott realleges and reavers the allegations of paragraphs 1 through 12 and incorporates them by reference as if fully set forth herein.

14. As a direct and proximate result of the aforesaid negligence of the Defendant FedEx, the Plaintiff, Mr. McDermott, sustained severe and permanent personal injuries and has and will continue to be obliged to expend money for medical care and attendance.

15. As a direct and proximate result of the aforesaid negligence of the Defendant FedEx, the Plaintiff, Mr. McDermott's, earning capacity was damaged and depreciated in value and the Plaintiff was prevented from attending to Plaintiff's usual occupation.

16. As a direct and proximate result of the aforesaid negligence of the Defendant FedEx, the Plaintiff, Mr. McDermott, will continue to suffer great pain of body and mind.

**WHEREFORE**, Plaintiff, Steven McDermott demands judgment against the Defendants, FedEx Ground Package Systems, Inc. in an amount to be determined by the jury, plus interest and costs.

GOGUEN, MCLAUGHLIN,
RICHARDS & MAHANEY, LLP
ATTORNEYS AT LAW
2 PLEASANT STREET
SOUTH NATICK,
MASSACHUSETTS 01760

(508) 651-1000
FAX (508) 651-1128

## IV. NEGLEGENCE
### Steven McDermott v. T.S. Pruitt

17. Plaintiff Mr. McDermott realleges and reavers the allegations of paragraphs 1 through 16 and incorporates them by reference as if fully stated herein.

18  As a direct and proximate result of the aforesaid negligence of the Defendant Pruitt, the Plaintiff, Mr. McDermott, sustained severe and permanent personal injuries and has and will continue to be obliged to expend money for medical care and attendance.

19. As a direct and proximate result of the aforesaid negligence of the Defendant Pruitt, the Plaintiff's, Mr. McDermott's, earning capacity was damaged and depreciated in value and the Plaintiff was prevented from attending to Plaintiff's usual occupation.

20. As a direct and proximate result of the aforesaid negligence of the Defendant Pruitt, the Plaintiff, Mr. McDermott, will continue to suffer great pain of body and mind.

**WHEREFORE**, Plaintiff, Steven McDermott demands judgment against the Defendant, T.S. Pruitt in an amount to be determined by the jury, plus interest and costs.

## V. LOSS OF CONSORTIUM
### Stacey McDermott v. FedEx Ground Package Systems, Inc.

21. Plaintiff Mrs. McDermott realleges and reavers the allegations of paragraphs 1 through 20 and incorporates them herein by reference as if fully stated herein.

22. The Plaintiffs, Steven and Stacey McDermott were married on October 14, 2000, in the Commonwealth of Massachusetts.

23. As a direct and proximate result of the aforesaid negligence of the Defendant FedEx, the Plaintiff, Mrs. McDermott, sustained a loss of service, society, and conjugal affection of her spouse and has experienced an injury to her marital expectations.

24. As a direct and proximate result of the aforesaid negligence of the Defendant FedEx, the Plaintiff, Mrs. McDermott, will continues to sustain a loss of service, society, and conjugal affection of her spouse and will continue to experience an injury to her marital expectations.

**WHEREFORE**, Plaintiff, Stacey McDermott demands judgment against the Defendants, FedEx Ground Package Systems, Inc. in an amount to be determined by the jury, plus interest and costs.

## V. LOSS OF CONSORTIUM
### Stacey McDermott v. T.S. Pruitt

25. Plaintiff, Mrs. McDermott realleges and reavers the allegations of paragraphs 1 through 24 and incorporates them by reference as if fully stated herein.

26. The Plaintiffs, Steven and Stacey McDermott were married on October 14, 2000, in the Commonwealth of Massachusetts.

27. As a direct and proximate result of the aforesaid negligence of the Defendant Pruitt, the Plaintiff, Mrs. McDermott, sustained a loss of service, society, and conjugal affection of her spouse and has experienced an injury to her marital expectations.

GOGUEN, MCLAUGHLIN,
RICHARDS & MAHANEY, LLP
ATTORNEYS AT LAW
2 PLEASANT STREET
SOUTH NATICK,
MASSACHUSETTS 01760

(508) 651-1000
FAX (508) 651-1128

28.  As a direct and proximate result of the aforesaid negligence of the Defendant Pruitt, the Plaintiff, Mrs. McDermott, will continues to sustain a loss of service, society, and conjugal affection of her spouse and will continue to experience an injury to her marital expectations.

**WHEREFORE**, Plaintiff, Stacey McDermott demands judgment against the Defendant, T.S. Pruitt in an amount to be determined by the jury, plus interest and costs.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.**

> Respectfully submitted,
> Plaintiff, Steven McDermott,
> By his attorney,
>
> /s/ Joseph M. Mahaney
>
> _____
> **Joseph M. Mahaney, Esquire**
> BBO#: 549042
> Goguen, McLaughlin, Richards & Mahaney, P.C.
> The Harriet Beecher Stowe House
> 2 Pleasant Street
> South Natick, MA 01760
> (508) 655-1000

*Dated*: July 25, 2005

### CERTIFICATE OF SERVICE

I, Joseph M. Mahaney, certify that on July 25, 2005, I served a copy of the foregoing documents: Plaintiffs Motion for Leave to File Amended Complaint and accompanying Memorandum; Plaintiffs Proposed First Amended Complaint. by mailing a copy, postage prepaid, to counsel of record:
Anthony J. Sbarra, Jr.
Campbell, Campbell, Edwards & Conroy
One Constitution Plaza, Third Floor
Boston, Massachusetts 02129

/s/ Joseph M. Mahaney

_____
Joseph M. Mahaney, Esq.

GOGUEN, MCLAUGHLIN,
RICHARDS & MAHANEY, LLP
ATTORNEYS AT LAW
2 PLEASANT STREET
SOUTH NATICK,
MASSACHUSETTS 01760

(508) 651-1000
FAX (508) 651-1128