UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-CV-12253

STEVEN McDERMOTT, )
)
STACY MCDERMOTT, )
)
    Plaintiffs, )
)
vs. )
)
FEDEX GROUND PACKAGE )
SYSTEMS, INC., )
)
T.S. PRUITT, )
    Defendants, )
)

**DEFENDANT, FEDEX GROUND PACKAGE SYSTEMS, INC.'S
ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND**

Defendant, FedEx Ground Package Systems, Inc. ("FedEx") responds as follows to the Amended Complaint.

### I. PARTIES

1-2.    FedEx is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraphs 1 through 2 of the Amended Complaint.

3.    FedEx admits that it is a foreign corporation but denies the remaining averments.

4.    FedEx admits that at the time of the alleged incident, co-defendant T.S. Pruitt was an agent and servant of FedEx but denies the remaining averments.

### II. JURISDICTION

5-7.    Denied.

### III. FACTS

8. FedEx is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 8 of the Amended Complaint.

9-12. Denied.

### IV. NEGLIGENCE

13. FedEx repeats and incorporates by reference its responses to paragraphs 1 through 12 of the Amended Complaint.

14-16. Denied.

**WHEREFORE,** FedEx demands judgment be entered in its favor dismissing the Amended Complaint along with interest, costs, and disbursements incurred herein.

### IV. NEGLIGENCE

17. FedEx repeats and incorporates by reference its responses to paragraphs 1 through 16 of the Amended Complaint.

18-20. The allegations contained in paragraphs 18 through 20 of the Amended Complaint pertain to a defendant other than FedEx, and therefore, no response is required. To the extent paragraphs 18 through 20 of the Amended Complaint are intended to allege any fault, wrongdoing, liability or damages attributable to FedEx, they are expressly denied.

**WHEREFORE,** FedEx demands judgment be entered in its favor dismissing the Amended Complaint along with interest, costs, and disbursements incurred herein.

### V.   LOSS OF CONSORTIUM

21. FedEx repeats and incorporates by reference its responses to paragraphs 1 through 20 of the Amended Complaint.

22.     FedEx is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 22 of the Amended Complaint.

23-24.  Denied.

**WHEREFORE,** FedEx demands judgment be entered in its favor dismissing the Amended Complaint along with interest, costs, and disbursements incurred herein.

### V.    LOSS OF CONSORTIUM

25.     FedEx repeats and incorporates by reference its responses to paragraphs 1 through 24 of the Amended Complaint.

26.     FedEx is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 26 of the Amended Complaint.

27-28.  The allegations contained in paragraphs 27 through 28 of the Amended Complaint pertain to a defendant other than FedEx, and therefore, no response is required. To the extent paragraphs 27 through 28 of the Amended Complaint are intended to allege any fault, wrongdoing, liability or damages attributable to FedEx, they are expressly denied.

**WHEREFORE,** FedEx demands judgment be entered in its favor dismissing the Amended Complaint along with interest, costs, and disbursements incurred herein.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The plaintiff's complaint fails to state a cause of action for which relief may be granted.

### SECOND DEFENSE

If, in fact, FedEx owed the plaintiff anything, which it denies, the same has been satisfied in full.

### THIRD DEFENSE

The plaintiff's action is not timely and is barred by those statutes dealing with the limitations of actions.

### FOURTH DEFENSE

That if, in fact, FedEx was negligent, which FedEx expressly denies, the negligence of the plaintiff was of a greater degree than that of FedEx, whereby the plaintiff is barred from recovery.

### FIFTH DEFENSE

That if, in fact, FedEx was negligent, which FedEx expressly denies, the plaintiff was also negligent and any recovery or verdict for the plaintiff must be reduced by a percentage equal to the comparative negligence of the plaintiff.

### SIXTH DEFENSE

That if, in fact, the plaintiff was injured through the negligence of some third party, such negligence was on the part of one for whose conduct FedEx was not responsible.

### SEVENTH DEFENSE

The plaintiff's action is barred by Mass. General Laws Chapter 90 Section 34A and 34M and Chapter 231 Section 6D.

### EIGHTH DEFENSE

The plaintiff has failed to meet those statutory requirements prerequisite to maintain this action.

### NINTH DEFENSE

The plaintiff's damages, if any, must be reduced accordingly by the plaintiff's failure to mitigate his damages.

## TENTH DEFENSE

The plaintiff's claims against FedEx are barred because the plaintiff's alleged injuries and damages, if any, were caused by the intervening and superseding acts or omissions of third persons.

## ELEVENTH DEFENSE

The venue in which the plaintiff has brought this action is improper.

## TWELTH DEFENSE

The venue in which the plaintiff has brought this action is inconvenient.

## THIRTEENTH DEFENSE

The plaintiff's claims against FedEx are barred because the conduct of the plaintiff, either alone or combined with the negligence and/or misconduct of others, was the sole proximate cause of plaintiff's alleged injuries and damages.

## FOURTEENTH DEFENSE

The plaintiff's claims are barred because of assumption of the risk.

## JURY DEMAND

FedEx demands a trial by jury on all issues.

**FEDEX GROUND PACKAGE SYSTEMS, INC.**
**By its Attorneys,**

/s/ Adam A. Larson
James M. Campbell (BBO# 541882)
Adam A. Larson (BBO# 632634)
Campbell Campbell Edwards & Conroy, P.C.
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

**CERTIFICATE OF SERVICE**

      I, Adam A. Larson, certify that on April 21, 2006, I electronically filed the foregoing document and this certificate of service with the Clerk of the Court using the CM/ECF system. I hereby further certify that on April 21, 2006, I served a copy of the foregoing document my mailing a copy of same, postage prepaid, to all counsel of record:

                                        /s/ Adam A. Larson
                                        Adam A. Larson