UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN McDERMOTT AND<br>STACEY McDERMOTT<br><br>*Plaintiffs*<br><br>v.<br><br>FEDEX GROUND PACKAGE<br>SYSTEMS, INC. AND<br>T.S. PRUITT<br><br>*Defendants* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO.04-CV-12253MLW<br>)<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFFS, STEVEN McDERMOTT AND STACEY McDERMOTT'S OPPOSITION TO DEFENDANTS' MOTION FOR TRANSFER OF VENUE

**I.   INTRODUCTION**

Plaintiffs, Steven McDermott and Stacey McDermott (hereinafter "Plaintiffs") hereby oppose the Defendant's Motion for Transfer of Venue of this Civil Action to the United States District Court for the District of Pennsylvania and request that it be denied in its entirety. The District of Massachusetts is the appropriate forum to hear this case for the reasons set forth herein.

**II.   STATEMENT OF FACT**

This motor vehicle tort case was originally filed in United States District Court, District of Massachusetts. A complaint and amended complaint has been filed and answered. Automatic disclosure pursuant to L.R. 26.2(A) and Fed.R.Civ.P. 26(a)(1) has been submitted. To date no depositions have been taken. The Defendant now files his Motion to Transfer Venue.

This case arises from a tractor-trailer accident on Interstate 84, in the State of Pennsylvania on February 7, 2003. The Plaintiff, Steven McDermott, was struck by the FedEx tractor-trailer, however, that accident was only one of eight different collisions that occurred that morning over a large area of Interstate 84. The accident scene resulted in numerous injuries including one fatality.

### III.  ARGUMENT

#### A.  STANDARD FOR TRANSFER OF VENUE.

Title 28 U.S.C. § 1404(a) allows the Court to transfer a case to any other federal district court with jurisdiction "for the convenience of parties and witnesses, in the interest of justice." Moreover, § 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient, and a transfer should not be granted if the effect is simply to shift the inconvenience to the party resisting the transfer. Van Dusen v. Barrack, 376 U.S. 612, 646 (1964).

As a rule, "transfer under §1404(a) 'should not be freely granted.'" Graff v. Quest Communications Corp, 33 F.Supp. 2d 1117, 1121 (D. Minn. 1999). "The party seeking transfer bears the burden of proof to show that the balance of factors 'strongly' favors the movant." Gulf Oil Corp v. Golbert, 330 U.S. 501, 508, 91 L. Ed. 1055, 67 S. Ct 839 (1947). (*emphasis added*). There are three general categories of factors that courts must consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interest of justice." Terra Int'l, Inc. v. Mississippi Chem. Corp, 119 F.3d 688, 691 (8th Cir.

1997).[1] "Unless the balance is <u>strongly</u> in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." <u>Durable Mfg. Co. v. Continental Gas Co.</u>, 1998 U.S. Dist. LEXIS 20849, *3. (D. Minn. Oct. 26, 1998). (*emphasis added*).

Defendants fail to meet their heavy burden of proving that the balance of factors strongly favors transfer. Defendants Motion, therefore, should be denied.

### B.    UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS IS THE PROPER VENUE FOR THIS CASE.

In assessing the three general categories that a court must consider when deciding a motion for transfer. The Eighth Circuit has approved consideration of several "sub-factors" including (1) the convenience of the parties, (2) the convenience of the witnesses--the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law. <u>Terra Int'l Inc. v. Mississippi Chem. Corp.</u>, 119 F. 3d 696 (N.D. Iowa 1996).

Defendants fail to show these factors strongly favor transfer.

#### 1    Convenience of the parties.

The first factor to be considered in deciding whether to transfer venue is the convenience of the parties. This factor strongly favors the Plaintiffs. Courts give considerable deference to a Plaintiffs choice of forum, and there is a "normal presumption in favor of a plaintiff's choice of forum." <u>Christensen Hatch Farms, Inc. v. Peavey Co.</u>, 505 F. Supp. 903, 911 (D. Minn. 1981).

---

[1] Although the statute articulates these three factors, the Court is not limited to them. <u>Terra Int'l, Inc.</u> at 691. "Instead, courts have recognized that such determinations require a case-by-case evaluation of the particular circumstances at hand and a consideration of the relevant factors." <u>Id</u>.

This is particularly true where the plaintiff resides in the district in which the lawsuit was filed. Sky Valley Ltd. Partnership v. ATX Sky Valley, Ltd., 776 F. Supp. 1271, 1276 (N.D. Ill. 1991).

Plaintiffs are lifelong residents of the Commonwealth of Massachusetts. The Defendants seek to transfer this civil action to the United States District Court for the Middle District of Pennsylvania. Neither of the Defendants to this lawsuit are domiciled in the Commonwealth of Pennsylvania.

Defendant, FedEx Ground Package Systems, Inc. is a foreign corporation with a principal place of business located in Memphis, Tennessee. As a foreign corporation, they are subject to personal jurisdiction by this Court as doing business in Massachusetts. Pursuant to 28 U.S.C. § 1391(c), "A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes." Also, Defendant, T.S. Pruitt is a resident of Mississippi. Defendant, T.S. Pruitt is an agent, servant and employee of Defendant, FedEx Ground Package Systems, Inc as a driver. Mr. Pruitt regularly drives for his employer all over the country, and thus would be inconvenienced less than the Plaintiffs if the case continued in the District of Massachusetts.

The convenience of the parties factor should not weigh in favor of a transfer.

2.  Convenience of witnesses.

The convenience of the witnesses is an important factor to the extent it determines the "relative ease of access to sources of proof." Gulf Oil Corp., 330 U.S. at 508. This factor "should not be determined solely upon a contest between the parties as to which of them can present a longer list of possible witnesses located in the respective districts; the party seeking the transfer must clearly specify the essential witnesses to be called and must make a general statement of

what their testimony will cover." Nelson v. Master Lease Corp., 759 F. Supp. 1397 (D. Minn. 1991).

In determining this factor, the court must examine the materiality and importance of the anticipated witnesses' testimony and then determine their accessibility and convenience to the forum. Petters Company, Inc. v. Stayhealthy, Inc., et al, 2004 U.S. Dist. LEXIS 13966, *7. (where the U.S. District Court for the District of Minnesota, under a similar set of circumstances *denied* defendants motion for transfer of venue).

For instance J.T. Fosbrink is a witness to the facts surrounding this case. According to his wife, Mr. Fosbrink suffers from a form of cancer that affects his brain and central nervous system. Mrs. Fosbrink states Mr. Fosbrink has no memory of the accident and therefore is unlikely to contribute to this matter. (*See* Affidavit of Joseph M. Mahaney attached as Exhibit "A")

Furthermore, eight (8) commercial vehicles were involved in separate accidents along Interstate 84 on the night of the Plaintiff's accident. There were numerous individuals injured including one fatality. The Defendant has merely listed every police officer, fire and e.m.t. personnel without specifying which individual was involved in the investigation and/or treatment of the plaintiff.

One officer, Trooper Jennifer A Kosakevitch, reconstructed the accident.

Conversely, the Plaintiffs medical treatment has been exclusively in Massachusetts. All of Plaintiff's medical providers are from Massachusetts. Surgery was performed at Massachusetts hospitals. All post surgical treatment was accomplished in Massachusetts. A transfer of venue would result in a burden and inconvenience for Plaintiff's witnesses and may even result in Plaintiff's inability to call medical witnesses.

3.  Records and documents.

Records and documents relating to this case exist and are kept in both locations and the parties are capable of producing them. If the factors are evenly balanced or weigh only slightly in favor of transfer, as the Court may determine relative to the third considered factor (e.g. records and documents), the transfer motion should be **denied**. Petters Company, Inc. v. Stayhealthy, Inc., et al, 2004 U.S. Dist. LEXIS 13966, *2 (emphasis supplied).

4.  The location where the conduct complained of occurred.

Pennsylvania is merely the location of the accident. After the initial collision and medical treatment, nothing else of significance occurred in Pennsylvania.

5.  The applicability of each forum state's substantive law.

This factor is evenly balanced and therefore the transfer motion should be **denied**. Petters Company, Inc. v. Stayhealthy, Inc., et al, 2004 U.S. Dist. LEXIS 13966, *2 (emphasis supplied).

B.  **DEFENDANTS MOTION SHOULD BE DENIED IN THE INTEREST OF JUSTICE**

The interest of justice factor weighs heavily on the transfer analysis. Radisson Hotels Int'l v. Westin Hotel Co., 931 F. Supp. 638, 641 (D. Minn. 1996). Among the considerations which may be relevant in analyzing this factor are the relative familiarity of the two courts with the law to be applied, the relative ability of the parties to bear the expenses of litigating in a distant forum, judicial economy, the plaintiff's choice of forum, obstacles to a fair trial, and each party's ability to enforce a judgment. Terra Int'l. Inc., 119 F.3d at 696.

Furthermore, Courts give considerable deference to a plaintiff's choice of forum, and there is a "normal presumption in favor of a plaintiff's choice of forum." Christensen Hatch

Farms, Inc. v. Peavey Co., 505 F. Supp. 903, 911 (D. Minn. 1981). This is particularly true where the plaintiff resides in the district in which the lawsuit was filed. Sky Valley Ltd. Partnership v. ATX Sky Valley, Ltd., 776 F. Supp. 1271, 1276 (N.D. Ill. 1991). Transfer should not be granted if the effect is simply to shift the inconvenience to the party resisting the transfer. Van Dusen v. Barrack, 376 U.S. 612, 646 (1964).

As mentioned above, Plaintiffs are residents of the Commonwealth of Massachusetts. Forcing them to travel to Pennsylvania will cause Plaintiffs to incur excessive expenses. Transfer of venue would cause extreme inconvenience to Plaintiffs.

## IV.    CONCLUSION

For the foregoing reasons Defendants have failed to meet their burden of establishing the factors strongly favor transfer. Also seeing that as a rule, transfer under 28 U.S.C.U. § 1404(a) should not be freely granted and Plaintiffs' choice of forum should rarely be disturbed" Durable Mfg. Co. v. Continental Gas Co., 1998 U.S. Dist. LEXIS 20849, *3 Defendants' Motion to Transfer Venue should be denied.

>STEVEN McDERMOTT,
>STACEY McDERMOTT,
>by their attorney,
>
>/s/ Joseph M. Mahaney
>
>_____
>Joseph M. Mahaney BBO:549042
>Goguen, McLaughlin, Richards & Mahaney, LLP
>Two Pleasant Street
>South Natick, Massachusetts 01760
>(508) 651-1000

Dated: May 22, 2006

## CERTIFICATE OF SERVICE

    I, Joseph M. Mahaney, certify that on May 22, 2006 a true copy of the above was sent electronically and by first class mail to: Adam A. Larson, Campbell Campbell and Edwards, One Constitution Plaza, Boston, Massachusetts 02129.

                                                            /s/ Joseph M. Mahaney
                                                            _____

                                                             Joseph M. Mahaney