UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 1:04-CV-12253MLW

_____
STEVEN McDERMOTT,            )
                             )
STACY MCDERMOTT,             )
                             )
     Plaintiffs,             )
                             )
vs.                          )
                             )
FEDEX GROUND PACKAGE         )
SYSTEMS, INC.,               )
                             )
T.S. PRUITT,                 )
     Defendants,             )
_____)

## DEFENDANT, T.S. PRUITT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND

Defendant, T.S. Pruitt responds as follows to the Amended Complaint.

## I. PARTIES

1-3. T.S. Pruitt is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraphs 1 through 3 of the Amended Complaint.

4. T.S. Pruitt admits that he resides at 369 Highway 30 East, Oxford, Lafayette County, Mississippi and that he was an independent contractor for FedEx Ground Package Systems, Inc. at the time of the alleged incident, but denies the remaining averments.

## II. JURISDICTION

5-7. Denied.

### III.  FACTS

8. T.S. Pruitt is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 8 of the Amended Complaint.

9-12. Denied.

### IV.  NEGLIGENCE

13. T.S. Pruitt repeats and incorporates by reference his responses to paragraphs 1 through 12 of the Amended Complaint.

14-16. The allegations contained in paragraphs 14 through 16 of the Amended Complaint pertain to a defendant other than T.S. Pruitt, and therefore, no response is required.  To the extent paragraphs 14 through 16 of the Amended Complaint are intended to allege any fault, wrongdoing, liability or damages attributable to T.S. Pruitt, they are expressly denied.

**WHEREFORE,** T.S. Pruitt demands judgment be entered in his favor dismissing the Amended Complaint along with interest, costs, and disbursements incurred herein.

### IV. NEGLIGENCE

17. T.S. Pruitt repeats and incorporates by reference his responses to paragraphs 1 through 16 of the Amended Complaint.

18-20. Denied.

**WHEREFORE,** T.S. Pruitt demands judgment be entered in his favor dismissing the Amended Complaint along with interest, costs, and disbursements incurred herein.

### V.     LOSS OF CONSORTIUM

21. T.S. Pruitt repeats and incorporates by reference his responses to paragraphs 1 through 20 of the Amended Complaint.

22.     T.S. Pruitt is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 22 of the Amended Complaint.

23-24.  The allegations contained in paragraphs 23 through 24 of the Amended Complaint pertain to a defendant other than T.S. Pruitt, and therefore, no response is required.  To the extent paragraphs 23 through 24 of the Amended Complaint are intended to allege any fault, wrongdoing, liability or damages attributable to T.S. Pruitt, they are expressly denied.

**WHEREFORE,** T.S. Pruitt demands judgment be entered in his favor dismissing the Amended Complaint along with interest, costs, and disbursements incurred herein.

### V.     LOSS OF CONSORTIUM

25.     T.S. Pruitt repeats and incorporates by reference his responses to paragraphs 1 through 24 of the Amended Complaint.

26.     T.S. Pruitt is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 26 of the Amended Complaint.

27-28.  Denied.

**WHEREFORE,** T.S. Pruitt demands judgment be entered in his favor dismissing the Amended Complaint along with interest, costs, and disbursements incurred herein.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The plaintiff's complaint fails to state a cause of action for which relief may be granted.

### SECOND DEFENSE

If, in fact, T.S. Pruitt owed the plaintiff anything, which he denies, the same has been satisfied in full.

**THIRD DEFENSE**

The plaintiff's action is not timely and is barred by those statutes dealing with the limitations of actions.

**FOURTH DEFENSE**

That if, in fact, T.S. Pruitt was negligent, which T.S. Pruitt expressly denies, the negligence of the plaintiff was of a greater degree than that of T.S. Pruitt, whereby the plaintiff is barred from recovery.

**FIFTH DEFENSE**

That if, in fact, T.S. Pruitt was negligent, which T.S. Pruitt expressly denies, the plaintiff was also negligent and any recovery or verdict for the plaintiff must be reduced by a percentage equal to the comparative negligence of the plaintiff.

**SIXTH DEFENSE**

That if, in fact, the plaintiff was injured through the negligence of some third party, such negligence was on the part of one for whose conduct T.S. Pruitt was not responsible.

**SEVENTH DEFENSE**

The plaintiff's action is barred by Mass. General Laws Chapter 90 Section 34A and 34M and Chapter 231 Section 6D.

**EIGHTH DEFENSE**

The plaintiff has failed to meet those statutory requirements prerequisite to maintain this action.

**NINTH DEFENSE**

The plaintiff's damages, if any, must be reduced accordingly by the plaintiff's failure to mitigate his damages.

## TENTH DEFENSE

The plaintiff's claims against T.S. Pruitt are barred because the plaintiff's alleged injuries and damages, if any, were caused by the intervening and superseding acts or omissions of third persons.

## ELEVENTH DEFENSE

The venue in which the plaintiff has brought this action is improper.

## TWELTH DEFENSE

The venue in which the plaintiff has brought this action is inconvenient.

## THIRTEENTH DEFENSE

The plaintiff's claims against T.S. Pruitt are barred because the conduct of the plaintiff, either alone or combined with the negligence and/or misconduct of others, was the sole proximate cause of plaintiff's alleged injuries and damages.

## FOURTEENTH DEFENSE

The plaintiff's claims are barred because of assumption of the risk.

## JURY DEMAND

T.S. Pruitt demands a trial by jury on all issues.

                               T.S. PRUITT,
                               **By his Attorneys,**

                                /s/ Adam A. Larson
                               James M. Campbell (BBO# 541882)
                               Adam A. Larson (BBO# 632634)
                               Campbell Campbell Edwards & Conroy, P.C.
                               One Constitution Plaza
                               Boston, MA 02129
                               (617) 241-3000

## **CERTIFICATE OF SERVICE**

    I, Adam A. Larson, certify that on July 21, 2006, I electronically filed the foregoing document and this certificate of service with the Clerk of the Court using the CM/ECF system and by mailing a copy of same, postage prepaid, to all counsel of record:

                                              _/s/ Adam A. Larson_____
                                              Adam A. Larson