UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-12253-JLA

STEVEN MCDERMOTT
and STACEY MCDERMOTT,

Plaintiffs

v.

FEDEX GROUND SYSTEMS, INC.
and T.S. PRUITT,

Defendants

**ORDER ON**

**FEDEX GROUND PACKAGE SYSTEM, INC.'S
MOTION TO TRANSFER VENUE
(Docket #17 )**

ALEXANDER, M.J.

On October 26, 2004, plaintiff Steven McDermott filed a one-count complaint alleging negligence against defendant FedEx Ground Package Systems, Inc. ("FedEx").  Mr. McDermott later amended the complaint to add his wife Stacey McDermott as a co-plaintiff and T.S. Pruitt as a co-defendant.  The defendants have now moved to transfer venue from the United States District Court for the District of Massachusetts to the United States District Court for the

Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). After a hearing on the motion and careful consideration of the parties' asseverations, both oral and written, and for the reasons set forth more fully below, this Court DENIES FedEx's motion.

## BACKGROUND

This action arises from a multiple motor vehicle accident that occurred on February 7, 2003 on State Highway 84 in Milford, Pennsylvania. The McDermotts allege that shortly after a multi-truck accident in a snow storm, a tractor-trailer owned by FedEx and operated by Mr. Pruitt negligently struck Mr. McDermott's truck, causing Mr. McDermott permanent disabling injuries. According to Mr. McDermott, he can no longer work in his usual occupation as a result of the accident. FedEx denies that either it or Mr. Pruitt were negligent and contests the nature and extent of Mr. McDermott's alleged injuries and damages.

The McDermotts reside in Massachusetts, Mr. Pruitt is a citizen of Oxford, Mississippi, and FedEx avers that its principal place of business is in Pennsylvania. Jurisdiction, therefore, is based on diversity of citizenship. Because the accident occurred in central Pennsylvania, most, if not all, of the fact witnesses, including investigating officers, are located in Pennsylvania and FedEx has moved to transfer on this basis.

**ANALYSIS**

28 U.S.C. §1404(a) provides, in relevant part, that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  In assessing whether a transfer of venue is appropriate, therefore, the Court must first determine whether this case could have been properly brought in the Middle District of Pennsylvania.

For that, the Court turns to 28 U.S.C. § 1391. Where, as here, jurisdiction is founded on diversity of citizenship, the action may

> be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise the claim occurred . . . or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).  Accordingly, because the events giving rise to the McDermotts' claims occurred in Pennsylvania, the case could have been properly brought there, pursuant to § 1391(a)(2).

Venue in Massachusetts, however, is also proper.  FedEx contends that the McDermotts' choice of forum appears to be based on 28 U.S.C. §1391(a)(3) which applies only "if there is no district in which the action may otherwise be brought."

3

FedEx errs in its assertion. Under § 1391(a)(1), the action may be brought in any judicial district where any defendant resides. For purposes of venue, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time [of] the action." 28 U.S.C. § 1391(c). Under Massachusetts law, "[a] court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's (a) transacting any business in this commonwealth." Mass. Gen. L. ch. 223A, § 3(a). As a corporation that transacts business in Massachusetts, FedEx is subject to personal jurisdiction for purposes of venue here. FedEx, therefore, "resides" in Massachusetts for purposes of §1391(c) and venue, in turn, is proper under §1391(a)(1). Given that the case could have been brought in either Massachusetts or Pennsylvania, the Court now turns to determining whether a transfer of venue is appropriate.

A presumption exists in favor of the plaintiff's choice of venue and the defendant has the burden of showing that a transfer of venue is warranted. United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 635 (1st Cir. 2001) (emphasizing deference given by court to plaintiff's choice of forum); Princess House, Inc. v. Lindsey, 136 F.R.D. 16, 18 (D. Mass 1991) (recognizing that defendant bears burden of bringing to light factors that may weigh against deference ordinarily

4

accorded plaintiff's choice of forum). Transfer is only appropriate, however, if it will promote the convenience of the parties, convenience of the witnesses, and in the interest of justice. See Brant Point Corp v. Poetzsch, 671 F.Supp. 2, 3 (D. Mass. 1987) (acknowledging court's discretion to grant or deny a transfer motion on the basis of the identified factors); Fairview Mach. & Tool Co., Inc. v. Oakbrook Int'l, Inc., 56 F. Supp. 2d 134, 141 (D. Mass. 1999) (emphasizing that decision to transfer is within court's discretion).

**Convenience of the Parties**

The McDermotts are lifelong residents of Massachusetts and greater weight is given to the McDermott's forum choice because they reside in the forum in which they have brought suit. See TransAm. Corp. v. Trans-Am. Leasing Corp., 670 F.Supp. 1089, 1093 (D. Mass. 1987) (recognizing that considerable weight is given to plaintiff's choice of forum when he resides in district in which claim is brought); Kleinerman v. Luxtron Corp., 107 F. Supp.2d 122, 125 (D. Mass. 2000) (recognizing deference to plaintiff's choice of forum when claim is brought in plaintiff's home state and emphasizing that the choice most likely relies on convenience).

Although the McDermotts reside in Massachusetts, the operative events that gave rise to the action occurred in Pennsylvania, which forms the basis for

FedEx's motion for a transfer of venue. This fact favors FedEx. See Brant Point Corp., 671 F.Supp. at 5 (where "the operative facts of a case have no material connection with [plaintiff's choice of forum], plaintiff's choice of forum carries less weight"). See also Atari v. United Parcel Servs., Inc., 211 F.Supp.2d 360, 362 (D. Mass. 2002) (fact that plaintiff's cause of action occurred in New York lent support for granting transfer of venue).

The fact that the cause of action arose outside of Massachusetts, however, is not sufficient grounds for a transfer of venue. Berrigan v. Greyhound Lines, Inc., 560 F.Supp. 165, 169 (D. Mass. 1982). In assessing the convenience of the parties, the Court may also consider their financial wherewithal. Galonis v. Nat'l Broadcasting Co., Inc. 498 F.Supp. 789, 793 (D. N.H. 1980) (citing Wright, Miller, and Cooper § 389 at 259). Increased weight may be given to the financial resource factor if the complained of actions by a financially superior defendant have contributed to the difficulties of a plaintiff. Id. Such is the case here where Mr. McDermott alleges that as a direct and proximate result of the negligence of FedEx and Mr. Pruitt, Mr. McDermott's earning capacity was damaged and that he was prevented from attending to his usual occupation. Additionally, the plaintiffs aver that a transfer of venue would cause them to incur excessive expenses and extreme inconvenience, as is demonstrated by Mr. McDermott's collection of

social security and disability benefits. FedEx, on the other hand, has not indicated that it would face a financial hardship to continue suit in the District of Massachusetts.

FedEx has failed to show that it would be anymore inconvenienced to try the case in Massachusetts than in Pennsylvania. It is clear, however, that the McDermotts would be significantly inconvenienced if a transfer of venue were granted. A transfer of venue will not be allowed if the result is to shift inconvenience to the plaintiff. Berrigan v. Greyhound Lines, Inc., 560 F.Supp. 165, 169; Van Dusen v. Barack, 376 U.S. 612, 646 (1964). FedEx has failed to show that the convenience-of-parties factor weighs in favor of transfer.

**Convenience of the Witnesses**

In addition to assessing the convenience of the parties, the Court must consider the impact a transfer would have on the convenience of any witnesses who will testify. The inquiry focuses on the "number of potential witnesses located in both the transferor and the transferee district," in light of "the nature and quality of [the witnesses'] testimony, and whether [they] can be compelled to testify." Atari, 211 F.Supp.2d at 362 (quoting Princess House, Inc., 136 F.R.D. at 18). The importance of each witness to a party's case, however, is of greater concern in the analysis than the number of witnesses in each state. Home Owners

Funding Corp. of Am. v. Century Bank, 695 F.Supp. 1343, 1348 (D.Mass. 1988) (emphasizing that court should focus on the importance of each witness, not the number of witnesses in each state).

In support of its motion to transfer venue, FedEx has identified a number of witnesses with personal knowledge of the facts and circumstances concerning the alleged incident, presumed to reside in Pennsylvania. FedEx expects that J.T. Fosbrink of Dunbar, Pennsylvania, one of the truck drivers involved in the multi-truck accident, will provide testimony regarding the events of the incident between Mr. McDermott and Mr. Pruitt. In a May 22, 2006 affidavit submitted with the plaintiff's opposition to the motion to transfer, however, plaintiffs' counsel stated that Mr. Fosbrink is suffering from a form of cancer that will most likely make him unavailable to testify. Further, according to Mr. Fosbrink's wife, Mr. Fosbrink has no memory of the accident and therefore is unlikely to contribute to the matter. Given the unlikelihood of Mr. Fosbrink to testify, the fact that Mr. Fosbrink resides in Pennsylvania need not be awarded significant weight in assessing the convenience of witnesses.

FedEx also identifies several officers from the Milford, Pennsylvania, Police Department and Pennsylvania State Police whom FedEx expects will provide important testimony about their investigation of the alleged incident. As

the plaintiffs note, however, it appears as though FedEx has listed every police officer who arrived on the scene of this major eight commercial-vehicle accident without specifying which officers were involved in the reconstruction and investigation of the accident between Mr. McDermott and Mr. Pruitt. Additionally, it appears that only one of the officers, Trooper Jennifer A. Kosakevitch, reconstructed the alleged accident in her report. Although the list of officers is lengthy, the testimony of Trooper Kosakevitch would notably be of greater importance than officers who were on the scene to investigate other aspects of the multi-vehicle accident and who may not be able to contribute to the specific incidents between the parties in this case.

FedEx also states that it intends to call paramedics and medical personnel as witnesses from the Middle District of Pennsylvania area. Upon review of the ambulance report records it appears as though the defendants have submitted lists of all emergency personnel who responded and transported all injured individuals who were involved in the multi-vehicle accident. Again, although FedEx has listed numerous witnesses, it is not clear that they would all have relevant information or would actually be called to testify.

FedEx has also designated personnel at Wayne Memorial Hospital in Honesdale, Pennsylvania as witnesses. These particular Pennsylvania witnesses

are expected to offer important testimony as to the plaintiff's physical condition immediately following the alleged incident.

In contrast to the medical personnel who may have attended to Mr. McDermott immediately after the alleged accident and whom FedEx plans to call as witnesses, Mr. McDermott has indicated that he plans to call a number of medical personnel located in Massachusetts as relevant witnesses. Mr. McDermott notes that all of his medical treatment, surgery, and post-surgical treatment has been in Massachusetts and that all of his medical providers are located in Massachusetts. Mr. McDermott avers that a transfer of venue would result in a burden and inconvenience for his witnesses and that this may result in their inability to testify.

Both parties indicate that the greatest parts of their respective cases will consist of deposition evidence if the case is not in the party's preferred choice of venue. Generally, the procurement of live testimony of material non-party witnesses at trial should be utilized over the reliance of deposition evidence. See Brant Point Corp., 671 F. Supp. at 4 (declaring that the reading of deposition transcripts is unacceptable if it is possible to have the case transferred to a forum where live testimony of witnesses can be presented to a jury); Princess House, Inc., 136 F.R.D. at 20 (emphasizing the use of live testimony over the reading of

deposition evidence).

Although the Court has considered the location of potential witnesses, the fact that some are located in Pennsylvania is not dispositive, for a number of reasons. The one witness who might be able to testify about the alleged incident, Mr. Fosbrink, will most likely not be able to testify due to health reasons. Only one officer, Trooper Kosakevitch, as opposed to the lengthy list provided by FedEx, appears to have reconstructed and investigated the alleged accident. Additionally, relevant medical personnel witnesses appear to be located in both Pennsylvania and Massachusetts. In addressing the convenience of witnesses factor, FedEx has failed to demonstrate that there is a strong showing in the favor of a transfer of venue. See Home Owners Funding Corp., 695 F. Supp. at 148 (where a movant has failed to indicate key witnesses in a list of witnesses, court did not give increased weight to convenience-of-witnesses factor).

**Interest of Justice**

In addition to assessing the convenience of parties and witnesses, the Court must also consider whether a transfer should be permitted "in the interest of justice." Among the factors a court may consider are judicial economy, the plaintiff's choice of forum, the comparative costs to the parties of litigating each forum, each party's ability to enforce judgement, obstacles to a fair trial, conflict

of law issues, and the advantages of having a local court determine questions of local law. Terra Int'l Inc. v. Miss. Chem. Corp., 119 F.3d 688, 696 (N.D. Iowa 1997). A number of these factors have already been addressed. Additional consideration follows.

FedEx asserts that a transfer of venue promotes the interest of justice because the law of Pennsylvania would govern the action. Despite the governance of Pennsylvania tort law, the suggestion that venue should be transferred on this basis is unpersuasive. Under Massachusetts choice of law rules, "tort claims are governed by the law of the state where the alleged injury occurred, unless another state has a more significant relationship to the cause of action." Bergin v. Dartmouth Pharm., Inc. 326 F.Supp.2d 179, 183 (D. Mass. 2004) (quoting Dunfey v. Roger Williams Univ., 824 F.Supp. 18, 21 (D. Mass. 1993)). While the Court may consider the potential transferee District Court's ability to apply Pennsylvania law, assuming that Pennsylvania law applies, this factor is not controlling. Artisan Dev. v. Mountain States Dev. Corp., 402 F.Supp. 1312, 1316 (S.D. Ohio 1975); Brant Point Corp., 671 F. Supp. 2, 5. The ability of the potential transferee court to apply substantive law of the state in which it sits is particularly unpersuasive given that the Pennsylvania law is not "unclear, unsettled or difficult." AMF Inc. v. Computer Automation, Inc. 532 F.Supp. 1335, 1347-1348

(S.D. Ohio 1982) (court decided there was no need to transfer, because defendant "failed to [furnish] any reason, other than mere applicability of law foreign to [the] Court, which would indicate a transfer on the basis of the applicable state law would be justified"). FedEx has not specified that there is some complex or unsettled issue of law that would favor the application of law by the Middle District of Pennsylvania. This Court is well equipped to ascertain and apply the appropriate law, whether it be of Pennsylvania, Massachusetts or elsewhere.

FedEx further contends that the interests of justice dictate that this case should be transferred because the entire case revolves around the Pike County, Pennsylvania area, including the alleged incident, its evidence and most of the witnesses, and that the plaintiffs have no material basis on which to keep the case in Massachusetts. While the alleged accident did occur in Pennsylvania, the convenience of parties factor weighs heavily in the plaintiffs' favor.

In considering the interest of justice, the Court also bears in mind that the plaintiffs have stated that a transfer would cause them to bear excessive expense and extreme inconvenience. "[T]here is a qualitative component to the balance of convenience which must focus on the comparative financial abilities of the parties and the cost of litigation should be borne by the party in the best position to absorb and spread it." Kleinerman, 107 F. Supp.2d at 125 (citing Anderson v. Century

Prods. Co., 943 F.Supp. 137, 148 (D.N.H. 1996)). FedEx, a foreign corporation that transacts business in Massachusetts and throughout the country, has adequate resources to respond to the case here in Massachusetts. Conversely, the McDermotts have demonstrated that a transfer would cause them to bear excessive expense and suffer extreme inconvenience. Notably, the McDermotts contend that allowance of a transfer of venue to Pennsylvania would present a hardship to them in the ability to bring suit. A transfer of venue which may, in effect, deprive a party of his opportunity to litigate cannot be said to promote the interests of justice.

**CONCLUSION**

For these reasons, the Court DENIES FedEx's motion to transfer venue.

SO ORDERED.

8/15/06
Date

_____
United States Magistrate Judge