UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN & STACEY McDERMOTT )<br>    Plaintiffs, )<br>)<br>vs. )<br>)<br>FED EX GROUND PACKAGE )<br>SYSTEMS, INC., )<br>    Defendant )<br>)<br>and )<br>)<br>T.S. PRUITT, )<br>    Defendant. )<br>)<br>vs. )<br>)<br>D. PONCE, D.W. SMITH, J.T. FOSBRINK, )<br>LORRAINE ODZANA, ADMINISTRATRIX )<br>OF THE ESTATE OF JAMES J. ODZANA, )<br>JACLYN PALETTA, ADMINISTRATRIX OF )<br>THE ESTATE OF MARIO J. CASTRO )<br>ALLEGIANCE HEALTHCARE, )<br>E.W. WYLIE CORPORATION, RYDER )<br>TRUCK RENTAL, SHORELINE )<br>TRANSPORTATION, INC., and )<br>ARSENBERGER TRUCKING, INC. )<br>    Third-Party Defendants ) | Civil Action No.: 04-CV-12253 |

**DEFENDANTS', FEDEX GROUND PACKAGE SYSTEMS, INC.'S
AND T.S. PRUITT'S THIRD-PARTY COMPLAINT**

NOW COME the Defendants/Third-Party Plaintiffs, FedEx Ground Package Systems, Inc. and T.S. Pruitt, (hereinafter referred to as "Defendants"), by and through their attorneys, Campbell Campbell Edwards & Conroy, P.C, and for their Third-Party Complaint state as follows:

## PARTIES

1. Upon information and belief, Plaintiffs Stacey and Steven McDermott are individuals residing at 175 Mechanic Street, Bellingham, Norfolk County, Massachusetts.

2. The Defendant and Third-Party Plaintiff FedEx Ground Package Systems, Inc. ("FedEx") is a Delaware corporation with its principle place of business in Coraopolis, Pennsylvania.

3. The Defendant and Third-Party Plaintiff Timothy S. Pruitt ("T.S. Pruitt") is an individual residing at 369 Highway 30 East, Oxford, Mississippi, 38655.

4. The Third-Party Defendant D. Ponce ("Ponce") is an individual residing at 23 Sharon Drive, Middletown, NY, 10941.

5. The Third-Party Defendant D.W. Smith ("Smith") is an individual residing at 9813 130th Avenue, Little Falls, Minnesota, 56345.

6. The Third-Party Defendant J.T. Fosbrink ("Fosbrink") is an individual residing at 476 Dunbar Ohiopyle Road, Dunbar, Pennsylvania, 15431.

7. The Third-Party Defendant, Lorraine Odzana, Administratrix of the Estate of James J. Odzana, ("Odzana") is an individual residing at 129 Railroad Street, Taylor, Pennsylvania. 18517.

8. The Third-Party Defendant, Jaclyn Paletta, Administratrix of the Estate of Mario J. Castro, is an individual residing at 1324 West 67th Street, Cleveland, Ohio, 44102.

9. The Third-Party Defendant Allegiance Healthcare is a corporation with a principal place of business at 1430 Waukegan Road, McGaw Park, Illinois, 60085, and at all relevant times, was the owner of the tractor trailer being operated by D. Ponce at the time of the plaintiffs' alleged incident.

10. The Third-Party Defendant E.W. Wylie Corporation is a corporation with a principal place of business at 222 40th Street SW, Fargo, North Dakota, 58103, and at all relevant times, was the owner of the tractor trailer being operated by D.W. Smith at the time of the plaintiffs' alleged incident.

11. The Third-Party Defendant Ryder Truck Rental is a corporation with a principal place of business at 111 2nd Street, Plains, Pennsylvania, 18705, and at all relevant times, was the owner of the tractor trailer being operated by James J. Odzana at the time of the plaintiffs' alleged incident.

12. The Third-Party Defendant Shoreline Transportation, Inc. is a corporation with a principal place of business at 9880 York Alpha Drive, North Royalton, Ohio, 44133, and at all relevant times, was the owner of the tractor trailer being operated by Mario J. Castro at the time of the plaintiffs' alleged incident.

13. The Third-Party Defendant Arsenberger Trucking, Inc. is a corporation with a principal place of business at 681 Mill Run Road, Mill Run, Pennsylvania, 15464, and at all relevant times, was the owner of the tractor trailer being operated by J.T. Fosbrink at the time of the plaintiffs' alleged incident.

## FACTS

14. On or about October 26, 2004, the Plaintiff Steven McDermott filed a Complaint in the United States District Court in Massachusetts seeking damages for injuries he allegedly sustained as a result of a motor vehicle accident that occurred on February 7, 2003.

15. On or about February 8, 2005, Defendants filed their Answer and Affirmative Defenses to the Complaint, denying all material allegations against them.

16. On or about April 26, 2006, Plaintiffs Steven McDermott and Stacey McDermott (hereinafter referred to as "Plaintiffs") filed their First Amended Complaint. (A true and correct copy of the First Amended Complaint is attached hereto as <u>Exhibit 1</u>.)

17. In their Amended Complaint, Plaintiffs allege that the Defendants negligently caused a motor vehicle accident on February 7, 2003 on Interstate 84 in Dingman Township, Pennsylvania, and that, as a result, the Defendants are liable for the Plaintiffs' injuries.

18. Plaintiffs' First Amended Complaint also alleges a loss of consortium claim by Stacey McDermott.

19. On or about April 26, 2006, Defendants filed their Answers to Plaintiffs' First Amended Complaint, denying all material allegations against them.

20. The Allegiance Healthcare tractor trailer, being operated by D. Ponce, was also involved in the plaintiffs' alleged motor vehicle incident in the east-bound lanes of Interstate 84 Dingman Township, Pennsylvania, as described in the Plaintiffs' First Amended Complaint.

21. The E.W. Wylie Corporation tractor trailer, being operated by D.W. Smith, was also involved in the plaintiffs' alleged motor vehicle incident in the east-bound lanes of Interstate 84 Dingman Township, Pennsylvania, as described in the Plaintiffs' First Amended Complaint.

22. The Ryder Truck Rental tractor trailer, being operated by James J. Odzana, was also involved in the plaintiffs' alleged motor vehicle incident in the east-bound lanes of Interstate 84 Dingman Township, Pennsylvania, as described in the Plaintiffs' First Amended Complaint.

23. The Shoreline Transportation, Inc. tractor trailer, being operated by Mario J. Castro, was also involved in the plaintiffs' alleged motor vehicle incident in the east-bound lanes of Interstate 84 Dingman Township, Pennsylvania, as described in the Plaintiffs' First Amended Complaint.

24. The Arsenberger Trucking, Inc. tractor trailer, being operated by J.T. Fosbrink, was also involved in the plaintiffs' alleged motor vehicle incident in the east-bound lanes of Interstate 84 Dingman Township, Pennsylvania, as described in the Plaintiffs' First Amended Complaint.

## COUNT I
### Contribution – D. Ponce

25. Defendants repeat and reallege paragraphs 1 through 24 of the Third-Party Complaint as if set forth fully herein.

26. If the Plaintiffs suffered any damages as alleged in their First Amended Complaint, which is expressly denied, they were proximately caused by the negligence of D. Ponce.

27. If the Defendants are found liable for the Plaintiffs' alleged damages, which is expressly denied, D. Ponce must be adjudged jointly liable in tort for the same damages, and the Defendants are entitled to contribution from D. Ponce.

**WHEREFORE**, Defendants demand judgment against D. Ponce in the full amount of his pro rata share of the entire liability, plus interest, costs and attorney's fees.

## COUNT II
### Contribution – D.W. Smith

28. Defendants repeat and reallege paragraphs 1 through 27 of the Third-Party Complaint as if set forth fully herein.

29. If the Plaintiffs suffered any damages as alleged in their First Amended Complaint, which is expressly denied, they were proximately caused by the negligence of D.W. Smith.

30. If the Defendants are found liable for the Plaintiffs' alleged damages, which is expressly denied, D.W. Smith must be adjudged jointly liable in tort for the same damages, and the Defendants are entitled to contribution from D.W. Smith.

**WHEREFORE**, Defendants demand judgment against D.W. Smith in the full amount of his pro rata share of the entire liability, plus interest, costs and attorney's fees.

### COUNT III
### Contribution – J.T. Fosbrink

31. Defendants repeat and reallege paragraphs 1 through 30 of the Third-Party Complaint as if set forth fully herein.

32. If the Plaintiffs suffered any damages as alleged in their First Amended Complaint, which is expressly denied, they were proximately caused by the negligence of J.T. Fosbrink.

33. If the Defendants are found liable for the Plaintiffs' alleged damages, which is expressly denied, J.T. Fosbrink must be adjudged jointly liable in tort for the same damages, and the Defendants are entitled to contribution from J.T. Fosbrink.

**WHEREFORE**, Defendants demand judgment against J.T. Fosbrink in the full amount of his pro rata share of the entire liability, plus interest, costs and attorney's fees.

### COUNT IV
### Contribution – Lorraine Odzana, Administratrix of the Estate of James J. Odzana

34. Defendants repeat and reallege paragraphs 1 through 33 of the Third-Party Complaint as if set forth fully herein.

35. If the Plaintiffs suffered any damages as alleged in their First Amended Complaint, which is expressly denied, they were proximately caused by the negligence of Lorraine Odzana, Administratrix of the Estate of James J. Odzana.

36. If the Defendants are found liable for the Plaintiffs' alleged damages, which is expressly denied, Lorraine Odzana, Administratrix of the Estate of James J. Odzana, must be adjudged jointly liable in tort for the same damages, and the Defendants are entitled to contribution from Lorraine Odzana, Administratrix of the Estate of James J. Odzana.

**WHEREFORE**, Defendants demand judgment against Lorraine Odzana, Administratrix of the Estate of James J. Odzana, in the full amount of her pro rata share of the entire liability, plus interest, costs and attorney's fees.

## COUNT V
### Contribution – Jaclyn Paletta, Administratrix of the Estate of Mario J. Castro

37. Defendants repeat and reallege paragraphs 1 through 36 of the Third-Party Complaint as if set forth fully herein.

38. If the Plaintiffs suffered any damages as alleged in their First Amended Complaint, which is expressly denied, they were proximately caused by the negligence of Jaclyn Paletta, Administratrix of the Estate of Mario J. Castro.

39. If the Defendants are found liable for the Plaintiffs' alleged damages, which is expressly denied, Jaclyn Paletta, Administratrix of the Estate of Mario J. Castro, must be adjudged jointly liable in tort for the same damages, and the Defendants are entitled to contribution from Jaclyn Paletta, Administratrix of the Estate of Mario J. Castro.

**WHEREFORE**, Defendants demand judgment against Jaclyn Paletta, Administratrix of the Estate of Mario J. Castro, in the full amount of her pro rata share of the entire liability, plus interest, costs and attorney's fees.

## COUNT VI
### Contribution – Allegiance Healthcare

40. Defendants repeat and reallege paragraphs 1 through 39 of the Third-Party Complaint as if set forth fully herein.

41. If the Plaintiffs suffered any damages as alleged in their First Amended Complaint, which is expressly denied, they were proximately caused by the negligence of Allegiance Healthcare.

42. If the Defendants are found liable for the Plaintiffs' alleged damages, which is expressly denied, Allegiance Healthcare must be adjudged jointly liable in tort for the same damages, and the Defendants are entitled to contribution from Allegiance Healthcare.

**WHEREFORE**, Defendants demand judgment against Allegiance Healthcare in the full amount of its pro rata share of the entire liability, plus interest, costs and attorney's fees.

## COUNT VII
### Contribution – E.W. Wylie Corporation

43. Defendants repeat and reallege paragraphs 1 through 42 of the Third-Party Complaint as if set forth fully herein.

44. If the Plaintiffs suffered any damages as alleged in their First Amended Complaint, which is expressly denied, they were proximately caused by the negligence of E.W. Wylie Corporation.

45. If the Defendants are found liable for the Plaintiffs' alleged damages, which is expressly denied, E.W. Wylie Corporation must be adjudged jointly liable in tort for the same damages, and the Defendants are entitled to contribution from E.W. Wylie Corporation.

**WHEREFORE**, Defendants demand judgment against E.W. Wylie Corporation in the full amount of its pro rata share of the entire liability, plus interest, costs and attorney's fees.

## COUNT VIII
### Contribution – Ryder Truck Rental

46. Defendants repeat and reallege paragraphs 1 through 45 of the Third-Party Complaint as if set forth fully herein.

47. If the Plaintiffs suffered any damages as alleged in their First Amended Complaint, which is expressly denied, they were proximately caused by the negligence of Ryder Truck Rental.

48. If the Defendants are found liable for the Plaintiffs' alleged damages, which is expressly denied, Ryder Truck Rental must be adjudged jointly liable in tort for the same damages, and the Defendants are entitled to contribution from Ryder Truck Rental.

**WHEREFORE**, Defendants demand judgment against Ryder Truck Rental in the full amount of its pro rata share of the entire liability, plus interest, costs and attorney's fees.

## COUNT IX
### Contribution – Shoreline Transportation, Inc.

49. Defendants repeat and reallege paragraphs 1 through 48 of the Third-Party Complaint as if set forth fully herein.

50. If the Plaintiffs suffered any damages as alleged in their First Amended Complaint, which is expressly denied, they were proximately caused by the negligence of Shoreline Transportation, Inc.

51. If the Defendants are found liable for the Plaintiffs' alleged damages, which is expressly denied, Shoreline Transportation, Inc. must be adjudged jointly liable in tort for the same damages, and the Defendants are entitled to contribution from Shoreline Transportation, Inc.

**WHEREFORE**, Defendants demand judgment against Shoreline Transportation, Inc. in the full amount of its pro rata share of the entire liability, plus interest, costs and attorney's fees.

## COUNT X
### Contribution – Arsenberger Trucking, Inc.

52. Defendants repeat and reallege paragraphs 1 through 51 of the Third-Party Complaint as if set forth fully herein.

53. If the Plaintiffs suffered any damages as alleged in their First Amended Complaint, which is expressly denied, they were proximately caused by the negligence of Arsenberger Trucking, Inc.

54. If the Defendants are found liable for the Plaintiffs' alleged damages, which is expressly denied, Arsenberger Trucking, Inc. must be adjudged jointly liable in tort for the same damages, and the Defendants are entitled to contribution from Arsenberger Trucking, Inc.

**WHEREFORE**, Defendants demand judgment against Arsenberger Trucking, Inc. in the full amount of its pro rata share of the entire liability, plus interest, costs and attorney's fees.

### JURY DEMAND

Defendants demand a trial by jury on all issues so triable.

> FEDEX GROUND PACKAGE SYSTEMS, INC.
> And TIMOTHY S. PRUITT
> By Their Attorneys,
> CAMPBELL CAMPBELL EDWARDS &
> CONROY PROFESSIONAL CORPORATION
>
> /s/ Adam A. Larson
> _____
> Adam A. Larson (BBO #632634)
> James M. Campbell (BBO #541882)
> Michael R. Brown (BBO #664239)
> One Constitution Plaza
> Boston, Massachusetts 02129
> (617) 241-3000

## CERTIFICATE OF SERVICE

I, Adam A. Larson, certify that on November 8, 2006 a true copy of the above was sent electronically, and by first class mail to:

Joseph M. Mahaney, Esq.
Goguen, McLaughlin, Richards & Mahaney, P.C.
The Harrier Beecher Stowe House
2 Pleasant Street
South Natick, MA 01760

/s/ Adam A. Larson
_____
Adam A. Larson