UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

STEVEN McDERMOTT and :
STACY McDERMOTT :
 :
v. : C.A. No. 04-CV-12253MLW
 :
FEDEX GROUND PACKAGE SYSTEMS, :
INC., ET AL. :

## MOTION TO QUASH AND/OR FOR PROTECTIVE ORDER

Now comes Newport Alliance/Newport Hospital (the "Hospital") and seeks a Protective Order from this Court and/or an Order quashing the subpoena served on or about November 3, 2006, regarding certain medical records of Steve McDermott (d/o/b 01/24/65) sought in the above-captioned matter. In support of this Motion, the Hospital states that the medical records sought are subject to protection by state law. In further support of the Motion, the Hospital provides the attached Memorandum of Law.

Newport Alliance/Newport Hospital
By Its Attorneys,

/s/ Jeffrey S. Brenner

Jeffrey S. Brenner (BBO #560392)
NIXON PEABODY LLP
One Citizens Plaza
Providence, RI 02903
(401) 454-1006
(401) 454-1030 (Fax)
jbrenner@nixonpeabody.com

Dated: November 14, 2006

10190635.1

## CERTIFICATE OF SERVICE

      I hereby certify that on the 14th of November, 2006, an exact copy of the within document was electronically mailed to the Electronic Case Filing system of the United Stated District Court for the District of Massachusetts. Notice of this filing will be sent via e-mail to all parties able to accept electronic filings as indicated on the Notice of Electronic Filing.

Michael R. Brown, Esq.  
Campbell Campbell Edwards & Conroy, P.C.  
1 Constitution Plaza  
Boston, MA  02129

Joseph Mahoney, Esq.  
Goguen, McLaughlin, Richards  
  & Mahaney, LLP  
2 Pleasant Street  
S. Natick, MA  01760

      /s/ Jeffrey S. Brenner  
_____

UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

STEVEN McDERMOTT and  :
STACY McDERMOTT        :
                       :
v.                     :    C.A. No. 04-CV-12253MLW
                       :
FEDEX GROUND PACKAGE SYSTEMS, :
INC., ET AL.           :

## MEMORANDUM OF LAW IN SUPPORT OF NEWPORT ALLIANCE/NEWPORT HOSPITAL'S MOTION TO QUASH AND/OR FOR PROTECTIVE ORDER

Newport Alliance/Newport Hospital (the "Hospital") hereby seeks a Protective Order from this Court and/or an Order quashing the subpoena served on or about November 3, 2006, regarding certain medical records of Steve McDermott (d/o/b 01/24/65) (See attached Exhibit "A") for the reasons set forth below.

### ARGUMENT

**A.    The Information Sought is Confidential and Privileged.**

The Confidentiality of Health Care Communications and Information Act (the "Act"), R.I. Gen. Laws § 5-37.3-1 et seq., generally bars the disclosure of a patient's confidential health care information without the patient's written consent. The Act also subjects violators to both actual and punitive damages, as well as criminal penalties. R.I. Gen. Laws § 5-37.3-4 (a)(1)-(3). Accordingly, persons seeking information protected by the Act must follow the specific procedures set forth in § 5-37.3-6.1.

The information protected by the Act includes "all information relating to a patient's health care history, diagnosis, condition, treatment or evaluation obtained from a health care provider who has treated the patient." R.I. Gen. Laws § 5-37.3-3 (3)(ii). The word "treated" is

10191815.1

not specifically defined. Any relationship with a health care provider may constitute treatment as contemplated by the Act.

The Act establishes a presumption in favor of privacy. With regard to the adjudication of a motion to quash, the Act requires that "the court shall grant a motion to quash unless the requesting party can demonstrate that there is reasonable grounds to believe the information being sought is relevant to the proceedings, and the need for the information clearly outweighs the privacy interest of the individual." R.I. Gen. Laws § 5-37.3-6.1 (d) (emphasis added). To that end, the Court is directed to consider: 1) the particular purpose for which the information was collected; 2) the individual's reasonable expectation of privacy in the information; 3) the degree to which disclosure of the information would embarrass, injure, or invade the privacy of the individual; 4) the effect of the disclosure on the individual's future health care; 5) the importance of the information to the lawsuit or proceeding; and 6) whether the information is available from other sources. R.I. Gen. Laws § 5-37.3-6.1 (e).

While there are certain statutory exceptions to the general rule barring disclosure of records, those exceptions are inapplicable when the records contain evidence regarding the use of drugs and alcohol, evidence of testing and/or results of testing for HIV, sexually transmitted diseases and mental health treatment. The aforementioned information may only be released by court order in accordance with the applicable rules of civil procedure. The information sought here involves privileged, sensitive records, and therefore, only an *in camera* review will adequately protect the interests of the patient and Newport Alliance/Newport Hospital.

In the instant case, the information requested in the subpoena contains sensitive information. The patient has not provided the Hospital with an authorization form for the release of the requested records. Therefore, based upon the foregoing, the Hospital cannot release the subject records.

Accordingly, for the foregoing reasons, Newport Alliance/Newport Hospital respectfully requests that this Honorable Court issue a Protective Order and/or an Order quashing the subpoena issued.

Newport Alliance/Newport Hospital
By Its Attorneys,

/s/ Jeffrey S. Brenner
_____

Jeffrey S. Brenner (BBO #560392)
NIXON PEABODY LLP
One Citizens Plaza
Providence, RI 02903
(401) 454-1006
(401) 454-1030 (Fax)
jbrenner@nixonpeabody.com

Dated: November 14, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th of November, 2006, an exact copy of the within document was electronically mailed to the Electronic Case Filing system of the United Stated District Court for the District of Massachusetts. Notice of this filing will be sent via e-mail to all parties able to accept electronic filings as indicated on the Notice of Electronic Filing.

| | |
|---|---|
| Michael R. Brown, Esq.<br>Campbell Campbell Edwards & Conroy, P.C.<br>1 Constitution Plaza<br>Boston, MA  02129 | Joseph Mahoney, Esq.<br>Goguen, McLaughlin, Richards<br>  & Mahaney, LLP<br>2 Pleasant Street<br>S. Natick, MA  01760 |

/s/ Jeffrey S. Brenner
_____

# EXHIBIT A

Case 1:04-cv-12253-JLA    Document 33    Filed 11/14/2006    Page 6 of 9

**EXHIBIT A**

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF      Massachusetts

Steven McDermott and Stacey McDermott

V.

FedEx Ground Package Systems, Inc., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-CV-12253MLW

TO: Keeper of Records - Newport Alliance
Borden-Carey Building #G-40
19 Friendship Street
Newport, RI 02840

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Schedule "A"

| PLACE | DATE AND TIME |
|---|---|
| Campbell Campbell Edwards & Conroy, P.C.<br>1 Constitution Plaza, Boston, MA 02129 | 11/15/2006 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | 11/3/2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael R. Brown, Esq.
Campbell Campbell Edwards & Conroy, P.C., 1 Constitution Plaza, Boston, MA 02129  Tel: 617-241-3000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　　　DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

## SCHEDULE A

The deponent is requested to bring to the deposition all of the following documents relative to:

> Steven McDermott
> 175 Mechanic Street, Bellingham, MA 02019
> DOB: 01/24/65
> SSN: 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

1. Any and all records pertaining to Steven McDermott, including but not limited to: all emergency room records; all admission and discharge summaries; all face sheets; all patient histories; all reports of physical examinations; all reports of neurological examinations; all reports of psychological and/or psychiatric examinations; all progress notes and social services notes; all rehabilitation notes and reports; all reports of consultation; all reports of operations; all anesthesiology notes and reports; all doctor's orders; all nurse's notes; all radiology reports; all EEG and EKG print-outs; all pathology reports; all laboratory reports and lab slips; all order sheets and medication records; and all photographs.

2. All bills, invoices and statements for services rendered to Steven McDermott.

3. All toxicology screens and tests performed on Steven McDermott.

4. All records relating to Steven McDermott and your treatment of him.