UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-12253MLW

| | |
|---|---|
| STEVEN McDERMOTT and<br>STACEY McDERMOTT<br>Plaintiffs,<br>vs.<br><br>FEDEX GROUND PACKAGE<br>SYSTEMS, INC., T.S. PRUITT,<br>ALLEGIANCE HEALTHCARE, INC.,<br>D. PONCE, E. W. WYLIE<br>CORPORATION, D.W. SMITH,<br>ARSENBERGER TRUCKING, INC.,<br>J.T. FOSBRINK, RYDER TRUCK<br>RENTAL; LORRRAINE ODZANA as<br>ADMINISTRATRIX OF THE ESTATE<br>OF JAMES J. ODZANA, SHORELINE<br>TRANSPORTATION, INC.; JACYLYN<br>PALETTA as ADMINISTRATIX OF<br>THE ESTATE OF MARIO J. CASTRO;<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

**I. PARTIES**

1.   The Plaintiff, Steven McDermott ("Mr. McDermott") is an individual with a primary residence of 175 Mechanic Street, Bellingham, Norfolk County, Massachusetts.

2,   The Plaintiff, Stacey McDermott ("Mrs. McDermott") is the wife of the Mr. McDermott and an individual with a primary address of 175 Mechanic Street, Bellingham, Norfolk County, Massachusetts.

3.   The Defendant, FedEx Ground Package Systems, Inc., ("FedEx") is a foreign corporation in good standing and duly organized under the law of the State of Tennessee with a principal place of business located at 3610 Hacks Cross Road, Memphis, Tennessee and at all times relevant hereto was the owner of a tractor and trailer that the Plaintiff claims caused his injuries.

GOGUEN, McLAUGHLIN,
RICHARDS & MAHANEY, LLP
ATTORNEYS AT LAW
2 PLEASANT STREET
SOUTH NATICK,
MASSACHUSETTS 01760

(508) 651-1000
FAX (508) 651-1128

4. The Defendant, T.S. Pruitt, ("Pruitt") is an individual with a primary address of 373 Highway 30 East, Oxford, Lafayette County, Mississippi, and at all times relevant hereto was the agent, servant and/or employee of Defendant, FedEx.

5. The Defendant, Allegiance Healthcare, Inc., ("Allegiance") is a foreign corporation in good standing and duly organized under the laws of the State of Illinois, with a principal place of business at 1430 Waukegan Road, McGaw Park, Illinois, and at all relevant times was the owner of a tractor and trailer that the Plaintiff claims caused his injuries.

6. The Defendant, D. Ponce ("Ponce") is an individual with a primary address of 23 Sharon Drive, Middletown, New York, and at all relevant times hereto was the agent, servant and/or employee of Defendant, Allegiance Healthcare, Inc.

7. The Defendant, E.W. Wylie Corporation, ("Wylie") is a foreign corporation in good standing and duly organized under the law of the State of North Dakota, with a principal place of business at 222 40th Street SW, Fargo, North Dakota, and at all relevant times was the owner of a tractor and trailer that the Plaintiff claims caused his injuries.

8. The Defendant, D.W. Smith ("Smith") is an individual residing at 8913 130th Avenue, Little Falls, Minnesota, and at all relevant times hereto was the agent, servant and/or employee of Defendant, E.W. Wylie Corporation.

9. The Defendant, Arsenberger Trucking, Inc., ("Arsenberger") is a foreign corporation in good standing and duly organized under the laws of the State of Pennsylvania with a principal place of business at 681 Mill Run Road, Mill Run, Pennsylvania, and all relevant times was the owner of a tractor and trailer that the Plaintiff claims caused his injuries.

10 The Defendant The Defendant, J.T. Fosbrink ("Fosbrink") is an individual residing at 476 Dunbar Ohiopyle Road, Dunbar, Pennsylvania, and at all relevant times hereto was the agent, servant and/or employee of Defendant, Arsenberger Trucking, Inc.

11. The Defendant, Ryder Truck Rental, Inc., ("Ryder") is a foreign corporation in good standing and duly organized under the law of the State of Pennsylvania with a principal place of business at 111 2nd Street, Plains, Pennsylvania, an at all relevant times was the owner of a tractor and trailer that the Plaintiff claims caused his injuries.

12. The Defendant, Lorraine Odzana, Administratrix of the Estate of James J. Odzana ("Odzana") is an individual residing at 129 Railroad Street, Taylor, Pennsylvania, and at all relevant times hereto is the administratrix for the agent, servant and/or employee of Ryder Truck Rental, Inc.

13. The Defendant, Shoreline Transportation, Inc., ("Shoreline") is a foreign corporation in good standing and duly organized under the laws of the State of Ohio with a principal place of business at 9880 York Alpha Drive, North Royalton, Ohio and at all relevant times was the owner of a tractor and trailer that the Plaintiff claims caused his injuries.

GOGUEN, McLAUGHLIN,
RICHARDS & MAHANEY, LLP
ATTORNEYS AT LAW
2 PLEASANT STREET
SOUTH NATICK
MASSACHUSETTS 01760

(508) 651-1000
FAX (508) 651-1128

14.   The Defendant, Jaclyn Paletta, Administratrix of the Estate of Mario J. Castro, ("Castro") is an individual residing at 1324 West 67th Street, Cleveland, Ohio, and at all relevant times hereto is the adminitratrix for the agent, servant and/or employee of Shoreline Transportation, Inc.

## II. JURISDICTION

15.   The Defendants, at all relevant times herein, actively engaged in business in the Commonwealth of Massachusetts and/or contracted to do business in the Commonwealth of Massachusetts. Jurisdiction over the subject matter of this action is conferred by 28 U.S.C., § 332. The amount in controversy exceeds seventy-five thousand and 00/100 ($75,000.00) exclusive of interests and costs.

16.   Jurisdiction over the Defendant corporations is conferred by M.G.L. c. 223A, §§ 3(a) and 3(b) and is consistent with the due process clause of the Fourteenth Amendment as the Defendant at all times relevant herein (a) transacted business in the Commonwealth of Massachusetts and (b) contracted to supply services in the Commonwealth of Massachusetts.

17.   Jurisdiction over the individual Defendants, as agent, servant and/or employee of the Defendant Corporations, is conferred by M.G.L. c.223A, §§ 3(a) and 3(b) and is consistent with the due process clause of the Fourteenth Amendment as the Co-Defendant at all times relevant herein, as agent, servant, employee of Defendant corporations, (a) transacted business in the Commonwealth of Massachusetts and (b) contracted to supply services in the Commonwealth of Massachusetts.

## III. FACTS

18.   On or about February 7, 2003, at approximately 3:00 am, while traveling on Interstate 84 Eastbound in the Commonwealth of Pennsylvania, Mr. McDermott sustained severe injuries in a motor vehicle accident caused by the negligent actions and/or omissions of the above named Defendants.

19.   The FedEx motor vehicle, being operated by Pruitt, their agent, servant and/or employee, also traveling Interstate 84 Eastbound, was exceeding a reasonable and safe speed taking into account the conditions of the road.

20.   Pruitt, unable to stop his motor vehicle, struck the Mr. McDermott with excessive force causing severe and permanent injuries of body and mind.

21.   The Allegiance Healthcare motor vehicle, being operated by Ponce, their agent, servant and/or employee, also traveling Interstate 84 Eastbound, was exceeding a reasonable and safe speed taking into account the conditions of the road.

GOGUEN, MCLAUGHLIN,
RICHARDS & MAHANEY, LLP
ATTORNEYS AT LAW
2 PLEASANT STREET
SOUTH NATICK,
MASSACHUSETTS 01760

(508) 651-1000
FAX (508) 651-1128

22. Ponce, through his negligent actions and omissions, was the proximate cause of injuries sustained by Mr. McDermott thereby causing severe and permanent injuries of body and mind.

23. The Wylie motor vehicle, being operated by Smith, their agent, servant and/or employee, also traveling Interstate 84 Eastbound, was exceeding a reasonable and safe speed taking into account the conditions of the road.

24. Smith, through his negligent actions and omissions, was the proximate cause of injuries sustained by Mr. McDermott thereby causing severe and permanent injuries of body and mind.

25. The Arsenberger motor vehicle, being operated by Fosbrink, their agent, servant and/or employee, also traveling Interstate 84 Eastbound, was exceeding a reasonable and safe speed taking into account the conditions of the road.

26. Fosbrink, through his negligent actions and omissions, was the proximate cause of injuries sustained by Mr. McDermott thereby causing severe and permanent injuries of body and mind..

27. The Ryder motor vehicle, being operated by Odzana, their agent, servant and/or employee, also traveling Interstate 84 Eastbound, was exceeding a reasonable and safe speed taking into account the conditions of the road.

28. Odzana, through his negligent actions and omissions, was the proximate cause of injuries sustained by Mr. McDermott thereby causing severe and permanent injuries of body and mind.

29. The Shoreline motor vehicle, being operated by Castro, their agent, servant and/or employee, also traveling Interstate 84 Eastbound, was exceeding a reasonable and safe speed taking into account the conditions of the road.

30. Castro, through his negligent actions and omissions, was the proximate cause of injuries sustained by Mr. McDermott thereby causing severe and permanent injuries of body and mind.

31. The Plaintiff, Mr. McDermott, sustained personal injuries on February 7, 2003, due to the negligence and carelessness of the Defendants, their agents, servants, employees and/or contractors

32. The Co-Plaintiff, Mrs. McDermott, is seeking damages for loss of comfort, care, companionship, and consortium as a result of these injuries.

### IV. NEGLIGIENCE
### Steven McDermott v. FedEx Ground Package Systems, Inc.

33. Plaintiff Steven McDermott realleges and reavers the allegations of paragraphs 1 through 12 and incorporates them by reference as if fully set forth herein.

GOGUEN, MCLAUGHLIN, RICHARDS & MAHANEY, LLP
ATTORNEYS AT LAW
2 PLEASANT STREET
SOUTH NATICK,
MASSACHUSETTS 01760

(508) 651-1000
FAX (508) 651-1128

34. As a direct and proximate result of the aforesaid negligence of the Defendant FedEx, the Plaintiff, Mr. McDermott, sustained severe and permanent personal injuries and has and will continue to be obliged to expend money for medical care and attendance.

35. As a direct and proximate result of the aforesaid negligence of the Defendant FedEx, the Plaintiff, Mr. McDermott's, earning capacity was damaged and depreciated in value and the Plaintiff was prevented from attending to Plaintiff's usual occupation.

36. As a direct and proximate result of the aforesaid negligence of the Defendant FedEx, the Plaintiff, Mr. McDermott, will continue to suffer great pain of body and mind.

**WHEREFORE**, Plaintiff, Steven McDermott demands judgment against the Defendants, FedEx Ground Package Systems, Inc. in an amount to be determined by the jury, plus interest and costs.

### V. NEGLEGENCE
### Steven McDermott v. T.S. Pruitt

37. Plaintiff Mr. McDermott realleges and reavers the allegations of paragraphs 1 through 36 and incorporates them by reference as if fully stated herein.

38  As a direct and proximate result of the aforesaid negligence of the Defendant Pruitt, the Plaintiff, Mr. McDermott, sustained severe and permanent personal injuries and has and will continue to be obliged to expend money for medical care and attendance.

39. As a direct and proximate result of the aforesaid negligence of the Defendant Pruitt, the Plaintiff's, Mr. McDermott's, earning capacity was damaged and depreciated in value and the Plaintiff was prevented from attending to Plaintiff's usual occupation.

40. As a direct and proximate result of the aforesaid negligence of the Defendant Pruitt, the Plaintiff, Mr. McDermott, will continue to suffer great pain of body and mind.

**WHEREFORE**, Plaintiff, Steven McDermott demands judgment against the Defendant, T.S. Pruitt in an amount to be determined by the jury, plus interest and costs.

### VI. LOSS OF CONSORTIUM
### Stacey McDermott v. FedEx Ground Package Systems, Inc.

41. Plaintiff Mrs. McDermott realleges and reavers the allegations of paragraphs 1 through 40 and incorporates them herein by reference as if fully stated herein.

42. The Plaintiffs, Steven and Stacey McDermott were married on October 14, 2000, in the Commonwealth of Massachusetts.

GOGUEN, MCLAUGHLIN, ICHARDS & MAHANEY, LLP
ATTORNEYS AT LAW
2 PLEASANT STREET
SOUTH NATICK,
MASSACHUSETTS 01760

(508) 651-1000
FAX (508) 651-1128

43.   As a direct and proximate result of the aforesaid negligence of the Defendant FedEx, the Plaintiff, Mrs. McDermott, sustained a loss of service, society, and conjugal affection of her spouse and has experienced an injury to her marital expectations.

44.   As a direct and proximate result of the aforesaid negligence of the Defendant FedEx, the Plaintiff, Mrs. McDermott, will continues to sustain a loss of service, society, and conjugal affection of her spouse and will continue to experience an injury to her marital expectations.

**WHEREFORE**, Plaintiff, Stacey McDermott demands judgment against the Defendants, FedEx Ground Package Systems, Inc. in an amount to be determined by the jury, plus interest and costs.

### VII. LOSS OF CONSORTIUM
### Stacey McDermott v. T.S. Pruitt

45.   Plaintiff, Mrs. McDermott realleges and reavers the allegations of paragraphs 1 through 44 and incorporates them by reference as if fully stated herein.

46.   The Plaintiffs, Steven and Stacey McDermott were married on October 14, 2000, in the Commonwealth of Massachusetts.

47.   As a direct and proximate result of the aforesaid negligence of the Defendant Pruitt, the Plaintiff, Mrs. McDermott, sustained a loss of service, society, and conjugal affection of her spouse and has experienced an injury to her marital expectations.

48.   As a direct and proximate result of the aforesaid negligence of the Defendant Pruitt, the Plaintiff, Mrs. McDermott, will continues to sustain a loss of service, society, and conjugal affection of her spouse and will continue to experience an injury to her marital expectations.

**WHEREFORE**, Plaintiff, Stacey McDermott demands judgment against the Defendant, T.S. Pruitt in an amount to be determined by the jury, plus interest and costs.

### VIII. NEGLIGENCE
### Steven McDermott v. Allegiance Health Care, Inc.

49.   Plaintiff Steven McDermott realleges and reavers the allegations of paragraphs 1 through 48 and incorporates them by reference as if fully set forth herein.

50.   As a direct and proximate result of the aforesaid negligence of the Defendant FedEx, the Plaintiff, Mr. McDermott, sustained severe and permanent personal injuries and has and will continue to be obliged to expend money for medical care and attendance.

GOGUEN, MCLAUGHLIN,
RICHARDS & MAHANEY, LLP
ATTORNEYS AT LAW
2 PLEASANT STREET
SOUTH NATICK,
MASSACHUSETTS 01760

(508) 651-1000
FAX (508) 651-1128

51. As a direct and proximate result of the aforesaid negligence of the Defendant FedEx, the Plaintiff, Mr. McDermott's, earning capacity was damaged and depreciated in value and the Plaintiff was prevented from attending to Plaintiff's usual occupation.

52. As a direct and proximate result of the aforesaid negligence of the Defendant FedEx, the Plaintiff, Mr. McDermott, will continue to suffer great pain of body and mind.

**WHEREFORE**, Plaintiff, Steven McDermott demands judgment against the Defendants, FedEx Ground Package Systems, Inc. in an amount to be determined by the jury, plus interest and costs.

### IX. NEGLEGENCE
### Steven McDermott v. D. Ponce

53. Plaintiff Mr. McDermott realleges and reavers the allegations of paragraphs 1 through 52 and incorporates them by reference as if fully stated herein.

54 As a direct and proximate result of the aforesaid negligence of the Defendant Pruitt, the Plaintiff, Mr. McDermott, sustained severe and permanent personal injuries and has and will continue to be obliged to expend money for medical care and attendance.

55. As a direct and proximate result of the aforesaid negligence of the Defendant Pruitt, the Plaintiff's, Mr. McDermott's, earning capacity was damaged and depreciated in value and the Plaintiff was prevented from attending to Plaintiff's usual occupation.

56. As a direct and proximate result of the aforesaid negligence of the Defendant Pruitt, the Plaintiff, Mr. McDermott, will continue to suffer great pain of body and mind.

**WHEREFORE**, Plaintiff, Steven McDermott demands judgment against the Defendant, T.S. Pruitt in an amount to be determined by the jury, plus interest and costs.

### X. LOSS OF CONSORTIUM
### Stacey McDermott v. Allegiance Health Care, Inc.

57. Plaintiff Mrs. McDermott realleges and reavers the allegations of paragraphs 1 through 56 and incorporates them herein by reference as if fully stated herein.

58. The Plaintiffs, Steven and Stacey McDermott were married on October 14, 2000, in the Commonwealth of Massachusetts.

59. As a direct and proximate result of the aforesaid negligence of the Defendant FedEx, the Plaintiff, Mrs. McDermott, sustained a loss of service, society, and conjugal affection of her spouse and has experienced an injury to her marital expectations.

GOGUEN, MCLAUGHLIN,
ICHARDS & MAHANEY, LLP
ATTORNEYS AT LAW
2 PLEASANT STREET
SOUTH NATICK,
MASSACHUSETTS 01760

(508) 651-1000
FAX (508) 651-1128

60. As a direct and proximate result of the aforesaid negligence of the Defendant FedEx, the Plaintiff, Mrs. McDermott, will continues to sustain a loss of service, society, and conjugal affection of her spouse and will continue to experience an injury to her marital expectations.

**WHEREFORE**, Plaintiff, Stacey McDermott demands judgment against the Defendants, FedEx Ground Package Systems, Inc. in an amount to be determined by the jury, plus interest and costs.

### XI. LOSS OF CONSORTIUM
### Stacey McDermott v. D. Ponce

61. Plaintiff, Mrs. McDermott realleges and reavers the allegations of paragraphs 1 through 60 and incorporates them by reference as if fully stated herein.

62. The Plaintiffs, Steven and Stacey McDermott were married on October 14, 2000, in the Commonwealth of Massachusetts.

63. As a direct and proximate result of the aforesaid negligence of the Defendant Pruitt, the Plaintiff, Mrs. McDermott, sustained a loss of service, society, and conjugal affection of her spouse and has experienced an injury to her marital expectations.

64. As a direct and proximate result of the aforesaid negligence of the Defendant Pruitt, the Plaintiff, Mrs. McDermott, will continues to sustain a loss of service, society, and conjugal affection of her spouse and will continue to experience an injury to her marital expectations.

**WHEREFORE**, Plaintiff, Stacey McDermott demands judgment against the Defendant, T.S. Pruitt in an amount to be determined by the jury, plus interest and costs.

### XII. NEGLIGIENCE
### Steven McDermott v. E.W. Wylie Corporation

65. Plaintiff Steven McDermott realleges and reavers the allegations of paragraphs 1 through 64 and incorporates them by reference as if fully set forth herein.

66. As a direct and proximate result of the aforesaid negligence of the Defendant FedEx, the Plaintiff, Mr. McDermott, sustained severe and permanent personal injuries and has and will continue to be obliged to expend money for medical care and attendance.

67. As a direct and proximate result of the aforesaid negligence of the Defendant FedEx, the Plaintiff, Mr. McDermott's, earning capacity was damaged and depreciated in value and the Plaintiff was prevented from attending to Plaintiff's usual occupation.

GOGUEN, MCLAUGHLIN,
ICHARDS & MAHANEY, LLP
ATTORNEYS AT LAW
2 PLEASANT STREET
SOUTH NATICK,
MASSACHUSETTS 01760

(508) 651-1000
FAX (508) 651-1128

68. As a direct and proximate result of the aforesaid negligence of the Defendant FedEx, the Plaintiff, Mr. McDermott, will continue to suffer great pain of body and mind.

**WHEREFORE**, Plaintiff, Steven McDermott demands judgment against the Defendants, FedEx Ground Package Systems, Inc. in an amount to be determined by the jury, plus interest and costs.

### XIII. NEGLEGENCE
### Steven McDermott v. D.W. Smith

69. Plaintiff Mr. McDermott realleges and reavers the allegations of paragraphs 1 through 68 and incorporates them by reference as if fully stated herein.

70. As a direct and proximate result of the aforesaid negligence of the Defendant Pruitt, the Plaintiff, Mr. McDermott, sustained severe and permanent personal injuries and has and will continue to be obliged to expend money for medical care and attendance.

71. As a direct and proximate result of the aforesaid negligence of the Defendant Pruitt, the Plaintiff's, Mr. McDermott's, earning capacity was damaged and depreciated in value and the Plaintiff was prevented from attending to Plaintiff's usual occupation.

72. As a direct and proximate result of the aforesaid negligence of the Defendant Pruitt, the Plaintiff, Mr. McDermott, will continue to suffer great pain of body and mind.

**WHEREFORE**, Plaintiff, Steven McDermott demands judgment against the Defendant, T.S. Pruitt in an amount to be determined by the jury, plus interest and costs.

### XIV. LOSS OF CONSORTIUM
### Stacey McDermott v. E. W. Wylie Corporation

73. Plaintiff Mrs. McDermott realleges and reavers the allegations of paragraphs 1 through 72. and incorporates them herein by reference as if fully stated herein.

74. The Plaintiffs, Steven and Stacey McDermott were married on October 14, 2000, in the Commonwealth of Massachusetts.

75. As a direct and proximate result of the aforesaid negligence of the Defendant FedEx, the Plaintiff, Mrs. McDermott, sustained a loss of service, society, and conjugal affection of her spouse and has experienced an injury to her marital expectations.

76. As a direct and proximate result of the aforesaid negligence of the Defendant FedEx, the Plaintiff, Mrs. McDermott, will continues to sustain a loss of service, society, and conjugal affection of her spouse and will continue to experience an injury to her marital expectations.

GOGUEN, MCLAUGHLIN,
RICHARDS & MAHANEY, LLP
ATTORNEYS AT LAW
2 PLEASANT STREET
SOUTH NATICK,
MASSACHUSETTS 01760

(508) 651-1000
FAX (508) 651-1128

*WHEREFORE*, Plaintiff, Stacey McDermott demands judgment against the Defendants, FedEx Ground Package Systems, Inc. in an amount to be determined by the jury, plus interest and costs.

### XV. LOSS OF CONSORTIUM
### Stacey McDermott v. D.W. Smith

77.  Plaintiff, Mrs. McDermott realleges and reavers the allegations of paragraphs 1 through 76 and incorporates them by reference as if fully stated herein.

78.  The Plaintiffs, Steven and Stacey McDermott were married on October 14, 2000, in the Commonwealth of Massachusetts.

79.  As a direct and proximate result of the aforesaid negligence of the Defendant Pruitt, the Plaintiff, Mrs. McDermott, sustained a loss of service, society, and conjugal affection of her spouse and has experienced an injury to her marital expectations.

80.  As a direct and proximate result of the aforesaid negligence of the Defendant Pruitt, the Plaintiff, Mrs. McDermott, will continues to sustain a loss of service, society, and conjugal affection of her spouse and will continue to experience an injury to her marital expectations.

*WHEREFORE*, Plaintiff, Stacey McDermott demands judgment against the Defendant, T.S. Pruitt in an amount to be determined by the jury, plus interest and costs.

### XVI. NEGLIGIENCE
### Steven McDermott v. Arsenberger Trucking, Inc.

81.  Plaintiff Steven McDermott realleges and reavers the allegations of paragraphs 1 through 80 and incorporates them by reference as if fully set forth herein.

82.  As a direct and proximate result of the aforesaid negligence of the Defendant FedEx, the Plaintiff, Mr. McDermott, sustained severe and permanent personal injuries and has and will continue to be obliged to expend money for medical care and attendance.

83.  As a direct and proximate result of the aforesaid negligence of the Defendant FedEx, the Plaintiff, Mr. McDermott's, earning capacity was damaged and depreciated in value and the Plaintiff was prevented from attending to Plaintiff's usual occupation.

84.  As a direct and proximate result of the aforesaid negligence of the Defendant FedEx, the Plaintiff, Mr. McDermott, will continue to suffer great pain of body and mind.

*WHEREFORE*, Plaintiff, Steven McDermott demands judgment against the Defendants, FedEx Ground Package Systems, Inc. in an amount to be determined by the jury, plus interest and costs.

GOGUEN, McLAUGHLIN,
ICHARDS & MAHANEY, LLP
ATTORNEYS AT LAW
2 PLEASANT STREET
SOUTH NATICK,
MASSACHUSETTS 01760

(508) 651-1000
FAX (508) 651-1128

## XVII. NEGLEGENCE
### Steven McDermott v. J.T. Fosbrink

85. Plaintiff Mr. McDermott realleges and reavers the allegations of paragraphs 1 through 84 and incorporates them by reference as if fully stated herein.

86  As a direct and proximate result of the aforesaid negligence of the Defendant Pruitt, the Plaintiff, Mr. McDermott, sustained severe and permanent personal injuries and has and will continue to be obliged to expend money for medical care and attendance.

87. As a direct and proximate result of the aforesaid negligence of the Defendant Pruitt, the Plaintiff's, Mr. McDermott's, earning capacity was damaged and depreciated in value and the Plaintiff was prevented from attending to Plaintiff's usual occupation.

88. As a direct and proximate result of the aforesaid negligence of the Defendant Pruitt, the Plaintiff, Mr. McDermott, will continue to suffer great pain of body and mind.

**WHEREFORE**, Plaintiff, Steven McDermott demands judgment against the Defendant, T.S. Pruitt in an amount to be determined by the jury, plus interest and costs.

## XVIII. LOSS OF CONSORTIUM
### Stacey McDermott v. Arsenberger Trucking, Inc.

89. Plaintiff Mrs. McDermott realleges and reavers the allegations of paragraphs 1 through 88 and incorporates them herein by reference as if fully stated herein.

90. The Plaintiffs, Steven and Stacey McDermott were married on October 14, 2000, in the Commonwealth of Massachusetts.

91. As a direct and proximate result of the aforesaid negligence of the Defendant FedEx, the Plaintiff, Mrs. McDermott, sustained a loss of service, society, and conjugal affection of her spouse and has experienced an injury to her marital expectations.

92. As a direct and proximate result of the aforesaid negligence of the Defendant FedEx, the Plaintiff, Mrs. McDermott, will continues to sustain a loss of service, society, and conjugal affection of her spouse and will continue to experience an injury to her marital expectations.

**WHEREFORE**, Plaintiff, Stacey McDermott demands judgment against the Defendants, FedEx Ground Package Systems, Inc. in an amount to be determined by the jury, plus interest and costs.

GOGUEN, MCLAUGHLIN, .ICHARDS & MAHANEY. LLP
ATTORNEYS AT LAW
2 PLEASANT STREET
SOUTH NATICK,
MASSACHUSETTS 01760

(508) 651-1000
FAX (508) 651-1128

### XIX. LOSS OF CONSORTIUM
### Stacey McDermott v. J.T. Fosbrink

93.   Plaintiff, Mrs. McDermott realleges and reavers the allegations of paragraphs 1 through 92 and incorporates them by reference as if fully stated herein.

94.   The Plaintiffs, Steven and Stacey McDermott were married on October 14, 2000, in the Commonwealth of Massachusetts.

95.   As a direct and proximate result of the aforesaid negligence of the Defendant Pruitt, the Plaintiff, Mrs. McDermott, sustained a loss of service, society, and conjugal affection of her spouse and has experienced an injury to her marital expectations.

96.   As a direct and proximate result of the aforesaid negligence of the Defendant Pruitt, the Plaintiff, Mrs. McDermott, will continues to sustain a loss of service, society, and conjugal affection of her spouse and will continue to experience an injury to her marital expectations.

**WHEREFORE**, Plaintiff, Stacey McDermott demands judgment against the Defendant, T.S. Pruitt in an amount to be determined by the jury, plus interest and costs.

### XX. NEGLIGIENCE
### Steven McDermott v. Ryder Truck Rental

97.   Plaintiff Steven McDermott realleges and reavers the allegations of paragraphs 1 through 96 and incorporates them by reference as if fully set forth herein.

98.   As a direct and proximate result of the aforesaid negligence of the Defendant FedEx, the Plaintiff, Mr. McDermott, sustained severe and permanent personal injuries and has and will continue to be obliged to expend money for medical care and attendance.

99.   As a direct and proximate result of the aforesaid negligence of the Defendant FedEx, the Plaintiff, Mr. McDermott's, earning capacity was damaged and depreciated in value and the Plaintiff was prevented from attending to Plaintiff's usual occupation.

100.  As a direct and proximate result of the aforesaid negligence of the Defendant FedEx, the Plaintiff, Mr. McDermott, will continue to suffer great pain of body and mind.

**WHEREFORE**, Plaintiff, Steven McDermott demands judgment against the Defendants, FedEx Ground Package Systems, Inc. in an amount to be determined by the jury, plus interest and costs.

GOGUEN, MCLAUGHLIN, RICHARDS & MAHANEY LLP
ATTORNEYS AT LAW
2 PLEASANT STREET
SOUTH NATICK,
MASSACHUSETTS 01760

(508) 651-1000
FAX (508) 651-1128

### XXI. NEGLEGENCE
### Steven McDermott v. Lorraine Odzana, as Adminitratrix of the Estate of James J. Odzana

101.   Plaintiff Mr. McDermott realleges and reavers the allegations of paragraphs 1 through 100 and incorporates them by reference as if fully stated herein.

102    As a direct and proximate result of the aforesaid negligence of the Defendant Pruitt, the Plaintiff, Mr. McDermott, sustained severe and permanent personal injuries and has and will continue to be obliged to expend money for medical care and attendance.

103.   As a direct and proximate result of the aforesaid negligence of the Defendant Pruitt, the Plaintiff's, Mr. McDermott's, earning capacity was damaged and depreciated in value and the Plaintiff was prevented from attending to Plaintiff's usual occupation.

104.   As a direct and proximate result of the aforesaid negligence of the Defendant Pruitt, the Plaintiff, Mr. McDermott, will continue to suffer great pain of body and mind.

**WHEREFORE**, Plaintiff, Steven McDermott demands judgment against the Defendant, T.S. Pruitt in an amount to be determined by the jury, plus interest and costs.

### XXII. LOSS OF CONSORTIUM
### Stacey McDermott v. Ryder Truck Rental

105.   Plaintiff Mrs. McDermott realleges and reavers the allegations of paragraphs 1 through 104 and incorporates them herein by reference as if fully stated herein.

106.   The Plaintiffs, Steven and Stacey McDermott were married on October 14, 2000, in the Commonwealth of Massachusetts.

107.   As a direct and proximate result of the aforesaid negligence of the Defendant FedEx, the Plaintiff, Mrs. McDermott, sustained a loss of service, society, and conjugal affection of her spouse and has experienced an injury to her marital expectations.

108.   As a direct and proximate result of the aforesaid negligence of the Defendant FedEx, the Plaintiff, Mrs. McDermott, will continues to sustain a loss of service, society, and conjugal affection of her spouse and will continue to experience an injury to her marital expectations.

**WHEREFORE**, Plaintiff, Stacey McDermott demands judgment against the Defendants, FedEx Ground Package Systems, Inc. in an amount to be determined by the jury, plus interest and costs.

GOGUEN, MCLAUGHLIN,
ICHARDS & MAHANEY, LLP
ATTORNEYS AT LAW
2 PLEASANT STREET
SOUTH NATICK,
MASSACHUSETTS 01760

(508) 651-1000
FAX (508) 651-1128

### XXIII. LOSS OF CONSORTIUM
### Stacey McDermott v. Lorraine Odzana as Administratrix of the Estate of James J. Odzana

109. Plaintiff, Mrs. McDermott realleges and reavers the allegations of paragraphs 1 through 108 and incorporates them by reference as if fully stated herein.

110. The Plaintiffs, Steven and Stacey McDermott were married on October 14, 2000, in the Commonwealth of Massachusetts.

111. As a direct and proximate result of the aforesaid negligence of the Defendant Pruitt, the Plaintiff, Mrs. McDermott, sustained a loss of service, society, and conjugal affection of her spouse and has experienced an injury to her marital expectations.

112. As a direct and proximate result of the aforesaid negligence of the Defendant Pruitt, the Plaintiff, Mrs. McDermott, will continues to sustain a loss of service, society, and conjugal affection of her spouse and will continue to experience an injury to her marital expectations.

**WHEREFORE**, Plaintiff, Stacey McDermott demands judgment against the Defendant, T.S. Pruitt in an amount to be determined by the jury, plus interest and costs.

### XXIV. NEGLIGIENCE
### Steven McDermott v. Shoreline Transportation, Inc.

113. Plaintiff Steven McDermott realleges and reavers the allegations of paragraphs 1 through 112 and incorporates them by reference as if fully set forth herein.

114. As a direct and proximate result of the aforesaid negligence of the Defendant FedEx, the Plaintiff, Mr. McDermott, sustained severe and permanent personal injuries and has and will continue to be obliged to expend money for medical care and attendance.

115. As a direct and proximate result of the aforesaid negligence of the Defendant FedEx, the Plaintiff, Mr. McDermott's, earning capacity was damaged and depreciated in value and the Plaintiff was prevented from attending to Plaintiff's usual occupation.

116. As a direct and proximate result of the aforesaid negligence of the Defendant FedEx, the Plaintiff, Mr. McDermott, will continue to suffer great pain of body and mind.

**WHEREFORE**, Plaintiff, Steven McDermott demands judgment against the Defendants, FedEx Ground Package Systems, Inc. in an amount to be determined by the jury, plus interest and costs.

GOGUEN, MCLAUGHLIN,
ICHARDS & MAHANEY, LLP
ATTORNEYS AT LAW
2 PLEASANT STREET
SOUTH NATICK,
MASSACHUSETTS 01760

(508) 651-1000
FAX (508) 651-1128

## XXV. NEGLEGENCE
### Steven McDermott v. Jacylyn Paletta as Administratrix of the Estate of Mario J.Castro

117. Plaintiff Mr. McDermott realleges and reavers the allegations of paragraphs 1 through 116 and incorporates them by reference as if fully stated herein.

118 As a direct and proximate result of the aforesaid negligence of the Defendant Pruitt, the Plaintiff, Mr. McDermott, sustained severe and permanent personal injuries and has and will continue to be obliged to expend money for medical care and attendance.

119. As a direct and proximate result of the aforesaid negligence of the Defendant Pruitt, the Plaintiff's, Mr. McDermott's, earning capacity was damaged and depreciated in value and the Plaintiff was prevented from attending to Plaintiff's usual occupation.

120. As a direct and proximate result of the aforesaid negligence of the Defendant Pruitt, the Plaintiff, Mr. McDermott, will continue to suffer great pain of body and mind.

**WHEREFORE**, Plaintiff, Steven McDermott demands judgment against the Defendant, T.S. Pruitt in an amount to be determined by the jury, plus interest and costs.

## XXVI. LOSS OF CONSORTIUM
### Stacey McDermott v. Shoreline Transportation, Inc.

121. Plaintiff Mrs. McDermott realleges and reavers the allegations of paragraphs 1 through 120 and incorporates them herein by reference as if fully stated herein.

122. The Plaintiffs, Steven and Stacey McDermott were married on October 14, 2000, in the Commonwealth of Massachusetts.

123. As a direct and proximate result of the aforesaid negligence of the Defendant FedEx, the Plaintiff, Mrs. McDermott, sustained a loss of service, society, and conjugal affection of her spouse and has experienced an injury to her marital expectations.

124. As a direct and proximate result of the aforesaid negligence of the Defendant FedEx, the Plaintiff, Mrs. McDermott, will continues to sustain a loss of service, society, and conjugal affection of her spouse and will continue to experience an injury to her marital expectations.

**WHEREFORE**, Plaintiff, Stacey McDermott demands judgment against the Defendants, FedEx Ground Package Systems, Inc. in an amount to be determined by the jury, plus interest and costs.

GOGUEN, MCLAUGHLIN,
CHARDS & MAHANEY, LLP
ATTORNEYS AT LAW
2 PLEASANT STREET
SOUTH NATICK,
MASSACHUSETTS 01760

(508) 651-1000
FAX (508) 651-1128

## XXVII. LOSS OF CONSORTIUM
### Stacey McDermott v. Jacylyn Paletta as Administratrix of the Estate of Mario J. Castro

125. Plaintiff, Mrs. McDermott realleges and reavers the allegations of paragraphs 1 through 124 and incorporates them by reference as if fully stated herein.

126. The Plaintiffs, Steven and Stacey McDermott were married on October 14, 2000, in the Commonwealth of Massachusetts.

127. As a direct and proximate result of the aforesaid negligence of the Defendant Pruitt, the Plaintiff, Mrs. McDermott, sustained a loss of service, society, and conjugal affection of her spouse and has experienced an injury to her marital expectations.

128. As a direct and proximate result of the aforesaid negligence of the Defendant Pruitt, the Plaintiff, Mrs. McDermott, will continues to sustain a loss of service, society, and conjugal affection of her spouse and will continue to experience an injury to her marital expectations.

**WHEREFORE**, Plaintiff, Stacey McDermott demands judgment against the Defendant, T.S. Pruitt in an amount to be determined by the jury, plus interest and costs.

### PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.

Respectfully submitted,
Plaintiff, Steven McDermott,
Plaintiff, Stacey McDermott,
By their attorney,


/s/ Joseph M. Mahaney
_____
**Joseph M. Mahaney, Esq. BBO#: 549042**
Goguen, McLaughlin, Richards & Mahaney, P.C.
The Harriet Beecher Stowe House
2 Pleasant Street
South Natick, MA 01760
(508) 655-1000

*Dated:* November 7, 2006

GOGUEN, MCLAUGHLIN,
RICHARDS & MAHANEY, LLP
ATTORNEYS AT LAW
2 PLEASANT STREET
SOUTH NATICK,
MASSACHUSETTS 01760

(508) 651-1000
FAX (508) 651-1128

## CERTIFICATE OF SERVICE

I, Joseph M. Mahaney, certify that on November 7, 2006, I served a copy of the foregoing documents: Plaintiffs Motion for Leave to File Amended Complaint and accompanying Memorandum; Plaintiffs Proposed First Amended Complaint. by mailing a copy, postage prepaid, to counsel of record:

    Anthony J. Sbarra, Jr.
    Campbell, Campbell, Edwards & Conroy
    One Constitution Plaza, Third Floor
    Boston, Massachusetts 02129

/s/ *Joseph M. Mahaney*
_____
Joseph M. Mahaney, Esq.

GOGUEN, MCLAUGHLIN
RICHARDS & MAHANEY, LLP
ATTORNEYS AT LAW
2 PLEASANT STREET
SOUTH NATICK,
MASSACHUSETTS 01760

(508) 651-1000
FAX (508) 651-1128