UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEVEN McDERMOTT, <br> STACEY MCDERMOTT <br>     Plaintiffs, <br><br> vs. <br><br> FED EX GROUND PACKAGE <br> SYSTEMS, INC., <br>     Defendant <br><br> and <br><br> T.S. PRUITT, <br>     Defendant. | Civil Action No.: 04-CV-12253 |

**FEDEX GROUND PACKAGE SYSTEMS, INC.'S AND T.S. PRUITT'S
OPPOSITION TO NEWPORT ALLIANCE/NEWPORT HOSPITAL'S
MOTION TO QUASH AND/OR FOR A PROTECTIVE ORDER**

**AND**

**CROSS MOTION FOR A COURT ORDER
<u>COMPELLING THE DISCLOSURE OF DOCUMENTS</u>**

The Defendants FedEx Ground Package Systems, Inc. and T.S. Pruitt ("Defendants") oppose Newport Alliance/Newport Hospital's ("Newport's") Motion to Quash and/or For a Protective Order. The Defendants move for entry of an Order requiring Newport to disclose the information that was requested in the subpoena. In the alternative, the Defendants request that this Court enter an Order requiring Mr. McDermott to execute the Newport Authorization Form, attached hereto as <u>Exhibit A</u>.

The Defendants have subpoenaed certain medical records of the plaintiff Steven McDermott from Newport. Newport responded with a Motion to Quash the subpoena on the grounds that the medical information is protected. Newport further informed counsel for both

parties they would withdraw their Motion and would disclose the medical records upon receipt of an executed release from Mr. McDermott.

## RELEVANT FACTS

The Plaintiffs in this case claim that the Defendants negligently caused their injuries during a large-scale motor vehicle accident involving several tractor-trailers, and have issued a demand to the Defendants of $1,750,000. In part, the plaintiff Steven McDermott claims that he suffered severe and disabling physical injuries in the accident. The parties have conducted a great deal of discovery, including obtaining Mr. McDermott's medical records in an effort to determine the extent of his injuries. The Defendants learned that Mr. McDermott's employer, Truckadyne, required that all drivers who are involved in a serious accident be given a mandatory drug and alcohol test, and that Mr. McDermott had this test performed at Newport on the day after the accident. Please see the Newport Alliance invoice, attached as <u>Exhibit B</u>, and Truckadyne's deposition testimony, attached as <u>Exhibit C</u>. Because the Newport records contain information regarding the presence of drugs and alcohol in Mr. McDermott's system at the time of the accident, and may also contain information regarding his established preexisting back injury, they are relevant and discoverable. Accordingly, the Defendants issued a subpoena to Newport Alliance in an attempt to obtain the information. Please see the subpoena attached as <u>Exhibit D</u>. The Plaintiffs never objected to the subpoena.

Newport has filed this Motion to Quash, seeking to protect the sensitive medical records in its possession from disclosure. Representatives from Newport have informed counsel for both parties that the Motion would be withdrawn upon the receipt of an executed release and authorization. Newport provided the appropriate release to counsel for the Defendants who, in turn, provided it to the Plaintiff's counsel to be signed. Neither Newport nor the Defendants have

received a response from the Plaintiffs. Please see correspondence attached as <u>Exhibit E.</u> Furthermore, the Plaintiffs have not objected to executing releases for other medical records for Mr. McDermott and have not provided the Defendants with a reason or justification for their refusal to sign a release now.[1]

## ARGUMENT

The Newport medical records are relevant to the proceedings, and the need for the information clearly outweighs the privacy interests of Mr. McDermott. R.I. Gen. Laws § 5-37.3-6.1(d).

The information in Newport's possession was obtained for the purpose of determining the presence of alcohol and drugs in Mr. McDermott's system at the time of the accident. <u>Exhibits B and C.</u> Furthermore, under Truckadyne's policy, a drug and alcohol test within twenty-four hours of an accident was mandatory. <u>Exhibit C</u>. The Plaintiffs allege that the Defendants caused their injuries during that accident. The existence of any comparative negligence on the part of Steven McDermott in causing the accident is highly relevant, and is of the highest importance to the case.

R.I. Gen. Laws § 5-37.3-6(a) exempts medical providers from compulsory legal process with regard to the disclosure of protected medical information. However, that privilege and exemption applies only to information relating to Mr. McDermott's mental condition. R.I. Gen. Laws § 5-37.3-6(b)(1). It is clear that the information being protected does not relate to Mr. McDermott's mental condition, but relates to his physical condition at the time of the accident. Please see <u>Exhibit B</u>. Furthermore, Truckadyne is already aware of the results of the drug and

---

[1] The Newport authorization form is one of several that the Defendants have provided to the Plaintiffs. The Plaintiffs have not signed the authorizations, and have given no reason or justification for withholding them from the Defendants. As the time for discovery comes to a close, the Newport authorization, as well as the other releases provided to the Plaintiffs, will be the subject of a Motion to Compel to be filed in the near future.

3

alcohol tests that were conducted at Newport. Therefore, disclosing the information would not embarrass, injure, or invade Mr. McDermott's privacy interests.

Finally, it is highly unlikely that the disclosure of the protected information would affect Mr. McDermott's future health care. In addition, the results of the drug and alcohol tests are not available from any other source.

WHEREFORE, FedEx Ground Package Systems, Inc. and T.S. Pruitt move this Honorable Court for an Order denying Newport's Motion to Quash, and to enter an Order requiring Newport to disclose the requested information. In the alternative, the Defendants request that this Court issue an Order requiring the plaintiff Steven McDermott to execute the Newport authorization. Please see proposed Orders attached as <u>Exhibits F</u> and <u>G</u>.

### LOCAL RULE 7.1(A)(2) CERTIFICATION

Counsel for the Defendants attempted to contact the Plaintiffs' counsel by telephone on several occasions in an effort to confer on this issue prior to filing our Opposition. In addition, the Defendants' counsel sent correspondence to the Plaintiffs' counsel on November 21, 2007, requesting the Plaintiffs' assent to sign the authorization. All attempts by telephone and by mail to contact the Plaintiffs about this issue have gone unanswered. As a result, unfortunately, the parties have not been able to resolve these issues.

## FED. R. CIV. P. 37(A)(2)(b) AND LOCAL RULE 37 CERTIFICATION

I certify that the provisions of Fed. R. Civ. P. 37(a)(2)(B) and Local Rule 37.1 have been complied with.

                FEDEX GROUND PACKAGE SYSTEMS, INC.
                And T.S. Pruitt
                By Their Attorneys,
                CAMPBELL CAMPBELL EDWARDS &
                CONROY PROFESSIONAL CORPORATION

                /s/ Adam A. Larson
                _____
                Adam A. Larson (BBO #632634)
                James M. Campbell (BBO #541882)
                Michael R. Brown (BBO #664239)
                One Constitution Plaza
                Boston, Massachusetts 02129
                (617) 241-3000

## CERTIFICATE OF SERVICE

I, Adam A. Larson, certify that on December 18, 2006 a true copy of the above was sent electronically and by first class mail to:

Joseph M. Mahaney, Esq.
Goguen, McLaughlin, Richards & Mahaney, P.C.
The Harrier Beecher Stowe House
2 Pleasant Street
South Natick, MA 01760

                /s/ Adam A. Larson
                _____
                Adam A. Larson