UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN McDERMOTT,<br>STACEY MCDERMOTT<br>    Plaintiffs,<br><br>vs.<br><br>FED EX GROUND PACKAGE<br>SYSTEMS, INC.,<br>    Defendant<br><br>and<br><br>T.S. PRUITT,<br>    Defendant. | Civil Action No.: 04-CV-12253 |

### FEDEX GROUND PACKAGE SYSTEMS, INC.'S AND T.S. PRUITT'S AMENDED MOTION TO COMPEL THE PLAINTIFFS' DISCOVERY RESPONSES

Defendants FedEx Ground Package Systems, Inc. ("FedEx") and T.S. Pruitt ("Pruitt") ("Defendants"), pursuant to Fed. R. Civ. P. 37 and Local Rule 37.1, and pursuant to the Court's December 4, 2006 electronic Order, file this Amended Motion to Compel.

After several telephone calls and a letter by FedEx's counsel to the plaintiffs' counsel, the parties conferred by telephone on December 21, 2006 in an attempt by FedEx to obtain the outstanding discovery responses noted in its Motion to Compel. Since the conference, FedEx has only received Stacey McDermott's document responses. Attached hereto as *Exhibit A* are the responses.[1] All of the responses refer to Plaintiffs' Automatic Discovery that was served on November 14, 2005. *Ex. A*. The responses are inadequate for several reasons. In Ms. McDermott's answers to interrogatories, she stated that she and Mr. McDermott have sought couple's counseling with Nancy Altman, Wayside Family Counseling in Milford, Massachusetts,

---

[1] FedEx apparently received these same responses on or about November 8, 2006, the day they filed their motion to compel. The responses are the same inadequate responses that were served in December.

due to the accident. Attached hereto as *Exhibit B* is Ms. McDermott's answers to interrogatories, Answers 10, 16 and 19. Ms. McDermott has not provided those records and they are not in the plaintiffs' initial disclosures. Ms. Altman will not produce those records without a release. Attached hereto as *Exhibit C* is a response to a subpoena by FedEx to Ms. Altman. The subpoena sought records regarding Steven McDermott but Ms. Altman clearly will not provide any records, whether they are for Stacey or Steven, until she obtains a release for them.

FedEx has repeatedly asked plaintiffs for a release to obtain the records and there has been no response. Attached hereto as *Exhibit D* are the various outstanding releases requested, including Ms. Altman's. The records are clearly relevant to Ms. McDermott's loss of consortium claim as well as Mr. McDermott's claim. In addition, FedEx is also entitled to prior medical records from Ms. McDermott that they have requested in Request 2 which she did not object to but has not provided in her response or her initial disclosure. FedEx has also requested that Ms. McDermott produce her employment records which she did not object to. *Ex. A*, 5. Although FedEx has received records from her employer BJ's Wholesale, pursuant to subpoena, they are also entitled to receive all employment records from her. Her records are not in the plaintiffs' initial disclosures nor are they attached to her responses. FedEx also has not received any tax records from Ms. McDermott for the past two years which it has requested and which were not objected to. *Ex. A*, 3. The plaintiffs' other discovery requests asking for relevant information also direct FedEx to plaintiffs' initial disclosures. However, other than some joint tax returns, there are no documents pertaining to Ms. McDermott, and therefore, the remaining responses are also inadequate.

Further, plaintiffs have still not responded to FedEx's Second Request for Production of Documents to Steven McDermott or T.S. Pruitt's First set of interrogatories to Steven

2

McDermott. Therefore, FedEx's original motion requesting full and complete responses without objection to these requests, still stands as set forth in FedEx's original motion.

WHEREFORE, FedEx Ground Package Systems, Inc. and T.S. Pruitt move this Honorable Court for an Order allowing their motion and for the Plaintiffs to provide full and complete responses to FedEx's First Request for Production of Documents to Stacey McDermott, FedEx's Second Request for Production of Documents to Steven McDermott and T.S. Pruitt's First set of Interrogatories to Steven McDermott, as well as the releases noted in FedEx's original motion to compel and attached as *Exhibit D* to this motion, within 7 days of the Court's Order.

## LOCAL RULE 7.1(A)(2) CERTIFICATION

The parties have conferred upon this Motion in accordance with Local Rule 7.1(A)(2) and have attempted in good faith to resolve the issues on December 21, 2006. The parties have not been able to resolve these issues.

## FED. R. CIV. P. 37(A)(2)(b) AND LOCAL RULE 37 CERTIFICATION

I certify that the provisions of Fed. R. Civ. P. 37(a)(2)(B) and Local Rule 37.1 have been complied with.

        FEDEX GROUND PACKAGE SYSTEMS, INC.
        And T.S. Pruitt
        By Their Attorneys,
        CAMPBELL CAMPBELL EDWARDS &
        CONROY PROFESSIONAL CORPORATION

        /s/ Adam A. Larson
        _____
        Adam A. Larson (BBO #632634)
        James M. Campbell (BBO #541882)
        Michael R. Brown (BBO #664239)
        One Constitution Plaza
        Boston, Massachusetts 02129
        (617) 241-3000

## CERTIFICATE OF SERVICE

I, Adam A. Larson, certify that on January 4, 2007 a true copy of the above was sent electronically and by first class mail to:

Joseph M. Mahaney, Esq.
Goguen, McLaughlin, Richards & Mahaney, P.C.
The Harrier Beecher Stowe House
2 Pleasant Street
South Natick, MA 01760

/s/ Adam A. Larson
_____
Adam A. Larson