# EXHIBIT. A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-12253MLW

| | |
|---|---|
| STEVEN McDERMOTT and STACEY McDERMOTT<br>Plaintiffs<br><br>vs.<br><br>FEDEX GROUND PACKAGE SYSTEMS, INC. and T.S. PRUITT<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF, STACEY McDERMOTTS REPSONSES TO DEFENDANT, FED EX GROUND SYSTEMS, INC., FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1**

All of Stacey McDermott's medical records and reports, bills, doctors' reports, nurses' notes, surgical records, x-ray reports, mental health records, letters and statements, including full and complete hospital records which were made in connection with injuries allegedly sustained or aggravated as a result of the events alleged in the complaint.

*RESPONSE NO. 1*

Please refer to Plaintiffs Automatic Discovery forwarded November 14, 2005 pursuant to L.R. 26.2(A) and Fed.R.Civ.P. 26(a)(1). Plaintiff understands his duty to supplement this Request in a timely manner upon receipt of same.

## REQUEST NO. 2

All medical records and reports, bill, doctors' reports, nurses' notes, surgical records, letters, statements, including full and completed hospital records, relating in any way at all to any physical, medical or mental health conditions, illnesses or disabilities of Stacey McDermott, or written authorization to obtain copies of such records, a copy of said authorization which is attached:

    a. for a period of time from ten years prior to the date of the events alleged in the plaintiffs' complaint up to and including said date, and

    b. for the period of time from the date of the events alleged in the plaintiff's complaint up to and including the present.

## *RESPONSE NO. 2*

Please refer to Plaintiffs Automatic Discovery forwarded November 14, 2005 pursuant to L.R. 26.2(A) and Fed.R.Civ.P. 26(a)(1). Plaintiff understands his duty to supplement this Request in a timely manner upon receipt of same.

## REQUEST NO. 3

All records, including but not limited to Federal and State Income Tax Returns, together with their accompanying worksheets, including W-2 Forms which pertain or relate to the plaintiff's wages, salary, tips, commissions, unemployment benefits or any other income earnings of the plaintiff for the period from five years prior to the date of the incident up to and including the present, or written authorization to obtain copies of such records, a copy of such authorization which is attached.

### *RESPONSE NO. 5*

Please refer to Plaintiffs Automatic Discovery forwarded November 14, 2005 pursuant to L.R. 26.2(A) and Fed.R.Civ.P. 26(a)(1). Plaintiff understands his duty to supplement this Request in a timely manner upon receipt of same.

### REQUEST NO. 6

Each document evidencing any special damages for which recovery is sought in this case.

### *RESPONSE NO. 6*

Please refer to Plaintiffs Automatic Discovery forwarded November 14, 2005 pursuant to L.R. 26.2(A) and Fed.R.Civ.P. 26(a)(1). Plaintiff understands his duty to supplement this Request in a timely manner upon receipt of same.

### REQUEST NO. 7

Each document contained in the files of any person, entity or governmental agency making payments for claims or benefits on your behalf in this action relating to the accident, the payments made or injuries received.

### *RESPONSE NO. 7*

Please refer to Plaintiffs Automatic Discovery forwarded November 14, 2005 pursuant to L.R. 26.2(A) and Fed.R.Civ.P. 26(a)(1). Plaintiff understands his duty to supplement this Request in a timely manner upon receipt of same.

**REQUEST NO. 8**

Each document, including final reports, prepared in whole or part by any expert you expect to testify at trial on the subject matter and in connection with those matter about which the expert is expected to testify at trial.

*RESPONSE NO. 8*

Please refer to Plaintiffs Automatic Discovery forwarded November 14, 2005 pursuant to L.R. 26.2(A) and Fed.R.Civ.P. 26(a)(1). Plaintiff understands his duty to supplement this Request in a timely manner upon receipt of same.

**REQUEST NO. 9**

Any and all documents concerning any expenses or losses, other than medical, incurred by you as a result of the injuries described in the Amended Complaint.

*RESPONSE NO. 9*

Please refer to Plaintiffs Automatic Discovery forwarded November 14, 2005 pursuant to L.R. 26.2(A) and Fed.R.Civ.P. 26(a)(1). Plaintiff understands his duty to supplement this Request in a timely manner upon receipt of same.

The Plaintiff, Stacey McDermott
through counsel,

Joseph M. Mahaney, BBO#549042
Goguen, McLaughlin, Richards & Mahaney, LLP
The Harriet Beecher Stowe House

             Two Pleasant Street
             South Natick, Massachusetts 01760
             508/651-1000

dated: December 21, 2006

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served upon the attorney(s) of record for each other party by mail / hand on 12-22-06.

/s/ [signature]