# EXHIBIT. B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN McDERMOTT AND<br>STACEY McDERMOTT<br><br>*Plaintiffs*<br><br>v.<br><br>FEDEX GROUND PACKAGE<br>SYSTEMS, INC. AND<br>T.S. PRUITT<br><br>*Defendants* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO.04-CV-12253MLW<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF, STACEY McDERMOTTS ANSWER TO DEFENDANT, FED EX GROUND SYSTEMS, INC., FIRST SET OF INTERROGATORIES

### INTERROGATORY 1:

Please state your name, date of birth, social security number, residential address, occupation and business address.

### *ANSWER NO. 1:*

Stacey Lee McDermott. ███████████████, 175 Mechanic Street, P.O. Box 521, Bellingham, MA., 02019, Loss Prevention/Quality Control at BJ's Wholesale Distribution Center, 896 Quaker Highway, Uxbridge, MA. 01569.

### INTERROGATORY 2:

Please describe in full and complete detail all services performed for you or your family by Seven McDermott before the incident.

### *ANSWER NO. 2:*

OBJECTION. The Plaintiff objects to Interrogatory No. 2 on the grounds that said Interrogatory is vague, overbroad, unduly burdensome, time parameters are too long, not likely to lead to the admissibility of discoverable evidence and calls for the commentary of an expert. Without waiving said objection, the Plaintiff states: My husband's title was

man of the house, both husband and father. Steven took care of the maintenance and upkeep of all the family vehicles. He cut the grass and was responsible for the landscaping around our house. He shoveled the snow every season. He performed all necessary repairs around the house. He is a father and disciplinarian with our children. He was regularly involved with the children, helping with their projects, whether it be with their bikes, cars, or other interests. He was always involved with the children and their outdoor activities. The list of his services performed is extensive and difficult to put on paper. Plaintiff reserves the right to supplement this interrogatory in a timely manner prior to trial.

### INTERROGATORY 3:

If you are claiming loss of Steven McDermott's services at any period of time following the incident, please describe in detail each such service and the amount of time you were so deprived.

### *ANSWER NO. 3:*

OBJECTION. The Plaintiff objects to Interrogatory No. 3 on the grounds that said Interrogatory is vague, overbroad, unduly burdensome, time parameters are too long, not likely to lead to the admissibility of discoverable evidence and call for the commentary of an expert. Without waiving said objection, the Plaintiff states: Please refer to answer no. 2. I have been deprived of these services from the time of the accident. Plaintiff reserves the right to supplement this interrogatory in a timely manner prior to trial.

### INTERROGATORY 4:

Please set forth in detail how you have been and will be deprived of Steven McDermott's full society, care, comfort and consortium as alleged in you Amended Complaint. Identify in your answer the ways in which that loss has affected your lifestyle and relationship with Steven McDermott and identify each and every person and their address and telephone number, known or believed to have any knowledge concerning any of these claims and the substance of the information in each such identified person's possession and/or control.

### *ANSWER NO. 4*

OBJECTION. The Plaintiff objects to Interrogatory No. 4 on the grounds that said Interrogatory is vague, overbroad, unduly burdensome, time parameters are too long, not likely to lead to the admissibility of discoverable evidence. Without waiving said objection, the Plaintiff states: I do not know where to begin. My first thought is that we no longer dance. It was not ballroom dancing or anything fancy, it was my husband and I in each others arms. Daily duties that were divided between the two of us have now been passed on to me and our sons. Not that I did not do some of those duties before but now I carry the full load. I work a lot more than I needed to in the past. I don't go out at all. Tuesdays were the days I got together with my girlfriend. That doesn't happen anymore.

Steven and I are outdoor people. We loved camping with the children. We regularly went on camping trips. Camping is very limited due to Steven's physical health. We always took the children swimming, canoeing, hiking, and fishing. These were activities we did regularly. We don't do these anymore. We took trips to amusement parks, the zoo, the children's museum, hayrides, and similar activities with the children almost every weekend. We have great dogs but can't take them out like we did in the past. We used to walk a lot with the dogs. We don't do that at all. The intimacy we had when first married does not exist today. It has gotten worse since the accident. We are not very romantic when that was never a problem between us. Steven has put on at least seventy pounds due to his inactivity. Steven can't carry any heavy items out of a store without suffering in extreme pain. I know this affects him because we can see the looks on peoples faces when I'm doing all the lifting and carrying. We have even heard some comments to that effect. We are strong together but even with that strength, we have had tough times. There is growing tension because I do all the work. Steven gets frustrated watching me carry the load. Our daily activities have been greatly impaired by this incident. I miss the man I knew before the accident. After the accident and the surgeries, Steven was restricted to his bed for pain and comfort reasons. The boys and I bought him a massage recliner so that he could join us in the living room and be a part of the family. The inability of Steven to be part of the family has put a lot of stress on all of us. I do not feel that any of our activities will ever be the same as before. We have made many changes and compromises.

There are also five other people involved in this response: our children Joshua Zimmerman, Richard Zimmerman, Paul McDermott, Andrew McDermott, and Elinor McDermott, Steven's mother. They have all been affected by Stevens injury.

### INTERROGATORY NO. 5:

Describe each and every activity engaged in by you and Steven McDermott before the incident, including but not limited to all social and recreational activities which you claim have been impaired or discontinued as a result of the incident. Identify in your answer: a description of each such activity; the frequency with which you and Steven McDermott engaged in each such activity prior to the incident; each and every fact on which you rely in alleging that impairment with each such activity will continue; and when you and Steven McDermott will be able to resume each such activity.

### *ANSWER NO. 5*

OBJECTION. The Plaintiff objects to Interrogatory No. 5 on the grounds that said Interrogatory is vague, overbroad, unduly burdensome, time parameters are too long, not likely to lead to the admissibility of discoverable evidence and call for the commentary of an expert. Without waiving said objection, the Plaintiff states: Please refer to answer number 4.

**INTERRROGATORY NO. 6:**

Please state the name and address of each person participating in the activities set forth in your answer to Number 5 with you and Steven McDermott.

*ANSWER NO. 6*

Joshua Zimmerman, Richard Zimmerman, Paul McDermott and Andrew McDermott, all of 175 Mechanic Street, P.O. Box 521, Bellingham, MA., 02019. Elinor McDermott, 145 Mill Street, apartment 325, Natick, MA., 01760.

**INTERROGATORY NO. 7:**

If you claim that as a result of the incident you have had to assume responsibility previously attended to by Steven McDermott, please state in detail each fact upon which you base said claim, including but not limited to a description of each responsibility assumed.

*ANSWER NO. 7*

OBJECTION. The Plaintiff objects to Interrogatory No. 7 on the grounds that said Interrogatory is vague, overbroad, unduly burdensome, time parameters are too long, not likely to lead to the admissibility of discoverable evidence. Without waiving said objection, the Plaintiff states: I do it all now, from carrying the groceries in from the car to changing the tire on the truck when we get a flat. I fix items that he would usually fix, like the riding lawnmower. My son and I have to set the trailer up when we are able to go camping. If a mirror has to be put on the wall, I do it. If painting has to be done, I do it. I do it all. Also I work as many hours as possible at my job to make as much as I can.

**INTERROGATORY NO. 8:**

Please itemize all special damages for which you seek recovery in this matter. Identify in your answer each financial loss, hardship or expense you have incurred as a result of Steven McDermott's incident

*ANSWER NO. 8*

OBJECTION. The Plaintiff objects to Interrogatory No. 8 on the grounds that said Interrogatory is vague, overbroad, unduly burdensome, time parameters are too long, not likely to lead to the admissibility of discoverable evidence and call for the commentary of an expert. Without waiving said objection, the Plaintiff states: The life that we had was not a life of luxury. We worked hard for what we had. We are honest wage earning people. Of course I would love to put a dollar value on what I have lost but am not sure that is possible. There are far too many items in my life to list individually and what they are worth. With regards to special damages, I have not fully itemized all expenses to date but will provide these in a timely manner prior to trial. I have had to buy equipment for

Steven consisting of a walker, shower seat, wheelchair, back brace, cane and potty chair. I have paid numerous $200.00 co-pays to the treating hospitals and in some cases more than just the co-payments. All prescriptions required co-payments. I found parking and gasoline costs associated with hospital visits difficult to afford. Co-payments were also paid on all physical therapy visits. The exact costs are being calculated and will be supplied in a timely manner prior to trial. We had to purchase special clothing for Steven, baggy and loose clothing so that he would be able to dress himself comfortably. Plaintiff reserves the right to supplement this interrogatory in a timely manner prior to trial

**INTERRROGATORY NO. 9:**

Please describe all marital difficulties encountered between you and Steven McDermott. Identify in your answer whether you and Steven McDermott have ever been separated or divorced from the date of your marriage to the present and please describe in detail the circumstances and facts surrounding the separation or divorce.

*ANSWER NO. 9*

OBJECTION. The Plaintiff objects to Interrogatory No. 9 on the grounds that said Interrogatory is vague, overbroad, unduly burdensome, time parameters are too long, not likely to lead to the admissibility of discoverable evidence and call for the commentary of an expert. Without waiving said objection, the Plaintiff states: My husband and I consider us a very strong couple. We love each other deeply. Without this commitment we would not have survived. There have been many times when it would have been easier for me to walk away. There were many times I am sure that he was wishing that I would walk away to save him from the embarrassment. My husband is a very proud man and we have both worked very hard to keep this marriage together. We do attend couples counseling.

**INTERROGATORY NO. 10:**

State whether you so Steven McDermott have ever undergone medical, professional or marital counseling (trained in marriage, sexual or emotional counseling) for any reason. If so, please identify in your answer: the encompassing dates or dates of the counseling including all visits or consultations: the exact reason for the counseling: the identity and business address of the person who provided marriage counseling services to you or Steven McDermott; and the diagnosis, prognosis and recommendation for treatment pertaining to the reason for the counseling.

*ANSWER NO. 10*

OBJECTION. The Plaintiff objects to Interrogatory No. 10 on the grounds that said Interrogatory is vague, overbroad, unduly burdensome, time parameters are too long, not likely to lead to the admissibility of discoverable evidence and call for the commentary of an expert. Without waiving said objection, the Plaintiff states: We are currently and have

been enrolled in couples counseling. Ms. Nancy Altman, Wayside Family Counseling, Milford, Massachusetts, 508-478-6888. Plaintiff reserves the right to supplement this interrogatory in a timely manner prior to trial.

**INTERROGATORY NO. 11:**

State whether you or Steven McDermott have ever sought the services of any attorney for separation, divorce or marital counseling. If so, identify in you answer: the dates of each such secured legal services; the identity of the attorney by name and address whose legal services were sought; the name and address of the court and the civil action number pertaining to any domestic relations action of any nature commenced in any jurisdiction between you and Steven McDermott; the grounds sought for the legal proceedings described above and the result of or pending status of any such legal proceedings for domestic relations.

*ANSWER NO. 11*

No.

**INTERROGATORY NO. 12:**

Please state the name and business address of each employer for whom you have worked during the period beginning five (5) years prior to the date of the incident, up to and including the present and your job description for each such employer.

*ANSWER NO. 12*

BJ's Wholesale Club Corporate Office, One Mercer Road, Natick, MA. 01760
Position: Vendor Correspondence 1998-2002; Senior Freight Scheduler 2002-2006.

BJ's Wholesale Club Uxbridge Distribution Center, 896 Quaker Highway, Uxbridge, MA., 01569   Position: Loss Prevention/Quality Control 2006 to present.

**INTERROGATORY NO. 13:**

Please describe each injury, ailment or pain, which you claim that Steven McDermott suffered as a result of the incident, specifying any bodily parts affected, the severity of each such injury, ailment or pain and the duration of each.

*ANSWER NO. 13*

OBJECTION. The Plaintiff objects to Interrogatory No. 13 on the grounds that said Interrogatory is vague, overbroad, unduly burdensome, time parameters are too long, not likely to lead to the admissibility of discoverable evidence and call for the commentary of an expert. Without waiving said objection, the Plaintiff states: A severe back injury. He cannot lift, bend, sit, stand, and perform ordinary daily tasks for any period of time.

## INTERROGATORY NO. 14:

Please describe in detail each injury, ailment or pain which you claim that Steven McDermott is presently suffering (including in you answer the nature and extent and location of each) which you claim will be permanent.

## *ANSWER NO. 14*

OBJECTION. The Plaintiff objects to Interrogatory No. 14 on the grounds that said Interrogatory is vague, overbroad, unduly burdensome, time parameters are too long, not likely to lead to the admissibility of discoverable evidence and call for the commentary of an expert. Without waiving said objection, the Plaintiff states: See Answer No. 13.

## INTERRROGATORY NO. 15:

Please describe in detail each and every change in Steven McDermott's personality, attitude, manner, state of mind and emotional state from the date of the incident up to and including the present.

## *ANSWER NO. 15*

OBJECTION. The Plaintiff objects to Interrogatory No. 15 on the grounds that said Interrogatory is vague, overbroad, unduly burdensome, time parameters are too long, not likely to lead to the admissibility of discoverable evidence and call for the commentary of an expert. Without waiving said objection, the Plaintiff states: He has gone through many changes personality wise. Very edgy and mean at times, other times depressed and not caring about the surrounding situations. All these changes have put a real strain on the family. The accident changed Steven's personality drastically. At times Steven is very sad, cries and apologizes to me. Other times he's angry. It is not an easy thing for Steven. I am here for him but at times I also get weak. Sometimes I say things to Steven that should not be said but I am not sure what else to do with all my feelings. My husband is very forgiving to me but he does not forgive himself as easily.

## INTERROGATORY NO. 16:

Please provide the information required under Federal Rules of Civil Procedure 26 for each expert (including medical care providers) you intend to call as witnesses at trial.

## *ANSWER NO. 16*

OBJECTION. The Plaintiff objects to Interrogatory No. 16 on the grounds that said Interrogatory is vague, overbroad, unduly burdensome, time parameters are too long, not likely to lead to the admissibility of discoverable evidence and call for the commentary of an expert. Without waiving said objection, the Plaintiff states: Plaintiff intends to call

primary care physician, Dr. Anne Richert, Bellingham Medical Associates, 1003 South Main Street, Bellingham, MA 02019, 508-883-0600, and family therapist Nancy Altman, Wayside Community Counseling Center, 10 Asylum Street, Milford, MA 01757, 508-478-6888, both will provide, by live testimony or report, information relating to the Plaintiffs loss of consortium claim. Plaintiff shall timely supplement this response prior to trial and specifically reserves it's right to do so.

**INTERROGATORY NO. 17:**

Please state where you were at the time of the incident and how you came to find out about the incident, including the date and time.

*ANSWER NO. 17*

I was in bed sleeping and the phone rang at 3:45 am. It was my husband and what he said: Honey I'm OK but the truck is gone. I started crying and asked if he was sure that he was OK. With all that was going on he had to hang up to take care all that was going on around him. He did call me back shortly after to let me know a few of the details of what happened.

**INTERROGATORY NO. 18:**

Please describe in complete detail, including dates and places, each vacation that you and Steven McDermott took together during the five year period before the incident up to and including the present.

*ANSWER NO. 18*

OBJECTION. The Plaintiff objects to Interrogatory No. 18 on the grounds that said Interrogatory is vague, overbroad, unduly burdensome, time parameters are too long, not likely to lead to the admissibility of discoverable evidence and call for the commentary of an expert. Without waiving said objection, the Plaintiff states: To the best of my recollection, September 2001, was a camping trip to the White Mountains and spent four (4) days out in nature. September 2002, was a family trip to visit relatives in PA for seven (7) days. During 2003 and 2004, there was no vacationing. During 2004 and 2005 there were minimal camping trips, but a bed was needed for Steven to be able to attend these trips. Plaintiff reserves the right to supplement this interrogatory in a timely manner prior to trial.

**INTERROGATORY NO. 19:**

State if, as a result of the incident, Steven McDermott's injuries and/or the effect they have had upon you, you have received medical or any other treatment or examination. If so, identify in you answer each doctor treating you; the name and address of the person or institution; the dates and nature (type) of each such treatment and examination and

diagnosis and an itemized account of all expenses incurred for each treatment and examination.

### *ANSWER NO. 19*

OBJECTION. The Plaintiff objects to Interrogatory No. 19 on the grounds that said Interrogatory is vague, overbroad, unduly burdensome, time parameters are too long, not likely to lead to the admissibility of discoverable evidence and call for the commentary of an expert. Without waiving said objection, the Plaintiff states: I have been very stressed from the accident. I take blood pressure medication because of the stress level. This information is available in my medical files at both the office of Dr. Anne Richert, Bellingham Medical Associates, 1003 South Main Street, Bellingham, MA 02019, 508-883-0600 and therapist Nancy Altman, Wayside Community Counseling Center, 10 Asylum Street, Milford, MA 01757, 508-478-6888.

### INTERROGATORY NO. 20:

Identify any and all other claims or lawsuits for personal injuries or loss of consortium brought by you or on your behalf.

### *ANSWER NO. 20*

None.

### INTERROGATORY NO. 21:

If you claim that the incident has affected your sexual relations with Steven McDermott in any way, set forth in detail the precise nature in which your sexual relations have been affected. Identify in your answer the frequency with which you engaged in sexual relations including sexual intercourse before and since the incident.

### *ANSWER NO. 21*

OBJECTION. The Plaintiff objects to Interrogatory No. 21 on the grounds that said Interrogatory is vague, overbroad, unduly burdensome, time parameters are too long, not likely to lead to the admissibility of discoverable evidence and call for the commentary of an expert. Without waiving said objection, the Plaintiff states: Steven and I were a match made in heaven and were very compatible sexually. We had sex almost daily prior to the accident and sometimes more than once. We have always been attracted to each other. After the accident, sexual contact decreased greatly. Despite efforts to get back on track, Steven is often in too much pain, and the challenge is not to cause more pain in performing sex. It's very difficult for him to perform because of his pain. If we are lucky we address our sexual frustrations two to three times per month. Both of us are unhappy about this and we have not found a way to resolve this. Plaintiff reserves the right to supplement this interrogatory in a timely manner prior to trial.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 13TH DAY OF
October, 2006

_Stacey McDermott_
Stacey McDermott

SIGNATURE TO OBJECTIONS AND
RESERVATIONS

Joseph M. Mahaney, BBO #549042
Goguen, McLaughlin, Richards & Mahaney, LLP
The Harriet Beecher Stowe House
Two Pleasant Street
South Natick, Massachusetts 01760
508/651-1000

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served upon the attorney(s) of record for each other party by mail/hand on 10/16/06.

/s/ _____