UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:  04-CV-12253

|  |  |
|---|---|
| STEVEN McDERMOTT,<br>STACY MCDERMOTT,<br><br>     Plaintiffs,<br><br>vs.<br><br>FEDEX GROUND PACKAGE<br>SYSTEMS, INC., T.S. PRUITT,<br>ALLEGIANCE HEALTHCARE, INC.,<br>D. PONCE, E.W. WYLIE<br>CORPORATION, D.W. SMITH,<br>ARSENBERGER TRUCKING, INC.,<br>J.T. FOSBRINK, RYDER TRUCK<br>RENTAL; LORRAINE ODZANA as<br>ADMINISTRATRIX OF THE ESTATE<br>OF JAMES J. ODZANA, SHORELINE<br>TRANSPORTATION, INC., JACLYN<br>PALETTA as ADMINISTRATRIX OF<br>THE ESTATE OF MARIO J. CASTRO,<br><br>     Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT, FEDEX GROUND PACKAGE SYSTEMS, INC.'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND JURY DEMAND

Defendant, FedEx Ground Package Systems, Inc. ("FedEx") responds as follows to the

Plaintiffs' Second Amended Complaint.

### I. PARTIES

1-2.    FedEx is without sufficient knowledge or information to form a belief as to the truth of

the averments in Paragraphs 1 through 2 of the Second Amended Complaint.

3.    FedEx admits that it is a foreign corporation and that it owned the trailers that T.S. Pruitt

was operating at the time of the alleged incident but denies the remaining averments.

4.    FedEx admits that at the time of the alleged incident, T.S. Pruitt was an independent contractor for FedEx but denies the remaining averments.

5-14.   FedEx is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraphs 5 through 14 of the Second Amended Complaint.

## II. JURISDICTION

15-17.  Denied.

## III. FACTS

18.    FedEx denies the averments to the extent they pertain to FedEx and T.S. Pruitt.

19-20.  Denied.

21-30.  The allegations contained in paragraphs 21-30 of the Second Amended Complaint pertain to defendants other than FedEx, and therefore, no response is required.  To the extent paragraphs 21-30 of the Second Amended Complaint are intended to allege any fault, wrongdoing, liability or damages attributable to FedEx, they are expressly denied.

31.    FedEx denies the averments to the extent they pertain to FedEx and T.S. Pruitt.

32.    FedEx states that paragraph 32 calls for a legal conclusion and to the extent that paragraph 32 is intended to allege any fault, wrongdoing, liability or damages attributable to FedEx, they are expressly denied.

## IV. NEGLIGENCE
### Steven McDermott v. FedEx Ground Package Systems, Inc.

33.    FedEx repeats and incorporates by reference its responses to paragraphs 1 through 32 of the Second Amended Complaint.

34-36.  Denied.

2

JRJ 00002

**WHEREFORE,** FedEx demands judgment be entered in its favor dismissing the Second Amended Complaint along with interest, costs, and disbursements incurred herein.

### V. NEGLIGENCE
### Steven McDermott v. T.S. Pruitt

37.     FedEx repeats and incorporates by reference its responses to paragraphs 1 through 36 of the Second Amended Complaint.

38-40.  Denied.

**WHEREFORE,** FedEx demands judgment be entered in its favor dismissing the Second Amended Complaint along with interest, costs, and disbursements incurred herein.

### VI. LOSS OF CONSORTIUM
### Stacey McDermott v. FedEx Ground Package Systems, Inc.

41.     FedEx repeats and incorporates by reference its responses to paragraphs 1 through 40 of the Second Amended Complaint.

42.     FedEx is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 42 of the Second Amended Complaint.

43-44.  Denied.

**WHEREFORE,** FedEx demands judgment be entered in its favor dismissing the Second Amended Complaint along with interest, costs, and disbursements incurred herein.

### VII. LOSS OF CONSORTIUM
### Stacey McDermott v. T.S. Pruitt

45.     FedEx repeats and incorporates by reference its responses to paragraphs 1 through 44 of the Second Amended Complaint.

46.     FedEx is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 46 of the Second Amended Complaint.

47-48.  Denied.

JRJ 00003

**WHEREFORE,** FedEx demands judgment be entered in its favor dismissing the Second Amended Complaint along with interest, costs, and disbursements incurred herein.

## VIII. NEGLIGENCE
### Steven McDermott v. Allegiance Health Care, Inc.

49.    FedEx repeats and incorporates by reference its responses to paragraphs 1 through 48 of the Second Amended Complaint.

50-52. The allegations contained in paragraphs 50-52 of the Second Amended Complaint pertain to a defendant other than FedEx, and therefore, no response is required.  To the extent paragraphs 50-52 of the Second Amended Complaint are intended to allege any fault, wrongdoing, liability or damages attributable to FedEx, they are expressly denied.

**WHEREFORE,** FedEx demands judgment be entered in its favor dismissing the Second Amended Complaint along with interest, costs, and disbursements incurred herein.

## IX. NEGLIGENCE
### Steven McDermott v. D. Ponce

53.    FedEx repeats and incorporates by reference its responses to paragraphs 1 through 52 of the Second Amended Complaint.

54-56. The allegations contained in paragraphs 54-56 of the Second Amended Complaint pertain to a defendant other than FedEx, and therefore, no response is required.  To the extent paragraphs 54-56 of the Second Amended Complaint are intended to allege any fault, wrongdoing, liability or damages attributable to FedEx, they are expressly denied.

**WHEREFORE,** FedEx demands judgment be entered in its favor dismissing the Second Amended Complaint along with interest, costs, and disbursements incurred herein.

## X. LOSS OF CONSORTIUM
### Stacey McDermott v. Allegiance Health Care, Inc.

4

JRJ 00004

57.     FedEx repeats and incorporates by reference its responses to paragraphs 1 through 56 of the Second Amended Complaint.

58.     FedEx is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 58 of the Second Amended Complaint.

59-60.  The allegations contained in paragraphs 59-60 of the Second Amended Complaint pertain to a defendant other than FedEx, and therefore, no response is required.   To the extent paragraphs 59-60 of the Second Amended Complaint are intended to allege any fault, wrongdoing, liability or damages attributable to FedEx, they are expressly denied.

        **WHEREFORE,** FedEx demands judgment be entered in its favor dismissing the Second Amended Complaint along with interest, costs, and disbursements incurred herein.

## XI. LOSS OF CONSORTIUM
### Stacey McDermott v. D. Ponce

61.     FedEx repeats and incorporates by reference its responses to paragraphs 1 through 60 of the Second Amended Complaint.

62.     FedEx is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 62 of the Second Amended Complaint.

63-64.  The allegations contained in paragraphs 63-64 of the Second Amended Complaint pertain to a defendant other than FedEx, and therefore, no response is required.   To the extent paragraphs 63-64 of the Second Amended Complaint are intended to allege any fault, wrongdoing, liability or damages attributable to FedEx, they are expressly denied.

        **WHEREFORE,** FedEx demands judgment be entered in its favor dismissing the Second Amended Complaint along with interest, costs, and disbursements incurred herein.

## XII. NEGLIGENCE
### Steven McDermott v. E.W. Wylie  Corporation

5

65.    FedEx repeats and incorporates by reference its responses to paragraphs 1 through 64 of the Second Amended Complaint.

66-68.  The allegations contained in paragraphs 66-68 of the Second Amended Complaint pertain to a defendant other than FedEx, and therefore, no response is required.   To the extent paragraphs 66-68 of the Second Amended Complaint are intended to allege any fault, wrongdoing, liability or damages attributable to FedEx, they are expressly denied.

**WHEREFORE,** FedEx demands judgment be entered in its favor dismissing the Second Amended Complaint along with interest, costs, and disbursements incurred herein.

### XIII. NEGLIGENCE
### Steven McDermott v. D.W. Smith

69.    FedEx repeats and incorporates by reference its responses to paragraphs 1 through 68 of the Second Amended Complaint.

70-72.  The allegations contained in paragraphs 70-72 of the Second Amended Complaint pertain to a defendant other than FedEx, and therefore, no response is required.   To the extent paragraphs 70-72 of the Second Amended Complaint are intended to allege any fault, wrongdoing, liability or damages attributable to FedEx, they are expressly denied.

**WHEREFORE,** FedEx demands judgment be entered in its favor dismissing the Second Amended Complaint along with interest, costs, and disbursements incurred herein.

### XIV. LOSS OF CONSORTIUM
### Stacey McDermott v. Allegiance Health Care, Inc.

73.    FedEx repeats and incorporates by reference its responses to paragraphs 1 through 72 of the Second Amended Complaint.

74. FedEx is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 74 of the Second Amended Complaint.

JRJ 00006

75-76. The allegations contained in paragraphs 75-76 of the Second Amended Complaint pertain to a defendant other than FedEx, and therefore, no response is required. To the extent paragraphs 75-76 of the Second Amended Complaint are intended to allege any fault, wrongdoing, liability or damages attributable to FedEx, they are expressly denied.

WHEREFORE, FedEx demands judgment be entered in its favor dismissing the Second Amended Complaint along with interest, costs, and disbursements incurred herein.

## XV. LOSS OF CONSORTIUM
### Stacey McDermott v. D.W. Smith

77.    FedEx repeats and incorporates by reference its responses to paragraphs 1 through 76 of the Second Amended Complaint.

78.    FedEx is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 78 of the Second Amended Complaint.

79-80. The allegations contained in paragraphs 79-80 of the Second Amended Complaint pertain to a defendant other than FedEx, and therefore, no response is required. To the extent paragraphs 79-80 of the Second Amended Complaint are intended to allege any fault, wrongdoing, liability or damages attributable to FedEx, they are expressly denied.

WHEREFORE, FedEx demands judgment be entered in its favor dismissing the Second Amended Complaint along with interest, costs, and disbursements incurred herein.

## XVI. NEGLIGENCE
### Steven McDermott v. Arsenberger Trucking, Inc.

81.    FedEx repeats and incorporates by reference its responses to paragraphs 1 through 80 of the Second Amended Complaint.

82-84. The allegations contained in paragraphs 82-84 of the Second Amended Complaint pertain to a defendant other than FedEx, and therefore, no response is required. To the extent

7

paragraphs 82-84 of the Second Amended Complaint are intended to allege any fault, wrongdoing, liability or damages attributable to FedEx, they are expressly denied.

**WHEREFORE,** FedEx demands judgment be entered in its favor dismissing the Second Amended Complaint along with interest, costs, and disbursements incurred herein.

### XVII. NEGLIGENCE
### Steven McDermott v. J.T. Fosbrink

85.    FedEx repeats and incorporates by reference its responses to paragraphs 1 through 84 of the Second Amended Complaint.

86-88.  The allegations contained in paragraphs 86-88 of the Second Amended Complaint pertain to a defendant other than FedEx, and therefore, no response is required.  To the extent paragraphs 86-88 of the Second Amended Complaint are intended to allege any fault, wrongdoing, liability or damages attributable to FedEx, they are expressly denied.

**WHEREFORE,** FedEx demands judgment be entered in its favor dismissing the Second Amended Complaint along with interest, costs, and disbursements incurred herein.

### XVIII. LOSS OF CONSORTIUM
### Stacey McDermott v. Arsenberger Trucking, Inc.

89.    FedEx repeats and incorporates by reference its responses to paragraphs 1 through 88 of the Second Amended Complaint.

90.    FedEx is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 90 of the Second Amended Complaint.

91-92.  The allegations contained in paragraphs 91-92 of the Second Amended Complaint pertain to a defendant other than FedEx, and therefore, no response is required.  To the extent paragraphs 91-92 of the Second Amended Complaint are intended to allege any fault, wrongdoing, liability or damages attributable to FedEx, they are expressly denied.

JRJ 00008

**WHEREFORE,** FedEx demands judgment be entered in its favor dismissing the Second Amended Complaint along with interest, costs, and disbursements incurred herein.

## XIX. LOSS OF CONSORTIUM
### Stacey McDermott v. J.T. Fosbrink

93.     FedEx repeats and incorporates by reference its responses to paragraphs 1 through 92 of the Second Amended Complaint.

94.     FedEx is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 94 of the Second Amended Complaint.

95-96.   The allegations contained in paragraphs 95-96 of the Second Amended Complaint pertain to a defendant other than FedEx, and therefore, no response is required.   To the extent paragraphs 95-96 of the Second Amended Complaint are intended to allege any fault, wrongdoing, liability or damages attributable to FedEx, they are expressly denied.

**WHEREFORE,** FedEx demands judgment be entered in its favor dismissing the Second Amended Complaint along with interest, costs, and disbursements incurred herein.

## XX. NEGLIGENCE
### Steven McDermott v. Ryder Truck Rental

97.     FedEx repeats and incorporates by reference its responses to paragraphs 1 through  96 of the Second Amended Complaint.

98-100.  The allegations contained in paragraphs 98-100 of the Second Amended Complaint pertain to a defendant other than FedEx, and therefore, no response is required.  To the extent paragraphs 98-100 of the Second Amended Complaint are intended to allege any fault, wrongdoing, liability or damages attributable to FedEx, they are expressly denied.

**WHEREFORE,** FedEx demands judgment be entered in its favor dismissing the Second Amended Complaint along with interest, costs, and disbursements incurred herein.

JRJ 00009

## XXI. NEGLIGENCE
### Steven McDermott v. Lorraine Odzana, as Administratrix of the Estate of James J. Odzana

101.    FedEx repeats and incorporates by reference their responses to paragraphs 1 through 100 of the Second Amended Complaint.

102-104. The allegations contained in paragraphs 102-104 of the Second Amended Complaint pertain to a defendant other than FedEx, and therefore, no response is required. To the extent paragraphs 102-104 of the Second Amended Complaint are intended to allege any fault, wrongdoing, liability or damages attributable to FedEx, they are expressly denied.

**WHEREFORE,** FedEx demands judgment be entered in its favor dismissing the Second Amended Complaint along with interest, costs, and disbursements incurred herein.

## XXII. LOSS OF CONSORTIUM
### Stacey McDermott v. Ryder Truck Rental

105.    FedEx repeats and incorporates by reference its responses to paragraphs 1 through 104 of the Second Amended Complaint.

106. FedEx is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 106 of the Second Amended Complaint.

107-108.    The allegations contained in paragraphs 107-108 of the Second Amended Complaint pertain to a defendant other than FedEx, and therefore, no response is required. To the extent paragraphs 107-108 of the Second Amended Complaint are intended to allege any fault, wrongdoing, liability or damages attributable to FedEx, they are expressly denied.

**WHEREFORE,** FedEx demands judgment be entered in its favor dismissing the Second Amended Complaint along with interest, costs, and disbursements incurred herein.

## XXIII. LOSS OF CONSORTIUM
### Stacey McDermott v. Lorraine Odzana, as Administratrix of the Estate of James J. Odzana

JRJ 00010

109.    FedEx repeats and incorporates by reference its responses to paragraphs 1 through 108 of the Second Amended Complaint.

110. FedEx is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 110 of the Second Amended Complaint.

111-112.    The allegations contained in paragraphs 111-112 of the Second Amended Complaint pertain to a defendant other than FedEx, and therefore, no response is required.  To the extent paragraphs 111-112 of the Second Amended Complaint are intended to allege any fault, wrongdoing, liability or damages attributable to FedEx, they are expressly denied.

**WHEREFORE,** FedEx demands judgment be entered in its favor dismissing the Second Amended Complaint along with interest, costs, and disbursements incurred herein.

### XXIV. NEGLIGENCE
### Steven McDermott v. Shoreline Transportation, Inc.

113.    FedEx repeats and incorporates by reference its responses to paragraphs 1 through  112 of the Second Amended Complaint.

114-116. The allegations contained in paragraphs 114-116 of the Second Amended Complaint pertain to a defendant other than FedEx, and therefore, no response is required.  To the extent paragraphs 114-116 of the Second Amended Complaint are intended to allege any fault, wrongdoing, liability or damages attributable to FedEx, they are expressly denied.

**WHEREFORE,** FedEx demands judgment be entered in its favor dismissing the Second Amended Complaint along with interest, costs, and disbursements incurred herein.

### XXV. NEGLIGENCE
### Steven McDermott v. Jaclyn Paletta as Administratrix of the Estate of Mario J. Castro

117.    FedEx repeats and incorporates by reference their responses to paragraphs 1 through  116 of the Second Amended Complaint.

11

JRJ 00011

118-120. The allegations contained in paragraphs 118-120 of the Second Amended Complaint pertain to a defendant other than FedEx, and therefore, no response is required.  To the extent paragraphs 118-120 of the Second Amended Complaint are intended to allege any fault, wrongdoing, liability or damages attributable to FedEx, they are expressly denied.

**WHEREFORE,** FedEx demands judgment be entered in its favor dismissing the Second Amended Complaint along with interest, costs, and disbursements incurred herein.

## XXVI. LOSS OF CONSORTIUM
### Stacey McDermott v. Shoreline Transportation, Inc.

121.    FedEx repeats and incorporates by reference its  responses to paragraphs 1 through 120 of the Second Amended Complaint.

122. FedEx is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 122 of the Second Amended Complaint.

123-124.       The allegations contained in paragraphs 123-124 of the Second Amended Complaint pertain to a defendant other than FedEx, and therefore, no response is required.  To the extent paragraphs 123-124 of the Second Amended Complaint are intended to allege any fault, wrongdoing, liability or damages attributable to FedEx, they are expressly denied.

**WHEREFORE,** FedEx demands judgment be entered in its favor dismissing the Second Amended Complaint along with interest, costs, and disbursements incurred herein.

## XXVII. LOSS OF CONSORTIUM
### Stacey McDermott v. Jaclyn Paletta as Administratrix of the Estate of Mario J. Castro

125.    FedEx repeats and incorporates by reference its responses to paragraphs 1 through 124 of the Second Amended Complaint.

126. FedEx is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 126 of the Second Amended Complaint.

JRJ 00012

127-128.    The allegations contained in paragraphs 127-128 of the Second Amended Complaint pertain to a defendant other than FedEx, and therefore, no response is required.  To the extent paragraphs 127-128 of the Second Amended Complaint are intended to allege any fault, wrongdoing, liability or damages attributable to FedEx, they are expressly denied.

**WHEREFORE,** FedEx demands judgment be entered in its favor dismissing the Second Amended Complaint along with interest, costs, and disbursements incurred herein.

## AFFIRMATIVE DEFENSES

### First Defense

The plaintiffs' complaint fails to state a cause of action for which relief may be granted.

### Second Defense

If, in fact, FedEx owed the plaintiffs anything, which it denies, the same has been satisfied in full.

### Third Defense

The plaintiffs' action is not timely and is barred by those statutes dealing with the limitations of actions.

### Fourth Defense

That if, in fact, FedEx was negligent, which FedEx expressly denies, the negligence of the plaintiff Steven McDermott was of a greater degree than that of FedEx, whereby the plaintiffs are barred from recovery.

### Fifth Defense

That if, in fact, FedEx was negligent, which FedEx expressly denies, the plaintiff Steven McDermott was also negligent and any recovery or verdict for the plaintiffs must be reduced by a percentage equal to the comparative negligence of the plaintiff.

JRJ 00013

### Sixth Defense

That if, in fact, the plaintiffs were injured through the negligence of some third party, such negligence was on the part of one for whose conduct FedEx was not responsible.

### Seventh Defense

The plaintiffs' action is barred by Mass. General Laws Chapter 90 Section 34A and 34M and Chapter 231 Section 6D.

### Eighth Defense

The plaintiffs have failed to meet those statutory requirements prerequisite to maintain this action.

### Ninth Defense

The plaintiffs' damages, if any, must be reduced accordingly by their failure to mitigate their damages.

### Tenth Defense

The plaintiffs' claims against FedEx are barred because the plaintiffs' alleged injuries and damages, if any, were caused by the intervening and superseding acts or omissions of third persons.

### Eleventh Defense

The venue in which the plaintiffs have brought this action is improper.

### Twelfth Defense

The venue in which the plaintiffs have brought this action is inconvenient.

JRJ 00014

### Thirteenth Defense

The plaintiffs' claims against FedEx are barred because the conduct of the plaintiffs, either alone or combined with the negligence and/or misconduct of others, was the sole proximate cause of plaintiffs' alleged injuries and damages.

### Fourteenth Defense

The plaintiffs' claims are barred because of assumption of the risk.

### JURY DEMAND

FedEx demands a trial by jury on all issues so triable.

### FEDEX GROUND PACKAGE SYSTEMS, INC.'S CROSS CLAIMS

### COUNT I
### Contribution – D. Ponce

1.    If the Plaintiffs suffered any damages as alleged in their Second Amended Complaint, which is expressly denied, they were proximately caused by the negligence of D. Ponce.

2.    If FedEx is found liable for the Plaintiffs' alleged damages, which is expressly denied, D. Ponce must be adjudged jointly liable in tort for the same damages, and FedEx is entitled to contribution from D. Ponce.

**WHEREFORE**, FedEx demands judgment against D. Ponce in the full amount of his pro rata share of the entire liability, plus interest, costs and attorney's fees.

### COUNT II
### Contribution – D.W. Smith

3.    If the Plaintiffs suffered any damages as alleged in their Second Amended Complaint, which is expressly denied, they were proximately caused by the negligence of D.W. Smith.

JRJ 00015

4.      If FedEx is found liable for the Plaintiffs' alleged damages, which is expressly denied, D.W. Smith must be adjudged jointly liable in tort for the same damages, and FedEx is entitled to contribution from D.W. Smith.

   **WHEREFORE**, FedEx demands judgment against D.W. Smith in the full amount of his pro rata share of the entire liability, plus interest, costs and attorney's fees.

## COUNT III
### Contribution – J.T. Fosbrink

5.      If the Plaintiffs suffered any damages as alleged in their Second Amended Complaint, which is expressly denied, they were proximately caused by the negligence of J.T. Fosbrink.

6.      If FedEx is found liable for the Plaintiffs' alleged damages, which is expressly denied, J.T. Fosbrink must be adjudged jointly liable in tort for the same damages, and FedEx is entitled to contribution from J.T. Fosbrink.

   **WHEREFORE**, FedEx demands judgment against J.T. Fosbrink in the full amount of his pro rata share of the entire liability, plus interest, costs and attorney's fees.

## COUNT IV
### Contribution – Lorraine Odzana, Administratrix of the Estate of James J. Odzana

7.      If the Plaintiffs suffered any damages as alleged in their Second Amended Complaint, which is expressly denied, they were proximately caused by the negligence of Lorraine Odzana, Administratrix of the Estate of James J. Odzana.

8.      If FedEx is found liable for the Plaintiffs' alleged damages, which is expressly denied, Lorraine Odzana, Administratrix of the Estate of James J. Odzana, must be adjudged jointly liable in tort for the same damages, and FedEx is entitled to contribution from Lorraine Odzana, Administratrix of the Estate of James J. Odzana.

16

JRJ 00016

**WHEREFORE**, FedEx demands judgment against Lorraine Odzana, Administratrix of the Estate of James J. Odzana, in the full amount of her pro rata share of the entire liability, plus interest, costs and attorney's fees.

### COUNT V
### Contribution – Jaclyn Paletta, Administratrix of the Estate of Mario J. Castro

9.    If the Plaintiffs suffered any damages as alleged in their Second Amended Complaint, which is expressly denied, they were proximately caused by the negligence of Jaclyn Paletta, Administratrix of the Estate of Mario J. Castro.

10.    If FedEx is found liable for the Plaintiffs' alleged damages, which is expressly denied, Jaclyn Paletta, Administratrix of the Estate of Mario J. Castro, must be adjudged jointly liable in tort for the same damages, and FedEx is entitled to contribution from Jaclyn Paletta, Administratrix of the Estate of Mario J. Castro.

**WHEREFORE**, FedEx demands judgment against Jaclyn Paletta, Administratrix of the Estate of Mario J. Castro, in the full amount of her pro rata share of the entire liability, plus interest, costs and attorney's fees.

### COUNT VI
### Contribution – Allegiance Healthcare

11.    If the Plaintiffs suffered any damages as alleged in their Second Amended Complaint, which is expressly denied, they were proximately caused by the negligence of Allegiance Healthcare.

12.    If FedEx is found liable for the Plaintiffs' alleged damages, which is expressly denied, Allegiance Healthcare must be adjudged jointly liable in tort for the same damages, and the FedEx is entitled to contribution from Allegiance Healthcare.

JRJ 00017

**WHEREFORE**, FedEx demands judgment against Allegiance Healthcare in the full amount of its pro rata share of the entire liability, plus interest, costs and attorney's fees.

## COUNT VII
### Contribution – E.W. Wylie Corporation

13.    If the Plaintiffs suffered any damages as alleged in their Second Amended Complaint, which is expressly denied, they were proximately caused by the negligence of E.W. Wylie Corporation.

14.    If FedEx is found liable for the Plaintiffs' alleged damages, which is expressly denied, E.W. Wylie Corporation must be adjudged jointly liable in tort for the same damages, and FedEx is entitled to contribution from E.W. Wylie Corporation.

**WHEREFORE**, FedEx demands judgment against E.W. Wylie Corporation in the full amount of its pro rata share of the entire liability, plus interest, costs and attorney's fees.

## COUNT VIII
### Contribution – Ryder Truck Rental

15.    If the Plaintiffs suffered any damages as alleged in their Second Amended Complaint, which is expressly denied, they were proximately caused by the negligence of Ryder Truck Rental.

16.    If FedEx is found liable for the Plaintiffs' alleged damages, which is expressly denied, Ryder Truck Rental must be adjudged jointly liable in tort for the same damages, and FedEx is entitled to contribution from Ryder Truck Rental.

**WHEREFORE**, FedEx demands judgment against Ryder Truck Rental in the full amount of its pro rata share of the entire liability, plus interest, costs and attorney's fees.

## COUNT IX
### Contribution – Shoreline Transportation, Inc.

JRJ 00018

17.    If the Plaintiffs suffered any damages as alleged in their Second Amended Complaint, which is expressly denied, they were proximately caused by the negligence of Shoreline Transportation, Inc.

18.    If FedEx is found liable for the Plaintiffs' alleged damages, which is expressly denied, Shoreline Transportation, Inc. must be adjudged jointly liable in tort for the same damages, and FedEx is entitled to contribution from Shoreline Transportation, Inc.

    **WHEREFORE**, FedEx demands judgment against Shoreline Transportation, Inc. in the full amount of its pro rata share of the entire liability, plus interest, costs and attorney's fees.

## COUNT X
## Contribution – Arsenberger Trucking, Inc.

19.    If the Plaintiffs suffered any damages as alleged in their Second Amended Complaint, which is expressly denied, they were proximately caused by the negligence of Arsenberger Trucking, Inc.

20.    If FedEx is found liable for the Plaintiffs' alleged damages, which is expressly denied, Arsenberger Trucking, Inc. must be adjudged jointly liable in tort for the same damages, and FedEx is entitled to contribution from Arsenberger Trucking, Inc.

    **WHEREFORE**, FedEx demands judgment against Arsenberger Trucking, Inc. in the full amount of its pro rata share of the entire liability, plus interest, costs and attorney's fees.

## JURY DEMAND

    FedEx demands a trial by jury on all issues so triable.

                                FEDEX GROUND PACKAGE SYSTEMS, INC.
                                By Their Attorneys,
                                CAMPBELL CAMPBELL EDWARDS &
                                CONROY PROFESSIONAL CORPORATION

                                /s/ Adam A. Larson

JRJ 00019

Adam A. Larson (BBO #632634)
James M. Campbell (BBO #541882)
Michael R. Brown (BBO #664239)
One Constitution Plaza
Boston, Massachusetts 02129
(617) 241-3000

## CERTIFICATE OF SERVICE

I, Adam A. Larson, certify that on April 6, 2007 a true copy of the above was sent electronically, and by first class mail to:

Joseph M. Mahaney, Esq.
Goguen, McLaughlin, Richards & Mahaney, P.C.
The Harrier Beecher Stowe House
2 Pleasant Street
South Natick, MA 01760

Howard M. Kahalas, Esq.
Law Office of Howard M. Kahalas
6 Beacon Street, Suite 700
Boston, MA 02108

Lee Stephen MacPhee
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210

/s/ Adam A. Larson

Adam A. Larson

JRJ 00020