UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 04-CV-12253MLW

---

STEVEN MCDERMOTT and )
STACEY MCDERMOTT, )
    Plaintiffs )
     )
v. )
     )
FEDEX GROUND PACKAGE SYSTEMS, INC., )
T.S. PRUITT, ALLEGIANCE HEALTHCARE )
INC., D. PONCE, E.W. WYLIE )
CORPORATION, D.W. SMITH, )
ARSENBERGER TRUCKING, INC., )
J.T. FOSBRINK, RYDER TRUCK RENTAL, )
LORRAINE ODZANA as ADMINISTRATRIX )
OF THE ESTATE OF JAMES J. ODZANA, )
SHORELINE TRANSPORTATION, INC., )
JACYLYN PALETTA as ADMINISTRATRIX )
OF THE ESTATE OF MARIO J. CASTRO, )
    Defendants )

---

**ANSWER OF THE DEFENDANTS, E.W. WYLIE CORPORATION AND D.W.SMITH, TO THE PLAINTIFFS' SECOND AMENDED COMPLAINT**

FIRST DEFENSE

    The Defendants, E.W. Wylie Corporation and D.W. Smith, answer the separately numbered paragraphs of the Second Amended Complaint as follows:

**I. PARTIES**

    1.  The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

    2.  The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

    3.  The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W.

Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

4.    The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

5.    The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

6.    The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

7.    The defendants deny the allegations contained in this paragraph.

8.    The defendants deny the allegations contained in this paragraph.

9.    The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

10. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

11. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

12. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

13. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

14. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

## II.  JURISDICTION

15.   The defendants deny the allegations contained in this paragraph.

16.   The defendants deny the allegations contained in this paragraph.

17.   The defendants deny the allegations contained in this paragraph.

### III. FACTS

18.   The defendants deny the allegations contained in this paragraph.

19.   The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

20.   The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

21.   The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

22.   The defendants make no answer to the allegations

4

contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

23. The defendants deny the allegations contained in this paragraph.

24. The defendants deny the allegations contained in this paragraph.

25. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

26. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

27. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

28. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W.

Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

29. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

30. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

31. The defendants deny the allegations contained in this paragraph.

32. The defendants deny the allegations contained in this paragraph.

## IV. NEGLIGENCE
### Steven McDermott v. FedEx Ground Package Systems, Inc.

33. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

34. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the

defendants, they are hereby expressly denied.

35. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

36. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

## V. NEGLIGENCE
### Steven McDermott v. T.S. Pruitt

37. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

38. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

39. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the

defendants, they are hereby expressly denied.

40.  The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

## VI. LOSS OF CONSORTIUM
### Stacey McDermott v. FedEx Ground Package Systems, Inc.

41.  The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

42.  The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

43.  The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

44.  The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the

8

defendants, they are hereby expressly denied.

## VII. LOSS OF CONSORTIUM
### Stacey McDermott v. T.S. Pruitt

45. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

46. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

47. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

48. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

## VIII. NEGLIGENCE
### Steven McDermott v. Allegiance Health Care, Inc.

49. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a

claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

50. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

51. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

52. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

## IX. NEGLIGENCE
### Steven McDermott v. D. Ponce

53. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

54. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a

10

contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

55. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

56. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

## X. LOSS OF CONSORTIUM
### Stacey McDermott v. Allegiance Health Care, Inc.

57. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

58. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

59. The defendants make no answer to the allegations

11

contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

60. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

## XI. LOSS OF CONSORTIUM

61. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

62. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

63. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

64. The defendants make no answer to the allegations

contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

## XII. NEGLIGENCE
## Steven McDermott v. E.W. Wylie Corporation

65. The defendants deny the allegations contained in this paragraph.

66. The defendants deny the allegations contained in this paragraph.

67. The defendants deny the allegations contained in this paragraph.

68. The defendants deny the allegations contained in this paragraph.

## XIII. NEGLIGENCE
## Steven McDermott v. D.W. Smith

69. The defendants deny the allegations contained in this paragraph.

70. The defendants deny the allegations contained in this paragraph.

71. The defendants deny the allegations contained in this paragraph.

72. The defendants deny the allegations contained in this paragraph.

## XIV. LOSS OF CONSORTIUM
## Stacey McDermott v. E.W. Wylie Corporation

73. The defendants deny the allegations contained in this paragraph.

74. The defendants deny the allegations contained in this paragraph.

75. The defendants deny the allegations contained in this paragraph.

76. The defendants deny the allegations contained in this paragraph.

### XV. LOSS OF CONSORTIUM
### Stacey McDermott v. D.W. Smith

77. The defendants deny the allegations contained in this paragraph.

78. The defendants deny the allegations contained in this paragraph.

79. The defendants deny the allegations contained in this paragraph.

80. The defendants deny the allegations contained in this paragraph.

### XVI. NEGLIGENCE
### Steven McDermott v. Arsenberger Trucking, Inc.

81. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

82. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the

14

defendants, they are hereby expressly denied.

83.  The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

84.  The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

## XVII. NEGLIGENCE
### Steven McDermott v. J.T. Fosbrink

85.  The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

86.  The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

87.  The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the

15

defendants, they are hereby expressly denied.

88. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

## XVIII. LOSS OF CONSORTIUM
### Stacey McDermott v. Arsenberger Trucking, Inc.

89. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

90. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

91. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

92. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the

16

defendants, they are hereby expressly denied.

## XIX. LOSS OF CONSORTIUM
### Stacey McDermott v. J.T. Fosbrink

93. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

94. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

95. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

96. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

## XX. NEGLIGENCE
### Steven McDermott v. Ryder Truck Rental

97. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a

claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

98. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

99. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

100. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

## XXI.  NEGLIGENCE
### Steven McDermott v. Lorraine Odzana, as Administratrix of the Estate of James J. Odzana

101. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

102. The defendants make no answer to the allegations

18

contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

103. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

104. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

## XXII. LOSS OF CONSORTIUM
### Stacey McDermott v. Ryder Truck Rental

105. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

106. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

107. The defendants make no answer to the allegations

contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

108. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

## XXIII. LOSS OF CONSORTIUM
### Stacey McDermott v. Lorraine Odzana as Administratrix of the Estate of James J. Odzana

109. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

110. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

111. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

112. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

## XXIV. NEGLIGENCE
## Steven McDermott v. Shoreline Transportation, Inc.

113. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

114. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

115. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

116. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

**XXV. NEGLIGENCE**
**Steven McDermott v. Jacylyn Paletta as Administratrix of the**
**Estate or Mario J. Castro**

117. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

118. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

119. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

120. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

**XXVI. LOSS OF CONSORTIUM**
**Stacey McDermott v. Shoreline Transportation, Inc.**

121. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W.

22

122. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

123. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

124. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

### XXVII.  LOSS OF CONSORTIUM
### Stacey McDermott v. Jacylyn Paletta as Administratrix of the Estate of Mario J. Castro

125. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

126. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the

claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

127. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

128. The defendants make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants, they are hereby expressly denied.

<u>SECOND DEFENSE</u>

The plaintiffs were more than 50% at fault in causing the alleged injuries and, therefore, are barred from recovery by the Massachusetts comparative negligence statute, G.L. c. 231, sec. 85.

<u>THIRD DEFENSE</u>

If the plaintiffs are entitled to recover against the defendants, then any such recovery must be reduced in accordance with the Massachusetts comparative negligence statute, G.L. c. 231, sec. 85, since the negligence of the plaintiff was the proximate cause of the injuries allegedly sustained.

<u>FOURTH DEFENSE</u>

This action is barred by operation of the applicable statute

of limitations.

### FIFTH DEFENSE

The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(4) for insufficiency of process.

### SIXTH DEFENSE

The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process.

### SEVENTH DEFENSE

This court lacks jurisdiction over the person of the defendant and, therefore, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

### EIGHTH DEFENSE

The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue.

### NINTH DEFENSE

The Complaint fails to state a claim against the defendant upon which relief can be granted and, therefore, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### TENTH DEFENSE

The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that Massachusetts law will not apply and the plaintiffs' claims are precluded by the law of the applicable state and/or Pennsylvania.

### ELEVENTH DEFENSE

The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that the plaintiffs' injuries were not

caused by the defendants, D.W. Smith or E.W. Wylie.

### TWELFTH DEFENSE

The acts or omissions which are alleged to have caused the damages and/or injuries referred to in the Complaint were committed by a third party who was not an agent or employee of the defendants, D. W. Smith or E.W. Wylie and for whose acts or omissions the defendants are not legally responsible.

### THIRTEENTH DEFENSE

If the plaintiffs are entitled to recover against the defendants, then any such recovery must be reduced in accordance with the Pennsylvania comparative negligence statute, 42 Pa. C.S.A. §7102, since the negligence of the plaintiff was the proximate cause of the injuries allegedly sustained.

### FOURTEENTH DEFENSE

The plaintiffs were more than 50% at fault in causing the alleged injuries and, therefore, are barred from recovery by the Pennsylvania comparative negligence statute, 42 Pa. C.S.A. §7102.


THE DEFENDANTS DEMAND A TRIAL BY JURY.

WHEREFORE, the Defendants demand that this action be dismissed and that judgment be entered in the Defendants' favor together with costs.

THE DEFENDANTS,
E.W. WYLIE CORPORATION AND
D.W. SMITH,
BY THEIR ATTORNEYS,

Date: __5|8|07__

_____
Anthony M. Campo, BBO# 552093
Kevin M. Riordan, BBO# 652785
Boyle, Morrissey & Campo, P.C.
695 Atlantic Ave.
Boston, MA 02111
(617) 451-2000
FAX: (617) 451-5775

W:\Cases\7515\plead\Answer.doc

27

<u>CERTIFICATE OF SERVICE</u>

Pursuant to Fed. R. Civ. P. 5(a) and/or Sup. Ct. R. 9A, I, Anthony M. Campo/Kevin M. Riordan, do hereby certify that a copy of the foregoing documents have been served first-class postage prepaid on all parties or their representatives in this action as listed below:

**<u>Counsel for the Plaintiff</u>**

Joseph M. Mahaney, Esq.
Goguen, McLaughlin, Richards & Mahaney, P.C.
The Harriet Beecher Stowe House
2 Pleasant St.
South Natick, MA  01760

**<u>Counsel for the Defendants, FedEx Ground Systems, Inc.
and T.S. Pruitt</u>**

Adam A. Larson, Esq.
Campbell, Campbell, Edwards & Conroy, PC.
One Constitution Plaza
Boston, MA  02129

**<u>Counsel for the Defendants, Arsenberger Trucking, Inc.
and J.T. Fosbrink</u>**

Stephen Lee MacPhee, Esq.
Morrison Mahoney
250 Summer Street
Boston, MA 02210

**<u>Counsel for the Defendants, Allegiance Healthcare, Inc.
and D. Ponce</u>**

John F.X. Lawler, Esq.
Michael D. Riseberg, Esq.
Adler, Pollock & Sheehan, P.C.
175 Federal Street
Boston, MA 02110

SIGNED UNDER THE PENALTIES OF PERJURY THIS _9th_ DAY OF

_May_ , 20_07_.

Anthony M. Campo, BBO# 552093
Kevin M. Riordan, BBO# 652785
Boyle, Morrissey & Campo, P.C.
695 Atlantic Avenue
Boston, MA 02111
(617) 451-2000
FAX: (617) 451-5775