UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 04-CV-12253MLW

```
STEVEN MCDERMOTT and          )
STACEY MCDERMOTT,             )
     Plaintiffs               )
                              )
v.                            )
                              )
FEDEX GROUND PACKAGE SYSTEMS, INC., )
T.S. PRUITT, ALLEGIANCE HEALTHCARE )
INC., D. PONCE, E.W. WYLIE    )
CORPORATION, D.W. SMITH,      )
ARSENBERGER TRUCKING, INC.,   )
J.T. FOSBRINK, RYDER TRUCK RENTAL, )
LORRAINE ODZANA as ADMINISTRATRIX )
OF THE ESTATE OF JAMES J. ODZANA, )
SHORELINE TRANSPORTATION, INC., )
JACYLYN PALETTA as ADMINISTRATRIX )
OF THE ESTATE OF MARIO J. CASTRO, )
     Defendants               )
```

**ANSWER OF THE DEFENDANTS-IN-CROSS CLAIM, E.W. WYLIE CORPORATION AND D.W. SMITH, TO THE CROSS CLAIM OF THE DEFENDANT/PLAINTIFF-IN-CROSS CLAIM, FEDEX GROUND PACKAGE SYSTEMS, INC.**

FIRST DEFENSE

The defendants-in-cross claim, E.W. Wylie Corporation and D.W. Smith, answer the separately numbered paragraphs of the Cross Claim as follows:

**COUNT I**

**Contribution – D. Ponce**

1. The defendants-in-cross claim make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants-in-cross claim, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants-in-cross claim, they are hereby expressly denied.

2. The defendants-in-cross claim make no answer to the

allegations contained in this paragraph as they do not purport to state a claim against the defendants-in-cross claim, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants-in-cross claim, they are hereby expressly denied.

## COUNT II

### Contribution – D.W. Smith

3. The defendants-in-cross claim deny the allegations contained in this paragraph.

4. The defendants-in-cross claim deny the allegations contained in this paragraph.

## COUNT III

### Contribution – J.T. Fosbrink

5. The defendants-in-cross claim make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants-in-cross claim, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants-in-cross claim, they are hereby expressly denied.

6. The defendants-in-cross claim make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants-in-cross claim, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants-in-cross claim, they are hereby expressly denied.

## COUNT IV

### Contribution – Lorraine Odzana, Administratrix of the Estate of

**James J. Odzana**

7.   The defendants-in-cross claim make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants-in-cross claim, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants-in-cross claim, they are hereby expressly denied.

8.   The defendants-in-cross claim make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants-in-cross claim, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants-in-cross claim, they are hereby expressly denied.

**COUNT V**

**Contribution – Jaclyn Paletta, Administratrix of the Estate of Mario J. Castro**

9.   The defendants-in-cross claim make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants-in-cross claim, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants-in-cross claim, they are hereby expressly denied.

10.  The defendants-in-cross claim make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants-in-cross claim, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants-in-cross claim, they are hereby

expressly denied.

## COUNT VI

### Contribution - Allegiance Healthcare

11. The defendants-in-cross claim make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants-in-cross claim, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants-in-cross claim, they are hereby expressly denied.

12. The defendants-in-cross claim make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants-in-cross claim, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants-in-cross claim, they are hereby expressly denied.

## COUNT VII

### Contribution - E.W. Wylie Corporation

13. The defendants-in-cross claim deny the allegations contained in this paragraph.

14. The defendants-in-cross claim deny the allegations contained in this paragraph.

## COUNT VIII

### Contribution v. Ryder Truck Rental

15. The defendants-in-cross claim make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants-in-cross claim, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a

claim against the defendants-in-cross claim, they are hereby expressly denied.

16. The defendants-in-cross claim make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants-in-cross claim, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants-in-cross claim, they are hereby expressly denied.

## COUNT IX

### Contribution – Shoreline Transportation, Inc.

17. The defendants-in-cross claim make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants-in-cross claim, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants-in-cross claim, they are hereby expressly denied.

18. The defendants-in-cross claim make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants-in-cross claim, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants-in-cross claim, they are hereby expressly denied.

## COUNT X

### Contribution – Arsenberger Trucking, Inc.

19. The defendants-in-cross claim make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants-in-cross claim, E.W. Wylie

Corporation and D.W. Smith. To the extent that they do state a claim against the defendants-in-cross claim, they are hereby expressly denied.

20. The defendants-in-cross claim make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants-in-cross claim, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants-in-cross claim, they are hereby expressly denied.

SECOND DEFENSE

The plaintiffs and/or cross-claim plaintiffs were more than 50% at fault in causing the alleged injuries and, therefore, are barred from recovery by the Massachusetts comparative negligence statute, G.L. c. 231, sec. 85.

THIRD DEFENSE

If the plaintiffs and/or cross-claim plaintiffs are entitled to recover against the defendants-in-cross claim, then any such recovery must be reduced in accordance with the Massachusetts comparative negligence statute, G.L. c. 231, sec. 85, since the negligence of the plaintiffs and/or cross-claim plaintiffs was the proximate cause of the injuries allegedly sustained.

FOURTH DEFENSE

This action is barred by operation of the applicable statute of limitations.

FIFTH DEFENSE

The Cross-Claim should be dismissed pursuant to Fed. R. Civ.

P. 12(b)(4) for insufficiency of process.

### SIXTH DEFENSE

The Cross-Claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process.

### SEVENTH DEFENSE

This court lacks jurisdiction over the person of the defendants-in-cross claim and, therefore, the Cross-Claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

### EIGHTH DEFENSE

The Cross-Claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue.

### NINTH DEFENSE

The Cross-Claim fails to state a claim against the defendants-in-cross claim upon which relief can be granted and, therefore, the Cross-Claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### TENTH DEFENSE

The Cross-Claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that Massachusetts law will not apply and the plaintiffs' and/or cross-claim plaintiffs' claims are precluded by the law of the applicable state and/or Pennsylvania.

### ELEVENTH DEFENSE

The Cross-Claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that the plaintiffs' and/or cross-claim plaintiffs' injuries were not caused by the defendants-in-cross claim, D.W. Smith or E.W. Wylie.

### TWELFTH DEFENSE

The acts or omissions which are alleged to have caused the damages and/or injuries referred to in the Cross-Claim were committed by a third party who was not an agent or employee of the defendants-in-cross claim, D. W. Smith or E.W. Wylie and for whose acts or omissions the defendants-in-cross claim are not legally responsible.

### THIRTEENTH DEFENSE

If the plaintiffs and/or cross-claim plaintiffs are entitled to recover against the defendants-in-cross claim, then any such recovery must be reduced in accordance with the Pennsylvania comparative negligence statute, 42 Pa. C.S.A. §7102, since the negligence of the plaintiffs and/or cross-claim plaintiffs was the proximate cause of the injuries allegedly sustained.

### FOURTEENTH DEFENSE

The plaintiffs and/or cross-claim plaintiffs were more than 50% at fault in causing the alleged injuries and, therefore, are barred from recovery by the Pennsylvania comparative negligence statute, 42 Pa. C.S.A. §7102.

WHEREFORE, the defendants-in-cross claim demand that this action be dismissed and that judgment enter in the defendants-in-cross claims' favor together with costs.

THE DEFENDANTS-IN-CROSS CLAIM DEMANDS A TRIAL BY JURY.

```
                        THE DEFENDANTS-IN-CROSS CLAIM,
                        E.W. WYLIE CORPORATION AND
                        D.W. SMITH,
                        BY THEIR ATTORNEYS,

Date:   5/15/07         _____
                        Anthony M. Campo, BBO# 552093
                        Kevin M. Riordan, BBO# 652785
                        Boyle, Morrissey & Campo, P.C.
                        695 Atlantic Ave.
                        Boston, MA 02111
                        (617) 451-2000
                        FAX: (617) 451-5775
```

W:\Cases\7515\plead\ans to crsclm of Fedex 5-15-07.doc