UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 04-CV-12253MLW

| | |
|---|---|
| STEVEN MCDERMOTT and STACEY MCDERMOTT,<br>    Plaintiffs<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEMS, INC., T.S. PRUITT, ALLEGIANCE HEALTHCARE INC., D. PONCE, E.W. WYLIE CORPORATION, D.W. SMITH, ARSENBERGER TRUCKING, INC., J.T. FOSBRINK, RYDER TRUCK RENTAL, LORRAINE ODZANA as ADMINISTRATRIX OF THE ESTATE OF JAMES J. ODZANA, SHORELINE TRANSPORTATION, INC., JACYLYN PALETTA as ADMINISTRATRIX OF THE ESTATE OF MARIO J. CASTRO,<br>    Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**ANSWER OF THE DEFENDANTS-IN-CROSS CLAIM, E.W. WYLIE CORPORATION AND D.W. SMITH, TO THE CROSS CLAIM OF THE DEFENDANT/PLAINTIFF-IN-CROSS CLAIM, T.S. PRUITT**

FIRST DEFENSE

The defendants-in-cross claim, E.W. Wylie Corporation and D.W. Smith, answer the separately numbered paragraphs of the Cross Claim as follows:

**COUNT I**

**Contribution – D. Ponce**

1. The defendants-in-cross claim make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants-in-cross claim, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants-in-cross claim, they are hereby expressly denied.

2. The defendants-in-cross claim make no answer to the

allegations contained in this paragraph as they do not purport to state a claim against the defendants-in-cross claim, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants-in-cross claim, they are hereby expressly denied.

## COUNT II

### Contribution – D.W. Smith

3. The defendants-in-cross claim deny the allegations contained in this paragraph.

4. The defendants-in-cross claim deny the allegations contained in this paragraph.

## COUNT III

### Contribution – J.T. Fosbrink

5. The defendants-in-cross claim make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants-in-cross claim, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants-in-cross claim, they are hereby expressly denied.

6. The defendants-in-cross claim make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants-in-cross claim, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants-in-cross claim, they are hereby expressly denied.

## COUNT IV

### Contribution – Lorraine Odzana, Administratrix of the Estate of

**James J. Odzana**

7.  The defendants-in-cross claim make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants-in-cross claim, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants-in-cross claim, they are hereby expressly denied.

8.  The defendants-in-cross claim make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants-in-cross claim, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants-in-cross claim, they are hereby expressly denied.

**COUNT V**

**Contribution – Jaclyn Paletta, Administratrix of the Estate of Mario J. Castro**

9.  The defendants-in-cross claim make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants-in-cross claim, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants-in-cross claim, they are hereby expressly denied.

10. The defendants-in-cross claim make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants-in-cross claim, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants-in-cross claim, they are hereby

expressly denied.

## COUNT VI

### Contribution - Allegiance Healthcare

11. The defendants-in-cross claim make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants-in-cross claim, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants-in-cross claim, they are hereby expressly denied.

12. The defendants-in-cross claim make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants-in-cross claim, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants-in-cross claim, they are hereby expressly denied.

## COUNT VII

### Contribution - E.W. Wylie Corporation

13. The defendants-in-cross claim deny the allegations contained in this paragraph.

14. The defendants-in-cross claim deny the allegations contained in this paragraph.

## COUNT VIII

### Contribution v. Ryder Truck Rental

15. The defendants-in-cross claim make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants-in-cross claim, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a

claim against the defendants-in-cross claim, they are hereby expressly denied.

16. The defendants-in-cross claim make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants-in-cross claim, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants-in-cross claim, they are hereby expressly denied.

### COUNT IX

### Contribution – Shoreline Transportation, Inc.

17. The defendants-in-cross claim make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants-in-cross claim, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants-in-cross claim, they are hereby expressly denied.

18. The defendants-in-cross claim make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants-in-cross claim, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants-in-cross claim, they are hereby expressly denied.

### COUNT X

### Contribution – Arsenberger Trucking, Inc.

19. The defendants-in-cross claim make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants-in-cross claim, E.W. Wylie

Corporation and D.W. Smith. To the extent that they do state a claim against the defendants-in-cross claim, they are hereby expressly denied.

20. The defendants-in-cross claim make no answer to the allegations contained in this paragraph as they do not purport to state a claim against the defendants-in-cross claim, E.W. Wylie Corporation and D.W. Smith. To the extent that they do state a claim against the defendants-in-cross claim, they are hereby expressly denied.

### SECOND DEFENSE

The plaintiffs and/or cross-claim plaintiffs were more than 50% at fault in causing the alleged injuries and, therefore, are barred from recovery by the Massachusetts comparative negligence statute, G.L. c. 231, sec. 85.

### THIRD DEFENSE

If the plaintiffs and/or cross-claim plaintiffs are entitled to recover against the defendants-in-cross claim, then any such recovery must be reduced in accordance with the Massachusetts comparative negligence statute, G.L. c. 231, sec. 85, since the negligence of the plaintiffs and/or cross-claim plaintiffs was the proximate cause of the injuries allegedly sustained.

### FOURTH DEFENSE

This action is barred by operation of the applicable statute of limitations.

### FIFTH DEFENSE

The Cross-Claim should be dismissed pursuant to Fed. R. Civ.

P. 12(b)(4) for insufficiency of process.

### SIXTH DEFENSE

The Cross-Claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process.

### SEVENTH DEFENSE

This court lacks jurisdiction over the person of the defendants-in-cross claim and, therefore, the Cross-Claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

### EIGHTH DEFENSE

The Cross-Claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue.

### NINTH DEFENSE

The Cross-Claim fails to state a claim against the defendants-in-cross claim upon which relief can be granted and, therefore, the Cross-Claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### TENTH DEFENSE

The Cross-Claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that Massachusetts law will not apply and the plaintiffs' and/or cross-claim plaintiffs' claims are precluded by the law of the applicable state and/or Pennsylvania.

### ELEVENTH DEFENSE

The Cross-Claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that the plaintiffs' and/or cross-claim plaintiffs' injuries were not caused by the defendants-in-cross claim, D.W. Smith or E.W. Wylie.

### TWELFTH DEFENSE

The acts or omissions which are alleged to have caused the damages and/or injuries referred to in the Cross-Claim were committed by a third party who was not an agent or employee of the defendants-in-cross claim, D. W. Smith or E.W. Wylie and for whose acts or omissions the defendants-in-cross claim are not legally responsible.

### THIRTEENTH DEFENSE

If the plaintiffs and/or cross-claim plaintiffs are entitled to recover against the defendants-in-cross claim, then any such recovery must be reduced in accordance with the Pennsylvania comparative negligence statute, 42 Pa. C.S.A. §7102, since the negligence of the plaintiffs and/or cross-claim plaintiffs was the proximate cause of the injuries allegedly sustained.

### FOURTEENTH DEFENSE

The plaintiffs and/or cross-claim plaintiffs were more than 50% at fault in causing the alleged injuries and, therefore, are barred from recovery by the Pennsylvania comparative negligence statute, 42 Pa. C.S.A. §7102.

WHEREFORE, the defendants-in-cross claim demand that this action be dismissed and that judgment enter in the defendants-in-cross claims' favor together with costs.

THE DEFENDANTS-IN-CROSS CLAIM DEMANDS A TRIAL BY JURY.

```
                          THE DEFENDANTS-IN-CROSS CLAIM,
                          E.W. WYLIE CORPORATION AND
                          D.W. SMITH,
                          BY THEIR ATTORNEYS,

Date: 5/15/07            _____
                          Anthony M. Campo, BBO# 552093
                          Kevin M. Riordan, BBO# 652785
                          Boyle, Morrissey & Campo, P.C.
                          695 Atlantic Ave.
                          Boston, MA 02111
                          (617) 451-2000
                          FAX: (617) 451-5775
```

W:\Cases\7515\plead\ans to crsclm of TS Pruitt 5-14-07.doc