# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**CIVIL ACTION NO. 04-CV-12253MLW**

|  |  |
|---|---|
| STEVEN MCDERMOTT and<br>STACEY MCDERMOTT,<br>    **Plaintiffs,**<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEMS, INC.,<br>T.S. PRUITT, ALLEGIANCE HEALTHCARE<br>INC., D. PONCE, E.W. WYLIE<br>CORPORATION, D.W. SMITH,<br>ARSENBERGER TRUCKING, INC.,<br>J.T. FOSBRINK, RYDER TRUCK RENTAL,<br>LORRAINE ODZANA as ADMINISTRATRIX<br>OF THE ESTATE OF JAMES J. ODZANA,<br>SHORELINE TRANSPORTATION, INC.<br>JACYLYN PALETTA as ADMINISTRATRIX<br>OF THE ESTATE OF MARIO J. CASTRO,<br>    **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT CARDINAL HEALTH 200, INC. f/k/a
## ALLEGIANCE HEALTH CARE, INC.'S MEMORANDUM OF LAW IN SUPPORT OF
## ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

The defendant Cardinal Health 200, Inc. f/k/a Allegiance Health Care, Inc. ("Cardinal")

submits this memorandum of law in support of its motion to dismiss all claims and cross-claims[1]

against it pursuant to Fed. R. Civ. P. 12(b)(2) on the ground that the Court lacks personal

jurisdiction over it.

## INTRODUCTION

The plaintiffs cannot meet their burden of proving that personal jurisdiction can be

conferred over Cardinal pursuant to any of the provisions of the Massachusetts long-arm statute

and, therefore, the claims against Cardinal should be dismissed. The plaintiffs, who reside in Massachusetts, seek a recovery for personal injuries resulting from a tractor-trailer accident that occurred in Pennsylvania. The plaintiffs do not allege and cannot prove that the accident arises from any connection that Cardinal may have had with this Commonwealth. The Cardinal truck that was involved in the accident was on route between Pennsylvania and New York and, at no time, did it pass through Massachusetts. Nor did the trip have any other connection to Massachusetts. The fact that the plaintiffs may have received medical treatment, or endured pain and suffering, or a loss of consortium, in Massachusetts, does not alter the legal conclusion that, their tortious injuries were all caused in Pennsylvania, where the accident occurred.

## FACTUAL BACKGROUND

The plaintiff, Steven McDermott, alleges that on February 7, 2003 he sustained personal injuries in a multiple tractor-trailer accident on Interstate 84 Eastbound in the Commonwealth of Pennsylvania. Mr. McDermott was operating one of the tractor-trailers involved in the accident. Mr. McDermott's wife, Stacey McDermott, asserts a claim for loss of consortium.

The plaintiffs' original Complaint was filed on October 26, 2004. The Complaint only asserted claims against Fedex Ground Package Systems, Inc. ("Fedex") and T.S. Pruitt, as the driver of the Fed Ex tractor-trailer involved. Mr. McDermott alleged that he stopped his tractor-trailer on Interstate 84 for an unrelated accident that had occurred prior to his arrival. He alleged that Fedex's tractor-trailer, being operated by Pruitt, on Interstate 84 Eastbound, was unable to stop and struck Mr. McDermott with excessive force, causing him injury. The Complaint alleged that the cause of the accident was Pruitt, as the agent of Fedex, for negligently operating

---

[1] Cross-claims for contribution have been asserted against Cardinal by defendants, FedEx Ground Package Systems, Inc., T.S. Pruitt, E.W. Wylie Corporation and W.S. Smith. These cross-claims are all derivative of the plaintiffs' claims against Cardinal and they should likewise be dismissed for lack of personal jurisdiction.

the tractor-trailer. Mr. McDermott alleges he injured his back from the accident and that he can never return to work as a result.

On November 17, 2006, the plaintiffs filed a motion for leave to file a Second Amended Complaint to add ten new defendants, including Cardinal and its alleged agent, Damian Ponce. In the motion, the plaintiffs alleged that discovery revealed that a number of tractor-trailers were involved in the accident, aside from Fedex's tractor-trailer. The plaintiffs now contend that, while Mr. McDermott was originally struck by the Fedex tractor-trailer, that accident was only one of eight different collisions that occurred that morning over a large area of Interstate 84. The accident scene resulted in numerous injuries, including one fatality.

The plaintiffs allege that the newly added defendants, including Cardinal and Ponce, were also negligent in the operation of their vehicles and that because of the manner in which the accident occurred, they may be jointly liable in tort to the plaintiffs. Following the Court's allowance of their motion for leave, the plaintiffs filed the Second Amended Complaint on December 22, 2006.

The Second Amended Complaint includes the following relevant allegations.

Allegiance Healthcare is a foreign corporation in good standing and duly organized under the laws of the State of Illinois, with a principal place of business at 1430 Waukegan Road, McGaw Park, Illinois, and at all relevant times was the owner of a tractor-trailer that the plaintiffs claim caused their injuries. (Second Am. Complaint, at ¶ 5). Ponce is an individual with a primary address of 23 Sharon Drive, Middletown, New York, and at all relevant times was the agent, servant and/or employee of defendant Allegiance Healthcare. (Id. at ¶ 6).

"The Defendants, at all relevant times herein, actively engaged in business in the Commonwealth of Massachusetts and/or contracted to do business in the Commonwealth of

3

Massachusetts.  Jurisdiction over the subject matter of this action is conferred by 28 U.S.C.,

§332. [sic.]"  The amount in controversy exceeds seventy-five thousand and 00/100 ($75,000.00)

exclusive of interest and costs."  (Id. at ¶ 15).

"Jurisdiction over the Defendant corporations is conferred by M.G.L. c. 223A, §§3(a) and

3(b) and is consistent with the due process clause of the Fourteenth Amendment as the

Defendant [sic.] at all times relevant herein (a) transacted business in the Commonwealth of

Massachusetts and (b) contracted to supply services in the Commonwealth of Massachusetts."

(Id. at ¶ 16)

"Jurisdiction over the individual Defendants, as agent, servant and/or employee of the

Defendant Corporations, is conferred by M.G.L. c. 223A, §§3(a) and 3(b) and is consistent with

the due process clause of the Fourteenth Amendment as the Co-Defendant at all times relevant

herein, as agent, servant, employee of Defendant corporations, (a) transacted business in the

Commonwealth of Massachusetts and (b) contracted to supply services in the Commonwealth of

Massachusetts.  (Id. at ¶ 17).

"On or about February 7, 2003, at approximately 3:00 am, while traveling on Interstate

84 Eastbound in the Commonwealth of Pennsylvania, Mr. McDermott sustained severe injuries

in a motor vehicle accident caused by the negligent actions and/or omissions of the above named

Defendants."  (Id. at ¶ 18).

"The Allegiance Healthcare motor vehicle, being operated by Ponce, their agent, servant

and/or employee, also traveling Interstate 84 Eastbound, was exceeding a reasonable and safe

speed taking into account the conditions of the road."  (Id. at ¶ 21).

"Ponce, through his negligent acts and omission, was the proximate cause of injuries sustained by Mr. McDermott thereby causing severe and permanent injuries of body and mind." (Id. at ¶ 22).

"The Plaintiff, Mr. McDermott, sustained personal injuries on February 7, 2003, due to the negligence and carelessness of the Defendants, their agents, servants, employees and/or contractors." (Id. at ¶ 31)

"The Co-Plaintiff, Mrs. McDermott, is seeking damages for loss of comfort, care, companionship, and consortium as a result of these injuries." (Id. at ¶ 32).

Based on the foregoing allegations, Mr. McDermott asserts negligence counts against Cardinal and Ponce separately, Counts VIII and IX, respectively. And Mrs. McDermott asserts loss of consortium counts against Cardinal and Ponce separately, Counts X and XI, respectively. Moreover, cross-claims for contribution have been asserted against Cardinal by a number of defendants, including FedEx Ground Package Systems, Inc., T.S. Pruitt, E.W. Wylie Corporation and W.S. Smith.

Cardinal is a Delaware Corporation with its principal office located at 7000 Cardinal Place, Dublin, Ohio. (*See* 2006 Cardinal Annual Report, a copy of which is attached hereto as Exhibit A). Shortly before the accident, Cardinal acquired Allegiance Healthcare. (*See* a copy of the affidavit of Kent Howell, attached hereto as Exhibit B, at ¶ 1). Allegiance Healthcare was principally a distributor and, to a lesser extent, a manufacturer of medical supplies. Most of its customers were hospitals. (Id. at ¶ 2).

On February 7, 2003, Ponce was an employee of a company called Jet Messenger. He was hired out by Jet Messenger as a tractor-trailer driver to make deliveries for Allegiance

Healthcare.  The tractor-trailer was provided by Allegiance Healthcare.  In February 2003, Ponce was a resident of Middletown, New York.  (Id. at ¶ 4).

On February 7, 2003, Ponce made a delivery run from Allegiance Healthcare's distribution facility in Montgomery, New York to a hospital in or around Coaldale, Pennsylvania.  The purpose of Ponce's trip was to deliver medical-supply products sold by Allegiance Healthcare to its customers.  (Id. at ¶ 5).

At the time of the accident, Ponce was returning to Allegiance Healthcare's distribution facility in Montgomery, New York after having completed the delivery to the Miners Memorial Hospital in Coaldale, Pennsylvania.  (Id. at ¶ 6).

During the course of making this delivery run from Allegiance Healthcare's distribution facility in Montgomery, New York to the hospital in Pennsylvania, and the return trip to the distribution facility in Montgomery, New York, Ponce never traveled through the Commonwealth of Massachusetts.  (Id. at ¶ 7).

The delivery to the Pennsylvania hospital had no connection to Massachusetts.  It was not made at the direction of or on the behalf of anyone in Massachusetts.  The delivery was not made pursuant to a purchase, sale or order made in Massachusetts.   The delivery run was ordered out of Allegiance Healthcare's distribution facility in Montgomery, New York, and the purpose of the trip was to deliver products to Pennsylvania.  (Id. at ¶ 8).

The delivery run that Ponce was completing at the time of the accident had no connection with any business in which Allegiance Healthcare may have been engaged in Massachusetts. Nor did the delivery run have anything to do with a contract to provide goods or services in Massachusetts.  (Id. at ¶ 10).

<u>ARGUMENT</u>

**The plaintiffs have not alleged and cannot establish facts to satisfy any of the bases for conferring personal jurisdiction over Cardinal under the Massachusetts long-arm statute and, therefore, the claims against Cardinal should be dismissed**

Federal Rule 12(b)(2) allows a motion to dismiss a claim for lack of personal jurisdiction. When a motion to dismiss for lack of personal jurisdiction has been filed, the burden of proving the existence of jurisdiction is on the party bringing the claim. <u>Ealing Corp. v. Harrods, Inc.</u>, 790 F.2d 978, 979 (1st Cir. 1986). In determining whether personal jurisdiction exists, the court may consider any evidence, including facts alleged in the pleadings, affidavits, discovery materials or exhibits. <u>Id.</u>

In a diversity case, determining personal jurisdiction is a two-step process. The court must first ascertain whether jurisdiction is granted by the forum state's long-arm statute. <u>Hahn v. Vermont Law School</u>, 698 F.2d 48, 49 (1st Cir. 1983). The court must then determine whether or not sufficient minimum contacts with the forum exist to satisfy the due process requirements of the Fourteenth Amendment of the U.S. Constitution. <u>Pritzker v. Yari</u>, 42 F.3d 53, 60 (1st Cir. 1994), *cert denied*, 115 S.Ct. 1959 (1995). If there is no basis on which to predicate jurisdiction under the forum state's long-arm statute, the court need not reach the question of whether the assertion of jurisdiction is constitutionally sound. <u>Singer v. Piaggio & C.</u>, 420 F.2d 679, 681 (1st Cir. 1969). In this case, a constitutional inquiry is not warranted, as there is no basis for conferring jurisdiction over Cardinal under the Massachusetts long-arm statute, M.G.L. c. 223A, § 3.

Although the Supreme Judicial Court of Massachusetts has construed the Massachusetts state long-arm statute as "an assertion of jurisdiction over the person to the limits allowed by the Constitution of the United States," <u>Automatic Sprinkler Corp. of America v. Seneca Foods.</u>, 361

Mass. 441, 443, 280 N.E.2d 423 (1972), the court has nevertheless cautioned that "G.L. c. 223A, § 3 asserts jurisdiction over the person to the constitutional limit only when some basis for jurisdiction enumerated in the statute has been established." Good Hope Industries, Inc. v. Ryder Scott Co., 378 Mass. 1, 6, 389 N.E.2d 76 (1979).   The Massachusetts long-arm statute specifically enumerates eight different bases for conferring personal jurisdiction over a person. The statute, in its entirety, provides:

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's
>
> (a) transacting any business in this commonwealth;
>
> (b) contracting to supply services or things in this commonwealth;
>
> (c) causing tortious injury by an act or omission in this commonwealth;
>
> (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth;
>
> (e) having an interest in, using or possessing real property in this commonwealth;
>
> (f) contracting to insure any person, property or risk located within this commonwealth at the time of contracting;
>
> (g) maintaining a domicile in this commonwealth while a party to a personal or martial relationship out of which arises a claim for divorce, alimony, property settlement, parentage of a child, child support or child custody; or the commission of any act giving rise to such a claim; or
>
> (h) having been subject to the exercise of personal jurisdiction of a court of the commonwealth which has resulted in an order of alimony, custody, child support or property settlement, notwithstanding the subsequent departure of one of the original parties from the commonwealth, if the action involves modification of such order or orders and the moving party resides in the commonwealth, or if the action involves enforcement of such order notwithstanding the domicile of the moving party.

M.G.L. c. 223A, §§3(a)-(h).  Here, a dismissal of the claims against Cardinal is warranted as the plaintiffs do not allege and cannot establish facts that satisfy any of the bases for conferring personal jurisdiction over it under M.G.L. c. 223A, § 3.  Most of the subparts of the statute are inapposite on their face.  Discussed below are subparts 3(a) and 3(b), as they are the only subparts that the plaintiffs invoke in the Second Amended Complaint.  There is also a discussion of subpart 3(d), which is the only other subpart that Cardinal anticipates the plaintiffs might attempt to invoke.  For the reasons discussed below the plaintiffs cannot establish jurisdiction over Cardinal under any of these subparts of the long-arm statute.

> **A.**     **Even if Cardinal transacted business or contracted to supply services in Massachusetts, personal jurisdiction is not conferred over it on these grounds as Mr. McDermott's accident did not "arise from" such conduct**

In the Second Amended Complaint, the plaintiffs rely solely on subparts 3(a) and 3(b) of the long-arm statute to contend that personal jurisdiction exists over Cardinal because it has "actively engaged in business" or "contracted to do business" in Massachusetts.  (Second Am. Complaint, at ¶ 15).  As stated previously, subparts 3(a) and 3(b) confer jurisdiction "over a person, who acts directly or by an agent, as to a cause of action in law or equity **arising from** the person's . . . (a) transacting any business . . . [or] (b) contracting to supply services or things" in this Commonwealth.  M.G.L. c. 223A, §§ 3(a) and 3(b)(emphasis added).

Satisfying the long-arm statute is a two-part process: first, the plaintiff must show that a particular subpart of the statute is satisfied, for example, the defendant was "transacting any business" in the commonwealth under subpart 3(a), or "contracting to supply services or things" in the commonwealth under subpart 3(b).  The plaintiff then must establish that the cause of action "arose from" such conduct.  *See* Workgroup Technology Corporation v. MGM Grand Hotel, LLC, 246 F.Supp.2d 102, 109 (D.Mass. 2003) *citing* Tatro v. Manor Care, Inc., 416 Mass.

763, 767, 625 N.E.2d 549 (1994). *See also* Merced v. JLG Industries, Inc., 170 F.Supp.2d 65, 71 (D.Mass. 2001)(jurisdiction requires a "rational nexus between defendant's transaction of business in the Commonwealth and the plaintiff's injury").

Accordingly, even if the plaintiffs here could show that Cardinal transacted business or contracted to supply goods or services in Massachusetts, jurisdiction is not conferred over Cardinal in this case, because the plaintiffs have not alleged and cannot show that Mr. McDermott's accident "arose from" Cardinal's business or contracting activity in the Commonwealth.

In construing the "arising from" clause of M.G.L. c. 223A, § 3, the Supreme Judicial Court has held that a "but for" causation test applies. *See* Tatro, 625 N.E.2d at 553-554. The "but for" test asks if the plaintiff would not have been injured "but for" the defendant's conduct in the Commonwealth. Id. In applying this test, the Supreme Judicial Court in Tatro found personal jurisdiction over a California hotel for a personal injury claim brought against it by a Massachusetts resident who was injured at the hotel. The court concluded that the hotel transacted business in Massachusetts by systematically advertising in the Commonwealth, and that the "arising from" requirement was satisfied where, but for the hotel's solicitations and acceptance of reservations in Massachusetts, the plaintiff would not have been injured in California. Id. at 551-552, 554; *See also* Clark v. City of St. Augustine, 977 F.Supp. 541, 543 (D.Mass. 1997)(personal jurisdiction existed over foreign municipality based upon advertising campaign in Massachusetts that attracted plaintiff to municipality where injury occurred).

Similarly, personal jurisdiction was found over a foreign corporation in Systemation, Inc. v. Engel Industries, 992 F.Supp. 58, 60 (D.Mass.1997). There, a plaintiff brought a patent infringement suit in Massachusetts against a defendant machine manufacturer for the defendant's

sale of a machine to a New Hampshire company. The court found that the defendant manufacturer transacted business in Massachusetts because it had a distributor here, and the plaintiff's cause of action arose from that business because the Massachusetts distributor sold the machine to the New Hampshire company. Id.

Conversely, no personal jurisdiction was found over a foreign corporation in Mas Marquez v. Digital Equipment Corporation, 637 F.2d 24, 27 (D.Mass. 1980). In Mas Marques, the plaintiff brought an employment discrimination suit in Massachusetts against a West German company, which had a Massachusetts parent corporation. The court found that the West German corporation "transacted business" in the Commonwealth based upon its relationship with its Massachusetts parent corporation, including purchasing materials from the parent corporation. Id. The court, however, found that there was no jurisdiction over the West German company because the plaintiff's employment discrimination suit did not arise from the company's relationship with its Massachusetts parent corporation. Id.

Applying these principles here, jurisdiction is not conferred over Cardinal under subparts 3(a) or 3(b) of the long-arm statute because Mr. McDermott's accident did not arise from any business or contractual activity of Cardinal in Massachusetts. At the time of the accident, Ponce was a resident of Middletown, New York. (Exhibit B, at ¶ 4). He was returning to Allegiance Healthcare's distribution facility in Montgomery, New York from a hospital in Pennsylvania, where he had made a delivery of Allegiance Healthcare products. (Id. at ¶ 6). During the course of making this delivery run between Allegiance Healthcare's distribution facility in Montgomery, New York and the hospital in Pennsylvania, Ponce never traveled through Massachusetts. (Id. at ¶ 7). The delivery to the Pennsylvania hospital had no connection to Massachusetts. It was not made at the direction of, or on the behalf of anyone in Massachusetts.

The delivery was not made pursuant to a purchase, sale or order made in Massachusetts. The delivery run was ordered out of Allegiance Healthcare's distribution facility in Montgomery, New York, and the purpose of the trip was to deliver products to Pennsylvania. (Id. at ¶ 8). The delivery run had no connection with any business in which Allegiance Healthcare may have been engaged in Massachusetts. (Id. at ¶ 10). Nor did the delivery run have anything to do with a contract to provide goods or services in Massachusetts. (Id. at ¶ 10).

Given that Mr. McDermott's accident did not arise from Cardinal transacting any business or contracting to supply any goods in this Commonwealth, jurisdiction cannot be conferred over Cardinal under subparts 3(a) or 3(b) of M.G.L. c. 223A.

**B.    Personal jurisdiction cannot be conferred over Cardinal for causing a tortious injury in Massachusetts as the plaintiffs' alleged injuries were caused in Pennsylvania**

The plaintiffs may attempt to argue that jurisdiction is conferred over Cardinal pursuant to subpart 3(d), which states:

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's . . . (d) causing tortious injury in this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth; . . .

M.G.L. c. 223A, § 3(d). The plaintiffs may argue that they suffered tortious injury in Massachusetts because Mr. McDermott incurred medical expenses and endured pain and suffering in the Commonwealth, and Mrs. McDermott has experienced loss of consortium in the Commonwealth. However, this argument has been soundly rejected by the federal courts in Massachusetts. In Walsh v. National Seating Co., Inc., 411 F.Supp. 564 (D.Mass. 1976), Walsh, a Massachusetts resident, was injured by a defective bus seat while operating a motor vehicle in

Maine.  He and his wife brought suit in Massachusetts against the seat's manufacturer, an out-of-state corporation.  Explaining why subpart 3(d) did not authorize jurisdiction over the corporate defendant, the court stated:

> Plaintiff asks too much from the phrase "tortious injury."  While it is undoubtedly true that plaintiff and his wife suffered in Massachusetts this does not mean they were injured here.  They suffered here as a result of an injury that occurred in Maine [where the subject motor vehicle accident occurred].  To accept plaintiff's theory would mean that parties could choose their court by choosing their hospital or place of recuperation.

Id. at 571.  The same result was reached in Mello v. K-Mart Corp., 604 F.Supp. 769 (D.Mass. 1985), where the plaintiff brought a products liability action against the manufacturer of a hydraulic jack.  The plaintiff, a Massachusetts resident, purchased the jack and was injured using it in Tennessee.  The court rejected the plaintiffs' argument that there was jurisdiction over the manufacturer, a foreign corporation, because it caused injury in the Commonwealth where the plaintiff incurred medical expenses and endured pain and suffering, and his wife experienced a loss of consortium in Massachusetts.  Id.  at 772.

Like the plaintiffs in Mello and Walsh, the plaintiffs here have experienced no tortious injury in Massachusetts and, therefore, subpart 3(d) of the long-arm statutes provides no basis for jurisdiction over Cardinal.

Even if the plaintiffs could show that Cardinal was engaged in business in Massachusetts at the time of the accident, this would not suffice to confer jurisdiction over Cardinal under subpart 3(d) of the long-arm statute.  Like all subparts of the long-arm statute, jurisdiction will not be conferred under subpart 3(d) unless the cause of action arises from "some action or event which took place within" Massachusetts.  See Mello, 604 F.Supp. at 772 (rejecting this very argument).  Again, and for the reasons previously discussed, Mr. McDermott's accident did not arise from any connection that Cardinal may have had to Massachusetts.

WHEREFORE, for the foregoing reasons, the plaintiffs cannot meet their burden to prove that the Court has personal jurisdiction over Cardinal under M.G.L. c. 223A, § 3 and, therefore, the Court should grant this motion by dismissing all claims and cross-claims against Cardinal, and granting whatever other relief the Court deems just and proper.

Respectfully submitted,
Defendant
CARDINAL HEALTH 200, INC. F/K/A
    ALLEGIANCE HEALTHCARE, INC.
By its attorneys,

/s/ Michael D. Riseberg
John F.X. Lawler, BBO #546910
Michael D. Riseberg, BBO #567771
Erica B. Mecler, BBO #664709 (Pending
    Admission)
**ADLER POLLOCK & SHEEHAN P.C.**
175 Federal Street
Boston, MA  02110
(617) 482-0600

Dated: May 25, 2007

## CERTIFICATE OF RULE 7.1 CONFERENCE AND OF SERVICE

The undersigned hereby certifies that prior to filing the above motion he conferred with plaintiffs' counsel concerning its subject matter in a good faith attempt to resolve or narrow the issues presented.  The undersigned further certifies that on **May 25, 2007** this document is being filed through the ECF system and, accordingly, is being sent electronically to the registered participants as identified on the Notice of Electronic Filing and a paper copy will be sent to any party indicated as a non registered participant.

/s/ Michael D. Riseberg
Michael D. Riseberg, BBO #567771

*418597_1*

# EXHIBIT A

MA SOC    Filing Number: 200655213750    Date: 08/29/2006 4:12 PM



## The Commonwealth of Massachusetts
## William Francis Galvin

**Minimum Fee: $100.00**

Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512
Telephone: (617) 727-9640

### Annual Report
(General Laws, Chapter 156D)

**Federal Employer Identification Number:** <u>364095186</u> *(must be 9 digits)*

**1. The exact name of the business entity is:** <u>CARDINAL HEALTH 200, INC.</u>

**2. The Corporation is organized under the laws of:** State: <u>DE</u> Country: <u>USA</u>

**3,4. The street address of the corporation registered office in the commonwealth and the name of the registered agent at that office:**
Name:          <u>CORPORATION SERVICE COMPANY</u>
No. and Street: <u>84 STATE STREET</u>
City or Town:  <u>BOSTON</u>                State: <u>MA</u>  Zip: <u>02109</u>  Country: <u>USA</u>

**5. The street address of the corporation's principal office is:**
No. and Street: <u>7000 CARDINAL PLACE</u>
City or Town:  <u>DUBLIN</u>                State: <u>OH</u>   Zip: <u>60085</u>   Country: <u>USA</u>

**6. Provide the name and business street address of the officers and of all the directors of the corporation:**
*(A president, treasurer, secretary and at least one director are required.)*

| Title | Individual Name<br>First, Middle, Last, Suffix | Address (no PO Box)<br>Address, City or Town, State, Zip Code |
|---|---|---|
| PRESIDENT | MICHAEL A. LYNCH | 7000 CARDINAL PLACE<br>DUBLIN, OH 43017 USA |
| TREASURER | LINDA S. HARTY | 7000 CARDINAL PLACE<br>DUBLIN, OH 43017 USA |
| SECRETARY | IVAN K. FONG | 7000 CARDINAL PLACE<br>DUBLIN, OH 43017 USA |
| VICE PRESIDENT | SCOTT A. GREGG | 7000 CARDINAL PLACDE<br>DUBLIN, OH 43017 USA |
| DIRECTOR | LINDA S. HARTY | 7000 CARDINAL PLACE<br>DUBLIN, OH 43017 USA |

**7. Briefly describe the business of the corporation:**

<u>MANUFACTURER & DISTRIBUTION OF HEALTHCARE</u>

**8. The capital stock of each class and series is:**

0-929-0

| Class of Stock | Par Value Per Share Enter 0 if no Par | Total Authorized by Articles of Organization or Amendments Num of Shares | Total Par Value | Total Issued and Outstanding Num of Shares |
|---|---|---|---|---|
| CWP | $1.00000 | 1,000 | $1,000.00 | 1,000 |

**9. Check here if the stock of corporation is publicly traded:** __

**10. Date of the end of the fiscal year is:** 12/31/ 2005

**Signed by  SCOTT A. GREGG , its  OTHER OFFICER**
**on this 29 Day of August, 2006**

© 2001 - 2006 Commonwealth of Massachusetts
All Rights Reserved

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

### CIVIL ACTION NO. 04-CV-12253MLW

| | |
|---|---|
| STEVEN MCDERMOTT and<br>STACEY MCDERMOTT,<br><br>    Plaintiffs,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEMS, INC.<br>T.S. PRUITT, ALLEGIANCE HEALTHCARE,<br>INC., D. PONCE, E.W. WYLIE CORPORATION,<br>D.W. SMITH, ARSENBERGER<br>TRUCKING, INC., J.T. FOSBRINK, RYDER<br>TRUCK RENTAL, LORRAINE ODZANA as<br>ADMINISTRATRIX OF THE ESTATE OF<br>JAMES J. ODZANA, SHORELINE<br>TRANSPORTATION, INC. JACYLYN PALETTA<br>as ADMINISTRATRIX OF THE ESTATE OF<br>MARIO J. CASTRO,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AFFIDAVIT OF KENT HOWELL

Kent Howell, being duly sworn, deposes and says:

1.    I am an employee of Cardinal Health 200, Inc. ("Cardinal Health"). I am the transportation supervisor of its distribution facility at 500 Neelytown Road in Montgomery, New York. I have worked in this position and at this location since I was originally hired by Allegiance Healthcare, Inc. on November 9, 1987, and I was working in this capacity on February 7, 2003, the date of the accident involving Damian Ponce. I became an employee of Cardinal Health when it acquired Allegiance Healthcare.

1

2.    Allegiance Healthcare was principally a distributor and, to a lesser extent, a manufacturer of medical supplies. Most of its customers were hospitals. Allegiance Healthcare was an Illinois corporation.

3.    As the transportation supervisor of Allegiance Healthcare's distribution facility in Montgomery, New York, I had personal knowledge of the delivery runs that were made from the facility.

4.    On February 7, 2003, Ponce was an employee of a company called Jet Messenger. He was hired out by Jet Messenger as a tractor-trailer driver to make deliveries for Allegiance Healthcare. The tractor-trailer was provided by Allegiance Healthcare. In February 2003, Ponce was a resident of Middletown, New York.

5.    On February 7, 2003, Ponce made a delivery run from Allegiance Healthcare's distribution facility in Montgomery, New York to a hospital in or around Coaldale, Pennsylvania. The purpose of Ponce's trip was to deliver medical-supply products sold by Allegiance Healthcare to its customers.

6.    At the time of the accident, Ponce was returning to Allegiance Healthcare's distribution facility in Montgomery, New York after having completed the delivery to the Miners Memorial Hospital in Coaldale, PA.

7.    During the course of making this delivery run from Allegiance Healthcare's distribution facility in Montgomery, New York to the hospital in Pennsylvania, and the return trip to the distribution facility in

Montgomery, New York, Ponce never traveled through the Commonwealth of Massachusetts.

8.    The delivery to the Pennsylvania hospital had no connection to Massachusetts.  It was not made at the direction of or on the behalf of anyone in Massachusetts.  The delivery was not made pursuant to a purchase, sale or order made in Massachusetts.   The delivery run was ordered out of Allegiance Healthcare's distribution facility in Montgomery, New York, and the purpose of the trip was to deliver products to Pennsylvania.

9.    In February 2003, Allegiance Healthcare's only physical presence in Massachusetts was a single office located in the Town of Bedford.

10.    The delivery run that Ponce was completing at the time of the accident had no connection with any business in which Allegiance Healthcare may have been engaged in Massachusetts.  Nor did the delivery run have anything to do with a contract to provide goods or services in Massachusetts.


SIGNED UNDER THE PENALTIES OF PERJURY THIS 24th DAY OF MAY 2007.

_____

Kent Howell

*418763_1*

3