UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-12253-MLW

STEVEN McDERMOTT and
STACEY McDERMOTT,
                Plaintiffs

v.

FEDEX GROUND PACKAGE SYSTEMS, INC.,
T.S. PRUITT, ALLEGIANCE HEALTHCARE,
INC., D. PONCE, E.W. WYLIE CORPORATION,
D.W. SMITH ARSENBERGER TRUCKING, INC.,
J.T. FOSBRINK, RYDER TRUCK RENTAL,
LORREAINE ODZANA as ADMINISTRATRIX OF
THE ESTATE OF JAMES J. ODZANA,
SHORELINE TRANSPORATION, INC., JACYLYN
PALETTA as ADMINISTRATRIX OF THE
ESTATE OF MARIO J. CASTRO,
                Defendants

**AMENDED ANSWER OF DEFENDANT LORRAINE ODZANA AS ADMINISTRATRIX OF THE ESTATE OF JAMES J. ODZANA TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

## I.    PARTIES

1.    The defendant Lorraine Odzana as Administratrix of the Estate of James J. Odzana (hereinafter referred to as ("Odzana") has insufficient information either to admit or deny the allegations in paragraph 1 of the Second Amended Complaint.

2.    Defendant Odzana has insufficient information either to admit or deny the allegations in paragraph 2 of the Second Amended Complaint.

3.    Defendant Odzana has insufficient information either to admit or deny the allegations in paragraph 3 of the Second Amended Complaint.

1

81927.1

4. Defendant Odzana has insufficient information either to admit or deny the allegations in paragraph 4 of the Second Amended Complaint.

5. Defendant Odzana has insufficient information either to admit or deny the allegations in paragraph 5 of the Second Amended Complaint.

6. Defendant Odzana has insufficient information either to admit or deny the allegations in paragraph 6 of the Second Amended Complaint.

7. Defendant Odzana has insufficient information either to admit or deny the allegations in paragraph 7 of the Second Amended Complaint.

8. Defendant Odzana has insufficient information either to admit or deny the allegations in paragraph 8 of the Second Amended Complaint.

9. Defendant Odzana has insufficient information either to admit or deny the allegations in paragraph 9 of the Second Amended Complaint.

10. Defendant Odzana has insufficient information either to admit or deny the allegations in paragraph 10 of the Second Amended Complaint.

11. Defendant Odzana has insufficient information either to admit or deny the allegations in paragraph 11 of the Second Amended Complaint.

12. Defendant Odzana admits that Lorraine Odzana, Administratrix of the Estate of James J. Odzana resides at 129 Railroad Street, Taylor, Pennsylvania, but denies that James J. Odzana was the agent, servant and or/employee of Ryder Truck Rental, Inc.

13. Defendant Odzana has insufficient information either to admit or deny the allegations in paragraph 13 of the Second Amended Complaint.

14. Defendant Odzana has insufficient information either to admit or deny the allegations in paragraph 14 of the Second Amended Complaint.

## II.  JURISDICTION

15. Defendant Odzana denies that the amount in controversy exceeds $75,000. The remainder of ther paragraph contains conclusions of law and no further response is required.

16. Paragraph 16 is not directed at Defendant Odzana, and therefore Defendant need not to respond. If a response is deemed necessary, defendant Odzana has insufficient information either to admit or deny the allegations contained in paragraph 16 of the Second Amended Complaint.

17. Defendant Odzana denies that James Odzana was an agent, servant, and/or employee of any of the Defendants Corporations. The remainder of paragraph 17 contains conclusions of law and therefore no response is required.

## III.  FACTS

18. Defendant Odzana denies that the motor vehicle accident was caused by the alleged negligent acts and/or omissions of Defendant Odzana. Defendant Odzana is without knowledge as to the remainder of the allegations in paragraph 18 of the Second Amended Complaint.

19. Defendant Odzana has insufficient information either to admit or deny the allegations in paragraph 19 of the Second Amended Complaint.

20. Defendant Odzana has insufficient information either to admit or deny the allegations in paragraph 20 of the Second Amended Complaint.

81927.1

21. Defendant Odzana has insufficient information either to admit or deny the allegations in paragraph 21 of the Second Amended Complaint.

22. Defendant Odzana has insufficient information either to admit or deny the allegations in paragraph 22 of the Second Amended Complaint.

23. Defendant Odzana has insufficient information either to admit or deny the allegations in paragraph 23 of the Second Amended Complaint.

24. Defendant Odzana has insufficient information either to admit or deny the allegations in paragraph 24 of the Second Amended Complaint.

25. Defendant Odzana has insufficient information either to admit or deny the allegations in paragraph 25 of the Second Amended Complaint.

26. Defendant Odzana has insufficient information either to admit or deny the allegations in paragraph 26 of the Second Amended Complaint.

27. Defendant Odzana denies the allegations in paragraph 27 of the Second Amended Complaint.

28. Defendant Odzana denies the allegations in paragraph 28 of the Second Amended Complaint.

29. Defendant Odzana has insufficient information either to admit or deny the allegations in paragraph 29 of the Second Amended Complaint.

30. Defendant Odzana has insufficient information either to admit or deny the allegations in paragraph 30 of the Second Amended Complaint.

31. Defendant Odzana denies the allegations in paragraph 31 of the Second Amended Complaint.

32. Defendant Odzana denies the allegations in paragraph 32 of the Second Amended Complaint.

### IV.   NEGLIGENCE
### Stevens McDermott v. FedEx Ground Package Systems, Inc.

33. Defendant Odzana repeats and incorporates herein her answers to paragraphs 1 through 32 of the Second Amended Complaint.

34-36. Paragraphs 34-36 are not directed at Defendant Odzana and therefore no response is required.

### V.   NEGLIGENCE
### Steven McDermott v. T.S. Pruitt

37. Defendant Odzana repeats and incorporates herein her answers to paragraphs 1 through 36 of the Second Amended Complaint.

38-40. Paragraphs 38-40 are not directed at Defendant Odzana and therefore no response is required.

### VI.   LOSS OF CONSORTIUM
### Stacey McDermott v. FedEx Ground Package Systems, Inc.

41. Defendant Odzana repeats and incorporates herein her answers to paragraphs 1 through 40 of the Second Amended Complaint.

42. Defendant Odzana has insufficient information either to admit or deny the allegations in paragraph 42 of the Second Amended Complaint.

43-44. Paragraphs 43-44 are not directed at Defendant Odzana and therefore no response is required.

81927.1

### VII.   LOSS OF CONSORTIUM
### Stacey McDermott v. T.S. Pruitt

45.    Defendant Odzana repeats and incorporates herein her answers to paragraphs 1 through 44 of the Second Amended Complaint.

46.    Defendant Odzana has insufficient information either to admit or deny the allegations in paragraph 46 of the Second Amended Complaint.

47-48.   Paragraphs 47-48 are not directed at Defendant Odzana and therefore no response is required.

### VIII.   NEGLIGENCE
### Steven McDermott v. Allegiance Health Care, Inc.

49.    Defendant Odzana repeats and incorporates herein her answers to paragraphs 1 through 48 of the Second Amended Complaint.

50-52.   Paragraphs 50-52 are not directed at Defendant Odzana and therefore no response is required.

### IX.    NEGLIGENCE
### Steven McDermott v. D. Ponce

53.    Defendant Odzana repeats and incorporates herein her answers to paragraphs 1 through 52 of the Second Amended Complaint.

54-56.   Paragraphs 54-56 are not directed at Defendant Odzana and therefore no response is required.

### X.    LOSS OF CONSORTIUM
### Stacey McDermott v. Allegiance Health Care, Inc.

57.    Defendant Odzana repeats and incorporates herein her answers to paragraphs 1 through 56 of the Second Amended Complaint.

81927.1

58. Defendant Odzana has insufficient information either to admit or deny the allegations in paragraph 46 of the Second Amended Complaint.

59-60. Paragraphs 59-60 are not directed at Defendant Odzana and therefore no response is required.

### VII.  LOSS OF CONSORTIUM
### Stacey McDermott v. D. Ponce

61. Defendant Odzana repeats and incorporates herein her answers to paragraphs 1 through 60 of the Second Amended Complaint.

62. Defendant Odzana has insufficient information either to admit or deny the allegations in paragraph 62 of the Second Amended Complaint.

63-64. Paragraphs 63-64 are not directed at Defendant Odzana and therefore no response is required.

### XII.   NEGLIGENCE
### Stevens McDemott v. E.W. Wylie Corporation

65. Defendant Odzana repeats and incorporates herein her answers to paragraphs 1 through 64 of the Second Amended Complaint.

66-68. Paragraphs 66-68 are not directed at Defendant Odzana and therefore no response is required.

### XIII.   NEGLIGENCE
### Stevens McDermott v. D.W. Smith

69. Defendant Odzana repeats and incorporates herein her answers to paragraphs 1 through 68 of the Second Amended Complaint.

70-72. Paragraphs 70-72 are not directed at Defendant Odzana and therefore no response is required.

81927.1

### XIII.   NEGLIGENCE
### Steven McDermott v. D.W. Smith

69.   Defendant Odzana repeats and incorporates herein her answers to paragraphs 1 through 68 of the Second Amended Complaint.

70-72.   Paragraphs 70-72 are not directed at Defendant Odzana and therefore no response is required.

### XIV.   LOSS OF CONSORTIUM
### Stacey McDermott v. E.W. Wylie Corporation

73.   Defendant Odzana repeats and incorporates herein her answers to paragraphs 1 through 72 of the Second Amended Complaint.

74.   Defendant Odzana has insufficient information either to admit or deny the allegations in paragraph 74 of the Second Amended Complaint.

75-76.   Paragraphs 74-76 are not directed at Defendant Odzana and therefore no response is required.

### XV.   LOSS OF CONSORTIUM
### Stacey McDermott v. D.W. Smith

77.   Defendant Odzana repeats and incorporates herein her answers to paragraphs 1 through 76 of the Second Amended Complaint.

78.   Defendant Odzana has insufficient information either to admit or deny the allegations in paragraph 78 of the Second Amended Complaint.

79-80.   Paragraphs 79-80 are not directed at Defendant Odzana and therefore no response is required.

### XVI. NEGLIGENCE
### Steven McDermott v. Arsenberger Trucking, Inc.

81. Defendant Odzana repeats and incorporates herein her answers to paragraphs 1 through 80 of the Second Amended Complaint.

82-84. Paragraphs 82-84 are not directed at Defendant Odzana and therefore no response is required.

### XVII. NEGLIGENCE
### Steven McDermott v. J.T. Fosbrick

85. Defendant Odzana repeats and incorporates herein her answers to paragraphs 1 through 84 of the Second Amended Complaint.

86-88. Paragraphs 86-88 are not directed at Defendant Odzana and therefore no response is required.

### XVIII. LOSS OF CONSORTIUM
### Stacey McDermott v. Arsenberger Trucking, Inc.

89. Defendant Odzana repeats and incorporates herein her answers to paragraphs 1 through 88 of the Second Amended Complaint.

90. Defendant Odzana has insufficient information either to admit or deny the allegations in paragraph 46 of the Second Amended Complaint.

91-92. Paragraphs 91-92 are not directed at Defendant Odzana and therefore no response is required.

### XIX. LOSS OF CONSORTIUM
### Stacey McDermott v. J.T. Fosbrick

93. Defendant Odzana repeats and incorporates herein her answers to paragraphs 1 through 92 of the Second Amended Complaint.

94.     Defendant Odzana has insufficient information either to admit or deny the allegations in paragraph 94 of the Second Amended Complaint.

95-96.  Paragraphs 95-96 are not directed at Defendant Odzana and therefore no response is required.

## XX.   NEGLIGENCE
### Steven McDermott v. Ryder Truck Rental

97.     Defendant Odzana repeats and incorporates herein her answers to paragraphs 1 through 98 of the Second Amended Complaint.

98-100. Paragraphs 98-100 are not directed at Defendant Odzana and therefore no response is required.

## XXI.  NEGLIGENCE
### Steven McDermott v. Lorraine Odzana, as Administratrix of the Estate of James J. Odzana

101.    Defendant Odzana repeats and incorporates herein her answers to paragraphs 1 through 100 of the Second Amended Complaint.

102.    Defendant Odzana denies the allegations in paragraph 102 of the Second Amended Complaint.

103.    Defendant Odzana denies the allegations in paragraph 103 of the Second Amended Complaint.

104.    Defendant Odzana denies the allegations in paragraph 104 of the Second Amended Complaint.

## XXII. LOSS OF CONSORTIUM
### Stacey McDermott v. Rider Truck Rental

105.    Defendant Odzana repeats and incorporates herein her answers to paragraphs 1 through 104 of the Second Amended Complaint.

81927.1

106. Defendant Odzana has insufficient information either to admit or deny the allegations in paragraph 106 of the Second Amended Complaint.

107-108. Paragraphs 107-108 are not directed at Defendant Odzana and therefore no response is required.

## XIII.   LOSS OF CONSORTIUM
### Stacey McDermott v. Loraine Odzana as Administratrix of the Estate of James J. Odzana

109. Defendant Odzana repeats and incorporates herein her answers to paragraphs 1 through 108 of the Second Amended Complaint.

110. Defendant Odzana has insufficient information either to admit or deny the allegations in paragraph 110 of the Second Amended Complaint.

111. Defendant Odzana denies the allegations in paragraph 111 of the Second Amended Complaint.

112. Defendant Odzana denies the allegations in paragraph 112 of the Second Amended Complaint.

WHEREFORE, Defendant Odzana respectfully requests that ther Honorable Court enter judgment of dismissal, and award defendant costs and attorneys fees, and for other relief as ther Court may deem equitable and just.

## XXIV. NEGLIGENCE
### Stevens McDermott v. Shoreline Transportation, Inc.

113. Defendant Odzana repeats and incorporates herein her answers to paragraphs 1 through 112 of the Second Amended Complaint.

114-116. Paragraphs 114-116 are not directed at Defendant Odzana and therefore no response is required.

81927.1

### XXV.  NEGLIGENCE
### Steven McDermott v. Jacylyn Paletta as Administratrix
### of the Estate of Mario J. Castro

117.    Defendant Odzana repeats and incorporates herein her answers to paragraphs 1 through 116 of the Second Amended Complaint.

118-120.  Paragraphs 118-120 are not directed at Defendant Odzana and therefore no response is required.

### XXVI. LOSS  OF CONSORTIUM
### Stacey McDermott v. Shoreline Transportation, Inc.

121.    Defendant Odzana repeats and incorporates herein her answers to paragraphs 1 through 120 of the Second Amended Complaint.

122.    Defendant Odzana has insufficient information either to admit or deny the allegations in paragraph 122 of the Second Amended Complaint.

123-124.  Paragraphs 123-124 are not directed at Defendant Odzana and therefore no response is required.

### XXVII.    LOSS  OF CONSORTIUM
### Stacey McDermott v. Jacylyn Paletta as Administratrix
### of the Estate of Mario J. Castro

125.    Defendant Odzana repeats and incorporates herein her answers to paragraphs 1 through 124 of the Second Amended Complaint.

126.    Defendant Odzana has insufficient information either to admit or deny the allegations in paragraph 126 of the Second Amended Complaint.

127-128.    Paragraphs 127-128 are not directed at Defendant Odzana and therefore no response is required.

81927.1

WHEREFORE, the Defendant respectfully requests that this Honorable Court enter judgment of dismissal, and award her costs and attorney fees, and for other relief as this Court may deem just and equitable.

## **AFFIRMATIVE DEFENSES**

1. Any liability on the part of Defendant Odzana must be reduced or is barred by plaintiff's comparative negligence.

2. The negligence of plaintiff is a superseding and intervening cause which absolves the Defendant Odzana of all liability.

3. Any damages sustained by plaintiffs were caused by individuals for whose conduct the Defendant Odzana is not responsible.

4. The complaint fails to state a cause of action against the answering defendant.

5. Plaintiffs are barred from recovery because the action has not been brought within the applicable statute of limitations.

6. Some or all of the damages for which relief is sought herein may be barred in whole or in part by the provisions of the Pennsylvania Motor Vehicle Financial Responsibility Laws.

7. If the plaintiffs suffered the injuries and damages alleged, which is denied, those damages were caused in whole or in part by the actions or inactions of third parties over whom the answering defendant had no control and for whose conduct defendant is not responsible.

8. This Court lacks personal jurisdiction over the answering defendant.

     THE DEFENDANT DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

| | |
|---|---|
| Dated: May 29, 2007 | Respectfully submitted, |
| | The Defendant,<br>LORREAINE ODZANA, as Administratrix<br>of the Estate of JAMES J. ODZANA<br>By her attorneys, |
| | *s/ Michele Carlucci*<br>Maynard M. Kirpalani, BBO #273940<br>Michele Carlucci, BBO #655211<br>WILSON ELSER MOSKOWITZ<br>EDELMAN & DICKER  LLP<br>155 Federal Street<br>Boston, MA 02110<br>(617) 422-5300 |

## CERTIFICATE OF SERVICE

    I, Michele Carlucci, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the NEF on May 29, 2007.

                                                                                                        /s/ *Michele Carlucci*