UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STEVEN McDERMOTT and
STACEY McDERMOTT,
    Plaintiffs,

v.

Civil Action No. 04-CV-12253-MLW

FEDEX GROUND PACKAGE SYSTEMS, INC.;
T.S. PRUITT; ALLEGIANCE HEALTHECARE, INC.;
D. PONCE; E. W. WYLIE CORPORATION;
D.W. SMITH; ARSENBERGER TRUCKING, INC.;
J. T. FOSBRINK; RYDER TRUCK RENTAL;
LORRRAINE ODZANA as ADMINISTRATRIX OF THE
ESTATE OF JAMES J. ODZANA; SHORELINE
TRANSPORTATION, INC.; and JACKYLN PACETTA as
ADMINISTRATRIX OF THE ESTATE OF MARIO J. CASTRO,
    Defendants.

### RYDER TRUCK RENTAL, INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT AND JURY CLAIM

Now comes the Defendant, Ryder Truck Rental, Inc., who has been improperly named in the caption as "Ryder Truck Rental" and answers the Plaintiffs' Second Amended Complaint as follows:

1. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

2. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

3. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

4. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

5. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

6.   The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

7.   The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

8.   The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

9.   The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

10.   The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

11.   The Defendant denies the allegations contained in this Paragraph other than that it is a foreign corporation in good standing and that it was the owner of a tractor trailer being operated by James J. Odzama at or about the time of the subject accident.

12.   The Defendant denies that James J. Odzama was its agent, servant or employee at any time. The Defendant is without information sufficient to admit or deny the remaining allegations contained in this Paragraph.

13.   The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

14.   The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

15.   The Defendant admits the jurisdictional allegations contained in this Paragraph with the exception of that relating to the amount in controversy, as to which the Defendant is without information sufficient to admit or deny the allegations.

16.   The Defendant admits the allegations contained in this Paragraph.

17.   The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

18.   The Defendant denies that its negligence caused the accident. The Defendant is without information sufficient to admit or deny the remaining allegations contained in this Paragraph.

19. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

20. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

21. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

22. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

23. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

24. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

25. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

26. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

27. The Defendant denies that Odzana was its agent, servant or employee. The Defendant is without information sufficient to admit or deny the remaining allegations contained in this Paragraph.

28. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

29. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

30. The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

31. The Defendant denies the allegations contained in this Paragraph to the extent they are intended to allege that the Defendant or any persons for whose conduct it is responsible, were negligent. The Defendant is without information sufficient to admit or deny the remaining allegations contained in this Paragraph.

32.   The Defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

### COUNTS IV-XIX

33-96.  These Counts and Paragraphs are not directed to this Defendant and therefore no further response is required.  However, to the extent they are intended to assert claims against this Defendant, the Defendant is without information sufficient to admit or deny the allegations contained in these Counts and Paragraphs.

### COUNT XX

97.   The Defendant repeats and reavers its responses to Paragraphs 1 through 96 as if specifically set forth herein.

98.   The Defendant denies the allegations contained in this Paragraph.

99.   The Defendant denies the allegations contained in this Paragraph.

100.  The Defendant denies the allegations contained in this Paragraph.

Wherefore, the Defendant states that Second Amended Complaint should be dismissed and the Plaintiff take nothing and the Defendant be awarded its costs and attorneys' fees.

### COUNT XXI

101-104 – This Count and these Paragraphs are not directed to this Defendant and therefore no further response is required.  However, to the extent they are intended to assert claims against this Defendant, the Defendant is without information sufficient to admit or deny the allegations contained in these Count and Paragraphs.

### COUNT XXII

105.  The Defendant repeats and reavers its responses to Paragraphs 1 through 104 as if specifically set forth herein.

106.  The defendant is without information sufficient to admit or deny the allegations contained in this Paragraph.

107.  The Defendant denies the allegations contained in this Paragraph.

108.  The Defendant denies the allegations contained in this Paragraph.

Wherefore, the Defendant states that Second Amended Complaint should be dismissed and the Plaintiff take nothing and the Defendant be awarded its costs and attorneys' fees.

## COUNT XXIII

109-112. This Count and these Paragraphs are not directed to this Defendant and therefore no further response is required. However, to the extent they are intended to assert claims against this Defendant, the Defendant is without information sufficient to admit or deny the allegations contained in these Count and Paragraphs.

## COUNTS XXIV-XXVII

113-128. These Counts and Paragraphs are not directed to this Defendant and therefore no further response is required. However, to the extent they are intended to assert claims against this Defendant, the Defendant is without information sufficient to admit or deny the allegations contained in these Counts and Paragraphs.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
And answering further, the Defendant states that the Second Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed.

### Second Affirmative Defense
And answering further, the Defendant states that if the Plaintiff, Steven McDermott was negligent, such negligence bars or reduces the Plaintiff's recovery under Massachusetts law.

### Third Affirmative Defense
And answering further, the Defendant states that the Plaintiffs' recovery, if any, is reduced pursuant to the provisions of Mass. G. L. c. 90.

### Fourth Affirmative Defense
And answering further, the Defendant states that the Plaintiffs' injuries, if any, were caused by persons for whose conduct the Defendant is not responsible.

JURY CLAIM

The Defendant demands a trial by jury as to all allegations set forth in the Second Amended Complaint, this Answer and any further responsive pleadings.

The Defendant,
By its Attorneys,

Scott J. Tucker - BBO#503940
Tucker, Heifetz & Saltzman, LLP
100 Franklin Street
Boston, Massachusetts 02110
(617) 557-9696

I hereby certify that I made service of the foregoing document in accordance with the provisions of Fed. R. Civ. P. 5.
6-5-07