UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN McDERMOTT,<br>STACEY MCDERMOTT<br>    Plaintiffs,<br><br>vs.<br><br>FED EX GROUND PACKAGE<br>SYSTEMS, INC., et al.<br>    Defendants | Civil Action No.: 04-CV-12253 |

**FEDEX GROUND PACKAGE SYSTEM, INC.'S AND TIM PRUITT'S OPPOSITION TO CARDINAL HEALTH 200, INC. f/k/a ALLEGIANCE HEALTH CARE, INC.'S MOTION TO DISMISS**

### I.   INTRODUCTION

Defendants FedEx Ground Package System, Inc. ("FedEx") and Tim Pruitt, hereby oppose defendant Cardinal Health 200, Inc. f/k/a Allegiance Health Care, Inc.'s ("Allegiance") Motion to Dismiss on the grounds that this Court does in fact have personal jurisdiction over Allegiance as authorized by statute. M.G.L. c. 223, § 38. Further, this Court's exercise of jurisdiction is consistent with the basic due process requirements mandated by the United States Constitution.

### II.   RELEVANT FACTS

This case arises out of a February 7, 2003 motor vehicle accident involving seven tractor-trailers and eight different collisions on Interstate 84 Eastbound in Pennsylvania ("Accident"). A true and accurate copy of the plaintiff's Second Amended Complaint is attached hereto as <u>Exhibit A</u>. The plaintiffs allege that they sustained personal injuries and loss of consortium as a result of the Accident and they have, in turn, brought suit in

this Court against twelve defendants allegedly involved in the Accident. Exhibit A[1]. One of the defendants named by the plaintiff is Allegiance Health Care, Inc. Exhibit A. The Allegiance tractor-trailer operated by Damian Ponce was the initial tractor-trailer that started the Accident and according to Trooper Bradley Beach's investigation, was "the basic cause of the whole [Accident]." A true and accurate copy of the deposition of Trooper Bradley Beach is attached hereto as Exhibit B (p. 36:11).

Based on information obtained from the Massachusetts Secretary of State webpage and the BioSpace website, Allegiance Healthcare Corporation was improperly named Allegiance Health Care, Inc. both in the plaintiff's Second Amended Complaint and in Allegiance's Motion to Dismiss. A true and accurate copy of the Secretary of State "Summary Screen" for Cardinal Health 200, Inc. is attached hereto as Exhibit C; a true and accurate copy of the Allegiance Healthcare Corporation Amended Foreign Corporation Certificate with attachments is attached hereto as Exhibit D; a true and accurate copy of the BioSpace web page, http://www.biospace.com/company_profile.aspx?company ID=373704 is attached hereto as Exhibit E. Prior to the Accident, Allegiance Healthcare Corporation was a registered corporation doing business in the state of Massachusetts since 1996. Exhibit C.

On December 5, 2002, prior to the Accident, Allegiance Healthcare Corporation was a fully owned subsidiary of Cardinal Health, Inc. Exhibit D. On December 5, 2002 Cardinal Health, Inc. also renamed the Allegiance Healthcare Corporation, Cardinal Health 200, Inc. Exhibit D. Cardinal Health, Inc. "Makes more than 50,000 deliveries to 40,000 customer sites, including hospitals, pharmacies and other points of care" and "distributes one-third of all pharmaceuticals, medical, lab and surgical products in the

---
[1] See Affidavit of Adam A. Larson concerning the exhibits attached to the Opposition.

U.S. from manufacturers to providers of health care." A true and accurate copy of a portion of the Cardinal Health, Inc. web page http:cardinalhealth.com/us/en/aboutus/facts/index.asp is attached hereto as <u>Exhibit F</u>.

According to Allegiance's own employee, Kent Howell, "Allegiance Healthcare was principally a distributor and, to a lesser extent, a manufacturer of medical supplies. Most of its customers were hospitals." See Affidavit of Kent Howell attached to Allegiance's Motion to Dismiss. Mr. Howell also stated in his Affidavit that at the time of the Accident, Allegiance had an "office" located in the town of Bedford, Massachusetts. <u>Id.</u> Allegiance's so-called "office" prior to the Accident and when it became Cardinal 200, Inc., appears to be a large sized distribution center for medical supplies, identified on Cardinal Health, Inc.'s website as one of 40 that Cardinal Health, Inc. has throughout the United States. <u>Exhibit F</u>. A true and accurate copy of a portion of the Cardinal Health, Inc. web page http://www.cardinal.com/fleet/locations/ is attached hereto as <u>Exhibit G</u>; a true and accurate copy of the yellowpages.com listing together with a "birds eye view" of the Cardinal Health, Inc. Bedford, Massachusetts address is attached hereto as <u>Exhibit H</u>. Judging from the current size of the Bedford, Massachusetts facility, Allegiance maintained a large stock of medical products for distribution in Massachusetts at this facility at any one time including back at the time of the Accident. <u>Exhibit H</u>. Cardinal Health, Inc. also operates "170 nuclear pharmacies," including one in Boston, Massachusetts, "delivering 14 million radio-pharmaceutical doses to hospitals and outpatient care centers every year." A true and accurate copy of a portion of the Cardinal Health, Inc. web page

3

http://nps.cardinal.com/nps/content/aboutus/facilities/index.asp is attached hereto as Exhibit I; Exhibit F.

## STANDARD OF REVIEW

The defendant Allegiance has moved to dismiss plaintiffs' claims and FedEx's and Timothy Pruitt's cross-claims pursuant to Rule 12(b)(2) for lack of personal jurisdiction. "On a motion to dismiss for want of *in personam* jurisdiction, the plaintiff bears the burden of persuading this Court that jurisdiction exists." Boston Scientific Corp. v. Bonzel, 132 F.Supp.2d 45, 49 (D. Mass. 2001) (citing Mass. Sch. Of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998)). Plaintiffs must demonstrate both that jurisdiction is authorized by Massachusetts statute and that the exercise of such jurisdiction comports with due process. United Electrical Radio and Machine Workers of America v. 163 Pleasant Street Corp., 960 F.2d 1080, 1086 (1st Cir. 1992); See also Good Hope Industries, Inc. v. Ryder Scott Co., 389 N.E.2d 76, 79 (SJC Mass. 1979). In determining whether personal jurisdiction exists, the court may consider any evidence, including facts alleged in the pleadings, affidavits, discovery materials or exhibits. Ealing Corp. v. Harrods, Inc., 790 F.2d 978, 979 (1st Cir. 1986).

## ARGUMENT

**A.      Allegiance's Claim That Plaintiffs Cannot Establish Personal Jurisdiction Because They Cannot do so Under the Massachusetts Long-Arm Statute is Incorrect as a Matter of Law.**

Allegiance's argument is flawed in that it only addresses the plaintiffs' claims in relation to specific personal jurisdiction under the Massachusetts long-arm statute. Allegiance patently fails to acknowledge that this court has general personal jurisdiction over Allegiance pursuant to M.G.L. 223, § 38 and the exercise of such jurisdiction under

4

state law is consistent with basic due process requirements mandated by the United States Constitution.

Allegiance is correct in stating that generally, in a diversity case, the determination of personal jurisdiction is a twofold inquiry. See e.g., Hahn v. Vermont Law School, 698 F.2d 48, 50 (1st Cir. 1983); United Electrical Radio and Machine Workers of America, 960 F.2d at 1086; Good Hope Industries, Inc. 389 N.E. 2d at 79. However, Allegiance makes a bald misstatement of the law when it cites to Haun, 698 F.2d at 49 for the proposition that in the first portion of this twofold inquiry, "[t]he court must ... ascertain whether jurisdiction is granted by the forum state's long-arm statute." Haun, supra, actually states, and FedEx agrees, that the twofold inquiry for the determination of personal jurisdiction is as follows: "'1) is the assertion of jurisdiction authorized by the statute, and 2) if authorized, is the exercise of jurisdiction under State law consistent with basic due process requirements mandated by the United States Constitution.'" 698 F.2d at 50 (quoting Good Hope Industries, Inc. 389 N.E. 2d at 79).

It is well settled in all of the circuits that plaintiffs may establish either general or specific *in personam* jurisdiction. Helicopteros Nacionales De Columbia v. Hall, 466 U.S. 408 (1984); Boston Scientific Corp. v. Bonzel, 132 F.Supp.2d at 49 (citing Mass. Sch. Of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d at 34). Specific jurisdiction exists when "'there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities' such as when the litigation itself is founded directly on those activities." Boston Scientific Corp. v. Bonzel, 132 F.Supp.2d at 49 (quoting Mass. Sch. Of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d at 34). General jurisdiction exists when "the litigation is not directly founded on the defendant's forum-

based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state." Id.

With reference back to the first portion of the Haun inquiry, in Massachusetts, specific jurisdiction may be established under the Massachusetts long arm statute. Boston Scientific Corp. v. Bonzel, 132 F.Supp.2d at 49. Allegiance's argument for dismissal addresses only personal jurisdiction within this context of specific jurisdiction and the Massachusetts long arm statute. In so arguing, Allegiance sites only to cases that discuss specific personal jurisdiction. See e.g. Hahn v. Vermont Law School, 698 F.2d 48 (1st Cir. 1983); Singer v. Piaggio & C, 420 F.2d 679 (1st Cir. 1970); Merced v. JLG Industries, Inc, 170 F.Supp.2d 65 (D. Mass. 2001); Good Hope Industries, Inc. v. Ryder Scott Co., 389 N.E.2d 76 (SJC Mass. 1979). However, the assertion of general personal jurisdiction is likewise authorized by statute in Massachusetts, and it is thereby a second means of satisfying the first portion of the Haun analysis. Buckeye Associates, Ltd. V. Fila Sports, Inc., 616 F.Supp. 1484, 1491, fn 9 (D. Mass. 1984). Allegiance failed to recognize this second statutory means of conferring personal jurisdiction upon them.

The Massachusetts statute that authorizes the exercise of general personal jurisdiction over a foreign corporation is M.G.L. c. 223, § 38. M.G.L. c. 223, § 38 "has not been supplanted by the long arm statute and therefore remains an independently viable basis for asserting jurisdiction over a foreign corporation." Id. On its face, M.G.L. c. 223, § 38 permits service of process on a foreign corporation that "has a usual place of business in the commonwealth, or ... is engaged in or soliciting business in the commonwealth." It is well settled in Massachusetts that M.G.L. c. 223, § 38 confers personal jurisdiction over a foreign corporation where the foreign corporation is served

pursuant to M.G.L. c. 223, § 37 and the corporation's activities affect Massachusetts commerce substantially or "'so affected the transaction at issue as to make Massachusetts an appropriate forum.'" Buckeye Associates, Ltd., 616 F.Supp. at 1491, fn 9 (quoting Mas Marques v. Digital Equipment Corp., 637 F.2d 24, 28 (1st Cir. 1980)). If a foreign corporation is served under M.G.L. c. 223, § 37, Massachusetts has extended personal jurisdiction over such a foreign corporation under M.G.L. c. 223, § 38 where the "corporation's activities more closely approximated the regular conduct of a domestic corporation – that is to say, where the defendant was clearly 'doing business' in Massachusetts," even if there is no direct connection between these activities and the subject suit. Caso v. Lafayette Radio Electronics Corp., 370 F.2d 707, 712 (1st Cir. 1966).

In Howse v. Zimmer Manufacturing Co., 757 F.2d 448 (1st Cir. 1985), the First Circuit found that, Zimmer, a Delaware corporation with a principle place of business and home office in Indiana, was subject to personal jurisdiction in Massachusetts under M.G.L. c. 223, § 38 even though the injury at issue did not occur in Massachusetts, because they were "doing business" in Massachusetts. The plaintiff Howse was, before and after his injury a resident of Massachusetts. Id. at 448. Mr. Howse was involved in a motorcycle accident in Rota, Spain and underwent surgery to repair his hip at the United States Naval Hospital in Rota, Spain. Id. Mr. Howse claimed that he was injured by a Zimmer surgical implant implanted in him while he was at the United States Naval Hospital in Rota, Spain and he filed suit in the United States District Court in Massachusetts. Id. at 449. Zimmer manufactured surgical implants. Id. at 449. Zimmer did not manufacture any of its products in Massachusetts. Id.

At the time of the incident Zimmer was not registered to do business in Massachusetts nor did Zimmer have a registered agent in Massachusetts. Id. Zimmer likewise did not have an office, telephone, telephone listing, bank account or postal address in Massachusetts. Id. Zimmer did however, distribute its products in Massachusetts through Docherty Associates, Inc., a Massachusetts Corporation located in Concord, Massachusetts. Id. The First Circuit held that personal jurisdiction was appropriately conferred over Zimmer under M.G.L. c. 223, § 38 because even though Zimmer did not maintain a telephone listing or office in Massachusetts, its exclusive Massachusetts distributor used Zimmer's name as part of its own and maintained in Massachusetts a large stock of Zimmer parts for distribution at any one time. Id. at 452. Further, Zimmer's sales in Massachusetts were significant and Zimmer often sent representatives to Massachusetts to confer with surgeons concerning the development of new products. Id.

Plaintiffs can establish personal jurisdiction over Allegiance under M.G.L. c. 223, § 38. It is clear that the present matter is not unlike Howse, supra. In the present case there is no question that Allegiance was doing business in Massachusetts prior to the Accident and thereafter as Cardinal 200, Inc. Prior to the Accident, Allegiance Healthcare Corporation was a registered corporation doing business in the state of Massachusetts since 1996. Exhibit C. According to Allegiance's own employee, Kent Howell, "Allegiance Healthcare was principally a distributor and, to a lesser extent, a manufacturer of medical supplies. Most of its customers were hospitals." See Affidavit of Kent Howell attached to Allegiance's Motion to Dismiss. Mr. Howell also stated in his Affidavit that at the time of the Accident, Allegiance had an "office" located in the

town of Bedford, Massachusetts. Id. Allegiance's so-called "office" prior to the Accident and when it became Cardinal 200, Inc., appears to be a large sized distribution center for medical supplies that is currently identified on Cardinal Health, Inc.'s website as one of 40 that Cardinal Health, Inc. has throughout the United States. Exhibit G; Exhibit H. Further, reminiscent of the distributor in Howse, the Bedford, Massachusetts facility is the only distribution facility Cardinal Health, Inc. currently uses in Massachusetts and judging upon the size of the facility, maintains a large stock of medical products for distribution in Massachusetts at any one time, including at the time of the Accident. 757 F.2d at 452; Exhibit H.

Further, according to the filings made with the Secretary of State's Office on December 5, 2002, prior to the Accident, Allegiance Healthcare Corporation was a fully owned subsidiary of Cardinal Health, Inc. Exhibit D. On December 5, 2002 Cardinal Health, Inc. also renamed the Allegiance Healthcare Corporation Cardinal Health 200, Inc. Exhibit D. Cardinal Health, Inc. "Makes more than 50,000 deliveries to 40,000 customer sites, including hospitals, pharmacies and other points of care" and "distributes one-third of all pharmaceuticals, medical, lab and surgical products in the U.S. from manufacturers to providers of health care." Exhibit F. Cardinal Health, Inc. also operates "170 nuclear pharmacies," including one in Boston, Massachusetts, "delivering 14 million radio-pharmaceutical doses to hospitals and outpatient care centers every year." Exhibit F; Exhibit I.

There is no question that the foregoing conclusively shows that Allegiance Healthcare had a usual place of business in Massachusetts and was distributing medical supplies in Massachusetts on a regular basis at all relevant times such that it was engaged

in continuous and systematic activity in Massachusetts. Allegiance was clearly doing business in Massachusetts at all relevant times including at the time of the Accident. Therefore, even if Allegiance has no specific connection with Massachusetts to the subject Accident, Allegiance is still subject to general personal jurisdiction pursuant to M.G.L. c. 223, § 38.

With respect to the issue of service of process, pursuant to M.G.L. c. 223, § 38, service upon Allegiance must be effectuated pursuant to M.G.L. c. 223, § 37. M.G.L. c. 223, § 37 provides for service upon the president, treasurer, clerk, resident agent appointed by the corporation pursuant to Massachusetts law, cashier, secretary, agent or other officer in charge of its business, or, if no officer if found within the county, upon any member of the corporation. It is not clear to FedEx at this time if Allegiance was served pursuant to any of these means as the plaintiffs have not yet filed returns of service. However, even if Allegiance was not served pursuant to any of these means, personal jurisdiction under M.G.L. c. 223, § 38 does not fail. Howse v. Zimmer Manufacturing, Inc., 109 F.R.D. 628, 631 (D. Mass. 1986). The Court held:

> Service of Process that is technically incorrect does not warrant dismissal where the defendant has received actual notice in time to preserve its rights and the character of the irregularity does not affect the validity of the judicial proceeding .... It serves no useful purpose for a court to dismiss a case, only to have it re-filed and re-served, unless it is clear that service cannot ever be effectively made." Id. (citations omitted).

In the present case, Allegiance does not dispute that it received notice of the plaintiffs' action and does not claim to have been prejudiced by the method of service used. Further, there is no question that, if given the opportunity by this Court, the plaintiffs would be able to properly effectuate service upon Allegiance pursuant to M.G.L. c. 223, § 37 through its registered agent listed with the Massachusetts Secretary of State. Exhibit

C. Therefore, insufficiency of service of process under M.G.L. 223 § 37 should not be grounds for dismissal in this case. Id.

Finally, this Court's exercise of jurisdiction over Allegiance pursuant to M.G.L. c. 223, § 38 is consistent with basic due process requirements mandated by the United States Constitution.'" Haun 698 F.2d at 50 quoting Good Hope Industries, Inc. 389 N.E. 2d at 79. As set forth in detail above, Allegiance's activities in Massachusetts show sufficient 'contact' with the state so that it is reasonable to require Allegiance to answer a suit here. International Shoe Co. v. State of Washington, 326 U.S. 310 (1945); McGee v. International Life Ins. Co., 355 U.S. 220 (1957).

**B.     Allegiance's Motion to Dismiss Should be Denied Because It Has Already Agreed That it is Amenable to Suit in This Commonwealth.**

There is no question that Allegiance has delivered to the Secretary of State of Massachusetts a "Foreign Corporation Certificate" and an "Amended Foreign Corporations Certificate" pursuant to M.G.L. c. 156D, § 15.03 and § 15.04 respectively. Exhibit C; Exhibit D. "Pursuant to the "Comment" attached to M.G.L. c. 156D, § 15.07, "[a] foreign corporation that delivers the certificate required by § 15.03 thereby agrees that it is amenable to suit in the commonwealth." Therefore, as a matter of law, Allegiance has availed itself to the personal jurisdiction of Massachusetts and cannot now argue to the contrary.

**C.     Allegiance's Motion to Dismiss Should Be Denied In the Interest of Judicial Efficiency and Conservation of Court Resources.**

FedEx has a cross-claim against Allegiance. If this claim is dismissed, FedEx will still have the right to seek contribution from Allegiance pursuant to 42 Pa.C.S.A. § 8324 et. seq. FedEx could file such a claim after final adjudication on this matter if there

11

is a finding of liability adverse to FedEx. Therefore, in the interest of judicial efficiency and conservation of court resources, all claims concerning this matter should be heard at the same time in this Court.

## CONCLUSION

For the foregoing reasons, Allegiance's Motion to Dismiss should be denied. Personal jurisdiction over Allegiance is properly conferred by this Court pursuant to M.G.L. c. 223, § 38. Further, this Court's exercise of jurisdiction is consistent with the basic due process requirements mandated by the United States Constitution.

DEFENDANT,
FEDEX GROUND PACKAGE SYSTEM, INC.,
TIMOTHY PRUITT
By Their Attorneys,
CAMPBELL CAMPBELL EDWARDS &
CONROY PROFESSIONAL CORPORATION

/s/ Adam A. Larson

_____
James M. Campbell (BBO #541882)
Adam A. Larson (BBO #632634)
Cortney L. Merrill (BBO #661593)
One Constitution Plaza
Boston, Massachusetts 02129
(617) 241-3000

## CERTIFICATE OF SERVICE

I, Adam A. Larson, certify that on July 6, 2007 a true copy of the above was sent electronically, and by first class mail to:

Joseph M. Mahaney
Goeguen, McLaughlin, Richards &
Mahaney, P.C.
The Harrier Beecher Stowe House
Two Pleasant Street
South Natick, MA 01760
(508) 651-1000


Cheryl A. Enright
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
(617) 737-8836

Kevin M. Riordan
Boyle, Morrissey & Campo, P.C.
695 Atlantic Avenue
Boston, MA 02127
(617) 451-2000

Brian J. Donegan
Neville & Keer LLC
24 Muzzey Street
Lexington, MA 02421
(781) 372-7200

Howard M. Kahalas
Michael P. Welsh
Law Office of Howard M. Kahalas
Six Beacon Street, Suite 700
Boston, MA 02108
Phone: 617-523-1155


Michael D. Riseberg
Adler, Pollock & Sheehan, PC
175 Federal Street
Boston, MA 02110
(617) 482-0600

Scott J. Tucker
Tucker, Heifetz & Saltzman
Three School Street
Boston, MA 02108
(617) 557-9696

Maynard Kirpalani
Michele Carlucci
Wilson, Elser, Moskowitz, Edelman &
Dicker LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300


/s/ Adam A. Larson
_____
Adam A. Larson