UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN McDERMOTT and <br> STACEY McDERMOTT <br> Plaintiffs, <br> v. <br><br> FEDEX GROUND PACKAGE <br> SYSTEMS, INC., T.S. PRUITT, <br> ALLEGIANCE HEALTHCARE, INC., <br> D. PONCE, E. W. WYLIE <br> CORPORATION, D.W. SMITH, <br> ARSENBERGER TRUCKING, INC., <br> J.T. FOSBRINK, RYDER TRUCK <br> RENTAL; LORRRAINE ODZANA as <br> ADMINISTRATRIX OF THE ESTATE <br> OF JAMES J. ODZANA, SHORELINE <br> TRANSPORTATION, INC.; JACYLYN <br> PALETTA as ADMINISTRATIX OF <br> THE ESTATE OF MARIO J. CASTRO; <br> Defendants | CIVIL ACTION NO. 04-CV-12253MLW |

**PLAINTIFFS, STEVEN MCDERMOTT AND STACEY MCDERMOTT'S
OPPOSITION TO THE DEFENDANT, ALLEGIANCE HEALTHCARE, INC.'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

I.  **INTRODUCTION**

The above entitled action was filed in the U.S. District Court on or about October 26, 2004 and arises from a multiple tractor trailer accident that occurred on February 7, 2003 in the Commonwealth of Pennsylvania. Plaintiff's ("McDermott") filed a Second Amended Complaint on or about December 22, 2006, incorporating a number of additional defendants, specifically, Allegiance Healthcare, Inc. ("Allegiance").

1

Allegiance moves to dismiss on the basis of lack of in personam jurisdiction. The Plaintiff's now respond to Allegiance's Motion to Dismiss.

II.   **SUMMARY OF FACTS**[1]

On or about February 7, 2003 the plaintiff, Steven McDermott was severely injured in an automobile accident on Interstate 84 in the Commonwealth of Pennsylvania. The plaintiff had completed his scheduled deliveries and was driving back to Massachusetts in the early morning hours. While driving east on Interstate 84, a snowstorm converged on the area and began covering the highway. Despite the dangerous conditions, a number of tractor-trailer drivers continued driving at speeds considerably above what was safe and reasonable. A multiple truck accident occurred on the Interstate, including but not limited to the truck owned by Allegiance Healthcare, Inc., and operated by its driver, D. Ponce. The Plaintiff contends that Allegiance and its agent, servant and/or employee, D. Ponce, were negligent in the manner in which they operated their tractor-trailers in light of the roadway conditions. Their negligent acts and/or omissions resulted in numerous collisions effectively blocking the highway and littering the highway with their respective loads. The Plaintiff contends that he was driving safely and reasonably given the weather conditions. The Plaintiff contends that he was able to stop his tractor-trailer despite the debris and damaged tractor-trailers that were strewn about the roadway. Within moments of the Plaintiff stopping his vehicle, he was struck with considerable force by a FedEx Ground tractor and tandem trailer, totaling both his tractor and trailer and causing him severe and permanent injury. The Defendant's, including but not limited to the Allegiance and its agent, servant and/or

---

[1] Plaintiff Stacey McDermott maintains a loss of consortium claim against all defendants.

employee, D. Ponce, were negligent with respect to the Plaintiff's safety such that a person exercising ordinary care would not have taken. These acts were a substantial and contributing cause of the accident and to the injuries that later occurred.

### III.  ARGUMENT

#### A.  Massachusetts Long Arm Statute

To determine that personal jurisdiction is appropriate, the court must "find sufficient contacts between the defendant and the forum to satisfy both that state's long-arm statute and the Fourteenth Amendment's Due Process clause." Sawtelle v. Farrell, 70 F.3d 1381, 1387 (1st Cir.1995). The Massachusetts long arm statute provides, in relevant part, that

> "A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action...arising from the person's (a) transacting any business in this commonwealth...."

Mass. Gen. Laws Ch. 223A, § 3. Courts broadly construe the statutory requirement of "transacting any business". United Elec., Radio & Machine Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1087 (1st Cir.1992); Ross v. Ross, 371 Mass. 439 (1976). A single act may be sufficient. Morrill v. Tong, 390 Mass. 120, 132. The federal Constitutional requirements for personal jurisdiction are based upon minimum contacts: a court asserting personal jurisdiction must determine that the nonresident defendant possesses sufficient minimum contacts with the forum state so that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

3

The "transacting business" requirement is construed broadly and may be of a personal rather than a commercial nature. *Id.* While a single transaction within Massachusetts is generally insufficient to warrant a finding of jurisdiction, the purposeful and successful solicitation of business from residents of Massachusetts will usually suffice to satisfy the "transacting business" prong of the jurisdictional test. *Id.* at 768. See Gunner v. Elmwood Dodge, Inc., 24 Mass.App.Ct. 96 (1987).

> The Massachusetts long arm statute also provides, in relevant part, that
>
> "A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action...arising from the person's (e) having an interest in, using or possessing real property in this commonwealth ..."

The Massachusetts long arm statute provides that a Massachusetts court, which has subject matter jurisdiction, may exercise jurisdiction over a person who commits an actionable act while having an interest in, using or possessing real property in this commonwealth. Kolberg v. Channell, 2006 Mass. App. Div. 18 (2006), questions whether the defendant "purposefully established 'minimum contacts' in [Massachusetts]." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985), quoting International Shoe Co. v. Washington, 26 U.S. 310, 316 (1945). A defendant cannot reasonably anticipate being subject to out-of-state litigation unless "'there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Burger King Corp., supra at 474-75, quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958). The "purposeful availment" requirement ensures that no defendant will be haled into a foreign jurisdiction solely as a result of contacts that are random, fortuitous or attenuated. Burger King Corp., supra at 475, citing Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774 (1984).

4

A party may also consent to the exercise of jurisdiction over the person, though not to the subject matter. G.L. c.223A, §2 states:

"A court may exercise personal jurisdiction over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in, this commonwealth as to any cause of action."

"A sale of the jeep on eBay was random and established only an attenuated connection to Massachusetts. [Channell] could not reasonably anticipate being subject to a lawsuit in Massachusetts based on this act". Kolberg, supra.

Further, a federal court has personal jurisdiction over a non-consenting, nonresident defendant if a court of the state in which that court sits would have jurisdiction over the lawsuit. **Giotis v. Apollo of the Ozarks, Inc.**, 800 F.2d 660, 664 (7th Cir.1986).[2]

Applying these principles here, however, Allegiance has availed itself of the privileges of conducting business in this state, as well as having an interest in, using or possessing real property in this Commonwealth by maintaining a corporate office and distribution center in the Commonwealth, deriving benefits from hospitals and healthcare centers throughout the Commonwealth. Allegiance maintains both a corporate office and distribution center in Bedford, Massachusetts. Allegiance, based on this location, sells and supplies goods and services to hospitals and healthcare agencies throughout the Commonwealth. Allegiance maintains a website listing the Bedford, Massachusetts office and distribution center. Allegiance continues to refer to itself as Allegiance in the Commonwealth and not solely as Cardinal Health.

---

[2] Refer to counsel for McDermott's affidavit outlining Allegiance's contacts within the jurisdiction based on investigation, information and belief.

5

Allegiance is *transacting business* in this Commonwealth. They enjoy the benefits and protections given to them under the umbrella of the General Laws. Allegiance can't say they are not responsible to citizens of this Commonwealth in the event injuries are caused by their negligent actions and/or omissions.

### B. General Jurisdiction

This Court should exercise general jurisdiction over Allegiance due to their continuous and systematic activity and business conducted in the Commonwealth of Massachusetts.

Even where there are insufficient contacts, a court may exercise authority over a defendant by virtue of *general jurisdiction*. Massachusetts School of Law at Andover, Inc. v. American Bar Association, 142 F.3d 26, 34 (1st Cir. 1998), citing Donatelli v. National Hockey League, 893 F.2d 459, 462-463 (1st Cir. 1990). (emphasis supplied) "General jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state."' Massachusetts School of Law, supra, quoting United Elec., Radio & Mach. Workers v. 163 Pleasant St. Corp., 960 F.2d 1080, 1088 (1st Cir. 1992). General jurisdiction exists only when a party has "continuous and systematic" contacts with the forum state. Helicopteros Nacionales de Colombia, S.A., 466 U.S. at 416, 104 S.Ct. 1868. When general jurisdiction exists, a party may be sued in the forum state on any matter, even one unrelated to the party's contacts with the state. *Id.* Because the consequences of finding general jurisdiction are more far-reaching than those flowing from a finding of specific jurisdiction, the

constitutional standard for general jurisdiction is considerably more stringent than the standard for specific jurisdiction. Purdue Research Foundation, 338 F.3d at 787; Bancroft & Masters, Inc. v. Augusta National Inc., 223 F.3d 1082, 1086 (9th Cir.2000) (general jurisdiction "requires that the defendant's contacts be of the sort that approximate physical presence").

Applying these principles here, Allegiance filed their first foreign certificate in the Commonwealth over ten (10) years ago. See Exhibit A.

Allegiance has availed itself of the privileges of conducting business in this state by maintaining a corporate office and distribution center in the Commonwealth, deriving monetary benefits from hospitals and healthcare centers throughout the Commonwealth. Allegiance maintains both a corporate office and distribution center in Bedford, Massachusetts. Allegiance maintains a website listing the Bedford, Massachusetts office and distribution center. Allegiance continues to refer to itself as Allegiance in the Commonwealth and not solely as Cardinal Health.

General jurisdiction in the present case allows this Court to exercise jurisdiction over Allegiance.

### C.  Due Process Clause of the Fourteenth Amendment

The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.' Heins v. Wilhelm Loh Wetzlar Optical Machinery GMBH & Co., 26 Mass. App. Ct.14, quoting International Shoe v. Washington,, 326 U.S. 310, 319 (1945). The Due Process Clause "gives a degree of predictability to the legal system that

7

allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." Heins, 26 Mass.App.Ct. at 21, quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). The requirement for fair warning to an out-of-state defendant is satisfied when he has "purposefully directed" his activities at residents in the forum state, Heins, 26 Mass.App.Ct at 22, quoting Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774 (1984), and the resulting litigation stems "from alleged injuries that 'arise out of or relate to' those activities." Heins, 26 Mass.App.Ct. at 22 quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984).

Allegiance's continued and substantial sales to both individuals and businesses throughout the Commonwealth satisfy the "purposefully directed" prong of the Due Process Clause and McDermott's injuries *arise from* the distribution and deliveries of Allegiance products.

"Thus 'the forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State' and those products subsequently injure forum consumers." Heins, 26 Mass.App.Ct. at 22 quoting World-Wide Volkswagen Corp., 444 U.S. at 297-98. The Massachusetts long-arm statute allows jurisdiction to be exercised to the limits allowed by the United States Constitution. Lamarche, 65 Mass.App.Ct. at 892; Automatic Sprinkler Corp. of America v. Seneca Foods Corp., 361 Mass. 441, 443 (1972). Only if MSA, "has such minimum contacts with the state 'that the maintenance of the suit does

not offend traditional notions of fair play and justice,' " or has "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws," may the forum state permissibly use its long-arm statute within due process. Good Hope Industries, Inc., 378 Mass. At 7, quoting International Shoe, Co., 326 U.S. at 316; Hanson v. Denckla, 357 U.S. 235, 253 (1958). As such, it is the Court's duty to inquire, "whether there was some minimum contact with the Commonwealth which resulted from an affirmative, intentional act of the defendant, such that it is fair and reasonable to require the defendant to come into the State to defend the action." Good Hope Industries, Inc., 378 Mass. At 7.

Similarly, in Heins, 26 Mass.App.Ct. at 27, the Appeals Court held that the exercise of long-arm jurisdiction by a Massachusetts court over a West German manufacturer in a suit brought by an injured worker, where the manufacture had solicited business in the Commonwealth, and derived substantial revenue from machines sold in the State, did not violate the due process clause. The Court found it persuasive that the manufacturer was aware that its products had been purchased by Massachusetts customers for use in the Commonwealth, that dozens of the manufacturer's machines were in use in the forum State, and that the manufacturer sent employees to Massachusetts to visit existing or prospective customers at three different companies.

If the ends of justice would be better served by trial of the action in another state, then the Court will consider such factors as (1) the location of the parties, (2) the expense of litigation (*e.g.*, of securing attendance of witnesses), (3) the availability of witnesses, (4) the ease of access to proof, (5) the enforceability of the judgment and (6) the ability to

bring suit in another state. New Amsterdam Casualty Co. v. Estes, 353 Mass. 90 (1967); Green v. Manhattanville, 40 Mass.App.Ct. 76 (1996).

Allegiance, in their defense of this suit, should not be offended by traditional notions of fair play and substantial justice. The inconvenience, or more accurately, the hardship, would be born by the Plaintiffs in having to pursue this case outside of this jurisdiction. Allegiance's substantial presence and connection with the Commonwealth are such that they should reasonably anticipate being haled into Massachusetts courts.

### D. Forum Non Conveniens/Adequate Alternative Forum

This particular issue was addressed by Alexander, M.J. on her Honor's Order on FedEx Ground Package System, Inc., Motion for Transfer Venue (Docket #17) and attached hereto as Exhibit B.

Only in rare instances will the alternative forum be inadequate, such as where severe obstacles to conducting litigation exist. Rustal Trading US, Inc., 17 Fed.Appx. at 335 (citing *id.*). Indeed, a forum is not adequate if the "remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all...." Piper Aircraft Co., 454 U.S. at 254, 102 S.Ct. 252. See also Dowling v. Richardson-Merrell, Inc., 727 F.2d 608, 615 (6th Cir.1984).

### E. Deference to Plaintiffs' Choice of Forum

Deference should be given to the McDermotts' choice of forum. "Before balancing

the various private and public interest factors at issue, the Court must first determine how much deference to afford the Plaintiffs' choice of forum. In general, a plaintiff's choice of forum is afforded a great amount of deference. U.S. plaintiffs, however, are afforded a heightened deference: [T]he standard of deference for a U.S. plaintiffs choice of a home forum permits dismissal only when the defendant "establish[es] such **oppressiveness** and **vexation** to a defendant as to be out of all proportion to plaintiffs convenience, which may be shown to be slight or nonexistent." Duha, 448 F.3d at 873-74 (emphasis added) (quoting Koster v. American Lumbermens Mut. Cas. Co., 330 U.S. 518, 524, 67 S.Ct. 828, 91 L.Ed. 1067 (1947)). The Court will dismiss only if "the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court." Piper Aircraft Co., 454 U.S. at 256 n. 23, 102 S.Ct. 252. (1984).

## IV.  CONCLUSION

For these reasons, the Plaintiffs respectfully request this Court deny Defendant Allegiance Healthcare Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction.

Respectfully submitted,
The Plaintiffs, Steven and Stacey McDermott,
By their attorneys,

/s/  Joseph M. Mahaney

Joseph M. Mahaney BBO# 5549042
Goguen, McLaughlin, Richards & Mahaney, LLP
The Harriet Beecher Stowe House
Two Pleasant Street
South Natick, MA 01760
(508) 651-1000

/s/ Michael P. Welsh

Michael P. Welsh  BBO# 555678
Law Office of Howard M. Kahalas
Six Beacon Street, Suite 700
Boston, MA 02108
(617) 523-1155

dated: July 6, 2007

## CERTIFICATE OF SERVICE

I, Joseph M. Mahaney, certify that on July 6, 2007 a true copy of the above was filed electronically and therefore sent to all parties identified through the ECF system.

/s/ Joseph M. Mahaney

Joseph M. Mahaney