UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STEVEN McDERMOTT,
STACY McDERMOTT,

    Plaintiffs,

vs.

FEDEX GROUND PACKAGE
SYSTEMS, INC., T.S. PRUITT,
ALLEGIANCE HEALTHCARE, INC.,
D. PONCE, E.W. WYLIE
CORPORATION, D.W. SMITH,
ARSENGERGER TRUCKING, INC.,
J.T. FOSBRINK, RYDER TRUCK
RENTAL; LORRAINE ODZANA as
ADMINISTRATRIX OF THE ESTATE
OF JAMES J. ODZANA, SHORELINE
TRANSPORTATION, INC., JACLYN
PALETTA as ADMINISTRATRIX OF
THE ESTATE OF MARIO J. CASTRO,

    Defendants

CASE NO. NO.: 04CV12253

**DEFENDANT, SHORELINE TRANSPORTATION, INC.'S MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION**

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, the Defendants

Shoreline Transportation, Inc., hereby move that all claims and cross-claims against them

be dismissed for lack of personal jurisdiction.

DEFENDANT,
SHORELINE TRANSPORTATION INC.,
By their attorney,

/s/ Brian J. Donegan
Brian J. Donegan
NEVILLE LAW, LLC
24 Muzzey Street
Lexington, MA 02421
(781) 372-7200
BBO Number: 648501
Dated: July 23, 2007

## CERTIFICATE OF SERVICE

I, Brian J. Donegan, Esquire attorney for the Defendant, Shoreline Transportation, Inc., hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this day.

Date:   July 23, 2007

/s/ Brian J. Donegan
Brian J. Donegan, Esquire
NEVILLE LAW, LLC
24 Muzzey Street
Lexington, Massachusetts 02421
BBO # 648501
Tel: (781) 372-7200
Fax: (781) 372-7299

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STEVEN McDERMOTT,
STACY McDERMOTT,

    Plaintiffs,

VS.

FEDEX GROUND PACKAGE
SYSTEMS, INC., T.S. PRUITT,
ALLEGIANCE HEALTHCARE, INC.,
D. PONCE, E.W. WYLIE
CORPORATION, D.W. SMITH,
ARSENGERGER TRUCKING, INC.,
J.T. FOSBRINK, RYDER TRUCK
RENTAL; LORRAINE ODZANA as
ADMINISTRATRIX OF THE ESTATE
OF JAMES J. ODZANA, SHORELINE
TRANSPORTATION, INC., JACLYN
PALETTA as ADMINISTRATRIX OF
THE ESTATE OF MARIO J. CASTRO,

    Defendants

CASE NO.: 04-CV-12253

**Defendant, Shoreline Transportation, Inc.'s Memorandum in Support of Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b) (2)**

**INTRODUCTION**

Shoreline Transportation Inc. ("Shoreline"), pursuant to Fed. R. Civ. P. 12(b)(2), hereby respectfully moves that this Honorable Court dismiss, with prejudice, the complaint of the Plaintiffs, Steven and Stacy McDermott ("Plaintiffs") and all cross claims stemming there from. In support of this motion Shoreline states that Plaintiffs cannot establish personal jurisdiction over Shoreline pursuant to Massachusetts Long-Arm statute, G.L. c. 223A §3, or the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

**FACTS**

Shoreline is a privately held corporation, with its place of incorporation in Ohio. See Affidavit of Russ Mazzeo attached here as Exhibit "A". On February 7, 2003, Shoreline was operating a truck on the Eastbound side of Route 84 in Pike County, Pennsylvania. The driver of the Shoreline vehicle was Mario Castro ("Castro"). Castro was driving Shoreline's vehicle from North Royalton, Ohio to Waterbury, Connecticut. At no time during this delivery did Castro enter Massachusetts. Castro lived in Ohio at the time of the accident. At approximately 3:15 a.m. seven commercial vehicles were involved in an accident, including the Shoreline truck driven by Castro. All seven vehicles received moderate to severe damages. Castro was driving Shoreline's vehicle from North Royalton, Ohio to Waterbury, Connecticut to deliver auto stamping metal. See Exhibit "A".

Shoreline has insufficient contacts with the state of Massachusetts for the purposes of establishing "minimum contacts" to subject Shoreline to jurisdiction in Massachusetts. Shoreline has not derived any of its business toward Massachusetts. See Exhibit "A". Shoreline has never owned Massachusetts property, employed Massachusetts residents or operated its business in Massachusetts. See Exhibit "A". Shoreline maintains that the extent of its contact with Massachusetts is limited to driving through the state, at most two or three times a month, for delivering or picking up cargo for national/international businesses. The majority of Shoreline's business occurs through a national/international broker.

## ARGUMENT

The Plaintiff cannot establish personal jurisdiction over Shoreline. "On a motion to dismiss for want of *in personam* jurisdiction, Fed. R. Civ. Pr. 12(b) (2), the plaintiff

ultimately bears the burden of persuading the court that jurisdiction exists." Massachusetts School of Law at Andover, Inc., v. American Bar Ass'n 142 F.3d 26, 34 (1st Cir. 1998); Cartone v. Ogden Suffolk Downs, Inc., 647 F.Supp. 850, 856-57 (D.Mass. 1986) (holding that it "is incumbent upon the plaintiff to prove the facts necessary to sustain personal jurisdiction"). Plaintiffs have failed to meet their burden and establish that Shoreline is subject to jurisdiction in the District of Massachusetts under either the Massachusetts long arm statute, G.L c. 233A §3, or the Fourteenth Amendment of the United States Constitution. Because Plaintiffs have failed to show that there were contacts enough to establish jurisdiction, the court should dismiss for lack of personal jurisdiction.

A.  **The Exercise of Personal Jurisdiction over Shoreline is Improper under the Massachusetts Long Arm Statute.**

Plaintiffs cannot meet their burden in asserting personal jurisdiction over Shoreline based on the Massachusetts long-arm statute. The Massachusetts Long Arm statute authorizes a court to exercise personal jurisdiction over a person arising from the person's a) transacting any business in the Commonwealth; b) contracting to supply services or things in the Commonwealth; c) causing tortuous injury in the Commonwealth by an act or omission in the Commonwealth; d) causing tortuous injury outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered; e) have an interest in, using or possessing real property in the Commonwealth; f) contracting to insure any person, property or risk located within the Commonwealth at the time of contracting; g) maintaining a domicile in the Commonwealth while a party to a personal or marital relationship . . .; h) having been subject to the exercise of personal jurisdiction of the court of the Commonwealth which

has resulted in an order of alimony, custody, child support or property settlement . . ..

M.G.L. c. 233A § 3. The Plaintiff cannot establish personal jurisdiction over Shoreline with respect to the "transacting any business" factor, as all of Shoreline's business comes by way of a third party non-resident company.

Shoreline's principle place of business is 20137 Progress Drive, Strongsville, Ohio. Shoreline is not a registered Foreign Corporation in Massachusetts. Shoreline does not keep a physical presence in the Commonwealth, nor does it own or operate any offices in the Commonwealth. See Exhibit "A". There is also no evidence that Shoreline conducted business with any Massachusetts resident. Therefore Shoreline's contact is limited to deliveries or pickup of products for national/international companies.[1] See Exhibit "A". There needs to be a "rational nexus" between the defendant's transaction of business and the Plaintiff's cause of action. Edwards v. Radventures, Inc., 164 F. Supp.2d 190, 195(1st Cir. 2001). This "rational nexus" is missing in the Plaintiffs case, where they have failed to show that Shoreline was transacting business with the Commonwealth while operating a vehicle in Pennsylvania driven between Ohio and Connecticut.

**B.** **The Exercise of Personal Jurisdiction over Shoreline is Improper under the Due Process Clause of the Fourteenth Amendment of the United States Constitution.**

In addition to the Plaintiff's failure to meet their burden of proof under G.L. c. 223A, §3, Plaintiffs have also failed to establish facts sufficient to overcome the

---

[1] In Singer v. Paiaggio & C., 420 F.2d. 679, 680 (1st Cir. 1970), a Pennsylvania citizen brought suit against an Italian company in Massachusetts for an injury that occurred in Florida due to an allegedly faulty manufactured motor scooter. Plaintiff argued because the Italian company transacted business in Massachusetts, the company was subjected to the Massachusetts long-arm statute. The court disagreed, holding that "even if we . . . assume that the defendant's activities constituted the transaction of business, the cause of action could not be said to have arisen from any Massachusetts transaction." Id. at 681. The court reasoned since every relevant part of the suit, including the sale, the manufacture, and the injury occurred in some other jurisdiction, jurisdiction was proper in some other jurisdiction rather than in Massachusetts. Id.

jurisdictional constraints imposed by the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

The Supreme Judicial Court of Massachusetts has interpreted Massachusetts' long-arm statute authorizes jurisdiction over the person to the limits allowed by the Fourteenth Amendment. See Automatic Sprinkler Corp. of America v. Seneca Foods, 361 Mass. 441, 443 (1972) (the state's long-arm statute is "an assertion of jurisdiction over the person to the limits allowed by the Constitution of the United States"). "When a state's long-arm statute is coextensive with the outer limits of due process, the court's attention properly turns to the issue of whether the exercise of personal jurisdiction comports with federal constitutional standards." See Cruickshank v. Clean Seas Company, 402 F. Supp.2d 328, 334 (1st Cir. 2005) (quoting Sawtelle, v. Farrell, 70 F.3d. 1381, 1388(1st Cir. 1995)). Due process requires sufficient "minimum contacts" such that the "maintenance of the suit would not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). This is done by establishing either general jurisdiction over the defendant or specific jurisdiction over the defendant. Mass. School of Law, 142 F.3d at 34. Here the Plaintiffs have failed to establish facts that show the court has the ability to exercise either type of jurisdiction over Shoreline.

Plaintiffs have failed to show that Shoreline has systematic and continuous contacts with the Commonwealth to establish general jurisdiction over Shoreline.

General jurisdiction "exists when the litigation is not directly founded on the defendant's forum based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state." United Electric Radio and Mach. Workers v. 163 Pleasant St. Corp. 960 F.2d. 1080, 1088 (1st

Cir. 1992). General jurisdiction is evaluated on the facts. U.S. v. Swiss American Bank, LTS, 274 F.3d. 610, 620 (1st Cit. 2001).

The facts of this case show that there are no systematic or continuous contacts in the state of Massachusetts by Shoreline. Shoreline operates in Massachusetts as a result of national or international corporations contracts. Shoreline's deliveries or pick-ups are sporadic and done on an as needed basis. See Exhibit "A". Shoreline does not actively advertise in Massachusetts or seek out employment or contracts within Massachusetts. These "limited and intermittent" trips into Massachusetts do not constitute systematic and continuous contacts in order to establish general jurisdiction. Swiss American, 274 F.3d. at 620; See Noonan v. Winston Co., 135 F.3d 85 (1st. Cir. 1998).

Plaintiffs have failed to establish facts which allow for the exercise of specific jurisdiction over Shoreline.

Not only has the Plaintiff failed to establish contacts sufficient to satisfy the "continuous and systematic" requirement of general jurisdiction, the Plaintiffs have also failed the three-part analysis to establish specific jurisdiction. Edwards, 164 F. Supp.2d. at 197. In order for the there to be personal jurisdiction, the three components of relatedness, purposeful availment, and reasonableness must be met. Mass. School of Law, 142 F.3d at 35. Under the first part of the analysis, the claim must "arise out of, or be related to, the defendant's in-forum activities." Id. (quoting Ticketmaster-New York, Inc. v. Alioto, 26 F.3d. 201, 206 (1st Cir. 1994)). Here the Plaintiffs' injuries did not arise out of Shoreline's contacts with Massachusetts. Plaintiffs were injured by a vehicle traveling from Ohio to Connecticut. The shipment Shoreline was transporting at the time of the accident had not originated or had any connection to Massachusetts. The vehicle was not scheduled to travel into Massachusetts at all during the trip. The driver of the truck was from Ohio. See Exhibit "A". As such, there is no "meaningful link" between

the injuries that occurred and Shoreline's contacts with Massachusetts. Because the facts and circumstances surrounding this accident are so removed from Massachusetts it is fundamentally unfair to force Shoreline to defend itself in this foreign forum. See Swiss American, 274 F.3d at 623 ("the relatedness prong ensures fundamental fairness by protecting a defendant from being hauled into an out-of-state forum based on a single contact with that forum that is wholly unrelated to the suit at issue").

Plaintiffs also fail to establish that Shoreline purposefully availed itself to the Massachusetts forum. See Cruickshank, 402 F.Supp. 2d. at 337; (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)) ("purposeful availment requirement ensures that a defendant will not be hailed into a jurisdiction solely as a result 'of the unilateral activity of another party or a third person'").

Included in the purposeful availment inquiry is whether or not the defendant could reasonably foresee being hailed into court in that state. Mass. School of Law, 142 F.3d at 37. The analysis questions whether the defendant "should reasonably anticipate being hailed into court." Edwards, 164 F. Supp.2d. at 199 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297(1980)). Here, Shoreline did not enter into any contracts in the Commonwealth, was not subjected to specialized licensing to operate a vehicle in the Commonwealth (other than a universal license), nor owned any property in the Commonwealth. Simply traveling through a state in the past should not trigger an expectation that one will be subject to jurisdiction of that forum state in the future.

## CONCLUSION

Plaintiffs have not established, nor will they be able to establish, that the exercise of personal jurisdiction over Shoreline by this Court is warranted and proper under G.L. c

233A, §3. Also, Plaintiffs have failed to show that the exercise of personal jurisdiction over Shoreline is proper under the Due Process Clause of the Fourteenth Amendment.

Therefore, Shoreline respectfully requests that this Honorable Court dismiss, with prejudice, Plaintiffs' complaint.

DEFENDANT,
SHORELINE TRANSPORTATION INC.,
By their attorney,

/s/ Brian J. Donegan
Brian J. Donegan
NEVILLE LAW, LLC
24 Muzzey Street
Lexington, MA 02421
(781) 372-7200
BBO Number: 648501
Dated: July 23, 2007

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-12253MLW

STEVEN MCDERMOTT and
STACEY MCDERMOTT,

Plaintiffs,

v.

FEDEX GROUND PACKAGE SYSTEMS, INC.,
T.S. PRUITT, ALLEGIANCE HEALTH CARE
INC., D. PONCE, E.W. WYLIE CORPORATION,
D.W. SMITH, ARSENBERGER TRUCKING
INC., J.T. FOSBRINK, RYDER TRUCK RENTAL,
INC., LORRAINE ODZANA as ADMINISTRATRIX
OF THE ESTATE OF JAMES J. ODZANA,
SHORELINE TRANSPORTATION, INC.,
JACLYN PALETTA as ADMINISTRATRIX
OF THE ESTATE OF MARIO J. CASTRO,

Defendants.

## AFFIDAVIT OF RUSS MAZZEO

I, Russ Mazzeo, being duly sworn on my own personal knowledge, do depose and
state as follows:

1.    I am an employee of Shoreline Transportation, Inc. ("Shoreline"). I am
the Vice President.

2.    Shoreline's principal place of business is located at 20137 Progress Drive,
Strongsville, Ohio.

3.    I have worked for Shoreline since 1996.

4.    My responsibilities include operations.

5.    In the capacity of my employment at Shoreline; I have personal
knowledge of Mario J. Castro's employment history and duties at Shoreline including

SEP-11-2002(WED) 01:56

P.003

P.3

6622226182

NEVILLE LAW

SEP-11-2002(WED) 01:47

6622226182

Rx Date/Time    Jul 20 2007 3:05PM    SEP-11-2002(WED) 01:10

P. 002/003

those on February 7, 2003, the date of the alleged accident that is the subject of this litigation.

6. In the capacity of my employment at Shoreline, I have reviewed and have knowledge as to the route of travel of all trucks owned and operated by Shoreline.

7. Mr. Castro began his employment at Shoreline on or about March 2000.

8. He died on April 22, 2005 for reasons unrelated to the present litigation.

9. During his entire tenure at Shoreline, Mr. Castro was employed as a truck driver/warehouse.

10. He did not participate in any way in the operational side of the business.

He did not solicit business for Shoreline or enter into any contracts on behalf of Shoreline in any jurisdiction, including Massachusetts.

11. Mr. Castro did not own any stock in the company.

12. On February 7, 2003, Mr. Castro was driving a tractor-trailer, which was owned and provided by Shoreline.

13. At the time of the alleged accident, Mr. Castro was driving from North Royalton, Ohio to Waterbury, Connecticut to deliver a shipment of auto stamping metal.

14. The cargo being transported by Mr. Castro did not come from Massachusetts.

15. This delivery did not involve travel to, through, or from Massachusetts.

16. The delivery being made by Mr. Castro was not pursuant to any Shoreline contract to provide services or things in Massachusetts.

17. Shoreline does not maintain an office in Massachusetts nor is it registered as a Foreign Corporation in Massachusetts.

18. Shoreline does not maintain a physical presence in Massachusetts.

19. Shoreline's interaction with or travel in Massachusetts is the result of contracts between Shoreline and national/international corporations whose principle places of business is outside Massachusetts.

20. During the entire time that Mr. Castro was employed at Shoreline, he was a resident of Ohio.

Signed under the pains and penalties of perjury this 20 day of July, 2007.

Russ Mazzeo