UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-12253JLA

|  |  |
|---|---|
| STEVEN MCDERMOTT and<br>STACEY MCDERMOTT,<br>        Plaintiffs,<br>v.<br><br>FEDEX GROUND PACKAGE SYSTEMS, INC.,<br>T.S. PRUITT, ALLEGIANCE HEALTH CARE<br>INC., D. PONCE, E.W. WYLIE CORPORATION,<br>D.W. SMITH, ARSENBERGER TRUCKING<br>INC. J.T. FOSBRINK, RYDER TRUCK RENTAL,<br>LORRAINE ODZANA as ADMINISTRATRIX<br>OF THE ESTATE OF JAMES J. ODZANA,<br>SHORELINE TRANSPORTATION, INC.,<br>JACLYN PALETTA as ADMINSTRATRIX<br>OF THE ESTATE OF MARIO J. CASTRO,<br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT JACLYN PALETTA'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

**INTRODUCTION**

The Defendant, Jaclyn Paletta as Administratrix of the Estate of Mario J. Castro, submits this memorandum of law in support of her motion to dismiss all claims and cross-claims against her on the grounds that this Court lacks personal jurisdiction over her pursuant to Fed.R.Civ.P. 12(b)(2).

**FACTUAL BACKGROUND**

The plaintiff, Steven McDermott, alleges that on February 7, 2003, he sustained personal injuries in a multiple tractor-trailer accident, which took place on Interstate 84 in the

1

Commonwealth of Pennsylvania. The Plaintiff's wife, Stacey McDermott, has asserted a claim for loss of consortium. The McDermotts are Massachusetts residents.

The plaintiffs' original complaint was filed on or about October 26, 2004. The initial complaint only asserted claims against FedEx Ground Package Systems, Inc. ("FedEx") and T.S. Pruitt, the driver of the FedEx tractor-trailer involved in the accident.

The Defendant, Shoreline Transportation, Inc. ("Shoreline") owned one of the tractor-trailers that was allegedly involved in the accident. See Exhibit 1, Affidavit of R. Mazzeo at par. 12. Mario J. Castro ("Castro") was the driver of the Shoreline vehicle. See Exhibit 1 at par. 12. Castro died on April 21, 2005. See Exhibit 2, Affidavit of J. Paletta at par. 4. His death was unrelated to the accident that is the subject matter of this litigation. See Exhibit 2 at para. 4. Castro died intestate. See Exhibit 3, Entry Appointing Fiduciary. He did not own any property in Massachusetts. See Exhibit 2 at par. 7. On July 27, 2005, his fiancé, Jaclyn Paletta ("Paletta"), was appointed administratrix of his estate by order of the Probate Court of Cuyahoga County, Ohio. See Exhibit 3.

Shoreline is a corporation organized under the laws of Ohio where it maintains its principal place of business. See Exhibit 1 at par. 2. Shoreline does not maintain an office in Massachusetts and it is not registered as a Foreign Corporation in Massachusetts. See Exhibit 1 at par. 17. At all relevant times hereto, Castro was a resident of Ohio. See Exhibit 1 at par. 20; see also Exhibit 2 at par. 5. Paletta is also an Ohio resident. See Exhibit 2 at par. 1.

On November 17, 2006, the plaintiffs filed a motion for leave to file a second amended complaint to add ten (10) new defendants, including Shoreline and Paletta. The plaintiffs allege that the newly added defendants were also negligent in the operation of their vehicles and that they are jointly liable to the plaintiffs. The court allowed the motion for leave and the plaintiffs

subsequently filed the second amended complaint on or about December 22, 2006. In their answers to the second amended Complaint, Fed Ex and Pruitt filed cross-claims for contribution against the other defendants, including Shoreline and Paletta.

Castro worked for Shoreline for approximately four (4) years as a truck driver and also worked in the warehouse. See Exhibit 1 at par. 9. Castro did not have any role in the solicitation of business for Shoreline nor did he enter into any contracts on behalf of shoreline. See Exhibit 1 at par. 10. Castro's duties at Shoreline were strictly limited to driving a truck and working in the warehouse. See Exhibit 1 at par. 9. On the evening in question, Castro was driving from North Royalton, Ohio to Waterbury, Connecticut. See Exhibit 1 at par. 13. He was delivering a shipment of auto stamping metal. See Exhibit 1 at par. 13. The delivery being made by Castro was not pursuant to any Shoreline contract to provide services or things in Massachusetts. See Exhibit 1 at par. 16. The delivery did not involve travel to, through or, from Massachusetts. See Exhibit 1 at par. 15.

## ARGUMENT

### I.    Paletta, as Administratrix, is not Subject to Personal Jurisdiction in this Matter

The law of the forum state determines a representative party's capacity to sue or be sued in a federal district court. See Martel v. Stafford, 992 F.2nd 1244, 1246 (D.Mass. 2002). Thus, Massachusetts law governs the determination of whether the district court can lawfully exercise jurisdiction over Paletta as administratrix of Castro's estate. In Massachusetts, a foreign personal representative shall be subject to the jurisdiction of the courts of the commonwealth to

3

the same extent that his decedent was subject to jurisdiction immediately prior death.[1]  See M.G.L. c. 199A, §9.  In Martel, the court refused to exercise jurisdiction over an executor where the decedent did not have a single tie to Massachusetts and the cause of action arose out of state. See Martel, 992 F.2d 1247.  In the court's opinion, had the decedent survived, there was "not the slightest reason to believe that a Massachusetts court cold have obtained jurisdiction over her person."  See Id.  Similarly, for the reasons explored below, Castro would not have been subject to suit in Massachusetts had he survived.  Accordingly, Paletta, as his representative, should not be subject to suit here.

### A. The Plaintiffs Cannot Satisfy the Required Elements of the Long-Arm Statute

Prior to his death, sufficient contacts did not exist between Castro and Massachusetts to subject him to jurisdiction here.  Before subjecting a non-resident defendant to its jurisdiction, a federal court sitting in diversity must find sufficient contacts that, considered in the aggregate, meet the requirements of the forum state's long-arm statute and the Fourteenth Amendment of the United States Constitution.  LaVallee v. Parrot-Ice Drink Products of America, Inc., 193 F.Supp.2d 296, 299-300 (D.Mass. 2002).   Jurisdiction is permissible only when both questions draw affirmative responses.  Good Hope Refiners, Inc. v. Ryder Scott Co., 378 Mass. 1, 6 (1979).  The burden rests with the plaintiff to demonstrate that personal jurisdiction is proper over a defendant.  See LaVallee, 193 F.Supp.2d at 298.  Furthermore, personal jurisdiction over an individual employee cannot merely be predicated on jurisdiction over his employer.  See Id. at 300.

The Plaintiffs base jurisdiction over Paletta pursuant to M.G.L. c. 223A, §§ 3(a) and (b),

---

[1] The traditional rule was that an administrator appointed in another state is not subject to suit here.  The rule stems from the concept that a decedent's personal representative is a creature of the state which appointed him or her, and, as such, possesses no power to act beyond the creator's boundaries.  See Martel, 992 F.2d at 1246.

4

which provide as follows:

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's
>
> (a) Transacting any business in this commonwealth; [or]
>
> (b) Contracting to supply services or things in this commonwealth.

M.G.L. c. 223A, § 3(a) (b).

Thus, the question here is whether the plaintiffs' causes of action arise from Castro having transacted any business in Massachusetts or by his contracting to supply services or things in Massachusetts.

Section 3(a) is to be construed broadly. See LaForest v. Ameriquest Mortgage Co., 383 F.Supp.2d 278, 284-285 (D.Mass. 2005). However, "in order to ensure that section 3(a) includes deliberate, not fortuitous, contacts with the forum, the court must also consider whether the nonresident party initiated or solicited the business transaction in Massachusetts. See LaForest, 383 F.Supp.2d at 282 (internal citations omitted). This inquiry guarantees that litigation in Massachusetts based on such contacts is reasonably foreseeable. See Id.

In LaForest, which is also important for reasons further discussed below, a Massachusetts resident brought suit against a California mortgage company and one of its California based employees. See generally LaForest, 383 F.Supp.2d 278. In examining whether the employee transacted business in Massachusetts, the court noted that the employee appeared to have made a sufficient number of telephone calls, letters, and facsimile transmissions to the plaintiff in Massachusetts. See Id. at 283. However, the court found that he did not "initiate or solicit" those contacts. See Id. Rather, it was the plaintiff who sought to refinance her mortgage with the defendant mortgage company. See Id. The mortgage company only then brought in its employee to work with the plaintiff. See LaForest, 383 F.Supp.2d at 283. As a result, the court

5

determined that the plaintiff did not demonstrate that personal jurisdiction over the employee was authorized by section 3(a). See Id.

The instant case is similar to LaForest and warrants the same disposition. Castro was not involved in Shoreline's business operations. See Exhibit 1 at par 10. His duties for Shoreline were limited to driving a truck and working in the warehouse. See Exhibit 1 at par. 9. During the course of his employment with Shoreline, Castro may have made deliveries to Massachusetts. However, at no time did he initiate or solicit business in the Commonwealth. See Exhibit 1 at par. 10. Furthermore, on the evening in question, Castro was driving from North Royalton, Ohio to Waterbury, Connecticut. See Exhibit 1 at par. 13. The trip did not involve travel through Massachusetts nor was it related to any company business in Massachusetts. See Exhibit 1 at par. 16. He had no contact with Massachusetts at all during the course of this trip. See Exhibit 1 at par. 15.

      **i.**    **The Plaintiffs' alleged injuries did not arise from the transaction of business in Massachusetts**

Assuming for the sake of argument that unrelated travels by Castro to Massachusetts meet the definition of "transacting any business" for purposes of the statute, jurisdiction does not exist here because the cause of action did not arise from the transaction of any such business. In order to determine whether a plaintiff's injury arises from an out of state defendant's transaction of business in Massachusetts, the court applies a "but for" test. See Tatro v. Manor Care, Inc., 416 Mass. 763, 771-772. In Tatro, the Massachusetts plaintiff filed suit in Massachusetts against a California hotel for personal injuries that she sustained while staying at the hotel during a convention that she was attending. See generally Tatro, 416 Mass. 763, 625 N.E.2d. 549.

In that case, evidence showed that the defendant had obtained meeting and convention business from at least ten (10) Massachusetts businesses. See Tatro, 416 Mass. at 768, 625 N.E.2d at 552. Thus, personal jurisdiction was found proper even though the defendant's contacts with the plaintiff were minor, because the contact between the parties was related to the hotel's larger systematic effort to obtain similar business from Massachusetts residents. See Id.

Even under the broad interpretation of "arising from" set forth in Tatro, the facts of the present case are easily distinguishable. The accident that is the subject matter of this litigation had no relationship to Massachusetts whatsoever other than the fact that the McDermotts reside here. It did not stem from any other contacts with Massachusetts or efforts to obtain business from Massachusetts.

Again, noting that Castro was not involved in the business operations of his employer he could not have contracted to supply services or things in Massachusetts. Therefore, the plaintiffs cannot satisfy the requirements of M.G.L. c. 223A, § 3(b).

### B. Jurisdiction Over an Employee Cannot Be Predicated Merely On Jurisdiction Over His Employer

Had he lived, Castro would not be subject to jurisdiction in Massachusetts where his contacts with the forum stemmed solely from his duties as Shoreline's employee. Under agency principles, jurisdiction does not lie over an agent who does not act in the forum to serve his personal interests, but rather acts solely as an agent of his employer. See LaVallee, 193 F.Supp.2d at 302; LaForest v. Ameriquest Mortgage Co., 383 F.Supp.2d 278, 284-285 (D.Mass. 2005). In such cases, the Court must determine that there is an independent basis for jurisdiction pursuant to the Massachusetts long-arm statute. See LaVallee, 193 F.Supp.2d at 300. Here, no independent jurisdiction exists, which would have subjected Castro to the reach of the courts of

the Commonwealth of Massachusetts.

In LaVallee, a Massachusetts businesswoman and her husband brought suit in Massachusetts against a Texas corporation and one of its junior executives stemming from an alleged breach of contract and other torts. The evidence in that case showed that the junior executive had numerous contacts with the forum state in connection with the underlying dispute. Despite such numerous contacts, the court declined to exercise personal jurisdiction over the junior executive. See generally LaVallee, 193 F.Supp.2d 296. The court reached a similar conclusion in LaForest. In that case, a Massachusetts resident filed suit in Massachusetts against a California mortgage company and one of its California based employees alleging negligence and fraudulent misrepresentations in connection with a loan refinancing. The claims against the employee were based, at least in part, on his having sent allegedly fraudulent misrepresentations into Massachusetts. Again, the Court declined to exercise personal jurisdiction over the employee. See generally LaForest, 383 F.Supp.2d 278.

In both cases, the Court reasoned that the defendants' status as low level employees, acting in the scope of their employment and deriving no personal benefits from their forum contacts, precluded application of the long-arm statute. See generally LaVallee, 193 F.Supp.2d at 302; LaForest, 383 F.Supp.2d at 284. Adopting the LaVallee decision, the Court concluded that to assert jurisdiction under such circumstances would frustrate the purpose of the long-arm statute – as well as the constitutional requirements for asserting jurisdiction. See LaForest, 383 F.Supp. 2d at 284.

The facts supporting a lack of jurisdiction are even more compelling here. Like the defendants in LaVallee and LaForest, Castro's contacts with Massachusetts were solely the result of his employment with Shoreline. Notwithstanding the fact that the accident did not arise from

8

the transaction of any business in Massachusetts or from having contracted to supply services or things in Massachusetts, Castro's only contacts with Massachusetts occurred during the course of his employment. At no time did he act in the forum to further his personal interests.

## II.     Jurisdiction over Paletta Would Not Comport With Due Process

The Fourteenth Amendment to the United States Constitution provides in relevant part that . . . " nor shall any State deprive any person of life, liberty, or property, without due process of law . . ." See U.S. Const. amend. XIV, § 2. Due process analysis should not be required here where the plaintiffs cannot satisfy the requirements of the long-arm statute. Notwithstanding, whether jurisdiction over Paletta, as Castro's representative, comports with due process generally means that Castro must fairly be said to have participated in the economic life of Massachusetts. See LaForest, 383 F.Supp. 2d at 285. The First Circuit has designated three distinct components to this inquiry: relatedness, purposeful availment and reasonableness. See Id. All three components must be satisfied . See Id.

Relatedness

This component requires that a suit arise out of or be related to the defendant's in forum activities. See Id. at 286. For the same reasons discussed in the long-arm analysis, this component is not met.

Purposeful Availment

The purposeful availment requirement protects defendants from jurisdiction based solely on random, isolated, or fortuitous contacts with a forum. See LaForest, 383 F.Supp. 2d at 286 (internal citations omitted). A plaintiff must demonstrate that the defendant's contacts represent a purposeful availment of the privilege of conducting activities in [Massachusetts], thereby

9

invoking the benefits and protections of its laws and making the defendant's involuntary presence before a Massachusetts court foreseeable. See Id.

Again, Castro did not purposefully avail himself of Massachusetts. In LaForest, the court found purposeful availment lacking where the employee did not reach out to Massachusetts by soliciting the plaintiff. See Id. Instead, the court considered the fact that the employee willingly entered into a tendered relationship by virtue of being assigned to the case. See Id. Similarly, Castro did not reach out to the Commonwealth of Massachusetts. Whatever contacts Castro may have had with Massachusetts were by virtue of whatever relationships Shoreline may have had with Massachusetts.

Reasonableness

"This requirement ensures that the assertion of jurisdiction over a defendant "does not offend 'traditional notions of fair play and substantial justice.'" See LaForest, 383 F.Supp. 2d at 287 (internal citations omitted). Reasonableness is usually determined by weighing five elements: "(1) the defendant's burden of appearing, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies." See Id.

With respect to the first factor, Paletta, as Castro's representative would bear a heavy burden by having to appear here. She is a single mother of two children, ages five and three. See Exhibit 2 at par. 3. In addition, her sole role in this lawsuit is as the representative of Castro's estate. With respect to the remaining factors, any interest of the plaintiff, the state and the forum are not so great as to warrant jurisdiction over Paletta and would instead offend the "traditional notions of fair play and substantial justice."

10

## **CONCLUSION**

For the reasons set forth above, Jaclyn Paletta, as Administratrix of the Estate of Mario J. Castro, respectfully requests that this Court dismiss all claims against her on the grounds that personal jurisdiction is lacking over her in this matter.

                                              Respectfully Submitted,
                                              JACLYN PALETTA as
                                              ADMINISTRATRIX of the
                                              ESTATE OF MARIO J. CASTRO,
                                              By her attorneys,

                                              /s/

Dated: July 23, 2007
                                              James S. Franchek (BBO #177030)
                                              Adam M. Berkowitz (BBO #648172)
                                              Franchek Law, LLC
                                              92 State Street, 8th Floor
                                              Boston, Massachusetts  02109
                                              (617) 573-0020