SEP-11-2002(WED) 01:55

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-12253MLW

STEVEN MCDERMOTT and
STACEY MCDERMOTT,
　　　　　Plaintiffs,

v.

FEDEX GROUND PACKAGE SYSTEMS, INC.,
T.S. PRUITT, ALLEGIANCE HEALTH CARE
INC., D. PONCE, E.W. WYLIE CORPORATION,
D.W. SMITH, ARSENBERGER TRUCKING
INC. J.T. FOSBRINK, RYDER TRUCK RENTAL,
LORRAINE ODZANA as ADMINISTRATRIX
OF THE ESTATE OF JAMES J. ODZANA,
SHORELINE TRANSPORTATION, INC.,
JACLYN PALETTA as ADMINSTRATRIX
OF THE ESTATE OF MARIO J. CASTRO,
　　　　　Defendants.

## AFFIDAVIT OF RUSS MAZZEO

I, Russ Mazzeo, being duly sworn on my own personal knowledge, do depose and state as follows:

1. I am an employee of Shoreline Transportation, Inc. ("Shoreline"). I am the Vice President.

2. Shoreline's principal place of business is located at 20137 Progress Drive, Strongsville, Ohio

3. I have worked for Shoreline since 1996.

4. My responsibilities include operations.

5. In the capacity of my employment at Shoreline, I have personal knowledge of Mario J. Castro's employment history and duties at Shoreline including

p. 2
7813757299
7813757299
P.001

JUL 20 2007 3:05PM    NEVILLE LAW
SEP-11-2002(WED) 01:47    Rx Date/Time

p. 2
7813757299
JUL 20 2007 3:57PM    NEVILLE LAW

SEP-11-2002(WED) 01:56

those on February 7, 2003, the date of the alleged accident that is the subject of this litigation.

6.    In the capacity of my employment at Shoreline, I have reviewed and have knowledge as to the route of travel of all trucks owned and operated by Shoreline.

7.    Mr. Castro began his employment at Shoreline on or about March 2000.

8.    He died on April 22, 2005 for reasons unrelated to the present litigation.

9.    During his entire tenure at Shoreline, Mr. Castro was employed as a truck driver/warehouse.

10.   He did not participate in any way in the operational side of the business. He did not solicit business for Shoreline or enter into any contracts on behalf of Shoreline in any jurisdiction, including Massachusetts.

11.   Mr. Castro did not own any stock in the company.

12.   On February 7, 2003, Mr. Castro was driving a tractor-trailer, which was owned and provided by Shoreline.

13.   At the time of the alleged accident, Mr. Castro was driving from North Royalton, Ohio to Waterbury, Connecticut to deliver a shipment of auto stamping metal.

14.   The cargo being transported by Mr. Castro did not come from Massachusetts.

15.   This delivery did not involve travel to, through, or from Massachusetts.

16.   The delivery being made by Mr. Castro was not pursuant to any Shoreline contract to provide services or things in Massachusetts.

17.   Shoreline does not maintain an office in Massachusetts nor is it registered as a Foreign Corporation in Massachusetts.

P. 3
E00.9

7813737299
7813717299

JUL 20 2007 3:05PM    NEVILLE LAW
SEP-11-2002(WED) 01:47

Rx Date/Time    JUL 20 2007 3:05PM    NEVILLE LAW
SEP-11-2002(WED) 01:47

SEP-11-2002(WED) 01:56

18. Shoreline does not maintain a physical presence in Massachusetts.

19. Shoreline's interaction with or travel in Massachusetts is the result of contracts between Shoreline and national/international corporations whose principle places of business is outside Massachusetts.

20. During the entire time that Mr. Castro was employed at Shoreline, he was a resident of Ohio.

Signed under the pains and penalties of perjury this 20 day of July, 2007.

Ross Mazzeo