UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN MCDERMOTT and STACEY MCDERMOTT      Plaintiffs, <br><br> v. <br><br> FEDEX GROUND PACKAGE SYSTEMS, INC., T.S. PRUITT, ALLEGIANCE HEALTHCARE, INC., D. PONCE, E.W. WYLIE CORPORATION, D.W. SMITH, ARSENBERGER TRUCKING, INC., J.T. FOSBRINK, RYDER TRUCK RENTAL, LORRAINE ODZANA as ADMINISTRATRIX OF THE ESTATE OF JAMES J. ODZANA, SHORELINE TRANSPORTATION, INC., JACLYN PALETTA as ADMINISTRATRIX OF THE ESTATE OF MARIO J. CASTRO      Defendants. | DOCKET NO: 04-CV-12253 |

DEFENDANT, ARSENBERGER TRUCKING, INC. AND J.T. FOSBRINK'S,
MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION

The defendants, Arsenberger Trucking, Inc. ("Arsenberger") and J.T. Fosbrink

("Fosbrink"), submit this memorandum of law in support of their motion to dismiss all claims

and cross-claims[1] against them pursuant to Fed. R. Civ. P. 12(b)(2) on the ground that the Court

lacks personal jurisdiction over them.

INTRODUCTION

The plaintiffs, who reside in Massachusetts, seek recovery for personal injuries resulting

from a multiple tractor-trailer accident that occurred in Pennsylvania. The plaintiffs allege that a

---

[1] Cross-claims for contribution asserted against Arsenberger and Fosbrink by any defendant are derivative of the plaintiffs' claims against these defendants and should likewise be dismissed for lack of personal jurisdiction.

tractor-trailer owned by Arsenberger Trucking, Inc., a Pennsylvania corporation, and operated by Arsenberger's employee, J.T. Fosbrink, a resident of Pennsylvania, was involved in the accident.

Arsenberger is a trucking company with its only place of business in Mill Run, Pennsylvania.  (See Affidavit of Stephen Brooks, Ex. "A"; See also Business Entity Filing History of Arsenberger Trucking Co., Ex. "B")  Arsenberger has no other place of business in any other state.  Specifically, Arsenberger does not have a place of business in Massachusetts.  (See Ex. "A")

Fosbrink is a lifelong resident of Pennsylvania.  Fosbrink does not engage in any business in Massachusetts.  Fosbrink has no contacts with the state of Massachusetts.  Fosbrink is currently suffering from advanced brain cancer and is undergoing chemotherapy and will likely be unable to travel to Massachusetts for a trial.  Further, his brain cancer has affected his brain and central nervous system to the point where he is unable to remember the events surrounding the accident.  (See Ex. "A"; See also Affidavit of Plaintiffs' Counsel, Ex. "C")

At the time of the accident, the Arsenberger truck, driven by Fosbrink, was en route from Pennsylvania to Waterbury, Connecticut, hauling steel coils.  The delivery being made by Arsenberger was not pursuant to any contract to provide goods or services in Massachusetts.  At no time did the Arsenberger truck pass through Massachusetts.  The product Arsenberger was hauling did not come from Massachusetts, nor was it destined for Massachusetts.  The trip had no connection whatsoever to Massachusetts.  (See Ex. "A")

Arsenberger does not maintain an office in Massachusetts nor is it registered as a foreign corporation in Massachusetts.  Arsenberger does not maintain a physical presence in Massachusetts.  Arsenberger does not maintain a telephone or telephone listing in Massachusetts.  Arsenberger does not maintain a bank account or a postal address in Massachusetts.  Arsenberger

does not advertise in or solicit business from Massachusetts. (See Ex. "A") The plaintiff's alleged injuries were caused in Pennsylvania, and not in Massachusetts. Therefore, there is no basis whatsoever for personal jurisdiction over these defendants by a Massachusetts court.

## FACTUAL BACKGROUND

The plaintiff, Steven McDermott, alleges that on February 7, 2003 he sustained personal injuries in a multiple tractor-trailer accident on Interstate 84 Eastbound in Pennsylvania. Mr. McDermott was operating one of the tractor-trailers involved in the accident. Mr. McDermott's wife, Stacey McDermott, has asserted a claim for loss of consortium.

The plaintiffs' original Complaint was filed on October 26, 2004. The Complaint asserted claims against FedEx Ground Package Systems, Inc. ("FedEx") and T.S. Pruitt, the driver of the FedEx tractor-trailer involved. Mr. McDermott alleged that he stopped his tractor-trailer on Interstate 84 for an unrelated accident that had occurred prior to his arrival. He alleged that FedEx's tractor-trailer, being operated by Pruitt, struck the McDermott tractor-trailer, causing his alleged injuries. (See Complaint, Ex. "D")

On December 22, 2006, the plaintiffs filed a Second Amended Complaint to add ten new defendants, including Arsenberger and its driver, J.T. Fosbrink ("Fosbrink"). (See Second Amended Complaint, Ex. "E") The plaintiffs allege that the newly added defendants, including Arsenberger and Fosbrink, were also negligent in the operation of their vehicles and that because of the manner in which the accident occurred, and the sequence of events, they may be jointly liable in tort to the plaintiffs. The Second Amended Complaint includes the following relevant allegations as to Arsenberger and Fosbrink:

"The Defendant, Arsenberger Trucking, Inc., ("Arsenberger") is a foreign corporation in good standing and duly organized under the laws of the State of Pennsylvania with a principal

place of business at 681 Mill Run Road, Mill Run, Pennsylvania, and all relevant times was the

owner of a tractor and trailer that the Plaintiff claims caused his injuries."

"The Defendant, J.T. Fosbrink ("Fosbrink") is an individual residing at 476 Dunbar

Ohiopyle Road, Dunbar, Pennsylvania, and at all relevant times hereto was the agent, servant

an/or employee of Defendant, Arsenberger Trucking, Inc."

The plaintiffs make the following general allegations as to all defendants with regard to

personal jurisdiction:

"16.    Jurisdiction over the Defendant corporations is conferred by M.G.L. c. 223A, §§ 3(a) and

3(b) and is consistent with the due process clause of the Fourteenth Amendment as the

Defendant at all times relevant herein (a) transacted business in the Commonwealth of

Massachusetts and (b) contracted to supply services in the Commonwealth of Massachusetts."

"17.    Jurisdiction over the individual Defendants, as agent, servant and/or employee of the

Defendant Corporations, is conferred by M.G.L. c.223A, §§ 3(a) and 3(b) and is consistent with

the due process clause of the Fourteenth Amendment as the Co-Defendant at all times relevant

herein, as agent, servant, employee of Defendant corporations, (a) transacted business in the

Commonwealth of Massachusetts and (b) contracted to supply services in the Commonwealth of

Massachusetts."  (See Ex. "E")

ARGUMENT

Federal Rule 12(b)(2) allows a motion to dismiss a claim for lack of personal jurisdiction.

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of

persuading the Court that jurisdiction exists.  Massachusetts School of Law at Andover, Inc. v.

American Bar Ass'n, 142 F.3d 26, 34 (1st Cir., 1998).  In determining whether personal

jurisdiction exists, the court may consider any evidence, including facts alleged in the pleadings,

4

affidavits, discovery materials or exhibits.  This Court does not have personal jurisdiction over Arsenberger or its agent Fosbrink because these defendants do not have sufficient contacts with Massachusetts and because McDermott's accident did not <u>arise</u> <u>from</u> any contact by Arsenberger or Fosbrink with Massachusetts.

Arsenberger, a trucking company, is a Pennsylvania Corporation with its only place of business located at 681 Mill Run Road, Mill Run, Pennsylvania.  Arsenberger has no other place of business in any other state.  J.T. Fosbrink is a lifelong resident of Pennsylvania and an employee of Arsenberger.  On February 7, 2003, Fosbrink, while in the course of his employment for Arsenberger, was hauling steel coils from Pittsburgh, Pennsylvania, to Waterbury, Connecticut.  (<u>See</u> Fosbrink deposition, Ex. "F", p. 8)  Fosbrink never traveled through the Commonwealth of Massachusetts during the course of making this delivery from Pennsylvania to Waterbury, Connecticut.  The delivery to Waterbury, Connecticut had no connection to Massachusetts whatsoever.  The delivery was not made at the direction of or on the behalf of anyone in Massachusetts.  It was not made pursuant to a purchase, sale or order made in Massachusetts.  It did not have anything to do with a contract to provide goods or services in Massachusetts.  (<u>See</u> Affidavit of Stephen Brooks, Ex. "A")

The determination as to whether personal jurisdiction exists is a two-step process.  The court must first ascertain whether jurisdiction is granted by the forum state's long-arm statute. <u>Hahn v. Vermont Law School</u>, 698 F.2d 48, 49 (1st Cir. 1983).  The court must then determine whether or not sufficient minimum contacts with the forum exist to satisfy the due process requirements of the Fourteenth Amendment of the U.S. Constitution.  <u>Pritzker v. Yari</u>, 42 F.3d 53, 60 (1st Cir. 1994) , *cert denied,* 115 S.Ct. 1959 (1995).  If there is no basis on which to predicate jurisdiction under the forum state's long-arm statute, the court need not reach the

question of whether the assertion of jurisdiction is constitutionally sound. <u>Singer v. Piaggio & C.</u>, 420 F.2d 679,681 (1st Cir. 1969). In this case, a constitutional inquiry is not warranted, as there is no basis for conferring jurisdiction over Arsenberger or Fosbrink under the Massachusetts long-arm statute, M.G.L. c. 223A, § 3.

Although the Supreme Judicial Court of Massachusetts has construed the Massachusetts state long-arm statute as "an assertion of jurisdiction over the person to the limits allowed by the Constitution of the United States," <u>Automatic Sprinkler Corp. of America v. Seneca Foods.</u>, 361 Mass. 441,443,280 N.E.2d 423 (1972), the court has nevertheless cautioned that "G.L. c. 223A, § 3 asserts jurisdiction over the person to the constitutional limit only when some basis for jurisdiction enumerated in the statute has been established." <u>Good Hope Industries. Inc. v. Ryder Scott Co.</u>, 378 Mass. 1, 6, 389 N.E.2d 76 (1979).

The plaintiffs assert jurisdiction over Arsenberger and Fosbrink pursuant to subparts 3(a) and 3(b) of the Massachusetts long-arm statute, which provide as follows:

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity <u>arising</u> <u>from</u> the person's
>
> > (a) transacting any business in this commonwealth;
> >
> > (b) contracting to supply services or things in this commonwealth.

M.G.L. c. 223A, §§3(a)-(b). [emphasis added]

For the reasons discussed below, the plaintiffs cannot establish jurisdiction over Arsenberger and Fosbrink under any of these subparts of the long-arm statute.

> **A.   Arsenberger Has Not Actively Engaged in Business in Massachusetts And Its Contacts With Massachusetts Are Insufficient To Constitute "Transacting Business" In Massachusetts or "Contracting To Supply Services Or Things" In The Commonwealth**

In the Second Amended Complaint, the plaintiffs rely solely on subparts 3(a) and 3(b) of

the long-arm statute to assert personal jurisdiction over Arsenberger or Fosbrink, contending that Arsenberger has "actively engaged in business" or "contracted to do business" in Massachusetts.

Satisfying the long-arm statute is a two-part process. First, the plaintiff must show that a particular subpart of the statute is satisfied, for example, that the defendant was "'transacting business" in the Commonwealth under subpart 3(a), or "contracting to supply services or things" in the Commonwealth under subpart 3(b). The plaintiff then must establish that the cause of action "<u>arose</u> <u>from</u>" such conduct. *See* <u>Workgroup Technology Corporation v. MGM Grand Hotel. LLC</u>, 246 F.Supp.2d 102, 109 (D.Mass. 2003) *citing* <u>Tatro v. Manor Care, Inc.</u>, 416 Mass. 763, 767, 625 N.E.2d 549 (1994). *See also* <u>Merced v. JLG Industries. Inc.</u>, 170 F.Supp.2d 65, 71 (D.Mass. 2001) (jurisdiction requires a "rational nexus between defendant's transaction of business in the Commonwealth and the plaintiff's injury").

In 2003, Arsenberger's only "contact" with Massachusetts involved the occasional hauling of steel coils to a single Massachusetts company, American Steel, in Auburn, Massachusetts. Arsenberger continues to this day to have only this one Massachusetts customer. The steel delivered to American Steel comes from Follansbee, West Virginia. For six months in 2004, Arsenberger hauled steel to a Middleton, Massachusetts steel company, but no longer does so. Arsenberger does not have now, nor has it ever had any other contact with Massachusetts. (Ex. "A")

Arsenberger does not maintain a physical presence in Massachusetts. Arsenberger does not maintain an office in Massachusetts nor is it registered as a foreign corporation in Massachusetts. Arsenberger does not maintain a telephone or telephone listing in Massachusetts. Arsenberger does not maintain a bank account or a postal address in Massachusetts. Arsenberger does not advertise in or solicit business from Massachusetts. (Ex.

"A")

At the time of the accident, Fosbrink was a resident of Pennsylvania.  He was hauling steel coils from Pennsylvania to Waterbury, Connecticut.  Fosbrink never traveled through Massachusetts.  The delivery to Connecticut had no connection to Massachusetts.  It was not made at the direction of, or on behalf of anyone in Massachusetts.  The delivery was not made pursuant to a purchase, sale or order made in Massachusetts. The delivery was ordered out of Arsenberger's headquarters in Mill Run, Pennsylvania, and the purpose of the trip was to deliver steel coils to Connecticut.  The delivery had no connection with any business in which Arsenberger may have been engaged in Massachusetts.  Nor did the delivery have anything to do with a contract to provide goods or services in Massachusetts.  (See Ex. "A")

**B.    This Court Has Neither Specific Nor General In Personam Jurisdiction Over Arsenberger and Fosbrink**

It is well settled that plaintiffs may establish either general or specific *in personam* jurisdiction.  Helicopteros Nacionales De Columbia v. Hall, 466 U.S. 408 (1984); Boston Scientific Corp. v. Bonzel, 132 F.Supp.2d at 49 (citing Mass. Sch. Of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d at 34).  Specific jurisdiction exists when "'there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities' such as when the litigation itself is founded directly on those activities."  Boston Scientific Corp. v. Bonzel, 132 F.Supp.2d at 49 (quoting Mass. Sch. Of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d at 34).  No such nexus exists here.  The instant litigation is not founded in any way upon Arsenberger's delivery of steel to a single customer in Auburn, Massachusetts.

General jurisdiction exists when "the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state."  Id.  Arsenberger does not now and never has at

any time engaged in continuous and systematic activity in Massachusetts,

Therefore, because the subject accident has no specific connection with Massachusetts and Arsenberger and Fosbrink are not subject to general personal jurisdiction in Massachusetts, all complaints against Arsenberger and Fosbrink must be dismissed.

### C.     McDermott's Accident Did Not "Arise From" Arsenberger's One Contact With Massachusetts

For jurisdiction to exist under § 3(a), the plaintiff's claim must <u>arise from</u> the defendant's transaction of business in Massachusetts. <u>Good Hope Indus. Inc. v. Ryder Scott Co.</u>, 378 Mass. 1, 6 (1979). In construing the "arising from" clause of M.G.L. c. 223A, § 3, the Supreme Judicial Court has held that a "but for" causation test applies. <u>Tatro v. Manor Care, Inc.</u>, 625 N.E.2d at 553-554. The "but for" test asks if the plaintiff would not have been injured "but for" the defendant's conduct in the Commonwealth. <u>Id</u>.

In <u>Tatro</u>, the Supreme Judicial Court found personal jurisdiction over a California hotel for a personal injury claim brought against it by a Massachusetts resident who was injured when she slipped and fell in a bathtub at the hotel. The court concluded that the hotel transacted business in Massachusetts by systematically advertising in the Commonwealth, and that the "arising from" requirement was satisfied where, <u>but for</u> the hotel's solicitations and acceptance of reservations in Massachusetts, the plaintiff would not have been injured in California. <u>Id</u>. at 551-552, 554; <u>See also</u> <u>Clark v. City of St. Augustine</u>, 977 F.Supp. 541, 543 (D.Mass. 1997) (personal jurisdiction existed over foreign municipality based upon advertising campaign in Massachusetts that attracted plaintiff to municipality where injury occurred).

Similarly, personal jurisdiction was found over a foreign corporation in <u>Systemation, Inc. v. Engel Industries</u>, 992 F.Supp. 58, 60 (D.Mass.1997). There, a plaintiff brought a patent infringement suit in Massachusetts against a defendant machine manufacturer for the

defendant's sale of a machine to a New Hampshire company. The court found that the defendant manufacturer transacted business in Massachusetts because it had a distributor here, and the plaintiff's cause of action <u>arose</u> <u>from</u> that business because the Massachusetts distributor sold the machine to the New Hampshire company. <u>Id</u>.

Conversely, no personal jurisdiction was found over a foreign corporation in <u>Mas Marques v. Digital Equipment Corporation</u>, 637 F.2d 24, 27 (D.Mass. 1980). In <u>Mas Marques</u>, the plaintiff brought an employment discrimination suit in Massachusetts against a West German company, which had a Massachusetts parent corporation. The court found that the West German corporation "transacted business" in the Commonwealth based upon its relationship with its Massachusetts parent corporation, including purchasing materials from the parent corporation. <u>Id</u>. The court, however, found that there was no jurisdiction over the West German company because the plaintiff's employment discrimination suit did not <u>arise</u> <u>from</u> the company's relationship with its Massachusetts parent corporation. <u>Id</u>.

Applying these principles in the instant case, jurisdiction is not conferred over Arsenberger or Fosbrink under subparts 3(a) or 3(b) of the long-arm statute because Mr. McDermott's accident did not <u>arise</u> <u>from</u> any business or contractual activity of Arsenberger or Fosbrink in Massachusetts.

Even under the broad interpretation of "arising from" set forth in Tatro, the facts of the present case are easily distinguishable. The accident that is the subject matter of this litigation had no relationship to Massachusetts whatsoever other than the fact that the McDermotts reside here. It did not stem from any other contacts with Massachusetts or efforts to obtain business from Massachusetts.

Therefore, even if the plaintiffs could show that Arsenberger transacted business or

contracted to supply goods or services in Massachusetts (which involves <u>one</u> customer in

Massachusetts), jurisdiction is not conferred over Arsenberger or Fosbrink, because Mr.

McDermott's accident did not "arise from" Arsenberger's business with this single

Massachusetts customer.

Because Mr. McDermott's accident did not <u>arise</u> <u>from</u> Arsenberger transacting any

business or contracting to supply any goods in this Commonwealth, jurisdiction cannot be

conferred over Arsenberger or Fosbrink under subparts 3(a) or 3 (b) of M.G.L. c. 223A.

> **D.      Personal Jurisdiction Cannot Be Conferred Over Arsenberger Or Fosbrink For Causing A Tortious Injury In Massachusetts Because The Plaintiffs' Alleged Injuries Were Caused In Pennsylvania, Not Massachusetts**

The plaintiffs may attempt to argue that jurisdiction is conferred over Arsenberger and

Fosbrink pursuant to subpart 3(d) of the Massachusetts Long Arm Statute, which states:

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's ... (d) causing tortious injury in this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth; ...

M.G.L. c. 223A, § 3(d).

The plaintiffs may argue that they suffered tortious injury in Massachusetts because Mr.

McDermott incurred medical expenses and endured pain and suffering in the Commonwealth,

and Mrs. McDermott has experienced the loss of her husband's consortium in the

Commonwealth.  This argument has been rejected by the federal courts in Massachusetts.  In

<u>Walsh v. National Seating Co .. Inc.</u>, 411 F.Supp. 564 (D.Mass. 1976), Walsh, a Massachusetts

resident, was injured by a defective bus seat while operating a motor vehicle in Maine. He and

his wife brought suit in Massachusetts against the seat's manufacturer, an out-of-state corporation. Explaining why subpart 3(d) did not authorize jurisdiction over the corporate defendant, the court stated:

> Plaintiff asks too much from the phrase "tortious injury." While it is undoubtedly true that plaintiff and his wife suffered in Massachusetts this does not mean they were injured here. They suffered here as a result of an injury that occurred in Maine [where the subject motor vehicle accident occurred]. To accept plaintiffs theory would mean that parties could choose their court by choosing their hospital or place of recuperation.

Id. at 571.

The same result was reached in Mello v. K-Mart Corp., 604 F.Supp. 769 (D.Mass. 1985), where the plaintiff brought a products liability action against the manufacturer of a hydraulic jack. The plaintiff, a Massachusetts resident, purchased the jack and was injured using it in Tennessee. The court rejected the plaintiffs' argument that there was jurisdiction over the manufacturer, a foreign corporation, because it caused injury in the Commonwealth where the plaintiff incurred medical expenses and endured pain and suffering, and his wife experienced a loss of consortium in Massachusetts. Id. at 772.

Like the plaintiffs in Mello and Walsh, the plaintiffs here were not injured in Massachusetts and, therefore, subpart 3(d) of the long-arm statutes provides no basis for jurisdiction over Arsenberger or Fosbrink.

## CONCLUSION

Arsenberger's occasional delivery of steel to a single customer in Auburn, Massachusetts does not amount to sufficient 'contact' with the state so that it is reasonable to require Arsenberger to answer a suit here. International Shoe Co. v. State of Washington, 326 U.S. 310 (1945); McGee v. International Life Ins. Co., 355 U.S. 220 (1957). Even if the plaintiffs could show that Arsenberger had this one isolated and limited contact with Massachusetts, this is not

sufficient to confer jurisdiction over Arsenberger or Fosbrink under subparts 3(a) or 3(b) of the long-arm statute, because Mr. McDermott's accident did not <u>arise</u> <u>from</u> this one connection that Arsenberger had to Massachusetts.

WHEREFORE, for the foregoing reasons, the plaintiffs cannot meet their burden of proving that the Court has personal jurisdiction over Arsenberger or Fosbrink under M.G.L. c. 223A, § 3 and, therefore, the Court should grant this motion and dismiss all claims and cross-claims against Arsenberger and Fosbrink, and grant whatever other relief the Court deems just and proper.

Respectfully submitted,

The Defendants,
ARSENBERGER TRUCKING, INC. AND
J.T. FOSBRINK,
By their Attorneys,

/s/Cheryl A. Enright

Cheryl A. Enright, BBO No. 552237
MORRISON MAHONEY, LLP
250 Summer Street
Boston, MA  02210-1181
Tel. (617) 737-8836
Fax (617) 342-4857

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that is document filed through the EFC system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 27th day of July, 2007.

/s/Cheryl A. Enright

_____

Cheryl A. Enright, BBO No. 552237

14