UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-12253MLW

| | |
|---|---|
| STEVEN MCDERMOTT and STACEY MCDERMOTT,<br>    Plaintiffs,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEMS, INC., T.S. PRUITT, ALLEGIANCE HEALTHCARE INC., D. PONCE, E.W. WYLIE CORPORATION, D.W. SMITH, ARSENBERGER TRUCKING, INC., J.T. FOSBRINK, RYDER TRUCK RENTAL, LORRAINE ODZANA as ADMINISTRATRIX OF THE ESTATE OF JAMES J. ODZANA, SHORELINE TRANSPORTATION, INC. JACYLYN PALETTA as ADMINISTRATRIX OF THE ESTATE OF MARIO J. CASTRO,<br>    Defendants. | **Leave to file granted July 13, 2007** |

**DEFENDANT CARDINAL HEALTH 200, INC. f/k/a
ALLEGIANCE HEALTH CARE, INC.'S REPLY BRIEF TO DEFENDANTS FEDEX
AND PRUITT'S OPPOSITION TO CARDINAL HEALTH 200'S MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant Cardinal Health 200, Inc. f/k/a Allegiance Health Care, Inc. ("Cardinal Health 200") submits this reply brief in response to Defendants FedEx and Tim Pruitt's (collectively "FedEx") opposition to Cardinal Health 200's motion to dismiss for lack of personal jurisdiction.

**A.  FedEx has not met its burden to prove that jurisdiction can be conferred over Cardinal Health 200 under G.L. c. 223, §38**

FedEx offers no opposition to Cardinal Health 200's contention that there is no personal jurisdiction over it under the Massachusetts Long-Arm Statute, G.L. c. 223A, §3. Instead, FedEx contends that personal jurisdiction exists over Cardinal Health 200

1

pursuant to a different statute, G.L. c. 223, §38.  On its face, Section 38 only addresses a means for **perfecting service of process** upon a foreign corporation, and makes absolutely no reference to conferring personal jurisdiction.  The statute, in its entirety, provides:

> In an action against a foreign corporation, except an insurance company, which has a usual place of business in the commonwealth, or with or without such usual place of business, is engaged in or soliciting business in the commonwealth, permanently or temporarily, **service may be made** in accordance with the preceding section[1] relative to service on domestic corporations in general, instead of upon the state secretary under section 15.10 of subdivision A of Part 15 of chapter 156D.

G.L. c. 223, §38 (emphasis added); *compare with* G.L. c. 223A, §3 ("A court may **exercise personal jurisdiction** over a person, who. . .")(emphasis added).  Nevertheless, and despite its language, Section 38 has been construed by Massachusetts courts as a means of conferring personal jurisdiction over foreign corporations, as FedEx correctly points out.  *See* In re Ski Train Fire In Kaprun, Austria, 2004 WL 2674644, *2 (S.P.D.N.Y. 2004)("**Although [Section 38] ostensibly addresses service of process**, courts have construed it more broadly to confer jurisdiction over foreign corporations operating within the state.")(emphasis added).

Massachusetts courts will assert jurisdiction over a foreign corporation served under Section 38: (a) whenever the corporation's activities affect the commerce of Massachusetts substantially so that the state has an interest in regulating the general conduct of those activities ("doing business"), or (b) whenever the corporation's activities in Massachusetts have so affected the particular transaction at issue that it is appropriate to hear the claim in a Massachusetts court.  Caso v. Lafayette Radio Electronics Corp., 370 F.2d 707, 712 (1st Cir.

---

[1] The preceding section to which reference is made here is G.L. c. 223, §37, which also speaks solely in terms of perfecting service of process (on a domestic corporation) without making an reference to conferring personal jurisdiction.  G.L. c. 223, §37.

1966).² Section 38 does not confer jurisdiction as broadly as the limits permitted by the United States Constitution. *See* Howse v. Zimmer Manufacturing Co., Inc., 757 F.2d 448, 451 (1st Cir. 1985). In applying subpart (a) of this test, courts have held that a foreign corporation is "doing business" in Massachusetts "where the corporation's activities more closely approximated the regular conduct of a domestic corporation." Caso, 370 F.2d at 712; *see also* Trojan Engineering Corp. v. Green Mountain Power Corp., 293 Mass. 377, 381, 200 N.E. 117 (1936). Importantly, the "mere solicitation" of business within Massachusetts alone does not constitute "doing business" here sufficient to confer general jurisdiction. *See* Howse, 757 F.2d at 450-451, 453; *see also* Caso, 370 F.2d at 713 (holding that "mere solicitation" or "solicitation plus" not sufficient to confer general jurisdiction).

The courts have further defined "doing business" to mean a corporation's activities within the state that are "extensive and systematic enough" that the "state has an interest in regulating the general conduct of those activities.'" Howse, 757 F.2d at 451. For example, in Farkas v. Texas Instruments, Inc., 50 F.R.D. 484 (D.Mass. 1969), *aff'd in relevant part*, 429 F.2d 849 (1st Cir. 1970), *cert denied*, 401 U.S. 974 (1971), jurisdiction was not conferred over a Texas corporation despite that it maintained a sales office in Massachusetts with fifteen employees who solicited orders in Massachusetts for sale of the company's electronic devices. The orders were mailed to Texas for acceptance or refusal, and no shipping of merchandise, collections or deliveries were made to or from the Massachusetts office. Id. at 487.

Similarly, in Caso, the court declined to exercise jurisdiction over a New York corporation with a wholly owned Massachusetts subsidiary that operated a retail store in

---

² Here, jurisdiction over Cardinal clearly cannot be established under subpart (b) of the Caso test given that there is no evidence that this accident arose from any of Cardinal's activities in Massachusetts. Therefore the discussion herein is limited to subpart (a) of the Caso test.

Massachusetts, shared officers and directors with the Massachusetts subsidiary, maintained a bank account in Boston, and sold and repaired its products through the Massachusetts subsidiary. 370 F.2d at 708-709.

In Mas Marques v. Digital Equipment Corporation, 637 F.2d 24 (1st Cir. 1980), the court found no jurisdiction over a foreign subsidiary corporation under Section 38 despite that it had a Massachusetts parent corporation that supplied half of the subsidiary's inventory and performed bookkeeping and accounting services on the subsidiary's behalf. Id. at 28.

In Wilson v. Holiday Inn Curacao N.V., 322 F.Supp. 1052 (D.Mass. 1971) the court did not find jurisdiction over a foreign subsidiary corporation despite that its parent corporation owned and operated motels in Massachusetts and acted as the agent for the foreign subsidiary by accepting hotel reservations, deposits and advertising on its behalf. The subsidiary did not have a place of business in Massachusetts, had no employees here and provided no goods or services here. Id. at 1054.

In Stanton v. AM General Corp., 50 Mass.App.Ct. 116, 736 N.E.2d 407 (2000), the Massachusetts Appeals Court found that jurisdiction did not exist over an Indiana company under Section 38 despite that the company sold vehicles (Hummers) that it manufactured to a dealership in Massachusetts and purchased component parts from a Massachusetts company. The company was not registered to do business in Massachusetts; did not employ personnel here; did not have assets here or own property here; and did not maintain an office, telephone service, or bank account here. Id. at 117-121.

In LTX Corporation v. Daewoo Corporation, 979 F.Supp 51 (D.Mass.1997) *affirmed* 141 F.3d 1149 (1st.Cir.1998) the court found there was no jurisdiction over a foreign corporation despite that it sold electronics and other products through independent retail stores throughout

Massachusetts, established links with the higher education system in Massachusetts, created joint ventures with Massachusetts companies, contracted with Massachusetts manufacturers, owned substantial interests in Massachusetts corporations, and one of its subsidiaries owned real property in Massachusetts.  Id. at 54-55.

In this case, FedEx has not met its burden to prove that Cardinal Health 200 is sufficiently "doing business" in Massachusetts to warrant the assertion of jurisdiction over it under Section 38.  As previously discussed, FedEx has the burden to prove that Cardinal Health 200's activities in Massachusetts are "extensive and systematic enough" that the state "has an interest in regulating the general conduct of those activities.'"  Howse, 757 F.2d at 451.  Importantly, again, this is FedEx's burden to prove.  *See* Boit v. Gar-Tec Prods., Inc., 967 F.2d 671, 675 (1st Cir. 1992); Ealing Corp. v. Harrods, Ltd., 790 F.2d 978, 979 (1st Cir. 1986).  A *prima facie* showing of personal jurisdiction must be based on evidence of specific facts set forth in the record.  Boit, 967 F.2d at 675.  The party attempting to assert personal jurisdiction must go beyond the pleadings and make affirmative proof.  Id.  The party seeking to invoke jurisdiction carries the burden of establishing the necessary foundation for the inferences on which he relies.  Stanton, 50 Mass.App.Ct. at 121; Nichols Assocs., Inc. v. Starr, 4 Mass.App.Ct. 91, 93-94, 341 N.E.2d 909 (1976)(drawing unwarranted inferences misplaces burden of proof).  FedEx must produce evidence to support its jurisdictional allegations.  Id. at 680.  It has not done so.

Here, FedEx has failed to meet its burden to show that Cardinal Health 200 engages in extensive and systematic business activities in Massachusetts.  Caso, 370 F.2d at 711.  Cardinal Health 200 is a Delaware corporation with a principal place of business in Dublin, Ohio.  Cardinal Health 200's president, treasurer and directors are based in Ohio.  FedEx has offered no evidence of what business activities Cardinal Health 200 engages-in in Massachusetts; no

evidence of what volume of business Cardinal Health 200 engages-in in Massachusetts; no evidence of what revenues Cardinal Health 200 derives from Massachusetts; no evidence of how many employees Cardinal Health 200 employs here; no evidence of what corporate decisions, if any, Cardinal Health 200 makes in Massachusetts; no evidence of whether Cardinal Health 200's officers or directors travel to Massachusetts; and no evidence of whether Cardinal Health 200 owns any property in Massachusetts.

In support of its argument, FedEx contends that Cardinal Health 200 is subject to the general jurisdictional of this court because it is "a registered corporation doing business in the state of Massachusetts since 1996." However, and as is discussed in greater detail in the next argument, the mere fact that Cardinal Health 200 is registered to conduct business in Massachusetts does not mean that it is necessarily subject to the general jurisdiction of the court. *See* Christopher v. Mount Snow, Ltd., 1996 WL 590738 n. 1 (D.Mass. 1996). FedEx next contends that Cardinal Health 200 through the affidavit of its employee, Kent Howell, admits that "Allegiance was principally a distributor and, to a lesser extent, a manufacturer of medical supplies. Most of its customers were hospitals." This assertion does nothing to prove the extent of Cardinal Health 200's business activities within Massachusetts. FedEx then contends that Mr. Howell stated in his affidavit that at the time of the accident, Allegiance had an office located in Bedford, Massachusetts. The mere presence of an office within Massachusetts, however, is not sufficient to give rise to general personal jurisdiction. *See* Farkas, 50 F.R.D. at 487 (no jurisdiction over Texas corporation despite its maintaining a sales office in Massachusetts with fifteen employees). FedEx next argues that Cardinal Health 200's "office" in Bedford, Massachusetts is actually a distribution facility. While Cardinal Health 200's parent company, Cardinal Health, Inc., apparently does operate a distribution facility in Bedford, Massachusetts,

6

FedEx has not met its burden to show what interest, if any, Cardinal Health 200 has in the distribution facility.  The fact that a company's parent or subsidiary may own or operate a business facility within the Commonwealth cannot be attributed to the foreign corporation for the purposes of conferring general jurisdiction.  *See* Caso, 370 F.2d at 708-709 (no jurisdiction over New York corporation despite its wholly owned Massachusetts subsidiary that operated retail store in Massachusetts); LTX, 979 F.Supp at 57 (no jurisdiction over foreign corporation despite that its subsidiary owned real property in Massachusetts); Wilson, 322 F.Supp. at 1054 (no jurisdiction over a foreign subsidiary corporation despite that its parent corporation owned and operated motels in Massachusetts).  Likewise, FedEx's assertion generally about the nature and scope of Cardinal Health, Inc.'s business throughout the United States, including its distribution facility in Massachusetts, provides no evidence regarding Cardinal Health 200's business activities in Massachusetts.  *See id; see also* Mas Marques, 637 F.2d at 28  (no jurisdiction over foreign subsidiary corporation despite having a Massachusetts parent corporation from which it purchased half its inventory and received bookkeeping and accounting services).

FedEx misplaces reliance on Howse.  As just discussed, FedEx here cannot demonstrate what business activities Cardinal Health 200 engages-in in Massachusetts.  In contrast, in Howse the plaintiff satisfied his burden to prove jurisdiction with evidence that: the defendant had an exclusive Massachusetts representative that used the defendant's name; the defendant's sales in Massachusetts approached $4M annually; the defendant was "always" sending representatives to Massachusetts to confer with surgeons about product development; and a substantial inventory of the defendant's products were warehoused in Massachusetts.  757 F.2d at 452-453.  FedEx has not met its burden to prove such facts in this case.

7

Likewise, FedEx's offer of proof regarding Cardinal Health 200's business activities in Massachusetts falls far short of the evidence in those cases in which general jurisdiction was conferred over foreign corporations under Section 38.  *See* Pharmechemie B.V. v. Pharmacia, S.P.A., 934 F.Supp. 484, 490-491 (D.Mass.1996) (defendant had sales in Massachusetts of over $30M; sold products under long-term contracts to medical care providers here; employed five sales representatives here; entered into an exclusive $1.5 million sales agreement with a Massachusetts company; and made annual payments to local hospitals and researchers for clinical studies of its products); Campbell v. Frontier Fishing and Hunting, Ltd., 10 Mass.App.Ct. 53, 54-55, 405 N.E.2d 989 (1980)(jurisdiction under Section 38 conferred over Canadian fishing-tour company where 33% of its business came from Massachusetts residents, it had an agent and director residing in Massachusetts, it solicited and advertised in Massachusetts, and collected payment from patrons in Massachusetts); Walsh v. National Seating Co., Inc., 411 F.Supp. 564, 572-575 (1976)(jurisdiction conferred over foreign corporation where its sales in Massachusetts exceeded $1M per year and its employees regularly came to Massachusetts to service the buses it manufactured).  Without any such evidence in this case, FedEx has not met its burden to establish jurisdiction over Cardinal Health 200 under Section 38.

**B.      Cardinal Health 200 is not subject to jurisdiction under Section 38 merely by being registered to do business in Massachusetts**

Contrary to FedEx's argument, Cardinal Health 200's mere registration to do business in Massachusetts and appointment of an agent for service of process in Massachusetts does not mean that Cardinal Health 200 has automatically consented to appear and defend against any and all claims brought against it in Massachusetts.  Christopher, 1996 WL 590738 n. 1 (D.Mass. 1996).  In rejecting this very argument, this court in Christopher reasoned:

> M.G.L. ch. 181 §4 requires "[e]very foreign corporation doing business in the commonwealth" to file a certificate with the Secretary of State indicating, *inter alia*, "the name and street of its resident agent." The statute, however, "neither equates receipt of process nor appointment of an agent with submission to *in personam* jurisdiction. The statute does not mention *in personam* jurisdiction at all. . ." Sandstrom v. Chemlawn Corporation, 727 F.Supp. 676, 679 (D.Me. 1989), *aff'd.* 905 F.2d 83 (1st. Cir. 1990)(holding that defendant's compliance with Maine registration statute does not, "in and of itself," confer jurisdiction over the defendant). . . .

Id. Consequently, there is no merit to FedEx's contention that Cardinal Health 200 has consented to the general jurisdiction of this court merely by registering to do business and appointing a registered agent in Massachusetts.

**C.    FedEx cannot rely on Section 38 to confer jurisdiction over Cardinal Health 200 where Cardinal Health 200 was not served under the statute and it has not been pleaded as a means of asserting jurisdiction**

Asserting Section 38 jurisdiction requires proof that the service was made in compliance with G.L. c. 223, § 37. LTX, 979 F.Supp at 57. As FedEx acknowledges, this was not done. Rather, the plaintiffs served Cardinal Health 200 in Ohio pursuant to the Massachusetts Long-Arm Statute. Likewise, the plaintiffs' second amended complaint makes no reference to Section 38 and asserts jurisdiction over Cardinal Health 200 solely pursuant to the Massachusetts Long-Arm Statute. (See paragraphs 16-17 of plaintiffs' second amended complaint). Moreover, in their opposition to this motion, the plaintiffs fail to place any reliance on Section 38 whatsoever. Since Section 38 was not pleaded or argued by the plaintiffs and not used as a means of perfecting service on Cardinal Health 200, it is too late to do so now. *See* Christopher, 1996 WL 590738 n. 1; LTX, 979 F.Supp. at 57. Consequently FedEx cannot rely on Section 38 as a means of conferring jurisdiction over Cardinal Health 200.

WHEREFORE, for the foregoing reasons, as well as those asserted in Cardinal Health 200's original supporting memorandum, this Court should allow Cardinal Health 200's motion to

dismiss for lack of personal jurisdiction, and grant whatever other relief the Court deems just and proper.

>
> Respectfully submitted,
> Defendant
> CARDINAL HEALTH 200, INC. F/K/A
>   ALLEGIANCE HEALTHCARE, INC.
> By its attorneys,
>
>
> /s/ Michael D. Riseberg_____
> John F.X. Lawler, BBO #546910
> Michael D. Riseberg, BBO #567771
> Erica B. Mecler, BBO #664709
> **ADLER POLLOCK & SHEEHAN P.C.**
> 175 Federal Street
> Boston, MA  02110
> (617) 482-0600

Dated: July 27, 2007


## **CERTIFICATE OF RULE 7.1 CONFERENCE AND OF SERVICE**

The undersigned hereby certifies that prior to filing the above motion he conferred with plaintiffs' counsel concerning its subject matter in a good faith attempt to resolve or narrow the issues presented.  The undersigned further certifies that on **July 27, 2007** this document is being filed through the ECF system and, accordingly, is being sent electronically to the registered participants as identified on the Notice of Electronic Filing and a paper copy will be sent to any party indicated as a non registered participant.

>
> /s/ Michael D. Riseberg_____
> Michael D. Riseberg, BBO #567771

*424344_1*