UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN McDERMOTT,<br>STACEY MCDERMOTT<br>    Plaintiffs,<br><br>vs.<br><br>FED EX GROUND PACKAGE<br>SYSTEMS, INC., et al.<br>    Defendants | Civil Action No.: 04-CV-12253 |

**FEDEX GROUND PACKAGE SYSTEM, INC.'S AND TIM PRUITT'S OPPOSITION TO SHORELINE TRANSPORTATION, INC.'S MOTION TO DISMISS**

### I. INTRODUCTION

Defendants FedEx Ground Package System, Inc. ("FedEx") and Tim Pruitt, hereby oppose defendant Shoreline Transportation, Inc.'s ("Shoreline") Motion to Dismiss on the grounds that this Court does in fact have personal jurisdiction over Shoreline in accordance with Federal Rule of Civil Procedure 12, as Shoreline did not assert the defense of lack of personal jurisdiction in its answer and therefore waived any right to assert such a defense.

### II. RELEVANT FACTS

This case arises out of a February 7, 2003 motor vehicle accident involving seven tractor-trailers and eight different collisions on Interstate 84 Eastbound in Pennsylvania ("Accident"). A true and accurate copy of the plaintiff's Second Amended Complaint is attached hereto as <u>Exhibit A</u>. The plaintiffs allege that they sustained personal injuries and loss of consortium as a result of the Accident and they have, in turn, brought suit in

this Court against twelve defendants allegedly involved in the Accident. Exhibit A. One of the defendants named by the plaintiff is Shoreline Transportation, Inc. Exhibit A. The Shoreline tractor-trailer operated by Mario Castro was involved in the Accident. Exhibit A.

Shoreline filed an answer to Plaintiffs' Second Amended Complaint on May 9, 2007. Exhibit B. Shoreline's answer did not raise personal jurisdiction as an affirmative defense. Exhibit B, p.16-17. Therefore, its motion to dismiss for lack of personal jurisdiction is untimely, as Shoreline waived any personal jurisdiction defense by failing to raise it in its first responsive pleading, the answer, dated May 9, 2007. Exhibit B, p.16-17. Shoreline also failed to amend their answer to add the affirmative defense in a timely manner.

## STANDARD OF REVIEW

The defendant Shoreline has moved to dismiss plaintiffs' claims and FedEx's and Timothy Pruitt's cross-claims pursuant to Rule 12(b)(2) for lack of personal jurisdiction. "On a motion to dismiss for want of *in personam* jurisdiction, the plaintiff bears the burden of persuading this Court that jurisdiction exists." Boston Scientific Corp. v. Bonzel, 132 F.Supp.2d 45, 49 (D. Mass. 2001) (citing Mass. Sch. Of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998)). In determining whether personal jurisdiction exists, the court may consider any evidence, including facts alleged in the pleadings, affidavits, discovery materials or exhibits. Ealing Corp. v. Harrods, Inc., 790 F.2d 978, 979 (1st Cir. 1986).

## ARGUMENT

**A.  Shoreline's Claim That Plaintiffs Cannot Establish Personal Jurisdiction is Irrelevant, as Shoreline Waived Personal Jurisdiction as a Matter of Law.**

Shoreline argues that this court does not have specific or general personal jurisdiction over Shoreline. That entire argument is irrelevant. This Court has jurisdiction over Shoreline because personal jurisdiction is an affirmative defense that must be raised in the first responsive pleading, or it is waived. Shoreline did not raise the affirmative defense in its first responsive pleading, its answer, and therefore, it has waived the defense. Fed.R.Civ.P. 12(h)(1) states "A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course."

The case law regarding Fed.R.Civ.P. 12(h) is well-settled. "It is clear under [F.R.C.P. 12(h)] that defendants wishing to raise any of these four defenses [lack of personal jurisdiction, insufficiency of process, improper venue, or insufficiency of service of process] must do so in their first defensive move, be it a Rule 12 motion or a responsive pleading." Glater v. Eli Lilly & Co., 712 F.2d 735, 738 (1st Cir.1983). See also J. Slotnick Co. v. Clemco Industries, 127 F.R.D. 435, 440 (D.Mass. 1989). Shoreline clearly did not raise the affirmative defense of lack of personal jurisdiction in

its answer. See Exhibit B, pp. 16-17. Further, Shoreline's Rule 12 motion was filed well after its answer, on July 23, 2007.[1]

Since Shoreline did not raise lack of personal jurisdiction as an affirmative defense in its answer, it has waived that defense. "A defendant who files a responsive pleading, but who does not object to the personal jurisdiction of the court, has, in effect, consented to the court's jurisdiction." Pilgrim Badge & Label Corp. v. Barrios, 857 F.2d 1, 3 (1st Cir.1988). See also Vega-Encarnation v. Babilonia, 344 F.3d 37, 42 (1st Cir. 2003).

In addition, the only way for Shoreline to salvage the defense of a lack of personal jurisdiction would be to amend its answer to include the defense. "If they fail to [raise a lack of personal jurisdiction as a defense in the first responsive pleading], the only manner in which to salvage the defense is by an amendment made as a matter of course." Glater, 712 F.2d at 738. However, such an amendment is not available to Shoreline because the twenty day time limit set forth in Fed.R.Civ.P. 15(a) for amending the answer after its initial filing on May 9, 2007, has expired. Further, Shoreline cannot seek leave of court for additional time after the expiration of the twenty day time period to file an amended answer. Glater, 712 F.2d at 738; see also J. Slotnick Co., 127 F.R.D. at 440. "Although Rule 15(a) also provides for amendments to pleadings by leave of the court and states that 'leave will be freely given when justice requires,' it follows from the language of Rule 12(h)(1) that this amendment procedure is not available to raise the personal jurisdiction defense." Glater, 712 F.2d at 738-39. See also Fed.R.Civ.P. 12(h)(1); Fed.R.Civ.P. 15(a).

---

[1] Cardinal Health 200, Inc. filed a Motion to Dismiss for lack of Personal Jurisdiction on May 25, 2007. The recently filed Motions to Dismiss by other Co-Defendants appear to have been done after reviewing that motion.

4

Shoreline did not raise lack of personal jurisdiction in its first defensive move, its answer to Plaintiffs' Second Amended Complaint filed on May 9, 2007. Shoreline is also past the 20 day deadline from the date of filing its answer, to amend its answer to plead such a defense. Shoreline is also prohibited from seeking leave of court to amend its answer to add such a defense. Therefore, Shoreline waived personal jurisdiction and has consented to this Court's jurisdiction.

**B.   Shoreline's Motion to Dismiss Should Be Denied In the Interest of Judicial Efficiency and Conservation of Court Resources.**

FedEx has a cross-claim against Shoreline. If this claim is dismissed, FedEx will still have the right to seek contribution from Shoreline pursuant to 42 Pa.C.S.A. § 8324 et. seq. FedEx could file such a claim after final adjudication on this matter if there is a finding of liability adverse to FedEx. Therefore, in the interest of judicial efficiency and conservation of court resources, all claims concerning this matter should be heard at the same time in this Court.

## CONCLUSION

For the foregoing reasons, Shoreline's Motion to Dismiss should be denied. Personal jurisdiction over Shoreline is properly conferred by this Court because Shoreline has waived the defense of lack of personal jurisdiction under Fed.R.Civ.P. 12 by not asserting the defense in its first responsive pleading.

DEFENDANTS,
FEDEX GROUND PACKAGE SYSTEM, INC.,
TIMOTHY PRUITT
By Their Attorneys,
CAMPBELL CAMPBELL EDWARDS &
CONROY PROFESSIONAL CORPORATION

/s/ Adam A. Larson
_____

James M. Campbell (BBO #541882)<br>
Adam A. Larson (BBO #632634)<br>
Cortney L. Merrill (BBO #661593)<br>
One Constitution Plaza<br>
Boston, Massachusetts 02129<br>
(617) 241-3000

## CERTIFICATE OF SERVICE

I, Adam A. Larson, certify that on August 6, 2007 a true copy of the above was sent electronically to:

Joseph M. Mahaney
Goeguen, McLaughlin, Richards & Mahaney, P.C.
The Harrier Beecher Stowe House
Two Pleasant Street
South Natick, MA 01760
(508) 651-1000

Howard M. Kahalas
Michael P. Welsh
Law Office of Howard M. Kahalas
Six Beacon Street, Suite 700
Boston, MA 02108
Phone: 617-523-1155

Cheryl A. Enright
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
(617) 737-8836

Michael D. Riseberg
Adler, Pollock & Sheehan, PC
175 Federal Street
Boston, MA 02110
(617) 482-0600

Kevin M. Riordan
Boyle, Morrissey & Campo, P.C.
695 Atlantic Avenue
Boston, MA 02127
(617) 451-2000

Scott J. Tucker
Tucker, Heifetz & Saltzman
Three School Street
Boston, MA 02108
(617) 557-9696

Brian J. Donegan
Neville & Keer LLC
24 Muzzey Street
Lexington, MA 02421
(781) 372-7200

Maynard Kirpalani
Michele Carlucci
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

/s/ Adam A. Larson
_____
Adam A. Larson