UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-12253JLA

_____
                                            )
STEVEN MCDERMOTT and                        )
STACEY MCDERMOTT,                           )
          Plaintiffs,                       )
v.                                          )
                                            )
FEDEX GROUND PACKAGE SYSTEMS, INC.,         )
T.S. PRUITT, ALLEGIANCE HEALTH CARE         )
INC., D. PONCE, E.W. WYLIE CORPORATION,     )
D.W. SMITH, ARSENBERGER TRUCKING            )
INC. J.T. FOSBRINK, RYDER TRUCK RENTAL,     )
LORRAINE ODZANA as ADMINISTRATRIX           )
OF THE ESTATE OF JAMES J. ODZANA,           )
SHORELINE TRANSPORTATION, INC.,             )
JACYLYN PALETTA as ADMINSTRATRIX            )
OF THE ESTATE OF MARIO J. CASTRO,           )
          Defendants.                       )
_____)


DEFENDANTS JACLYN PALETTA AS ADMINISTRATRIX OF THE ESTATE OF
MARIO J. CASTRO, AND SHORELINE TRANSPORTATION INC.'S REPLY BRIEF
IN RESPONSE TO FED EX AND PRUITT'S OPPOSITIONS TO JACLYN
PALETTA'S MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION

INTRODUCTION

The Defendants, Jaclyn Paletta as Administratrix of the Estate of Mario J. Castro, and Shoreline Transportation, Inc. submit this Reply to Fedex Ground Package System, Inc.'s and Tim Pruitt's Oppositions to their respective motions to dismiss.

In their Oppositions, Fed Ex and Pruitt do not address the merits of Paletta and Shorelines' motion to dismiss for lack of personal jurisdiction. Instead, they claim that Paletta and Shoreline waived the right to seek dismissal on those grounds by allegedly failing to raise the issue in its first responsive pleading. As is more fully set forth below,

Paletta and Shoreline did in fact raise the issue is their first responsive pleading. Accordingly, Paletta and Shorline should be dismissed from this action.

## ARGUMENT

Having raised the issue of personal jurisdiction in their Answer, Paletta and Shoreline did not waive the lack of personal jurisdiction as a defense in this matter. Fed Ex and Pruitt cite Rules 12 and 15 of the Federal Rules of Civil Procedure to support their argument that Paletta and Shoreline waived the defense of lack of personal jurisdiction by omitting it from their original answer and for not amending the answer to raise the issue within required time limits. Since Paletta and Shoreline specifically denied the existence of personal jurisdiction in their answer to specific allegations concerning same, Fed Ex and Pruitt apparently argue that the failure to designate it as an affirmative defense somehow precludes them from seeking relief based on that issue. Fed Ex and Pruitt's argument is one of form over substance. They have not provided any authority to support an argument that Paletta and Shoreline's denials in their Answer is insufficient to preserve their right to bring a motion to dismiss for lack of personal jurisdiction.

In the Plaintiffs' Second Amended Complaint, under the heading "jurisdiction", they allege that jurisdiction over the Defendant corporations and individuals is conferred by M.G.L. c. 223A, §§ 3(a) and 3(b) (the "long arm statute") and is consistent with the due process clause of the Fourteenth Amendment where the Defendants allegedly transacted business in the Commonwealth of Massachusetts and allegedly contracted to supply services in the Commonwealth of Massachusetts. <u>See</u> Exhibit 1, Plaintiffs' Second Amended Complaint at par. 16 and 17. Paletta and Shoreline served and filed an

Answer.  In that Answer, they specifically denied those allegations.  See Exhibit 2, Answer to Plaintiffs' Second Amended Complaint at par. 15-17.  Paletta and Shoreline's denial is set forth under the heading "jurisdiction."  See Id.

Fed Ex and Pruitt apparently argue that by not designating the lack of personal jurisdiction as an affirmative defense in their first responsive pleading that the issue is waived.  This is an argument of form over substance.  Fed.R.Civ.P. 8(f) specifically holds that all pleadings shall be construed as to do substantial justice.  See Fed.R.Civ.P. 8(f).  Substantial justice would not be served if this Court were to adopt Fed Ex and Pruitt's argument.

Fed-Ex and Pruitt rely heavily on Glater v. Eli Lilly & Co., 712 F.2d. 735 (1983) to support their argument that Paletta and Shoreline waived the defense of lack of personal jurisdiction.  However, a careful reading of Glater actually supports Paletta and Shorelines positions.  In Glater, the defendant answered that it lacked knowledge or information sufficient to form a belief as to the plaintiff's residence as alleged in the plaintiff's complaint.  See Glater, 712 F.2d at 737.  The court acknowledged that it is settled law that a defendant's good faith answer that it lacks knowledge or information sufficient to form a belief as to the truth of an averment constitutes a denial.  See Id. at 737; Fed.R.Civ.P. 8(b).  Accordingly, the court found it reasonable that a defendant's answer that it lacks knowledge on which to form a belief as to plaintiff's residence is sufficient to raise the issue of diversity.  See Id.

With respect to personal jurisdiction, the court found some appeal to the argument that a lack of knowledge to form a belief as to *plaintiff's* residence does not raise the issue of jurisdiction over the *defendant*.  See Id. at 737-738 (emphasis added).  Whether

or not the defendant raised the issues of diversity and personal jurisdiction as affirmative defenses, however, was never a part of the Glater court's analysis. See generally, Glater 712 F.2d 735. Rather, the focus was simply on whether the issues were raised. Ultimately, the court did not have to reach the technical point of whether or not the defendant's answer raised the defense of lack of jurisdiction because it found, based upon other grounds, that the defendant was not prohibited from amending its answer.

Had it been faced with the facts in this case, the Glater court would undoubtedly have found that Shoreline and Paletta sufficiently raised the issue of personal jurisdiction. Here, the plaintiffs specifically plead that personal jurisdiction was proper in this matter and provided the grounds for their assertion. In response to the plaintiffs' allegations that personal jurisdiction is conferred over the corporate and individual defendants by the Massachusetts Long-Arm Statute and the United States Constitution, Paletta and Shoreline clearly and directly denied the allegations, thus raising the issue of whether personal jurisdiction is proper in this matter. Furthermore, at the hearing before this Court on June 20, 2007, counsel for Paletta and Shoreline indicated to the parties and the Court that it intended to file a motion to dismiss, which is noted as an entry on the Court's docket.

## CONCLUSION

For the reasons set forth above and in their respective motions to dismiss, this Court should dismiss all claims and cross claims against them for lack of personal jurisdiction.

                                             Respectfully Submitted,
                                             JACLYN PALETTA as

|  |  |
|---|---|
|  | ADMINISTRATRIX of the<br>ESTATE OF MARIO J. CASTRO,<br>By her attorney, |
|  | /s/ |
| Dated: August 7, 2007 | _____ |
|  | James S. Franchek (BBO #177030)<br>Adam M. Berkowitz (BBO #648172)<br>Franchek Law, LLC<br>92 State Street, 8th Floor<br>Boston, Massachusetts 02109<br>(617) 573-0020 |
|  | SHORELINE TRANSPORTATION INC.,<br>By its attorney, |
|  | /s/ |
|  | _____<br>Brian J. Donegan, (BBO #648501)<br>Neville Law, LLC<br>24 Muzzey Street<br>Lexington, MA 02421<br>(781) 372-7200 |