UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN McDERMOTT, STACEY MCDERMOTT<br>Plaintiffs,<br><br>vs.<br><br>FED EX GROUND PACKAGE SYSTEMS, INC., et al.<br>Defendants | Civil Action No.: 04-CV-12253 |

### FEDEX GROUND PACKAGE SYSTEM, INC.'S AND TIM PRUITT'S OPPOSITION TO ARSENBERGER TRUCKING, INC.'S MOTION TO DISMISS

#### I.  INTRODUCTION

Defendants FedEx Ground Package System, Inc. ("FedEx") and Tim Pruitt, hereby oppose defendant Arsenberger Trucking, Inc.'s ("Arsenberger") Motion to Dismiss on the grounds that this Court does in fact have personal jurisdiction over Arsenberger in accordance with Federal Rule of Civil Procedure 12, as Arsenberger did not assert the defense of lack of personal jurisdiction in its answer and therefore waived any right to assert such a defense.

#### II.  RELEVANT FACTS

This case arises out of a February 7, 2003 motor vehicle accident involving seven tractor-trailers and eight different collisions on Interstate 84 Eastbound in Pennsylvania ("Accident"). A true and accurate copy of the plaintiff's Second Amended Complaint is attached hereto as Exhibit A. The plaintiffs allege that they sustained personal injuries and loss of consortium as a result of the Accident and they have, in turn, brought suit in

this Court against twelve defendants allegedly involved in the Accident. Exhibit A. One of the defendants named by the plaintiff is Arsenberger Trucking, Inc. Exhibit A. The Arsenberger tractor-trailer operated by J.T. Fosbrink was involved in the Accident. Exhibit A.

Arsenberger filed an answer to Plaintiffs' Second Amended Complaint on April 5, 2007. Exhibit B. Arsenberger's answer did not raise personal jurisdiction as an affirmative defense. Exhibit B, pp. 18,19. Therefore, its motion to dismiss for lack of personal jurisdiction is untimely, as Arsenberger waived any personal jurisdiction defense by failing to raise it in its first responsive pleading, the answer, dated April 5, 2007. Exhibit B, pp.18,19. Arsenberger also failed to amend their answer to add the affirmative defense in a timely manner.

## STANDARD OF REVIEW

The defendant Arsenberger has moved to dismiss plaintiffs' claims and FedEx's and Timothy Pruitt's cross-claims pursuant to Rule 12(b)(2) for lack of personal jurisdiction. "The first question to be addressed is whether the Court should consider the motion at all. Under Fed.R.Civ.P. 12(b), a motion for lack of jurisdiction over the person and for improper venue should be made before the filing of an answer." Killion v. Commonwealth Yachts, 421 F.Supp.2d 246, 251 (D.Mass. 2006). In fact, "The court must deny any motion made after a responsive pleading as being too late. However, courts have allowed untimely motions if the defense has been previously included in the answer." Gerakaris v. Champagne, 913 F.Supp. 646, 650-51 (D.Mass. 1996); see also Litchfield Financial Corp. v. Buyers Source Real Estate Group, 389 F.Supp. 2d 80, 84 (D.Mass. 2005).

2

If the Court decides to consider Arsenberger's motion despite the previously filed answer that did not contain any affirmative defenses asserting lack of personal jurisdiction, "On a motion to dismiss for want of *in personam* jurisdiction, the plaintiff bears the burden of persuading this Court that jurisdiction exists." Boston Scientific Corp. v. Bonzel, 132 F.Supp.2d 45, 49 (D. Mass. 2001) (citing Mass. Sch. Of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998)). In determining whether personal jurisdiction exists, the court may consider any evidence, including facts alleged in the pleadings, affidavits, discovery materials or exhibits. Ealing Corp. v. Harrods, Inc., 790 F.2d 978, 979 (1st Cir. 1986).

## ARGUMENT

**A.   Arsenberger's Claim That Plaintiffs Cannot Establish Personal Jurisdiction is Irrelevant, as Arsenberger Waived Personal Jurisdiction as a Matter of Law.**

Arsenberger argues that this court does not have specific or general personal jurisdiction over Arsenberger. That entire argument is irrelevant. This Court has jurisdiction over Arsenberger because personal jurisdiction is an affirmative defense that must be raised in the first responsive pleading, or it is waived. Arsenberger did not raise the affirmative defense in its first responsive pleading, its answer, and therefore, it has waived the defense. Fed.R.Civ.P. 12(h)(1) states "A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course."

The case law regarding Fed.R.Civ.P. 12(h) is well-settled. "It is clear under [F.R.C.P. 12(h)] that defendants wishing to raise any of these four defenses [lack of personal jurisdiction, insufficiency of process, improper venue, or insufficiency of service of process] must do so in their first defensive move, be it a Rule 12 motion or a responsive pleading." Glater v. Eli Lilly & Co., 712 F.2d 735, 738 (1st Cir.1983). See also J. Slotnick Co. v. Clemco Industries, 127 F.R.D. 435, 440 (D.Mass. 1989). Arsenberger clearly did not raise the affirmative defense of lack of personal jurisdiction in its answer. See Exhibit B, pp. 18, 19. Further, Arsenberger's Rule 12 motion was filed well after its answer, on July 27, 2007.[1]

Arsenberger did state all other affirmative defenses clearly, including another Rule 12(b) defense. "By way of affirmative defense, the defendants state that this action shall be dismissed for insufficiency of process." Exhibit B, p.19. If Arsenberger intended to preserve the defense of lack of personal jurisdiction, it should have similarly asserted it as an affirmative defense.

Since Arsenberger did not raise lack of personal jurisdiction as an affirmative defense in its answer, it has waived that defense. "A defendant who files a responsive pleading, but who does not object to the personal jurisdiction of the court, has, in effect, consented to the court's jurisdiction." Pilgrim Badge & Label Corp. v. Barrios, 857 F.2d 1, 3 (1st Cir.1988). See also Vega-Encarnation v. Babilonia, 344 F.3d 37, 42 (1st Cir. 2003).

In addition, the only way for Arsenberger to salvage the defense of a lack of personal jurisdiction would be to amend its answer to include the defense. "If they fail to

---

[1] Cardinal Health 200, Inc. filed a Motion to Dismiss for lack of Personal Jurisdiction on May 25, 2007. The recently filed Motions to Dismiss by other Co-Defendants appear to have been done after reviewing that motion.

[raise a lack of personal jurisdiction as a defense in the first responsive pleading], the only manner in which to salvage the defense is by an amendment made as a matter of course." Glater, 712 F.2d at 738. However, such an amendment is not available to Arsenberger because the twenty day time limit set forth in Fed.R.Civ.P. 15(a) for amending the answer after its initial filing on April 5, 2007, has expired. Further, Arsenberger cannot seek leave of court for additional time after the expiration of the twenty day time period to file an amended answer. Glater, 712 F.2d at 738; see also J. Slotnick Co., 127 F.R.D. at 440. "Although Rule 15(a) also provides for amendments to pleadings by leave of the court and states that 'leave will be freely given when justice requires,' it follows from the language of Rule 12(h)(1) that this amendment procedure is not available to raise the personal jurisdiction defense." Glater, 712 F.2d at 738-39. See also Fed.R.Civ.P. 12(h)(1); Fed.R.Civ.P. 15(a).

Arsenberger did not raise lack of personal jurisdiction in its first defensive move, its answer to Plaintiffs' Second Amended Complaint filed on April 5, 2007. Arsenberger is also past the 20 day deadline from the date of filing its answer, to amend its answer to plead such a defense. See Fed.R.Civ.P. 15(a). Arsenberger is also prohibited from seeking leave of court to amend its answer to add such a defense. Therefore, Arsenberger waived personal jurisdiction and has consented to this Court's jurisdiction.

Arsenberger may assert that it preserved the defense when it answered Plaintiff's averments in their Second Amended Complaint regarding jurisdiction. "The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same." Exhibit B, p.3, paras.15-17; Exhibit A, p.3, paras. 15-17. However, there does not appear to be

any case law that supports the claim that a denial of averments that jurisdiction exists, is enough to preserve a defendant's right to assert a lack of jurisdiction in a subsequently filed motion to dismiss almost three months later. As stated, the proper way to preserve a Rule 12(b) defense is to initially file a motion to dismiss or to raise it as an affirmative defense in the answer. See Gerakaris, 913 F.Supp. at 650. Here, Arsenberger clearly failed to do either one.

### B. Arsenberger's Motion to Dismiss Should Be Denied In the Interest of Judicial Efficiency and Conservation of Court Resources.

FedEx has a cross-claim against Arsenberger. If this claim is dismissed, FedEx will still have the right to seek contribution from Arsenberger pursuant to 42 Pa.C.S.A. § 8324 et. seq. FedEx could file such a claim after final adjudication on this matter if there is a finding of liability adverse to FedEx. Therefore, in the interest of judicial efficiency and conservation of court resources, all claims concerning this matter should be heard at the same time in this Court.

### CONCLUSION

For the foregoing reasons, Arsenberger's Motion to Dismiss should be denied. Personal jurisdiction over Arsenberger is properly conferred by this Court because Arsenberger has waived the defense of lack of personal jurisdiction under Fed.R.Civ.P. 12 by not asserting the defense in its first responsive pleading.

> DEFENDANTS,
> FEDEX GROUND PACKAGE SYSTEM, INC.,
> TIMOTHY PRUITT
> By Their Attorneys,
> CAMPBELL CAMPBELL EDWARDS &
> CONROY PROFESSIONAL CORPORATION
>
> /s/ Adam A. Larson
> _____

          James M. Campbell (BBO #541882)
          Adam A. Larson (BBO #632634)
          Cortney L. Merrill (BBO #661593)
          One Constitution Plaza
          Boston, Massachusetts 02129
          (617) 241-3000

## CERTIFICATE OF SERVICE

I, Adam A. Larson, certify that on August 10, 2007 a true copy of the above was sent electronically to:

Joseph M. Mahaney
Goeguen, McLaughlin, Richards & Mahaney, P.C.
The Harrier Beecher Stowe House
Two Pleasant Street
South Natick, MA 01760
(508) 651-1000

Howard M. Kahalas
Michael P. Welsh
Law Office of Howard M. Kahalas
Six Beacon Street, Suite 700
Boston, MA 02108
Phone: 617-523-1155

Cheryl A. Enright
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
(617) 737-8836

Michael D. Riseberg
Adler, Pollock & Sheehan, PC
175 Federal Street
Boston, MA 02110
(617) 482-0600

Kevin M. Riordan
Boyle, Morrissey & Campo, P.C.
695 Atlantic Avenue
Boston, MA 02127
(617) 451-2000

Scott J. Tucker
Tucker, Heifetz & Saltzman
Three School Street
Boston, MA 02108
(617) 557-9696

Brian J. Donegan
Neville & Keer LLC
24 Muzzey Street
Lexington, MA 02421
(781) 372-7200

Maynard Kirpalani
Michele Carlucci
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

/s/ Adam A. Larson
_____
Adam A. Larson

7