UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-12253-MLW

| |
|---|
| STEVEN McDERMOTT and STACEY McDERMOTT, <br>        Plaintiffs <br><br> v. <br><br> FEDEX GROUND PACKAGE SYSTEMS, INC., T.S. PRUITT, ALLEGIANCE HEALTHCARE, INC., D. PONCE, E.W. WYLIE CORPORATION, D.W. SMITH ARSENBERGER TRUCKING, INC., J.T. FOSBRINK, RYDER TRUCK RENTAL, LORRAINE ODZANA as ADMINISTRATRIX OF THE ESTATE OF JAMES J. ODZANA, SHORELINE TRANSPORATION, INC., JACYLYN PALETTA as ADMINISTRATRIX OF THE ESTATE OF MARIO J. CASTRO, <br><br>         Defendants |

**MEMORANDUM IN SUPPORT OF LORRAINE ODZANA, AS ADMINISTRATRIX OF THE ESTATE OF JAMES J. ODZANA'S, MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

NOW COMES Defendant Lorraine Odzana as Administratrix of the Estate of James J. Odzana and moves to dismiss all claims and cross-claims[1] against her pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. In support of this motion, the Defendant states the following:

I.  INTRODUCTION

All claims and cross-claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction over the Defendant. Plaintiff will be unable to establish that personal jurisdiction may be conferred upon the Defendant pursuant to the Massachusetts long-arm statute. The Plaintiffs have failed to allege that the Plaintiff's

---

[1] The cross-claims of co-defendants for contribution and indemnification are all derivative of Plaintiffs' claims, and therefore the question of personal jurisdiction on the cross-claims requires the same analysis as Plaintiff's claims.

1

BODOCS01 88113v.3

injuries arose out of any connection the decedent, James J. Odzana, may have had with Massachusetts, and the accident which is the subject of Plaintiffs' Complaint occurred in Pennsylvania.

II.   FACTUAL BACKGROUND

   A.   Plaintiff's Complaint

The Plaintiffs allege that on February 7, 2003, the plaintiff, Steve McDermott, sustained personal injury as a result of a multiple tractor-trailer accident that occurred on Interstate 84, Eastbound, in Pennsylvania.  Plaintiff originally filed suit on October 26, 2004 against Defendants Fedex Ground Package Systems, Inc. ("Fedex") and T.S. Pruitt, the driver of the Fedex tractor-trailer.  On November 17, 2006, the Plaintiffs filed a motion for leave to file an Amended Complaint to add ten new defendants, including Defendant Odzana.  The decedent, James Odzana, was killed in the subject accident.

Plaintiffs allege that the Defendant Odzana, is an individual residing at 129 Railroad Street, Taylor, Pennsylvania, and at all relevant times was the administratrix for the agent, servant, and/or employee of Ryder Truck Rental, Inc. ("Ryder"), a co-defendant in this matter.  [See Exhibit A, Second Amended Complaint, ¶12].  The Plaintiff alleges that jurisdiction is conferred upon all individual Defendants, as agent, servant and/or employee of the Defendant Corporations, by M.G.L. c. 223A, §§ 3(a) and 3(b) and is consistent with the due process clause of the Fourteenth Amendment, as the Defendants at all relevant times, (a) transacted business in the Commonwealth, and (b) contracted to supply services in the Commonwealth of Massachusetts. [See Exhibit A, ¶17].

B.   Facts Related to the Issue of Personal Jurisdiction

At the time of the accident, February 7, 2003, the decedent, James J. Odzana, was an employee of Hospital Central Services, Inc. ('HCS"), a Pennsylvania corporation, with a principal place of business and corporate office located at 2171 28th Street, Southwest, Allentown, PA 18103. [See Exhibit B, Affidavit of Louise Dolan, ¶ 2-3]. The decedent, James J. Odzana, was employed by HCS as deliveryman/truck driver for HCS' laundry and linen services out of the Scranton, PA textile processing plant located at 317 Linden St., Scranton, PA 18503. [Exhibit B, ¶ 3]. Odzana was making a delivery run for HCS at the time of the accident. [Exhibit B, ¶ 3]. At the time of the accident, Odzana was operating a truck rented from Ryder to HCS. [Exhibit B, ¶4]. HCS also has textile processing plants located in Kingston, PA, Asbury Park and Camden, NJ, and Baltimore, MD. [Exhibit B, ¶5]. HCS provides linen rental services to healthcare facilities in Pennsylvania, New Jersey, New York, Maryland and Washington, DC. [Exhibit B. ¶5]. The Scranton plant, out of which Odzana made deliveries, provides linen services to healthcare facilities located only in Pennsylvania, New York and New Jersey. [Exhibit B, ¶5]. HCS has no offices in Massachusetts and provides no linen services in Massachusetts and does not conduct any business in Massachusetts. [Exhibit B, ¶ 6]. Odzanas' deliveries were only between the HCS plant, located at 317 Linden Street, Scranton, PA 18503, and various hospitals in New Jersey, New York and Pennsylvania. [Exhibit B, ¶ 7]. Odzana never made any delivery runs to, from or through Massachusetts. [Exhibit B, ¶ 8].

BODOCS01 88113v.3

III.   ARGUMENT

    A.   Legal Standard

On a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of persuading the court that jurisdiction exists. See Massachusetts School of Law at Andover, Inc. v. American Bar Association, 142 F.3d 26, 34 (1st Cir. 1998); Cartone v. Ogden Suffolk Downs, Inc., 647 F. Supp. 850, 856-57 (D. Mass. 1986). In determining a motion under Rule 12(b)(2), the court may consider evidence including facts alleged in the pleadings and affidavits. See Ealing Corp. v. Harrods, Inc., 790 F. 2d 978, 979 (1st Cir. 1986).

Pursuant to M.G.L. c. 199A, §9, the Administratrix "shall be subject to the jurisdiction of the courts of the commonwealth to the same extent that [her] decedent was subject to jurisdiction immediately prior to death." In a diversity case, the Court will apply a two-step analysis in determining personal jurisdiction. See Hahn v. Vermont Law School, 698 F. 2d 48, 49 (1st Cir. 1983). First, the Court must ascertain whether jurisdiction is provided by the forum state's long-arm statute. Id. Then, the court must determine whether or not sufficient minimum contacts with the forum state exist to satisfy the due process requirements of the Fourteenth Amendment of the U.S. Constitution. Id. If jurisdiction pursuant to the long-arm statute does not exist, the Court need not reach the constitutional minimum contacts analysis. See Singer v. Piaggio & Co., 420 F.2d 679, 681 (1st Cir. 1969).

    B.   The Plaintiff Cannot Establish Personal Jurisdiction Pursuant to the Massachusetts Long Arm Statute.

        a.   M.G.L. c. 223A §§ 3(a) and (b) do not confer jurisdiction.

4

Plaintiff cannot establish that the jurisdiction is granted by Massachusetts' long-arm statute. The Massachusetts long-arm statute provides:

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's
>
>   (a) transacting any business in this commonwealth;
>   (b) contracting to supply services or things in this commonwealth;
>   (c) causing tortious injury by an act or omission in this commonwealth;
>   (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth;
>   (e) having an interest in, using or possessing real property in this commonwealth;
>   (f) contracting to insure any person, property or risk located within this commonwealth at the time of contracting;
>   (g) maintaining a domicile in this commonwealth while a party to a personal or marital relationship out of which arises a claim for divorce, alimony, property settlement, parentage of a child, child support or child custody; or the commission of any act giving rise to such a claim; or
>   (h) having been subject to the exercise of personal jurisdiction of a court of the commonwealth which has resulted in an order of alimony, custody, child support or property settlement, notwithstanding the subsequent departure of one of the original parties from the commonwealth, if the action involves modification of such order or orders and the moving party resides in the commonwealth, or if the action involves enforcement of such order notwithstanding the domicile of the moving party.

M.G.L. c. 223A, § 3

Plaintiff asserts jurisdiction pursuant to M.G.L. c. 223A, §§3(a) and (b). To establish jurisdiction under Sections 3(a) and (b), Plaintiffs must establish that the Defendant[2] either: (a) contracted business in the Commonwealth; or (b) contracted to provide services or things in the Commonwealth. However, the inquiry does not end there, as the Plaintiff must also establish that the cause of action "arose out" of these activities within the Commonwealth. See Workgroup Technology Corp. v. MGM Gran Hotel, LLC, 246 F. Supp. 2d 102, 109 (D. Mass. 2003); Merced v. JLG Industries, Inc., 170 F. Supp. 2d 65, 71 (D. Mass. 2001).

---

[2] Pursuant to M.G.L. c. 199A, §9, the Administratrix "shall be subject to the jurisdiction of the courts of the commonwealth to the same extent that [her] decedent was subject to jurisdiction immediately prior to death." Therefore, we address the issue of personal jurisdiction over the decedent, James Odzana.

5

Plaintiff has not alleged and will not be able to establish that the accident arose from Defendant's business activities in the Commonwealth. At the time of the accident, February 7, 2003, the decedent, James J. Odzana, was an employee of Hospital Central Services, Inc. ('HCS"), a Pennsylvania corporation, with a principal place of business and corporate office located at 2171 28th Street, Southwest, Allentown, PA 18103. [See Exhibit B, Affidavit of Louise Dolan, ¶ 2-3]. The decedent, James J. Odzana, was employed by HCS as deliveryman/truck driver for HCS' laundry and linen services out of the Scranton, PA textile processing plant located at 317 Linden St., Scranton, PA 18503. [Exhibit B, ¶ 3]. Odzana was making a delivery run for HCS at the time of the accident. [Exhibit B, ¶ 3]. At the time of the accident, Odzana was operating a truck rented from Ryder to HCS. [Exhibit B, ¶4]. HCS also has textile processing plants located in Kingston, PA, Asbury Park and Camden, NJ, and Baltimore, MD. [Exhibit B, ¶5]. HCS provides linen rental services to healthcare facilities in Pennsylvania, New Jersey, New York, Maryland and Washington, DC. [Exhibit B. ¶5]. The Scranton plant, out of which Odzana made deliveries, provides linen services to healthcare facilities located only in Pennsylvania, New York and New Jersey. [Exhibit B, ¶5]. HCS has no offices in Massachusetts, does not provide linen services in Massachusetts and does not conduct any business in Massachusetts. [Exhibit B, ¶ 6]. Odzanas' deliveries weere only between the HCS plant, located at 317 Linden Street, Scranton, PA 18503, and various hospitals in New Jersey, New York and Pennsylvania. [Exhibit B, ¶ 7]. Odzana never made any delivery runs to, from or through Massachusetts. [Exhibit B, ¶ 8]. Therefore, even if the Plaintiff could show that Odzana transacted business in Massachusetts, the accident did not arise from any such activity. In fact, there is no evidence that Odzana had any connection to Massachusetts. Therefore, jurisdiction cannot be conferred over the Defendant pursuant to M.G.L. c. 223A, §§ 3(a) or 3(b).

6

### b.    M.G.L. c. 223A § 3(d) does not confer jurisdiction.

While Plaintiffs do not so plead in the Complaint, Plaintiffs might argue that jurisdiction is conferred by M.G.L. c. 223A § 3(d). Section 3(d) provides:

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's
>
> (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth;…

In this regard, Plaintiffs may argue that Steven McDermott incurred medical expenses and endured pain and suffering in Massachusetts, and his wife, Stacey McDermott, has experienced loss of consortium in Massachusetts. However, this Court has specifically rejected this notion that such suffering in Massachusetts would constitute "tortious injury in this commonwealth" pursuant to § 3(d). See Mello v. K-Mart Corporation, 604 F. Supp. 769 (D. Mass. 1985), citing Walsh v. National Seating Co., Inc., 411 F. Supp. 564 (D. Mass. 1976)("To accept plaintiff's theory would mean that parties could choose their court by choosing their hospital or place of recuperation.").

Even if there were evidence that Odzana had contacts with the forum, Mello also expressly rejected the argument that pursuant to § 3(d) "when the non-resident defendant has numerous contacts with the forum such that the demands of due process are satisfied, it is not necessary that the cause of action arise from or be connected with the defendants' contacts with the forum." Mello, 604 F. Supp. at 772. The Mello Court held that this assertion is directly contradicted by the wording of the Massachusetts long-arm statute. The statute specifies that a court may exercise jurisdiction over a foreign corporation only if the cause of action *arises from* some action or event which took place within the state." Id. Here, as in Mello, "no aspect of the incident on which plaintiffs base their claims transpired in Massachusetts."

7

    c.    <u>Personal jurisdiction is not conferred upon Odzana by his employment.</u>

To the extent that Plaintiffs may argue that jurisdiction exists over Odzana as an employee of Ryder, this is unsupported by the evidence and not a legal basis for jurisdiction. Plaintiff pleads that Odzana was an employee of Ryder at the time of the accident. [See Exhibit A, ¶ 12] . This is incorrect. Odzana was employed by HCS services at the time of the accident and was making a delivery for HCS. [See Exhibit B, ¶3]. He was operating a Ryder truck, rented by HCS. [Exhibit B, ¶ 4]. Moreover, personal jurisdiction over an employee cannot be solely predicated on personal jurisdiction of the employer corporation. Each employee defendant's contacts with the forum state must be assessed individually. <u>See</u> <u>Calder v. Jones</u>, 465 U.S. 783 (U.S. 1984). <u>See</u> <u>also</u> <u>LaVallee v. Parrot-Ice Drink Products of America, Inc., et al.</u>, 193 F. Supp. 2d 296, 300 (D. Mass. 2002)("It is well established that 'jurisdiction over the individual officers of a corporation may not be based on jurisdiction over the corporation.'"), quoting <u>Johnson Creative Arts, Inc. v. Wool Masters, Inc.</u>, 573 F. Supp. 1106, 1111 (D. Mass. 1983). "This Court must determine that there is an 'independent basis' for jurisdiction pursuant to the Massachusetts long-arm statute." <u>Id.</u> Regardless, there is no evidence that personal jurisdiction would exist over Odzana's employer, HCS.

III.    CONCLUSION

There is no basis to support personal jurisdiction over the Defendant. The Plaintiffs plead that personal jurisdiction is conferred by M.G.L. c. 223A §§ 3(a) and (b). However, there is no evidence that Defendant's decedent had any contacts with the Commonwealth, let alone that the accident arose out of any contacts with Massachusetts. Moreover, Plaintiffs did not suffer "tortious injury within the Commonwealth" as required by M.G.L. c. 223A § 3(d). In addition, Plaintiff would not be able to establish personal jurisdiction exists over Plaintiff's employer at the time of the accident. Even if

8

Plaintiffs could so establish, this would not confer jurisdiction upon the Plaintiff, as the law requires an individual analysis. Therefore, because personal jurisdiction cannot be established over the Defendant, all claims and cross-claims must be dismissed.

WHEREFORE, the Defendant requests that this Honorable Court dismiss all claims and cross-claims against her.

Dated: August 10, 2007

Respectfully submitted,

The Defendant,
LORRAINE ODZANA, as Administratrix
of the Estate of JAMES J. ODZANA
By her attorneys,

*s/ Michele Carlucci*
Maynard M. Kirpalani, BBO#273940
Michele Carlucci, BBO #655211
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

## CERTIFICATE OF SERVICE

I, Michele Carlucci, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the NEF on August 10, 2007.

/s/ *Michele Carlucci*