UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN McDERMOTT, )<br>STACEY MCDERMOTT )<br>    Plaintiffs, )<br>)<br>vs. )<br>)<br>FED EX GROUND PACKAGE )<br>SYSTEMS, INC., et al. )<br>    Defendants )<br>) | Civil Action No.: 04-CV-12253 |

**FEDEX GROUND PACKAGE SYSTEM, INC.'S AND TIM PRUITT'S
OPPOSITION TO J.T. FOSBRINK'S MOTION TO DISMISS**

**I.   INTRODUCTION**

Defendants FedEx Ground Package System, Inc. ("FedEx") and Tim Pruitt, hereby oppose defendant J.T. Fosbrink's Motion to Dismiss on the grounds that this Court does in fact have personal jurisdiction over J.T. Fosbrink in accordance with Federal Rule of Civil Procedure 12, as he did not assert the defense of lack of personal jurisdiction in his answer and therefore waived any right to assert such a defense.

**II.   RELEVANT FACTS**

This case arises out of a February 7, 2003 motor vehicle accident involving seven tractor-trailers and eight different collisions on Interstate 84 Eastbound in Pennsylvania ("Accident"). A true and accurate copy of the plaintiff's Second Amended Complaint is attached hereto as Exhibit A. The plaintiffs allege that they sustained personal injuries and loss of consortium as a result of the Accident and they have, in turn, brought suit in this Court against twelve defendants allegedly involved in the Accident. Exhibit A. One

of the defendants named by the plaintiff is J.T. Fosbrink. <u>Exhibit A</u>. The Arsenberger Trucking Inc. tractor-trailer operated by J.T. Fosbrink was involved in the Accident. <u>Exhibit A</u>.

J.T. Fosbrink filed an answer to Plaintiffs' Second Amended Complaint on April 5, 2007. <u>Exhibit B</u>. J.T. Fosbrink's answer did not raise personal jurisdiction as an affirmative defense. <u>Exhibit B</u>, pp. 18,19. Therefore, his motion to dismiss for lack of personal jurisdiction is untimely, as J.T. Fosbrink waived any personal jurisdiction defense by failing to raise it in his first responsive pleading, the answer, dated April 5, 2007. <u>Exhibit B</u>, pp.18,19. J.T. Fosbrink also failed to amend his answer to add the affirmative defense in a timely manner.

## **STANDARD OF REVIEW**

The defendant J.T. Fosbrink has moved to dismiss plaintiffs' claims and FedEx's and Timothy Pruitt's cross-claims pursuant to Rule 12(b)(2) for lack of personal jurisdiction. "The first question to be addressed is whether the Court should consider the motion at all. Under Fed.R.Civ.P. 12(b), a motion for lack of jurisdiction over the person and for improper venue should be made before the filing of an answer." <u>Killion v. Commonwealth Yachts</u>, 421 F.Supp.2d 246, 251 (D.Mass. 2006). In fact, "The court must deny any motion made after a responsive pleading as being too late. However, courts have allowed untimely motions if the defense has been previously included in the answer." <u>Gerakaris v. Champagne</u>, 913 F.Supp. 646, 650-51 (D.Mass. 1996); <u>see also</u> <u>Litchfield Financial Corp. v. Buyers Source Real Estate Group</u>, 389 F.Supp. 2d 80, 84 (D.Mass. 2005).

If the Court decides to consider J.T. Fosbrink's motion despite the previously filed answer that did not contain any affirmative defenses asserting lack of personal jurisdiction, "On a motion to dismiss for want of *in personam* jurisdiction, the plaintiff bears the burden of persuading this Court that jurisdiction exists." Boston Scientific Corp. v. Bonzel, 132 F.Supp.2d 45, 49 (D. Mass. 2001) (citing Mass. Sch. Of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998)). In determining whether personal jurisdiction exists, the court may consider any evidence, including facts alleged in the pleadings, affidavits, discovery materials or exhibits. Ealing Corp. v. Harrods, Inc., 790 F.2d 978, 979 (1st Cir. 1986).

## ARGUMENT

### A. J.T. Fosbrink's Claim That Plaintiffs Cannot Establish Personal Jurisdiction is Irrelevant, as J.T. Fosbrink Waived Personal Jurisdiction as a Matter of Law.

J.T. Fosbrink argues that this court does not have specific or general personal jurisdiction over J.T. Fosbrink. That entire argument is irrelevant. This Court has jurisdiction over J.T. Fosbrink because personal jurisdiction is an affirmative defense that must be raised in the first responsive pleading, or it is waived. J.T. Fosbrink did not raise the affirmative defense in his first responsive pleading, his answer, and therefore, he has waived the defense. Fed.R.Civ.P. 12(h)(1) states "A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course."

The case law regarding Fed.R.Civ.P. 12(h) is well-settled. "It is clear under [F.R.C.P. 12(h)] that defendants wishing to raise any of these four defenses [lack of personal jurisdiction, insufficiency of process, improper venue, or insufficiency of service of process] must do so in their first defensive move, be it a Rule 12 motion or a responsive pleading." Glater v. Eli Lilly & Co., 712 F.2d 735, 738 (1st Cir.1983). See also J. Slotnick Co. v. Clemco Industries, 127 F.R.D. 435, 440 (D.Mass. 1989). J.T. Fosbrink clearly did not raise the affirmative defense of lack of personal jurisdiction in his answer. See Exhibit B, pp. 18, 19. Further, J.T. Fosbrink's Rule 12 motion was filed well after his answer, on July 27, 2007.[1]

J.T. Fosbrink did state all other affirmative defenses clearly, including another Rule 12(b) defense. "By way of affirmative defense, the defendants state that this action shall be dismissed for insufficiency of process." Exhibit B, p.19. If J.T. Fosbrink intended to preserve the defense of lack of personal jurisdiction, he should have similarly asserted it as an affirmative defense.

Since J.T. Fosbrink did not raise lack of personal jurisdiction as an affirmative defense in his answer, he has waived that defense. "A defendant who files a responsive pleading, but who does not object to the personal jurisdiction of the court, has, in effect, consented to the court's jurisdiction." Pilgrim Badge & Label Corp. v. Barrios, 857 F.2d 1, 3 (1st Cir.1988). See also Vega-Encarnation v. Babilonia, 344 F.3d 37, 42 (1st Cir. 2003).

In addition, the only way for J.T. Fosbrink to salvage the defense of a lack of personal jurisdiction would be to amend his answer to include the defense. "If they fail to

---

[1] Cardinal Health 200, Inc. filed a Motion to Dismiss for lack of Personal Jurisdiction on May 25, 2007. The recently filed Motions to Dismiss by other Co-Defendants appear to have been done after reviewing that motion.

[raise a lack of personal jurisdiction as a defense in the first responsive pleading], the only manner in which to salvage the defense is by an amendment made as a matter of course." Glater, 712 F.2d at 738. However, such an amendment is not available to J.T. Fosbrink because the twenty day time limit set forth in Fed.R.Civ.P. 15(a) for amending the answer after his initial filing on April 5, 2007, has expired. Further, J.T. Fosbrink cannot seek leave of court for additional time after the expiration of the twenty day time period to file an amended answer. Glater, 712 F.2d at 738; see also J. Slotnick Co., 127 F.R.D. at 440. "Although Rule 15(a) also provides for amendments to pleadings by leave of the court and states that 'leave will be freely given when justice requires,' it follows from the language of Rule 12(h)(1) that this amendment procedure is not available to raise the personal jurisdiction defense." Glater, 712 F.2d at 738-39. See also Fed.R.Civ.P. 12(h)(1); Fed.R.Civ.P. 15(a).

J.T. Fosbrink did not raise lack of personal jurisdiction in his first defensive move, his answer to Plaintiffs' Second Amended Complaint filed on April 5, 2007. J.T. Fosbrink is also past the 20 day deadline from the date of filing his answer, to amend his answer to plead such a defense. See Fed.R.Civ.P. 15(a). J.T. Fosbrink is also prohibited from seeking leave of court to amend his answer to add such a defense. Therefore, J.T. Fosbrink waived personal jurisdiction and has consented to this Court's jurisdiction.

J.T. Fosbrink may assert that he preserved the defense when he answered Plaintiff's averments in their Second Amended Complaint regarding jurisdiction. "The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same." Exhibit B, p.3, paras.15-17; Exhibit A, p.3, paras. 15-17. However, there does not appear

to be any case law that supports the claim that a denial of averments that jurisdiction exists, is enough to preserve a defendant's right to assert a lack of jurisdiction in a subsequently filed motion to dismiss almost three months later. As stated, the proper way to preserve a Rule 12(b) defense is to initially file a motion to dismiss or to raise it as an affirmative defense in the answer. See Gerakaris, 913 F.Supp. at 650. Here, J.T. Fosbrink clearly failed to do either one.

###    B.    J.T. Fosbrink's Motion to Dismiss Should Be Denied In the Interest of Judicial Efficiency and Conservation of Court Resources.

FedEx has a cross-claim against J.T. Fosbrink. If this claim is dismissed, FedEx will still have the right to seek contribution from J.T. Fosbrink pursuant to 42 Pa.C.S.A. § 8324 et. seq. FedEx could file such a claim after final adjudication on this matter if there is a finding of liability adverse to FedEx. Therefore, in the interest of judicial efficiency and conservation of court resources, all claims concerning this matter should be heard at the same time in this Court.

###    C.    J.T. Fosbrink's Health is Irrelevant to the Court's determination of Jurisdiction.

In his affidavit attached to J.T. Fosbrink's Motion to Dismiss, Stephen Brooks says that, "J.T. Fosbrink has been employed by Arsenberger Trucking from 1997 to the present. He is currently on leave due to advanced brain cancer." Affidavit of Stephen Brooks, p.2. In his deposition testimony, J.T. Fosbrink said that he is on medical leave because he is suffering from "Wegener's Granular Cytosis." Exhibit C, p.5 at lines 6-7. Beyond the questions raised by this conflict between the testimony of J.T. Fosbrink himself and Stephen Brooks, J.T. Fosbrink's health is irrelevant to this Court's

determination of personal jurisdiction. The court has already made a determination that Massachusetts is the proper venue for the action.

## CONCLUSION

For the foregoing reasons, J.T. Fosbrink's Motion to Dismiss should be denied. Personal jurisdiction over J.T. Fosbrink is properly conferred by this Court because he has waived the defense of lack of personal jurisdiction under Fed.R.Civ.P. 12 by not asserting the defense in his first responsive pleading.

DEFENDANTS,
FEDEX GROUND PACKAGE SYSTEM, INC.,
TIMOTHY PRUITT
By Their Attorneys,
CAMPBELL CAMPBELL EDWARDS &
CONROY PROFESSIONAL CORPORATION

/s/ Adam A. Larson
_____
James M. Campbell (BBO #541882)
Adam A. Larson (BBO #632634)
Cortney L. Merrill (BBO #661593)
One Constitution Plaza
Boston, Massachusetts 02129
(617) 241-3000

## CERTIFICATE OF SERVICE

I, Adam A. Larson, certify that on August 10, 2007 a true copy of the above was sent electronically to:

| | |
|---|---|
| Joseph M. Mahaney<br>Goeguen, McLaughlin, Richards &<br>Mahaney, P.C.<br>The Harrier Beecher Stowe House<br>Two Pleasant Street<br>South Natick, MA 01760<br>(508) 651-1000 | Howard M. Kahalas<br>Michael P. Welsh<br>Law Office of Howard M. Kahalas<br>Six Beacon Street, Suite 700<br>Boston, MA 02108<br>Phone: 617-523-1155 |
| Cheryl A. Enright<br>Morrison Mahoney LLP<br>250 Summer Street<br>Boston, MA 02210<br>(617) 737-8836 | Michael D. Riseberg<br>Adler, Pollock & Sheehan, PC<br>175 Federal Street<br>Boston, MA 02110<br>(617) 482-0600 |
| Kevin M. Riordan<br>Boyle, Morrissey & Campo, P.C.<br>695 Atlantic Avenue<br>Boston, MA 02127<br>(617) 451-2000 | Scott J. Tucker<br>Tucker, Heifetz & Saltzman<br>Three School Street<br>Boston, MA 02108<br>(617) 557-9696 |
| Brian J. Donegan<br>Neville & Keer LLC<br>24 Muzzey Street<br>Lexington, MA 02421<br>(781) 372-7200 | Maynard Kirpalani<br>Michele Carlucci<br>Wilson, Elser, Moskowitz, Edelman &<br>Dicker LLP<br>155 Federal Street<br>Boston, MA 02110<br>(617) 422-5300 |

/s/ Adam A. Larson
_____
Adam A. Larson