UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-12253JLA

| | |
|---|---|
| STEVEN MCDERMOTT and STACEY MCDERMOTT, Plaintiffs, <br><br> v. <br><br> FEDEX GROUND PACKAGE SYSTEMS, INC., T.S. PRUITT, ALLEGIANCE HEALTH CARE INC., D. PONCE, E.W. WYLIE CORPORATION, D.W. SMITH, ARSENBERGER TRUCKING INC. J.T. FOSBRINK, RYDER TRUCK RENTAL, LORRAINE ODZANA as ADMINISTRATRIX OF THE ESTATE OF JAMES J. ODZANA, SHORELINE TRANSPORTATION, INC., JACLYN PALETTA as ADMINSTRATRIX OF THE ESTATE OF MARIO J. CASTRO, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

REPLY OF DEFENDANTS JACLYN PALETTA, AS ADMINISTRATRIX OF THE ESTATE OF MARIO J. CASTRO, AND SHORELINE TRANSPORTATION INC., TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

INTRODUCTION

The Plaintiffs (hereinafter the "Plaintiffs" or the "McDermotts") do not challenge the merits of Paletta and Shoreline's respective motions to dismiss for lack of personal jurisdiction. Instead, they solely argue that Paletta and Shoreline waived the personal jurisdiction defense by failing to label it as an affirmative defense in their answer. The Plaintiffs ignore the fact that Paletta and Shoreline served and filed an answer in which they specifically denied that the exercise of personal jurisdiction in Massachusetts is proper. The Plaintiffs' argument is one of form over substance and is not supported by

any authority.

## RELEVANT PROCEDURAL BACKGROUND

In the Plaintiffs' Second Amended Complaint, under the heading "jurisdiction", the McDermotts allege that jurisdiction over the Defendant corporations and individuals, including, Paletta and Shoreline, is conferred by M.G.L. c. 223A, §§ 3(a) and 3(b) (the "long arm statute") and is consistent with the due process clause of the Fourteenth Amendment. In particular, the McDermotts allege that the Defendants transacted business in the Commonwealth of Massachusetts and contracted to supply services in the Commonwealth of Massachusetts. See Exhibit 1, Plaintiffs' Second Amended Complaint at par. 16 and 17.

In their Answer to the Second Amended Complaint, Paletta and Shoreline specifically denied those allegations. See Exhibit 2, Answer to Plaintiffs' Second Amended Complaint at par. 15-17. On June 20, 2007, the parties, including counsel for Paletta and Shoreline, appeared before the Court for a Status Conference. At the Status Conference, counsel for Paletta and Shoreline represented to the Court that he intended to serve and file a motion to dismiss, which is reflected on the docket.[1] Paletta and Shoreline filed their motions on July 23, 2007. The Plaintiffs served their opposition on August 13, 2007.[2]

---

[1] At the time, Paletta and Shoreline were both represented by Attorney Brian Donegan, Esq. Subsequently, James S. Franchek, Esq. and Adam M. Berkowitz, Esq. have entered their appearance for Paletta. Attorney Donegan continues to represent Shoreline.

[2] Paletta and Shoreline filed and served their respective motions to dismiss on July 23, 2007. The Oppositions were due on August 6, 2007. At the August 7, hearing, Plaintiffs' counsel represented that he was unaware that the motions to dismiss had been filed and were to be argued on that date. Without objection from Paletta and Shoreline, the Court continued the hearing for August 22, 2007.

## ARGUMENT

Paletta and Shoreline did not waive the right to assert the personal jurisdiction defense. A defense of lack of personal jurisdiction is waived if it is not raised in a defendant's first defensive move, be it a Rule 12 motion or a responsive pleading. See Glater v. Eli Lilly & Co., 712 F.2d. 735, 738 (1st Cir. 1983); Fed.R.Civ.P. 12(h)(1). All pleadings shall be construed as to do substantial justice. See Fed.R.Civ.P. 8(f). In their answer, Paletta and Shoreline unequivocally denied the allegations set forth in the McDermotts' complaint that the exercise of personal jurisdiction is proper in this matter. This is sufficient to raise the issue. See Plunkett v. Valhalla Investment Services, Inc., 409 F.Supp.2d 39, 42 (D. Mass. 2006); Yeldell v. Tutt, 913 F.2d. 533, 538 (8th Cir. 1990). Having denied the assertion of personal jurisdiction in their answer, Paletta and Shoreline subsequently filed their respective motions to dismiss.

The McDermotts apparently argue that Paletta and Shoreline waived the personal jurisdiction defense because they did not label it as an affirmative defense in their answer. They further contend that the time in which to amend their answer to assert the defense pursuant to Fed.R.Civ.P. 15 has passed. This argument is one of form over substance and is a red herring.

Like Paletta and Shoreline, the defendants in Plunkett and Yeldell did not specifically label the defense of lack of personal jurisdiction as an affirmative defense. See Plunkett, 409 F.Supp. 2d at 42; Yeldell, 913 F.2d at 538. Rather, they raised the issue by denying certain allegations in the plaintiffs' complaints. See Plunkett, 409

F.Supp.2d at 42; Yeldell, 913 F.2d at 538. In both cases, the courts acknowledged that the defendants had sufficiently asserted the defense in their answers. See Id.[3][4]

The McDermotts cite Glater for the proposition that a defense of lack of personal jurisdiction is waived if it is not raised in a defendant's first defensive move, be it a Rule 12 motion or a responsive pleading. This is not in dispute. The discussion in Glater, however, actually lends greater support to Paletta and Shoreline's argument than it does to the McDermotts' argument.

Glater originated in the United States District Court for the District of New Hampshire. In Glater, the defendant answered that it lacked knowledge or information sufficient to form a belief as to the plaintiff's New Hampshire residence as alleged in the plaintiff's complaint. See Glater, 712 F.2d at 737. After taking additional depositions, which substantiated the plaintiff's lack of New Hampshire connections, the defendant moved under Federal Rule of Civil Procedure 15(a) for leave to amend its answer to include the defenses of lack of personal jurisdiction and improper venue. See Id. at 737. The defendant further moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) (personal jurisdiction) and 12(b)(3) (venue). See Id. at 737. The plaintiff

---

[3] In Plunkett, and Yeldell, the defendants' motions to dismiss for lack of personal jurisdiction were denied. However, the denials were not based on any failure to raise the issue in their first responsive pleadings. In Plunkett, the defendant did not move to dismiss until over one year from the time that it filed its answer. See Plunkett, 409 F.Supp. 2d at 42. In that time, the defendant, among other things, conducted discovery, participated in a scheduling conference, and entered into a stipulation and protective order with the plaintiff. See Id. In short, the court found that the defendant had "abandoned" its claim. See Id. The same was true in Yeldell. In that case, the defendants participated in discovery, filed various motions, participated in a five-day trial without further raising the issue of personal jurisdiction or requesting a ruling on it until appeal. See Yeldell, 913 F.2d at 539. No such set of facts is present here. Paletta and Shoreline answered the complaint, appeared for a status conference where the subject matter consisted in relevant part of the filing of motions to dismiss and filed their motions to dismiss. Paletta and Shoreline have not conducted or participated in any discovery.

[4] In Plunkett, the court called the defendant's claim that it raised the personal jurisdiction issue "equivocal at best" where it denied for want of knowledge, allegations in the complaint that alleged subject matter jurisdiction. See Plunkett, 409 F.Supp.2d at 42. Nevertheless, the court's analysis focused on the defendant's active participation in the litigation, not the manner in which the defense was raised. See Id.

4

objected to the motion to amend on the ground that it was too late at that time to raise those defenses. See Id. at 737. The District Court found, however, that the original answer was sufficient, without amendment, to raise the jurisdictional issue and dismissed the matter for lack of personal jurisdiction. See Glater, 712 F.2d at 737.

On appeal, the plaintiff argued that the defendant's answer that it lacked information sufficient to form a belief as to the plaintiff's residence was not sufficient to raise the defense of lack of personal jurisdiction. See Id. The plaintiff also argued, like the McDermotts, that the defendant was prohibited by the rules from amending the answer to raise it at that time. See Id. Ultimately, the United States Court of Appeals for the First Circuit found that the defendant was not prohibited from amending its answer without having to decide whether the "lacks knowledge or information" answer was sufficient to raise the defense. See Id.

Nevertheless, the court's discussion of the matter is helpful here. Because it is settled law that a defendant's good faith answer that it lacks knowledge or information sufficient to form a belief as to the truth of an averment constitutes a denial, the court found it reasonable that a defendant's answer that it lacks knowledge on which to form a belief as to plaintiff's residence is sufficient to raise the issue of diversity. See Id.

With respect to personal jurisdiction, the court found some appeal to the plaintiff's argument that a lack of knowledge to form a belief as to *plaintiff's* residence does not raise the issue of jurisdiction over the *defendant*. See Id. at 737-738 (emphasis added). Even so, the court noted that the argument loses some merit to the extent that one views the residency of a plaintiff as playing a vital role in the analysis of personal jurisdiction. See Glater, 712 F.2d at 738. The court also found the plaintiff's argument

bolstered by the fact that the defendant's subsequent statements made to support its motion for leave to amend its answer clearly showed that it had no intention of raising the jurisdictional issue in its original answer. See Id.

Those concerns do not exist here. The McDermotts' complaint specifically alleges that personal jurisdiction is proper in this matter. In their answer, which was their first defensive move, Paletta and Shoreline specifically denied those allegations. Just like the Glater defendant's answer to an allegation relating to diversity was sufficient to raise the diversity issue, Paletta and Shoreline's answer to the allegations relating to personal jurisdiction is sufficient here. Furthermore, unlike the defendant in Glater, Paletta and Shoreline have not done anything to show that it had no intention of raising the jurisdictional issue in its original answer. In fact, Paletta and Shoreline represented to the court at the Status Conference that they intended to file such a motion to dismiss. Presented with the facts of the instant case, the Glater court would have undoubtedly found that the defendant's answer was sufficient to raise the issue of personal jurisdiction.

## CONCLUSION

For the reasons set forth above and in their respective motions to dismiss and supporting memoranda, this Court should dismiss all claims and cross claims against Paletta and Shoreline for lack of personal jurisdiction.

Respectfully Submitted,
JACLYN PALETTA as
ADMINISTRATRIX of the
ESTATE OF MARIO J. CASTRO,
By her attorney,

/s/

Dated: August 17, 2007

James S. Franchek (BBO #177030)
Adam M. Berkowitz (BBO #648172)
Franchek Law, LLC
92 State Street, 8th Floor
Boston, Massachusetts 02109
(617) 573-0020

SHORELINE TRANSPORTATION INC.,
By its attorney,

/s/

Brian J. Donegan, (BBO #648501)
Neville Law, LLC
24 Muzzey Street
Lexington, MA 02421
(781) 372-7200

## CERTIFICATE OF SERVICE

I, Adam M. Berkowitz, Esq., hereby certify that that on August 17, 2007 this document is being filed through the ECF system and, accordingly, is being sent electronically to the registered participants as identified on the Notice of Electronic Filing and a paper copy will be sent to any party indicated as a non-registered participant

/s/

Adam M. Berkowitz