UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN MCDERMOTT and STACEY MCDERMOTT<br>    Plaintiffs,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEMS, INC., T.S. PRUITT, ALLEGIANCE HEALTHCARE, INC., D. PONCE, E.W. WYLIE CORPORATION, D.W. SMITH, ARSENBERGER TRUCKING, INC., J.T. FOSBRINK, RYDER TRUCK RENTAL, LORRAINE ODZANA as ADMINISTRATRIX OF THE ESTATE OF JAMES J. ODZANA, SHORELINE TRANSPORTATION, INC., JACLYN PALETTA as ADMINISTRATRIX OF THE ESTATE OF MARIO J. CASTRO<br>    Defendants. | DOCKET NO: 04-CV-12253 |

### REPLY MEMORANDUM OF THE DEFENDANTS, ARSENBERGER TRUCKING, INC. AND J.T. FOSBRINK, TO THE PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

The plaintiffs do not challenge the merits of Arsenberger's Motion to Dismiss for Lack of Personal Jurisdiction. Instead, they raise three arguments in their opposition to Arsenberger and Fosbrink's motion:

    A.    That Arsenberger and Fosbrink have waived their defense of lack of personal jurisdiction by failing to plead it as an affirmative defense;

    B.    That Arsenberger and Fosbrink have exceeded the time requirements allowing amendments to their respective complaints [sic];

    C.    That this court should give deference to plaintiffs' choice of forum.

1

The plaintiffs' opposition must fail, and Arsenberger and Fosbrink's Motion to Dismiss for Lack of Personal Jurisdiction must be allowed because Arsenberger and Fosbrink <u>did</u>, indeed, raise jurisdiction as an affirmative defense in their Answer, and because the plaintiffs, who have the burden of proving personal jurisdiction, have not even challenged the merits of Arsenberger and Fosbrink's Motion to Dismiss for Lack of Personal Jurisdiction. Arsenberger and Fosbrink simply do not have the requisite minimum contacts with Massachusetts for this court to exercise personal jurisdiction over them.

<u>ARGUMENT</u>

A.   ARSENBERGER AND FOSBRINK <u>DID</u>, IN FACT, RAISE LACK OF PERSONAL JURISDICTION AS AN AFFIRMATIVE DEFENSE IN THEIR ANSWER.

The plaintiffs alleged jurisdiction over all defendants generally in <u>II. Jurisdiction</u> (paragraphs 15 through 17) of the Second Amended Complaint. (See attached, Ex. "A") Arsenberger and Fosbrink answered by saying that they were "without knowledge or information sufficient to form a belief as to the truth of the allegations" … (regarding jurisdiction) … "and call[ed] upon the plaintiff to prove same." (See Ex "B")

Later in their Answer, Arsenberger and Fosbrink specifically raised the jurisdictional issue again by way of their Third Affirmative Defense:

"<u>THIRD AFFIRMATIVE DEFENSE</u>"

"The defendants deny each and every allegation of the Plaintiffs' Second Amended Complaint except as specifically admitted above."

The plaintiffs may not be happy with the semantics or the form in which Arsenberger and Fosbrink asserted lack of personal jurisdiction as an affirmative defense, but this does not change the fact that they did, indeed, do so. Therefore, Arsenberger and Fosbrink <u>did</u> timely challenge personal jurisdiction in their Answer, and they have in no way waived their right to raise this

2

issue by motion at the present time.

      B.      THERE IS NO NEED FOR ARSENBERGER AND FOSBRINK TO AMEND THEIR ANSWER, AS THEY RAISED THE JURISDICTIONAL ISSUE IN THEIR ANSWER, IN A TIMELY MANNER.

Because Arsenberger and Fosbrink raised jurisdiction in the Third Affirmative Defense of their answer, there is no need for these defendants to amend their answer.

      C.      THIS COURT CANNOT GIVE "DEFERENCE" TO A PLAINTIFF'S CHOICE OF FORUM WHERE NO GROUNDS FOR PERSONAL JURISDICTION OVER ARSENBERGER AND FOSBRINK EXIST

The plaintiffs do not submit a single fact establishing the requisite minimum contacts with Massachusetts by Arsenberger or Fosbrink for this Court to assert personal jurisdiction over them. Rather, the plaintiffs contend that this Court should assert jurisdiction over these defendants for the plaintiffs' convenience despite the fact that these defendants have no contacts with Massachusetts. "Convenience" does not trump a total lack of personal jurisdiction over foreign defendants.

WHEREFORE, the defendants respectfully request that their Motion to Dismiss for Lack of Personal Jurisdiction be <u>ALLOWED</u>.

Respectfully submitted,

The Defendants,
ARSENBERGER TRUCKING, INC.
AND J.T. FOSBRINK,
By their Attorneys,

/s/Cheryl A. Enright
_____
Cheryl A. Enright, BBO No. 552237
MORRISON MAHONEY, LLP
250 Summer Street
Boston, MA  02210-1181
Tel. (617) 737-8836
Fax (617) 342-4857

3

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that is document filed through the EFC system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 20th day of August, 2007.

/s/Cheryl A. Enright
_____
Cheryl A. Enright, BBO No. 552237