UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN MCDERMOTT and<br>STACEY MCDERMOTT<br>   Plaintiffs,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEMS,<br>INC., T.S. PRUITT, ALLEGIANCE<br>HEALTHCARE, INC., D. PONCE, E.W.<br>WYLIE CORPORATION, D.W. SMITH,<br>ARSENBERGER TRUCKING, INC., J.T.<br>FOSBRINK, RYDER TRUCK RENTAL,<br>LORRAINE ODZANA as<br>ADMINISTRATRIX OF THE ESTATE OF<br>JAMES J. ODZANA, SHORELINE<br>TRANSPORTATION, INC., JACLYN<br>PALETTA as ADMINISTRATRIX OF<br>THE ESTATE OF MARIO J. CASTRO<br>   Defendants. | DOCKET NO: 04-CV-12253 |

REPLY MEMORANDUM OF THE DEFENDANTS,
ARSENBERGER TRUCKING, INC. AND J.T. FOSBRINK,
TO FEDEX GROUND PACKAGE SYSTEM, INC. AND TIM PRUITT'S
OPPOSITION TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

The co-defendants, FedEx Ground Package System, Inc. ("FedEx"), and Tim Pruitt ("Pruitt"), do not challenge the merits of Arsenberger's Motion to Dismiss for Lack of Personal Jurisdiction. Instead, they raise two arguments in their opposition to Arsenberger and Fosbrink's motion:

   A.   That Arsenberger and Fosbrink waived personal jurisdiction as a matter of law;

B.  That personal jurisdiction should be asserted by this court "in the interest of judicial efficiency and conservation of court resources".[1]

## ARGUMENT

The co-defendants' opposition must fail, and Arsenberger and Fosbrink's Motion to Dismiss for Lack of Personal Jurisdiction must be allowed because Arsenberger and Fosbrink <u>did</u>, indeed, raise jurisdiction as an affirmative defense in their Answer, and because mere assertion of a crossclaim by a co-defendant does not confer personal jurisdiction over a party who does not have the requisite contacts with the forum state.

A.  ARSENBERGER AND FOSBRINK <u>DID</u>, IN FACT, RAISE LACK OF PERSONAL JURISDICTION AS AN AFFIRMATIVE DEFENSE IN THEIR ANSWER.

In the Second Amended Complaint, the plaintiffs alleged jurisdiction over all defendants generally in <u>II. Jurisdiction</u> paragraphs 15 through 17. (See attached, Ex. "A") Arsenberger and Fosbrink answered paragraphs 15 through 17 by saying that they were "without knowledge or information sufficient to form a belief as to the truth of the allegations" … (regarding jurisdiction) … "and call[ed] upon the plaintiff to prove same." (See Ex "B")

Later, in their Answer, Arsenberger and Fosbrink specifically raised the jurisdictional issue again by way of their Third Affirmative Defense:

"<u>THIRD AFFIRMATIVE DEFENSE</u>"

"The defendants deny each and every allegation of the Plaintiffs' Second Amended Complaint except as specifically admitted above."

FedEx and Pruitt may not be happy with the semantics or the form in which Arsenberger and Fosbrink asserted lack of personal jurisdiction as an affirmative defense, but this does not change the fact that they did, indeed, do so. Therefore, Arsenberger and Fosbrink <u>did</u> timely

---

1 The co-defendants also contend that J.T. Fosbrink's health is irrelevant to the court's determination of jurisdiction. Arsenberger and Fosbrink agree that Fosbrink's poor health is not grounds for dismissal of the case against him for lack of personal jurisdiction.

challenge personal jurisdiction in their Answer, and they have in no way waived their right to raise this issue by motion at the present time.

    B.    THE MERE ASSERTION OF A CROSSCLAIM BY A CO-DEFENDANT DOES NOT CONFER PERSONAL JURISDICTION UPON A PARTY WHO DOES NOT HAVE THE REQUISITE CONTACTS WITH THE FORUM STATE.

FedEx and Pruitt do not submit a single fact establishing the requisite minimum contacts with Massachusetts by Arsenberger or Fosbrink for this Court to assert personal jurisdiction over them. Rather, FedEx and Pruitt contend that because they have asserted a crossclaim against Arsenberger and Fosbrink, this Court should assert jurisdiction over these defendants despite the fact that they have no contacts with Massachusetts. "Convenience" and "judicial efficiency" do not trump a total lack of personal jurisdiction over foreign defendants.

WHEREFORE, for the reasons set forth in their original motion, and also set forth above, the defendants respectfully request that their Motion to Dismiss for Lack of Personal Jurisdiction be ALLOWED.

    Respectfully submitted,

    The Defendants,
    ARSENBERGER TRUCKING, INC.
    AND J.T. FOSBRINK,
    By their Attorneys,

    /s/Cheryl A. Enright

    Cheryl A. Enright, BBO No. 552237
    MORRISON MAHONEY, LLP
    250 Summer Street
    Boston, MA 02210-1181
    Tel. (617) 737-8836
    Fax (617) 342-4857

## CERTIFICATE OF SERVICE

      I hereby certify that is document filed through the EFC system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 20th day of August, 2007.

/s/Cheryl A. Enright
_____
Cheryl A. Enright, BBO No. 552237