UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-12253MLW

STEVEN MCDERMOTT, et al.        )
    Plaintiffs,              )
                                )
                                )
v.                              )
                                )
FEDEX GROUND PACKAGE SYSTEMS, INC.,)
et al.                          )
    Defendants.             )
                                )

DEFENDANT CARDINAL HEALTH 200, INC.
f/k/a ALLEGIANCE HEALTHCARE, INC.'S
ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant Cardinal Health 200, Inc. f/k/a Allegiance Healthcare Corporation ("Cardinal"), which is improperly named in the Second Amended Complaint as "Allegiance Healthcare, Inc." hereby responds to the Second Amended Complaint.

**FIRST DEFENSE**

Cardinal responds to each of the specific averments in the Second Amended Complaint as follows.

I.    PARTIES

1. Cardinal is without knowledge or information sufficient to admit or deny the truth of the allegations in paragraph 1.

2. Cardinal is without knowledge or information sufficient to admit or deny the truth of the allegations in paragraph 2.

3. Cardinal is without knowledge or information sufficient to admit or deny the truth of the allegations in paragraph 3.

1

4. Cardinal is without knowledge or information sufficient to admit or deny the truth of the allegations in paragraph 4.

5. Cardinal denies the allegations in paragraph 5 and further states that Allegiance Healthcare Corporation is a fully owned subsidiary of Cardinal Health, Inc., which acquired Allegiance Healthcare Corporation in February 1999; Allegiance Healthcare Corporation's name was changed to Cardinal Health 200, Inc. in December 2002; Cardinal Health 200, Inc. is a corporation organized under the laws of the State of Delaware with a principal place of business at 7000 Cardinal Place in Dublin, Ohio; Cardinal Health 200, Inc. owned the tractor and trailer that was being operated by Damian Ponce on Interstate 84 in Pennsylvania on February 7, 2003, but Cardinal Health 200, Inc. f/k/a Allegiance Healthcare Corporation ("Cardinal") denies any responsibility for the plaintiffs' accident or injuries.

6. Cardinal is without information to admit or deny that D. Ponce, whose full name is believed to be Damian Ponce, has a primary residence in Middletown, New York; Cardinal further states that Damian Ponce was not an employee of Cardinal but he was operating a tractor trailer owned by, and making a delivery run on behalf of, Cardinal on February 7, 2003 on Intestate 84 in Pennsylvania.

7. Cardinal is without knowledge or information sufficient to admit or deny the truth of the allegations in paragraph 7.

8. Cardinal is without knowledge or information sufficient to admit or deny the truth of the allegations in paragraph 8.

9. Cardinal is without knowledge or information sufficient to admit or deny the truth of the allegations in paragraph 9.

10. Cardinal is without knowledge or information sufficient to admit or deny the truth of the allegations in paragraph 10.

11. Cardinal is without knowledge or information sufficient to admit or deny the truth of the allegations in paragraph 11.

12. Cardinal is without knowledge or information sufficient to admit or deny the truth of the allegations in paragraph 12.

13. Cardinal is without knowledge or information sufficient to admit or deny the truth of the allegations in paragraph 13.

14. Cardinal is without knowledge or information sufficient to admit or deny the truth of the allegations in paragraph 14.

## II.    JURISDICTION

15. Cardinal admits that, at all relevant times, it has engaged in certain business activities in the Commonwealth of Massachusetts; Cardinal denies the remainder of the allegations in paragraph 15.

16. Cardinal denies the allegations in paragraph 16.

17. Cardinal denies the allegations in paragraph 17.

## III.    FACTS

18. Cardinal is without knowledge or information sufficient to admit or deny that Mr. McDermott was involved in an accident on February 7, 2003, and Cardinal denies the remaining allegations in paragraph 18.

19. Cardinal is without knowledge or information sufficient to admit or deny the truth of the allegations in paragraph 19.

20. Cardinal is without knowledge or information sufficient to admit or deny the truth of the allegations in paragraph 20.

21. Cardinal denies the allegations in paragraph 21.

22. Cardinal denies the allegations in paragraph 22.

23. Cardinal is without knowledge or information sufficient to admit or deny the truth of the allegations in paragraph 23.

24. Cardinal is without knowledge or information sufficient to admit or deny the truth of the allegations in paragraph 24.

25. Cardinal is without knowledge or information sufficient to admit or deny the truth of the allegations in paragraph 25.

26. Cardinal is without knowledge or information sufficient to admit or deny the truth of the allegations in paragraph 26.

27. Cardinal is without knowledge or information sufficient to admit or deny the truth of the allegations in paragraph 27.

28. Cardinal is without knowledge or information sufficient to admit or deny the truth of the allegations in paragraph 28.

29. Cardinal is without knowledge or information sufficient to admit or deny the truth of the allegations in paragraph 29.

30. Cardinal is without knowledge or information sufficient to admit or deny the truth of the allegations in paragraph 30.

31. Cardinal denies the allegations in paragraph 31 to the extent they pertain to Cardinal.

32. Cardinal states that paragraph 32 calls for a legal conclusion to which no response is required; to the extent a response is required, the allegations in paragraph 32 are denied.

### IV.  NEGLIGENCE
**Steven McDermott v. FedEx Ground Package Systems, Inc.**

33-36. Cardinal is not required to respond to paragraphs 33 to 36 as they are directed at another defendant.

### V.  NEGLIGENCE
**Steven McDermott v. T.S. Pruitt**

37-40. Cardinal is not required to respond to paragraphs 37 to 40 as they are directed at another defendant.

### VI.  LOSS OF CONSORTIUM
**Stacey McDermott v. FedEx Ground Package Systems, Inc.**

41-44. Cardinal is not required to respond to paragraphs 41 to 44 as they are directed at another defendant.

### VII.  LOSS OF CONSORTIUM
**Stacey McDermott v. T.S. Pruitt**

45-48. Cardinal is not required to respond to paragraphs 45 to 48 as they are directed at another defendant.

### VIII.  NEGLIGENCE
**Steven McDermott v. Allegiance Health Care, Inc.**

49. Cardinal repeats and incorporates its responses to paragraphs 1 to 48 as if set forth fully herein.

50. Cardinal denies the allegations in paragraph 50.

51. Cardinal denies the allegations in paragraph 51.

52. Cardinal denies the allegations in paragraph 52.

**WHEREFORE**, Cardinal requests that this claim be dismissed and that it be awarded costs.

### IX.  NEGLIGENCE
### Steven McDermott v. D.Ponce

53-56. Cardinal states that no response is required to paragraphs 53 to 56 as the count set forth therein against Damian Ponce has already been dismissed by order of the Court; to the extent a response to these paragraphs is required, the allegations in paragraphs 53 to 56 are denied.

### X.  LOSS OF CONSORTIUM
### Stacey McDermott v. Allegiance Health Care, Inc.

57. Cardinal repeats and incorporates its responses to paragraphs 1 to 56 as if set forth fully herein.

58. Cardinal denies the allegations in paragraph 58.

59. Cardinal denies the allegations in paragraph 59.

60. Cardinal denies the allegations in paragraph 60.

**WHEREFORE**, Cardinal requests that this count be dismissed and that it be awarded costs. and that they be awarded costs.

### XI.  LOSS OF CONSORTIUM
### Stacey McDermott v. D.Ponce

61-64. Cardinal states that no response is required to paragraphs 61 to 64 as the count set forth therein against Damian Ponce has already been dismissed by order of the Court; to the extent a response to these paragraphs is required, the allegations in paragraphs 61 to 64 are denied.

### XII.   NEGLIGENCE
### Steven McDermott v. E.W. Wylie Corporation

65-67. Cardinal is not required to respond to paragraphs 65 to 67 as they are directed at another defendant.

### XIII.   NEGLIGENCE
### Steven McDermott v. D.W. Smith

69-72. Cardinal is not required to respond to paragraphs 69 to 72 as they are directed at another defendant.

### XIV.   LOSS OF CONSORTIUM
### Stacey McDermott v. E.W. Wylie Corporation

73-76. Cardinal is not required to respond to paragraphs 73 to 76 as they are directed at another defendant.

### XV.   LOSS OF CONSORTIUM
### Stacey McDermott v. D.W. Smith

77-80. Cardinal is not required to respond to paragraphs 77 to 80 as they are directed at another defendant.

### XVI.   NEGLIGENCE
### Steven McDermott v. Arsenberger Trucking, Inc.

81-84. Cardinal is not required to respond to paragraphs 81 to 84 as they are directed at another defendant.

### XVII.   NEGLIGENCE
### Steven McDermott v. J.T. Fosbrink

85-88. Cardinal is not required to respond to paragraphs 85 to 88 as they are directed at another defendant.

### XVIII. LOSS OF CONSORTIUM
### Stacey McDermott v. Arsenberger Trucking, Inc.

89-92. Cardinal is not required to respond to paragraphs 89 to 92 as they are directed at another defendant.

### XIX. LOSS OF CONSORTIUM
### Stacey McDermott v. J.T. Fosbrink

93-96. Cardinal is not required to respond to paragraphs 93 to 96 as they are directed at another defendant.

### XX. NEGLIGENCE
### Steven McDermott v. Ryder Truck Rental

97-100. Cardinal is not required to respond to paragraphs 97 to 100 as they are directed at another defendant.

### XXI. NEGLIGENCE
### Steven McDermott v. Lorraine Odzana

101-104. Cardinal is not required to respond to paragraphs 101 to 104 as they are directed at another defendant.

### XXII. LOSS OF CONSORTIUM
### Stacey McDermott v. Ryder Truck Rental

105-108. Cardinal is not required to respond to paragraphs 105 to 108 as they are directed at another defendant.

### XXIII. LOSS OF CONSORTIUM
### Stacey McDermott v. Lorraine Odzana

109-112. Cardinal is not required to respond to paragraphs 109 to 112 as they are directed at another defendant.

### XXIV. NEGLIGENCE
### Steven McDermott v. Shoreline Transportation, Inc.

113-116. Cardinal is not required to respond to paragraphs 113 to 116 as they are directed at another defendant.

### XXV. NEGLIGENCE
### Steven McDermott v. Jaclyn Paletta

117-120. Cardinal is not required to respond to paragraphs 117 to 120 as they are directed at another defendant.

### XXVI. LOSS OF CONSORTIUM
### Stacey McDermott v. Shoreline Transportation, Inc.

121-124. Cardinal is not required to respond to paragraphs 121 to 124 as they are directed at another defendant.

### XXVII.    LOSS OF CONSORTIUM
### Stacey McDermott v. Jaclyn Paletta

125-128. Cardinal is not required to respond to paragraphs 125 to 128 as they are directed at another defendant.

### **SECOND DEFENSE**

The plaintiffs' second amended complaint fails to state a claim upon which relief may be granted.

### **THIRD DEFENSE**

The plaintiffs' claims are barred by the applicable statute of limitations.

## FOURTH DEFENSE

The plaintiffs' claims should be dismissed for insufficient service of process.

## FIFTH DEFENSE

The plaintiffs' claims should be dismissed for insufficient process.

## SIXTH DEFENSE

The plaintiffs' claims should be dismissed for misnomer of the defendant.

## SEVENTH DEFENSE

The plaintiffs' claims should be barred because if the defendant was negligent, which the defendant expressly denies, the negligence of the plaintiffs' was greater than that of the defendant.

## EIGHTH DEFENSE

If the defendant was negligent, which the defendant expressly denies, the amount of any verdict against the defendant should be diminished in accordance with the percentage of fault attributed to the comparative negligence of the plaintiffs.

## NINTH DEFENSE

The acts or omissions which are alleged to have caused the damages and/or injuries referred to in the complaint were committed by a third party who was not an agent or employee of Cardinal and for whose acts or omissions Cardinal is not legally responsible.

## TENTH DEFENSE

The plaintiffs' claims against the defendant are barred because the plaintiffs' alleged injuries or damages, if any, were caused by the intervening and superseding acts or omissions of third persons.

## ELEVENTH DEFENSE

The venue in which the plaintiffs have brought this action is improper.

## TWELFTH DEFENSE

The venue in which the plaintiffs have brought this action is inconvenient.

**DEFENDANT CARDINAL HEALTH 200, INC. F/K/A ALLEGIANCE HEALTHCARE CORPORATION DEMAND A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

        Respectfully submitted,
        Defendant
        CARDINAL HEALTH 200, INC. F/K/A
            ALLEGIANCE HEALTHCARE CORP.
        By its attorneys,

        /s/ Erica B. Mecler
        John F.X. Lawler, BBO #546910
        Michael D. Riseberg, BBO #567771
        Erica B. Mecler, BBO #664709
        **ADLER POLLOCK & SHEEHAN P.C.**
        175 Federal Street
        Boston, MA 02110
        (617) 482-0600

12

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on **September 5, 2007** this document is being filed through the ECF system and, accordingly, is being sent electronically to the registered participants as identified on the Notice of Electronic Filing and a paper copy will be sent to any party indicated as a non registered participant.

                                                      /s/ Erica B. Mecler
                                                      Erica B. Mecler, BBO #664709

*427027_1*