UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-12253-JLA

STEVEN MCDERMOTT
and STACEY MCDERMOTT,

Plaintiffs

v.

FEDEX GROUND SYSTEMS, INC., et al.,

Defendants

**CONSOLIDATED ORDER ON MOTIONS TO DISMISS**
*(Docket nos. 96, 97, 99, and 109)*

ALEXANDER, M.J.

Plaintiffs filed the original Complaint against FedEx Ground Package Systems, Inc. and T.S. Pruitt on October 26, 2004. On December 22, 2006, the Plaintiffs filed a Second Amended Complaint, adding ten defendants. On April 6, 2007, FedEx Ground Package Systems, Inc. and T.S. Pruitt (collectively "Cross-Claim Defendants") filed a joint Answer to the Second Amended Complaint, including cross-claims for contribution against all other defendants. On May 25, 2007, defendants Cardinal HealthCare 200, Inc.[1] and D. Ponce filed motions to dismiss for

---

[1] Formerly known as Allegiance Health Care, Inc. and sued under that name.

lack of personal jurisdiction. On July 23, 2007, Shoreline Transportation, Inc. ("Shoreline") and Jaclyn Paletta, as Administratrix[2] of the Estate of Mario J. Castro ("Paletta"), filed motions to dismiss for lack of personal jurisdiction. On July 27, 2007, Arsenberger Trucking, Inc. ("Arsenberger") and J.T. Fosbrink ("Fosbrink") filed a joint motion to dismiss for lack of personal jurisdiction. On August 10, 2007, Lorraine Odzana, as Administratrix of the Estate of James J. Odzana ("Odzana"), likewise filed a motion to dismiss for lack of personal jurisdiction.

On August 6, 2007, Cardinal HealthCare 200, Inc. filed a withdrawal of its motion to dismiss. During a motion hearing on August 7, 2007, this Court allowed the unopposed motion to dismiss Mr. Ponce for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(6)(2). Simply, Plaintiffs failed to effect service upon Mr. Ponce within 120 days as dictated by Fed. R. Civ. P. Rule 4(m). Accordingly, all claims and cross-claims against him were dismissed, without prejudice, for lack of personal jurisdiction.

---

[2]As with Odzana below, under Massachusetts law, a foreign personal representative is subject to the same jurisdiction her decedent was subject to immediately prior to death. Martel v. Stafford, 992 F. 2nd 1244 (1st Cir. 1993); see also Moore v. Healy, 745 F. Supp. 791 (D. Mass. 1990) (finding Massachusetts law provides that "a foreign personal representative shall be subject to jurisdiction of the courts of the commonwealth to the same extent that his decedent was subject to jurisdiction immediately prior to death").

**Factual Background**

Plaintiff, Steven McDermott, resides in Bellingham, Massachusetts. Plaintiff, Stacy McDermott, is Mr. McDermott's wife and also resides in Bellingham. Defendant, Fed Ex Ground Package Systems, Inc. ("Fed-Ex"), is a foreign corporation incorporated in Tennessee with its principle place of business in Memphis, Tennessee. Defendant, T.S. Pruitt ("Pruitt"), is an employee of Fed-Ex and resides in Oxford, Mississippi. Cardinal Health Care 200, Inc. ("Cardinal Healthcare"), formerly Allegiance Health Care, Inc., is a foreign corporation incorporated in Illinois with its principle place of business in McGaw Park, Illinois. Mr. Ponce, was an employee of Cardinal Healthcare, residing in Middletown, New York. Arsenberger is a foreign corporation incorporated in Pennsylvania with its principle place of business in Mill Run, Pennsylvania. Fosbrink is an employee of Arsenberger and resides in Dunbar, Pennsylvania. Defendant, Ryder Trucker Rental, Inc., ("Ryder"), is a foreign corporation incorporated in Pennsylvania with its principle place of business in Plains, Pennsylvania. Odzana is the administratrix for James J. Odzana, allegedly a former employee of Ryder, who's decedent resided in Taylor, Pennsylvania. Shoreline is a privately held corporation incorporated in Ohio with its principle place of business in North Royalton, Ohio. Paletta is the administratrix of the Estate of Mario J. Castro, a former Shoreline employee, who's decedent resided in Cleveland, Ohio.

On February 7, 2003, Mr. McDermott was driving on Interstate 84 in Pennsylvania in the course of making scheduled deliveries. Due to a snowstorm, numerous collisions resulted in a multiple truck accident which halted traffic on the highway. As a result, Mr. McDermott stopped his tractor trailer and was then struck by Pruitt, who was operating a Fed-Ex vehicle. Mr. McDermott sustained bodily injuries as a result of the collision.

In prosecution of his claim, Mr. McDermott alleges that the drivers of the trucks involved in the multiple truck accident on the highway that caused him to stop: Ponce (employee of Cardinal HealthCare), Fosbrink (employee of Arsenberger), James J. Odzana (alleged employee of Ryder), and Mario J. Castro (employee of Shoreline), among others who are not involved in the instant motions, are jointly liable in tort for his injuries due to negligent operation of their trucks on the highway, the proximate cause of Mr. McDermott's injuries, as well as those sustained by Mrs. McDermott.

**Motions to Dismiss**

*Shoreline Transportation, Inc. (Docket # 96) and Jaclyn Paletta, as Administratrix of the Estate of Mario J. Castro (Docket # 97)*

Initially, a plaintiff bears the burden of persuasion when there is a motion to dismiss based on lack of personal jurisdiction. Workgroup Tech. Corp. v. MGM Grand Hotel, LLC, 246 F. Supp. 2d 102, 108 (D. Mass. 2003) (citing Mass. Sch. of

Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998). Here, however, Plaintiffs and Cross-Claim Defendants only oppose these motions on the ground that Shoreline and Paletta waived their defense of lack of personal jurisdiction by failing to plead such as an affirmative defense. Without challenging the merits of the lack of personal jurisdiction defense, Plaintiffs and Cross-Claim Defendants appear to, and so indicated during oral argument, concede that the Massachusetts long-arm statute would not reach Shoreline or Paletta and, thus, prevent this Court from exercising personal jurisdiction. This Court agrees, finding that the unchallenged grounds demonstrate Plaintiffs' failure to satisfy their burden of persuasion. The remaining issue, and crux of the oppositions to these motions, is whether Shoreline and Paletta waived the affirmative defense of lack of personal jurisdiction.

Shoreline and Paletta submitted a joint Answer to the Second Amended Complaint.[3] Shoreline and Paletta contend that they sufficiently exercised their affirmative assertion of a lack of personal jurisdiction defense by specifically denying Plaintiffs' allegation of jurisdiction in the Second Amended Complaint. There, under the bolded and underlined heading "Jurisdiction", Plaintiffs allege in paragraphs 15-17

---

[3] At the time, both entities were represented by the same counsel. Subsequently, a conflict became apparent, necessitating new counsel be engaged by Paletta. Paletta's motion to dismiss was filed by her new counsel.

5

that jurisdiction is proper over all defendants, also stating their basis. In the Shoreline/Paletta Answer, it specifically denies the allegations in paragraphs 15-17 under the bolded and underlined heading "Jurisdiction". However, as Plaintiffs and Cross-Claim Defendants note, at no place in the Shoreline/Paletta Answer does it list lack of personal jurisdiction as an affirmative defense, despite the fact that the Answer contains an "Affirmative Defenses" heading delineating other enumerated affirmative defenses.

Plaintiffs and Cross-Claim Defendants argue that Shoreline and Paletta have waived the right to assert a defense of lack of personal jurisdiction because they did not formally include the defense as an "Affirmative Defense" under that subsection to their Answer. While it is true that the defense of lack of personal jurisdiction is considered one of the four "raise or waive" rules under Rule 12(b), this Court finds that Shoreline and Paletta effectively raised the defense in their Answer. See Plunkett v. Valhalla Inv. Servs., Inc., 409 F. Supp. 2d 39, 41 (D. Mass. 2006).

This Court finds Judge Gorton's decision in Plunkett particularly enlightening. There, Judge Gorton held that the defendants *forfeited* their right to assert a defense for lack of personal jurisdiction. In so doing, Judge Gorton's analysis is specifically premised on the fact that the defendants *had effectively raised the defense* in their first response to the complaint. That response, as described by Judge Gorton, was to

"'deny for want of knowledge the allegations contained in Paragraph 5 of Plaintiff's Complaint' (which alleged subject matter jurisdiction)." Id. at 42 n.1.  In proceeding with his analysis, Judge Gorton referred to defendants as having "abandoned", failed to "reassert", and "forfeit[ed] their defense of lack of personal jurisdiction.  At no point did Judge Gorton explain that the defense had been waived or never asserted.  The analysis specifically contemplates an affirmation of the assertion of the defense, and only after engaging in considerable litigation-related activities subsequent to the assertion did the defendants lose their rights to maintain the defense.  See also Yeldell v. Tutt, 913 F.2d 533, 538-39 (8th Cir. 1990).

Unlike Plunkett, in this case, there is an even more explicit assertion denying the existence of personal jurisdiction over Shoreline and Paletta.  Shoreline and Paletta specifically responded to numbered paragraphs that were under the bolded and underlined heading "Jurisdiction".  Indeed, their Answer to paragraphs 15-17 came under the bolded and underlined subheading "Jurisdiction".  Further, Shoreline and Paletta demonstrated no delay and moved for dismissal reasonably quickly after answering the Complaint, without engaging in other motion practice, alternative dispute proceedings, or other substantive engagements in this litigation, as the defendants in Plunkett and Yeldell did.  At no point could it be reasonably said that Shoreline and Paletta effectively consented to jurisdiction through their actions.

As such, this Court agrees with the logic espoused by Judge Gorton and affirmatively holds that the Shoreline/Paletta denial of the Complaint's allegations of jurisdiction is sufficient, at the outset, to preserve the defense of lack of personal jurisdiction. It also follows, then, that the prompt action by Shoreline and Paletta to move to dismiss the Complaint for lack of personal jurisdiction, without engaging in other aspects of the litigation, satisfies the spirit of Rule 12(b) to "expedite and simplify proceedings in the Federal Courts." Yeldell, 913 F.2d at 539 (internal citations omitted). The motions to dismiss by Shoreline and Paletta are, accordingly, ALLOWED.

*Arsenberger Trucking, Inc. and J.T. Fosbrink (Docket # 99)*

Plaintiffs and Cross-Claim Defendants cite substantially similar reasons for this Court to deny the Arsenberger/Fosbrink motion to dismiss. As such, for substantially similar reasons as this Court just espoused regarding Shoreline and Paletta, the motion to dismiss is ALLOWED.

Again, Plaintiffs and Cross-Claim Defendants maintain that Arsenberger and Fosbrink, who filed a joint Answer to the Second Amended Complaint and the instant joint motion to dismiss, failed to affirmatively assert the defense of lack of personal jurisdiction, resulting in a waiver of the defense. As with Shoreline and Paletta, Arsenberger and Fosbrink answered paragraphs 15-17 of the Second Amended

8

Complaint with a denial.[4] Further, Arsenberger and Fosbrink, under the bolded and capitalized heading of "Affirmative Defenses", listed its third affirmative defense as denying "each and every allegation . . . except as specifically admitted above." Accordingly, the same conclusion follows as this Court arrived at above. The Arsenberger/Fosbrink motion to dismiss is, therefore, ALLOWED.

*Lorraine Odzana, as Administratrix of the Estate of James J. Odzana (Docket # 109)*

Odzana moved to dismiss all claims and cross-claims pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. Her motion went unopposed, either in the form of a brief or during oral argument. As such, her motion to dismiss is, hereby, ALLOWED.

Further, Odzana submits an affidavit in support of her motion to dismiss. Said affidavit demonstrates that Odzana was not an employee of Ryder, as alleged in the Second Amended Complaint. Again, Plaintiffs and Cross-Claim Defendants do not oppose this assertion. As such, Ryder is improperly joined as party to this litigation and may be dismissed by this Court *sua sponte*. Daley v. Twin Disc, Inc., 440 F.

---

[4] It is immaterial that the verbatim answer was "without knowledge or information sufficient to form a belief as to the truth of the allegations," as "[i]t is settled law that a defendant's good faith answer that it lacks knowledge or information sufficient to form a belief as to the truth of an averment constitutes a denial." Glater v. Eli Lilly & Co., 712 F.2d 735, 737 (1st Cir. 1983).

Supp. 2d 48, 54 (D. Mass. 2006). In light of Odzana's unopposed affidavit, this Court chooses to exercise such discretion and DISMISS Ryder from this case.

**CONCLUSION**

As detailed above, this Court finds that Shoreline, Paletta, and Arsenberger, and Fosbrink have not waived the defense of lack of personal jurisdiction. Further, in light of said findings, the argument propounded that each failed to amend its answer within the twenty day time limit set forth by Fed. R. Civ. P. 15(a) to salvage the defense of a lack of personal jurisdiction, is no longer relevant. Accordingly, the motions to dismiss failed by Shoreline, Paletta, Arsenberger, Fosbrink, and Odzana are, hereby, ALLOWED and Ryder is concomitantly DISMISSED from this case.

SO ORDERED.

| | |
|---|---|
| *September 13, 2007* | */s/ Joyce London Alexander* |
| Date | United States Magistrate Judge |