UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-12253JLA

| | |
|---|---|
| STEVEN MCDERMOTT and <br> STACEY MCDERMOTT, <br>     Plaintiffs, <br> v. <br><br> FEDEX GROUND PACKAGE SYSTEMS, INC., <br> T.S. PRUITT, ALLEGIANCE HEALTH CARE <br> INC., D. PONCE, E.W. WYLIE CORPORATION, <br> D.W. SMITH, ARSENBERGER TRUCKING <br> INC. J.T. FOSBRINK, RYDER TRUCK RENTAL, <br> LORRAINE ODZANA as ADMINISTRATRIX <br> OF THE ESTATE OF JAMES J. ODZANA, <br> SHORELINE TRANSPORTATION, INC., <br> JACLYN PALETTA as ADMINSTRATRIX <br> OF THE ESTATE OF MARIO J. CASTRO, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF SEPARATE AND FINAL JUDGMENT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 54(b)**

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, Defendant and Defendant-in-Crossclaim, Jaclyn Paletta, as Administratrix of the Estate of Mario J. Castro ("Paletta"), hereby moves for entry of separate and final judgment as to the claims asserted by the Plaintiffs, Steven McDermott and Stacey McDermott (collectively "Plaintiffs"), as well as the crossclaims asserted by the Defendant/Plaintiff-in-Crossclaim, FedEx Ground Package Systems, Inc. ("FedEx").

**FACTUAL BACKGROUND**

This is an action filed originally on October 26, 2004. On December 22, 2006, the Plaintiffs filed a Second Amended Complaint adding ten (10) defendants. On April 6, 2007,

1

FedEx Ground Package Systems, Inc. and T.S. Pruitt (collectively referred to as "Crossclaim Defendants") filed a joint answer to the Second Amended Complaint including crossclaims for contribution against all other defendants. On July 23, 2007, Paletta filed a motion to dismiss for lack of personal jurisdiction along with other defendants and defendants-in-crossclaim on the basis of a lack of personal jurisdiction. On September 13, 2007, following a lengthy hearing on the matter, this Court allowed the motion of Paletta to dismiss for lack of personal jurisdiction and so entered Docket Number 97 dismissing the claims. Under Rule 54(b) of the Federal Rules of Civil Procedure, the motion for entry of separate and final judgment in favor of Paletta is warranted and should be entered forthwith.

## ARGUMENT

I.  **There is no reason for delay and this Court should enter separate and final judgment in favor of Jaclyn Paletta, as Administratrix of the Estate of Mario J. Castro**

The Federal Rules of Civil Procedure Rule 56(b) regarding judgment upon multiple claims or involving multiple parties states that:

> "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, crossclaim, or third party claim, or when multiple parties are involved, the Court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

As previously stated, the Plaintiff, Steven McDermott, alleges that on February 7, 2003, he sustained personal injuries in a multiple tractor trailer accident which took place on Interstate 84 in the Commonwealth of Pennsylvania. The Plaintiff's wife, Stacey McDermott, has asserted a claim for loss of consortium. The McDermotts are Massachusetts residents. The Defendant, Shoreline Transportation, Inc. ("Shoreline") owned one of the tractor trailers that was allegedly involved in a multiple tractor trailer accident at that time and place. The driver of the Shoreline

vehicle was Mario J. Castro, who is now deceased, as a result of an unrelated motor vehicle collision.

On July 23, 2007, Paletta and Shoreline filed motions to dismiss for lack of personal jurisdiction. The Court found these motions to be timely filed and consistent with the spirit of Rule 12(b) to "expedite and simplify proceedings in the Federal Courts." Yeldell v. Tutt, 913 F.2d 533, 538-39 (8th Cir. 1990). The Court also found that the prompt action by Paletta to move to dismiss without engaging in other aspects of litigation was consistent and preserved the lack of personal jurisdiction defense under Rule 12(b). Accordingly, the motion was granted.

The opposition to said Paletta's motion was based solely on the fact that Paletta, who was represented by predecessor counsel, did not assert a specific affirmative defense setting forth the defense of lack of personal jurisdiction. The Court was apparently persuaded that a general denial of any jurisdictional claims by the Plaintiff satisfied the tests set forth by prior courts in their reasoning and found that Paletta acted reasonably promptly and therefore granted the motion.

Paletta therefore asks this Court to enter separate and final judgment as to the claims and crossclaims asserted in this action and direct the entry of final judgment as to Paletta as to all of the claims asserted against her.

## CONCLUSION

WHEREFORE, for the reasons stated herein, Jaclyn Paletta, as Administratrix of the Estate of Mario J. Castro, hereby moves pursuant to Rule 54(b) of the Federal Rules of Civil Procedure for the entry of separate and final judgment as to all claims asserted against her.

Respectfully Submitted,
JACLYN PALETTA as
ADMINISTRATRIX of the
ESTATE OF MARIO J. CASTRO,
By her attorneys,

/s/
_____

Dated: October 3, 2007

James S. Franchek (BBO #177030)
Adam M. Berkowitz (BBO #648172)
Franchek Law, LLC
92 State Street, 8th Floor
Boston, Massachusetts 02109
(617) 573-0020

CERTIFICATE OF FULE 7.1 CONFERENCE AND OF SERVICE

I, James S. Franchek, Esq., hereby certify that on September 19, 2007 this document is being filed through the ECF system and, accordingly, is being sent electronically to the registered participants as identified on the Notice of Electronic Filing and a paper copy will be sent to any party indicated as a non-registered participant

/s/
_____
James S. Franchek

Dated: October 3, 2007