UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STEVEN McDERMOTT and
STACEY McDERMOTT,
    Plaintiffs,

Civil Action No. 04-CV-12253-MLW

v.

FEDEX GROUND PACKAGE SYSTEMS, INC.;
T.S. PRUITT; ALLEGIANCE HEALTHECARE, INC.;
D. PONCE; E. W. WYLIE CORPORATION;
D.W. SMITH; ARSENBERGER TRUCKING, INC.;
J. T. FOSBRINK; RYDER TRUCK RENTAL;
LORRRAINE ODZANA as ADMINISTRATRIX OF THE
ESTATE OF JAMES J. ODZANA;
SHORELINE TRANSPORTATION, INC.; and
JACKYLN PACETTA as ADMINISTRATRIX OF THE
ESTATE OF MARIO J. CASTRO,
    Defendants.

## DEFENDANT RYDER TRUCK RENTAL'S
## MOTION FOR ENTRY OF SEPARATE AND FINAL JUDGMENT

Now comes the Defendant Ryder Truck Rental ("Ryder") and moves that this Court direct an order entering separate and final judgment of dismissal in favor of Ryder pursuant to Fed. R. Civ. P. 54(b). As reasons therefore, Ryder states:

1. The above-captioned action involves multiple defendants.

2. The Plaintiffs filed a complaint against FedEx Ground Package Systems and T.S. Pruitt on October 26, 2004. They then added ten defendants by filing a second amended complaint on December 22, 2006. Ryder was brought in on the grounds that James Odzana worked for Ryder.

3. Several defendants filed motions to dismiss on the grounds of a lack of personal jurisdiction.

4. On September 13, 2007, the motions to dismiss were allowed. As part of the order, Ryder was also dismissed from the case sua sponte on the grounds that Odzana was never an employee of Ryder.

5. Pursuant to Rule 54(b), the Court may direct entry of separate and final judgment as to one or more claims or parties upon an express determination that there is no just reason for delay. As there are no pending claims against it, Ryder should not be forced to incur the hardship of remaining a party while litigation continues between the remaining parties.

6. Furthermore, there is no just reason for delay and the parties will not be prejudiced by the entry of separate and final judgment.

7. As set forth in the attached Memoranda, entry of separate and final judgment in favor of Ryder should be granted.

WHEREFORE, the Defendant Ryder Truck Rental, Inc. requests that this Court enter separate and final judgment in their favor, pursuant to Fed. R. Civ. P. 54(b), with respect to all claims against it.

> The Defendant,
> Ryder Truck Rental,
> By its Attorneys,
>
> Scott J. Tucker, BBO# 503940
> Lori A. Medovitch, BBO# 661729
> Tucker, Heifetz & Saltzman, LLP
> 100 Franklin Street
> Boston, MA 02110
> (617) 557-9696 (Telephone)
> (617) 227-9191 (Facsimile)

Dated: October 9, 2007

# CERTIFICATE OF SERVICE

I, Lori A. Medovitch, certify that on October 9, 2007, I made service of:

DEFENDANT RYDER TRUCK RENTAL'S
MOTION FOR ENTRY OF SEPARATE AND FINAL JUDGMENT

on counsel for all parties in accordance with the provisions of Fed. R. Civ. P. 5.

_____
Lori A. Medovitch