UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STEVEN McDERMOTT and
STACEY McDERMOTT,
    Plaintiffs,

Civil Action No. 04-CV-12253-MLW

v.

FEDEX GROUND PACKAGE SYSTEMS, INC.;
T.S. PRUITT; ALLEGIANCE HEALTHECARE, INC.;
D. PONCE; E. W. WYLIE CORPORATION;
D.W. SMITH; ARSENBERGER TRUCKING, INC.;
J. T. FOSBRINK; RYDER TRUCK RENTAL;
LORRRAINE ODZANA as ADMINISTRATRIX OF THE
ESTATE OF JAMES J. ODZANA; SHORELINE
TRANSPORTATION, INC.; and JACKYLN PACETTA as
ADMINISTRATRIX OF THE ESTATE OF MARIO J. CASTRO,
    Defendants.

### DEFENDANT RYDER TRUCK RENTAL, INC.'S MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF SEPARATE AND FINAL JUDGMENT

Defendant Ryder Truck Rental, Inc. ("Ryder") hereby moves pursuant to Fed. R. Civ. P. 54(b) for entry of separate and final judgment as to all claims asserted against it.

### FACTUAL BACKGROUND

The above-captioned action involves multiple defendants. The Plaintiffs filed a complaint against FedEx Ground Package Systems and T.S. Pruitt on October 26, 2004. They then added ten defendants by filing a second amended complaint on December 22, 2006. Ryder was added on the grounds that James Odzana worked for Ryder. Several defendants filed motions to dismiss on the

grounds of a lack of personal jurisdiction. On September 13, 2007, the motions to dismiss were allowed. As part of the order, Ryder was also dismissed from the case sua sponte on the grounds that Odzana was never an employee of Ryder. Pursuant to Rule 54(b), the Court may direct entry of separate and final judgment as to one or more claims or parties upon an express determination that there is no just reason for delay. As there are no pending claims against it, Ryder should not be forced to incur the hardship of remaining a party while litigation continues between the remaining parties. Furthermore, there is no just reason for delay and the parties will not be prejudiced by the entry of separate and final judgment.

## ARGUMENT

When determining whether to grant separate and judgment pursuant to Rule 54(b) courts consider (1) whether the disputed ruling is final; (2) whether the disputed ruling raises legal or factual issues that overlap with any claims that remain pending in the district court; and (3) how the equities and efficiencies of piecemeal review would compare to those in a single proceeding. Britton v. Maloney, 196 F.3d 24, 27 (1st Cir. 1999). In Britton, the court allowed a motion for entry of separate and final judgment by a defendant when (1) the case against that defendant was complete, (2) the issues raised against that defendant were different than those against another defendant, and (3) there was little risk of prejudice from immediate appellate review. Id.

In the present case, the Plaintiffs do not have a claim against Ryder because it was not the employer of Odzana. The issue raised against Ryder was distinctly different from those raised against other defendants because Ryder was added to the action solely on the basis that it was the employer of Odzana. Finally, there is no evidence to suggest that there will be any risk of prejudice from immediate appellate review.

Ryder requests that an order of separate and final judgment as to all claims be entered in favor of Ryder.

## CONCLUSION

WHEREFORE, the Defendant Ryder Truck Rental, Inc. hereby moves pursuant to Fed. R. Civ. P. 54(b) for an entry of separate and final judgment in favor of Ryder Truck Rental, Inc. as to all claims against it.

> The Defendant,
> Ryder Truck Rental, Inc.,
> By its Attorneys,
>
> /s/ Scott J. Tucker
> Scott J. Tucker, BBO# 503940
> Lori A. Medovitch, BBO# 661729
> Tucker, Heifetz & Saltzman, LLP
> 100 Franklin Street
> Boston, MA 02108
> (617) 557-9696 (Telephone)
> (617) 227-9191 (Facsimile)

October 9, 2007

# CERTIFICATE OF SERVICE

I, Lori A. Medovitch, certify that on October 9, 2007, I made service of:

DEFENDANT RYDER TRUCK RENTAL, INC.'S
MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF
SEPARATE AND FINAL JUDGMENT

on counsel for all parties in accordance with the provisions of Fed. R. Civ. P. 5.

_____
Lori A. Medovitch