UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEVEN McDERMOTT, STACY McDERMOTT, Plaintiffs, vs. FEDEX GROUND PACKAGE SYSTEMS, INC., T.S. PRUITT, ALLEGIANCE HEALTHCARE, INC., D. PONCE, E.W. WYLIE CORPORATION, D.W. SMITH, ARSENGERGER TRUCKING, INC., J.T. FOSBRINK, RYDER TRUCK RENTAL; LORRAINE ODZANA as ADMINISTRATRIX OF THE ESTATE OF JAMES J. ODZANA, SHORELINE TRANSPORTATION, INC., JACLYN PALETTA as ADMINISTRATRIX OF THE ESTATE OF MARIO J. CASTRO, Defendants | CASE NO. NO.: 04CV12253 |

## MOTION FOR ENTRY OF SEPARATE AND FINAL JUDGMENT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 54(b)

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, Defendant and Defendant-in cross claim, Shoreline Transportation, Inc., hereby moves for entry of separate and final judgment as to the claims asserted by the Plaintiffs, Steven McDermott and Stacey McDermott ("Plaintiff's"), as well as the cross claims asserted by the Defendant/Plaintiff-in-crossclaim, FedEx Ground Package Systems Inc. ("FedEx").

As reasons therefore, Shoreline Transportation, Inc. states as follows:

1. This is an action filed originally on October 26, 2004

2. On December 22, 2006, the Plaintiffs filed a Second Amended Complaint adding ten (10) defendants.

3. On April 6, 2007, FedEx Ground Package Systems, Inc. and T.S. Pruitt (collectively referred to as "Crossclaim Defendants") filed a joint answer to the Second Amended Complaint including crossclaims for contribution against all other defendants.

4. On July 23, 2007, Shoreline Transportation, Inc. filed a motion to dismiss for lack of personal jurisdiction along with other defendants and defendants-in-crossclaim on the basis of lack or personal jurisdiction.

5. On September 23, 2007, following a lengthy hearing on the matter, this Court allowed the motion of Shoreline Transportation, Inc. to dismiss for lack of personal jurisdiction and so entered Docket Number 97 dismissing the claims.

6. As is set forth more fully in the Memoranda attached to this motion, under substantive Massachusetts state law, as well as the Federal Rules of Civil Procedure, a motion for entry of separate and final judgment in favor of Shoreline Transportation, Inc. is warranted and should be entered forthwith as there is not just reason for delay.

WHEREFORE, the Defendant, Shoreline Transportation, Inc., respectfully requests that this Court enter the following orders and make the following findings:

1. That the allowance of the motion to dismiss for lack of personal jurisdiction terminates all claims which could be asserted by the Plaintiff and Counterclaim Plaintiff

2. That there is no demonstrable reason for delay and that to expedite and simplify proceedings in the Federal Court, separate and final judgment should be entered in favor of Shoreline Transportation, Inc.; and

3. Pursuant to Federal Rules of Procedure 54(b) this Honorable Court makes the express determination that there is no just reason for delay and that separate

and final judgment in favor of Shoreline Transportation, Inc. be entered forthwith.

DEFENDANT,
SHORELINE TRANSPORTATION INC.,
By their attorney,

/s/ Brian J. Donegan
Brian J. Donegan
NEVILLE LAW, LLC
24 Muzzey Street
Lexington, MA 02421
(781) 372-7200
BBO Number:  648501
Dated: July 23, 2007

**CERTIFICATE OF SERVICE**

I, Brian J. Donegan, Esquire attorney for the Defendant, Shoreline Transportation, Inc., hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this day.

Date:   July 23, 2007

/s/ Brian J. Donegan
Brian J. Donegan, Esquire
NEVILLE LAW, LLC
24 Muzzey Street
Lexington, Massachusetts 02421
BBO # 648501
Tel: (781) 372-7200
Fax: (781) 372-7299

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN McDERMOTT, <br> STACY McDERMOTT, <br>     Plaintiffs, <br><br> vs. <br><br> FEDEX GROUND PACKAGE <br> SYSTEMS, INC., T.S. PRUITT, <br> ALLEGIANCE HEALTHCARE, INC., <br> D. PONCE, E.W. WYLIE <br> CORPORATION, D.W. SMITH, <br> ARSENGERGER TRUCKING, INC., <br> J.T. FOSBRINK, RYDER TRUCK <br> RENTAL; LORRAINE ODZANA as <br> ADMINISTRATRIX OF THE ESTATE <br> OF JAMES J. ODZANA, SHORELINE <br> TRANSPORTATION, INC., JACLYN <br> PALETTA as ADMINISTRATRIX OF <br> THE ESTATE OF MARIO J. CASTRO, <br>     Defendants | CASE NO. NO.: 04-CV-12253 |

**MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF SEPARATE AND FINAL JUDGMENT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 54(b)**

Pursuant to Rule 54(b) of Federal Rules of Civil Procedure, Defendant and Defendant-in-crossclaim, Shoreline Transportation, Inc., hereby moves for entry of separate and final judgment as to the claims asserted by the Plaintiffs, Steven McDermott and Stacey McDermott (collectively "Plaintiffs"), as well as the crossclaims asserted by the Defendant/Plaintiff-in-Crossclaim, FedEx Ground Package Systems, Inc. ("FedEx").

**FACTS**

This is an action filed originally on October 26, 2004. On December 22, 2006, the Plaintiffs filed a Second Amended Complaint adding ten (10) defendants. On April 6, 2007, FedEx Ground Package Systems Inc., and T.S. Pruitt (collectively referred to as

"Crossclaim Defendants") filed a joint answer to the Second Amended Complaint including crossclaims for contribution against all other defendants. On July 23, 2007, Shoreline Transportation, Inc. filed a motion to dismiss for lack of personal jurisdiction along with other defendants and the defendants-in-cross-claim on the basis of a lack of personal jurisdiction. On September 13, 2007, following a lengthy hearing on the matter, this Court allowed the motion of Shoreline Transportation, Inc. to dismiss for lack of personal jurisdiction and so entered Docket Number 97 dismissing the claims. Under Rule 54(b) of the Federal Rules of Civil Procedure, the motion for entry of separate and final judgment in favor of Shoreline Transportation, Inc. is warranted and should be entered forthwith.

## ARGUMENT

### I.      There is no reason for delay and this Court should enter separate amd final judgment in favor of Shoreline Transportation, Inc.

The Federal Rules of Civil Procedure Rule 54(b) regarding judgment upon multiple claims or involving multiple parties state that:

> "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, crossclaim, or third party claim, or when multiple parties are involved, the Court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

As previously stated, the Plaintiff, Steven McDermott, alleges that on February 7, 2003, he sustained personal injures in a multiple tractor trailer accident which took place on Interstate 84 in the Commonwealth of Pennsylvania. The Plaintiff's wife, Stacey McDermott, has asserted a claim for loss of consortium. The McDermotts are Massachusetts residents. The Defendant, Shoreline Transportation, Inc. ("Shoreline") owned one of the tractor trailers that was allegedly involved in a multiple tractor trailer accident at that time and place. The driver of the Shoreline Transportation, Inc. vehicle

was Mario J. Castro, who is now deceased, as a result of an unrelated motor vehicle collision.

On July 23, 2007, Shoreline Transportation, Inc. and Jaclyn Paletta, as Administratrix of the Estate of Mario J. Castro ("Paletta") filed motions to dismiss for lack of personal jurisdiction. The Court found these motions to be timely filed and consistent with the spirit of Rule 12(b) to "expedite and simplify proceedings in the Federal Courts" Yeldell v. Tutt, 913 F.2d 533, 538-39 (8th Cir. 1990). The Court also found that the prompt action by Shoreline Transportation, Inc. to move to dismiss without engaging in other aspects of litigation was consistent and preserved the lack of personal jurisdiction defense under Rule 12(b). Accordingly, the motion was granted.

The opposition to said Shoreline Transportation, Inc. motion was based solely on the fact that Shoreline Transportation, Inc., who was represented by predecessor council, did not assert a specific affirmative defense setting forth the defense of lack of jurisdiction. The court was apparently persuaded that a general denial of any jurisdictional claim by the Plaintiff satisfied the tests set forth by prior courts in their reasoning and found that Shoreline Transportation, Inc. acted reasonably promptly and therefore granted the motion.

Shoreline Transportation, Inc. therefore asks this Court to enter separate and final judgment as to the claims and crossclaims asserted in this action and direct the entry of final judgment as to Shoreline Transportation, Inc. as to all of the claims asserted against them.

**CONCLUSION**

WHEREFORE, for the reasons stated herein, Shoreline Transportation, Inc., herby moves pursuant to Rule 54(b) of the Federal Rules of Civil Procedure for the entry of separate and final judgment as to all claims asserted against them.

DEFENDANT,
SHORELINE TRANSPORTATION INC.,
By their attorney,

/s/ Brian J. Donegan
Brian J. Donegan
NEVILLE LAW, LLC
24 Muzzey Street
Lexington, MA 02421
(781) 372-7200
BBO Number: 648501
Dated: July 23, 2007