UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 04-CV-12253MLW

---

| | |
|---|---|
| STEVEN MCDERMOTT and STACEY MCDERMOTT, <br>     Plaintiffs <br><br> v. <br><br> FEDEX GROUND PACKAGE SYSTEMS, INC., T.S. PRUITT, ALLEGIANCE HEALTHCARE INC., D. PONCE, E.W. WYLIE CORPORATION, D.W. SMITH, ARSENBERGER TRUCKING, INC., J.T. FOSBRINK, RYDER TRUCK RENTAL, LORRAINE ODZANA as ADMINISTRATRIX OF THE ESTATE OF JAMES J. ODZANA, SHORELINE TRANSPORTATION, INC., JACYLYN PALETTA as ADMINISTRATRIX OF THE ESTATE OF MARIO J. CASTRO, <br>     Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MOTION TO COMPEL DEPOSITION OF DR. MICHAEL MASON AT A REASONABLE COST**

Pursuant to Fed. R. Civ. P. 37(a), the defendants, E.W. Wylie and D.W. Smith (hereinafter the "defendants"), respectfully request that this Court **ALLOW** their motion to compel the deposition of the plaintiff's treating physician, Dr. Michael Mason, at a reasonable cost. A memorandum in support of this motion is attached hereto.

```
                         THE DEFENDANTS,
                         E.W. WYLIE CORPORATION AND
                         D.W. SMITH,
                         BY THEIR ATTORNEYS,


Date: 10/31/07           _____
                         Anthony M. Campo, BBO# 552093
                         Kevin M. Riordan, BBO# 652785
                         Boyle, Morrissey & Campo, P.C.
                         695 Atlantic Ave.
                         Boston, MA 02111
                         (617) 451-2000
                         FAX: (617) 451-5775
```

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 04-CV-12253MLW

```
_____
STEVEN MCDERMOTT and             )
STACEY MCDERMOTT,                )
     Plaintiffs                  )
                                 )
v.                               )
                                 )
FEDEX GROUND PACKAGE SYSTEMS, INC., )
T.S. PRUITT, ALLEGIANCE HEALTHCARE )
INC., D. PONCE, E.W. WYLIE       )
CORPORATION, D.W. SMITH,         )
ARSENBERGER TRUCKING, INC.,      )
J.T. FOSBRINK, RYDER TRUCK RENTAL, )
LORRAINE ODZANA as ADMINISTRATRIX )
OF THE ESTATE OF JAMES J. ODZANA, )
SHORELINE TRANSPORTATION, INC.,  )
JACYLYN PALETTA as ADMINISTRATRIX )
OF THE ESTATE OF MARIO J. CASTRO, )
     Defendants                  )
_____)
```

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DEPOSITION OF DR. MICHAEL MASON AT A REASONABLE COST**

Pursuant to Fed. R. Civ. P. 37(a), the Defendants, E.W. Wylie Corporation and D.W. Smith (the "defendants"), move that this Court order the plaintiff's treating physician, Dr. Michael Mason, to appear for a deposition at a reasonable cost.

**I.   BACKGROUND**

The plaintiff in this matter, Steven McDermott, alleges that he was injured in a February 7, 2003 accident involving several tractor trailers on I-84 in Pennsylvania.

3

(Pl.'s Answers to Interrogatories, attached hereto as Ex. 1 at Answer No. 2). The plaintiff alleges that he sustained injuries including back pain and numbness in his lower right leg that required a discectomy and spinal fusion. (Medical Records, attached hereto as Ex. 2). Dr. Michael Mason performed the plaintiff's two post-accident back surgeries. (Ex. 2).

On August 7, 2007, the defendants noticed the deposition of Dr. Mason, the treating physician of the plaintiff. This deposition was noticed for October 16, 2007. (Deposition Notice of Dr. Mason, attached hereto as Ex. 3). The defendants were seeking to depose Dr. Mason, not as an expert witness, but rather as the plaintiff's treating physician.[1] No objection has been made to the taking of Dr. Mason's deposition. (Aff. of Kevin M. Riordan, attached hereto as Ex. 4).

On or about October 12, 2007, counsel for the defendants was informed by "Carol" of Dr. Mason's office that Dr. Mason was not available to be deposed on October 16, 2007. (Ex. 3). Counsel for the defendants was also informed that Dr. Mason's fee for the deposition was

---

[1] If a doctor is the subject of a medical malpractice suit, or was the plaintiff's treating physician, the witness is subject to deposition only regarding matters beyond those facts and opinions which were gathered in anticipation of litigation. See Nelco Corp. v. Slater Elec. Inc., 80 F.R.D. 411, 414 (E.D.N.Y.1978).

4

$10,000.00. Although Dr. Mason has not been disclosed as an expert witness, the defendants are willing to reasonably compensate Dr. Mason for his time pursuant to Fed. R. Civ. P. 26(b)(4). The defendants are willing to take the deposition of Dr. Mason at his office.

**II. ARGUMENT**

In the instant case, the defendants are seeking to take the deposition of Dr. Mason, the plaintiff's treating physician. The defendants are willing to reasonably compensate Dr. Mason for his deposition time and are willing to take the deposition at the office of Dr. Mason. However, Dr. Mason has indicated that his fee for the deposition is $10,000.00.

In determining whether an expert's fee is reasonable courts have considered the following factors: 1) the expert's area of expertise, 2) the expert's necessary training and education, 3) the prevailing rates for comparable expert witnesses, 4) the nature, quality and complexity of the discovery provided, 5) the cost of living in the relevant community, 6) the fee being charged by the expert to the party who retained him, 7) fees traditionally charged by the expert on related matters, and 8) any other

5

factor likely to be of assistance to the court in balancing the interests implicated by Rule 26. Cabana v. Forcier, 200 F.R.D. 9, 16 (2001), citing Coleman v. Dydula, 190 F.R.D. 320, 324 (W.D.N.Y.1999); Mathis v. NYNEX, 165 F.R.D. 23, 24-25 (E.D.N.Y.1996); Bowen v. Monahan, 163 F.R.D. 571, 573 (D.Neb.1995).

Those factors, however, merely serve to guide the Court and the [t]he ultimate goal must be to calibrate the balance so that a plaintiff will not be unduly hampered in his/her efforts to attract competent experts, while at the same time, an inquiring defendant will not be unfairly burdened by excessive ransoms which produce windfalls. Cabana, 200 F.R.D. at 16, citing Anthony v. Abbott Lab., 106 F.R.D. 461, 465 (D.R.I.1985).

In the case at hand, the fee requested by Dr. Mason is unreasonable. This case is similar to Anthony. 106 F.R.D. at 465. In Anthony, a 1985 case, the Court ruled that the plaintiff's medical expert was not entitled to a rate of $420 per hour for a deposition and instead instituted a fee of $250 per hour. The Court reasoned that: "In the final analysis, the mandate of Rule 26(b)(4)(C) is not that an adverse expert will be paid his heart's desire, but that he will be paid a reasonable fee." Id. The Court further

6

noted that: "he (the medical expert) cannot be left free, in this sort of proceeding, arbitrarily to saddle his adversary with whatever price tag strikes his fancy." Id. at 464; see also Cabana, 200 F.R.D. at 16 (reasoning that a $21,250.00 fee a three day deposition of an environmental and occupational exposure expert to be excessive).

In the instant case, the fee requested by Dr. Mason for his deposition is unreasonable. Therefore, the defendants respectfully request that this Honorable Court **ALLOW** the defendants' motion to compel and **ORDER** that Dr. Michael Mason be deposed at a reasonable fee to be determined by the Court.

Date: 10/31/07

THE DEFENDANTS,
E.W. WYLIE CORPORATION AND
D.W. SMITH,
BY THEIR ATTORNEYS,

Anthony M. Campo, BBO# 552093
Kevin M. Riordan, BBO# 652785
Boyle, Morrissey & Campo, P.C.
695 Atlantic Ave.
Boston, MA 02111
(617) 451-2000
FAX: (617) 451-5775