# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN McDERMOTT,<br>        Plaintiff,<br><br>vs.<br><br>FED EX GROUND SYSTEMS, INC.,<br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.:  04-CV-12253

## PLAINTIFF, STEVEN McDERMOTTS ANSWER TO DEFENDANT, FED EX GROUND SYSTEMS, INC., FIRST SET OF INTERROGATORIES

**INTERROGATORY 1:**

Please state your full name, residence, business address, occupation, date of birth and

social security number.

*ANSWER No. 1:*

Steven McDermott, 175 Mechanic Street, Bellingham, Massachusetts 02109 for both

residence and business, owner/operator/truck driver, January 24, 1965, 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.

**INTERROGATORY 2:**

Please state fully how the alleged accident occurred, stating what you did, saw and heard.

*ANSWER No. 2:*

I was stopped for a tractor trailer lying on its side across Interstate 84 eastbound at mile

marker 43, Pennsylvania.  The weather conditions were snowing with an accumulation of

snow on the highway.  I was outside the tractor when I saw bright lights coming at what

appeared a high rate of speed.  I could only see the lights, I could not see the tractor

trailer.  Fearing a collision was close to happening,  I quickly reentered the cab of my

truck.  The Federal Express tractor trailer slammed into my vehicle, hurling me to the

floor of the cab and totaling my vehicle and trailer.

## INTERROGATORY 3:

Please describe exactly where and when the alleged accident took place, giving a

complete description of the locus of the alleged accident.

### *ANSWER No. 3:*

Commonwealth of Pennsylvania, Route 84 eastbound, mile marker 43, Pike County,

Dingman Township, Municipality 203, Friday, February 7, 2003, 3:17 am.

## INTERROGATORY 4:

Please describe fully the conduct of the defendant which you allege in your complaint

constituted negligence.

### *ANSWER No. 4:*

OBJECTION.  The Plaintiff objects to Interrogatory No. 4 on the grounds that said

Interrogatory is vague, overbroad, unduly burdensome and seeks the expert opinion from

a lay person.  Without waiving said objection, the Plaintiff states:  The Federal Express

driver was traveling too fast for the road and weather conditions.

## INTERROGATORY 5:

If within ten years prior to the accident alleged in your complaint your physical or mental

condition was affected by illness, operation, injuries or accident, please state full details

of each.

### *ANSWER No. 5:*

OBJECTION.  The Plaintiff objects to Interrogatory No. 5 on the grounds that  said

Interrogatory is vague, overbroad, unduly burdensome, time parameters are too long, not

likely to lead to the admissibility of discoverable evidence and call for the commentary of an expert.  Without waiving said objection, the Plaintiff states:  I was involved in a motor vehicle accident on May 12, 1997, in town of Framingham.  I was rear-ended and suffered shoulder injury which did not require surgery but did require physical therapy. I underwent back surgery approximately nine (9) years ago to repair a ruptured disk. After the surgery I had completely recovered and there were no effects with regards to my job.  That was performed at Metro West Medical Center by Dr. Nirmel.

**INTERROGATORY 6:**

If, subsequent to the accident alleged in your complaint, your physical or mental condition was affected by illness, operation, injuries or accidents, please state full details of each.

*ANSWER No. 6:*

OBJECTION.  The Plaintiff objects to Interrogatory No. 6 on the grounds that said Interrogatory is vague, overbroad, unduly burdensome and calls for the commentary of an expert.  Without waiving said objection, the Plaintiff states: please refer to production of documents.

**INTERROGATORY 7:**

Please identify your current primary care physician, as well as any prior primary care physicians for the past ten years, including in your answer their address or addresses.

*ANSWER No. 7:*

From 1993 though 1998, Metrowest Medical Center, Framingham, MA,  01701; from 1999 through present, Dr. Bradley Harris, Bellingham Medical Associates, 1003 South Main Street, Bellingham, MA 02019, 508-883-0600.

**INTERROGATORY 8:**

If you have ever made a claim for bodily injury, personal injury protection benefits

(PIP), or worker's compensation benefits, kindly state:

a.      the name, address, and file number of any insurer for the alleged responsible

party, or the PIP or worker's compensation insurer;

b.      a complete description of all injuries you alleged to have sustained;

c.      the date, time and place of the incident leading to the alleged injury;

d.      the total amount recovered; and

e.      if the claim resulted in litigation, the identity of the court and docket number

for the lawsuit.

*ANSWER No. 8:*

OBJECTION.  The Plaintiff objects to Interrogatory No. 8 on the grounds that said

Interrogatory is vague, overbroad, unduly burdensome and calls for the commentary of

an expert.  Without waiving said objection, the Plaintiff states:  please refer to Answer to

Interrogatory No. 5.

**INTERROGATORY 9:**

If you have obtained the identity of any witnesses to the alleged accident please state

their names and addresses and the substance of any conversations you have had with such

witnesses and the substance of each witnesses' anticipated testimony at trial.

*ANSWER No. 9:*

OBJECTION.  The Plaintiff objects to Interrogatory No. 9 on the grounds that this

Interrogatory is overly broad, unduly burdensome and seeks information equally

available to the propounding party.  Without waiving said objection, the Plaintiff states: I

do not know of any witnesses but I reserve the right to supplement this interrogatory in a

timely manner upon receipt of same.

## INTERROGATORY 10:

Please describe the weather and road conditions existing at the time of the alleged

accident.

### ANSWER No. 10:

It was snowing heavily and the roads were covered with snow.

## INTERROGATORY 11:

Please state the speed of the vehicle you were riding in and that of the defendant:

a.      100 feet from the point of contact;

b.      50 feet from the point of contact;

c.      at the point of contact;

d.      when you first observed the defendant's vehicle.

### ANSWER No. 11:

With regards to a, b, c, d, my speed, 0 mph.  I was stopped for the tractor trailer lying

across the interstate.  I do not know the speed of the Fed Ex tractor trailer.  I could only

see the headlights coming towards me.

## INTERROGATORY 12:

How far from the defendant's vehicle were you when you first saw the defendant's

vehicle?

### ANSWER No. 12:

I do not know the distance I was from the Fed Ex tractor trailer.  I could only see the

headlights coming towards me.

**INTERROGATORY 13:**

How far from the point of contact was the defendant's vehicle and your vehicle when you first saw the defendant's vehicle?

***ANSWER No. 13:***

I could only see the headlights of the Fed Ex tractor trailer coming towards me. Contact was made at the point where I had stopped for the tractor trailer that was lying across the interstate.

**INTERROGATORY 14:**

Please state exactly what part or parts of the vehicle you were in came in contact with what part or parts of the defendant's vehicle.

***ANSWER No. 14:***

The right rear corner of my trailer was hit by the left front corner of the defendant's tractor.

**INTERROGATORY 15:**

Please indicate exactly what you or the driver of the vehicle you were riding in did or attempted to do in order to avoid the alleged accident.

***ANSWER No. 15:***

There was nothing I could do to avoid the accident. My vehicle was not moving.

**INTERROGATORY 16:**

Please describe exactly what happened immediately after the initial contact.

***ANSWER No. 16:***

In fear of my safety I removed myself from the cab and moved of the side of the road.

**INTERROGATORY 17:**

Please describe any and all injuries you received as a result of the accident alleged in your complaint.

***ANSWER No. 17:***

OBJECTION. The Plaintiff objects to Interrogatory No. 9 on the grounds that this Interrogatory is overly broad, and calls for the expert opinion of a lay person. Without waiving said objection, the Plaintiff states: I injured my back requiring surgery. Please refer to Production of Documents.

**INTERROGATORY 18:**

If, as a result of injuries sustained in the alleged accident, you were taken to, treated at or confined in a hospital, please state:

a.    The name and address of any such hospital;

b.    The dates you were taken there, treated there or confined there, stating whether you were treated as an outpatient or admitted;

c.    The names of any and all doctors who saw you during the time you were at any such hospital;

d.    The treatment you received during the time you were at any such hospital.

***ANSWER No. 18:***

Please refer to Production of Documents. Plaintiff states: I don't recall all of the exact dates of treatment, but I was treated at Hemlock Farms Fire & Rescue, Wayne Memorial Hospital, Keystone Emergency Services, Wayne Radiology Services, Tri County Medical Associates, Milford Regional Medical Center, Milford Imaging, K. Nirmel, MD, Surgical Neurology, Boston Arthritis and Spinal Surgery, N.E. Orthopedic, Milford Healthsouth, LifeCare Center of Attleboro, N.E. Baptist Hospital, Professional PT & Sports Medicine.

Plaintiff reserves the right to supplement this Interrogatory in a timely manner prior to trial.

## INTERROGATORY 19:

If, as a result of injuries you sustained in the alleged accident, you were seen by any doctor outside of a hospital, please state:

a.    The name and address of any such doctor;

b.    The dates you were seen by and/or treated by any such doctor;

c.    The treatment you received from any such doctor on each such occasion.

### ANSWER No. 19:

Please refer to Production of Documents. Plaintiff states:  I don't recall all of the exact dates of treatment, but I was treated at Hemlock Farms Fire & Rescue, Wayne Memorial Hospital, Keystone Emergency Services, Wayne Radiology Services, Tri County Medical Associates, Milford Regional Medical Center, Milford Imaging, K. Nirmel, MD, Surgical Neurology, Boston Arthritis and Spinal Surgery, N.E. Orthopedic, Milford Healthsouth, LifeCare Center of Attleboro, N.E. Baptist Hospital, Professional PT & Sports Medicine. Plaintiff reserves the right to supplement this Interrogatory in a timely manner prior to trial.

## INTERROGATORY 20:

If you were confined to the house and/or bed as a result of the injuries you sustained in the alleged accident, please state exactly which you were confined to, the inclusive dates of your confinement.

### ANSWER No. 20:

Please refer to Production of Documents. Plaintiff states: I don't recall all of the exact dates of treatment, but I was treated at Hemlock Farms Fire & Rescue, Wayne Memorial Hospital, Keystone Emergency Services, Wayne Radiology Services, Tri County Medical Associates, Milford Regional Medical Center, Milford Imaging, K. Nirmel, MD, Surgical Neurology, Boston Arthritis and Spinal Surgery, N.E. Orthopedic, Milford Healthsouth, LifeCare Center of Attleboro, N.E. Baptist Hospital, Professional PT & Sports Medicine. Plaintiff reserves the right to supplement this Interrogatory in a timely manner prior to trial.

## INTERROGATORY 21:

If you claim to be permanently injured as a result of the alleged accident, please state the nature and extent of the permanent injury, the name of the doctor who diagnosed it as such and the degree of limitation due to such an injury.

### *ANSWER No. 21:*

OBJECTION. The Plaintiff objects to Interrogatory No. 21 on the grounds that said Interrogatory is vague, overbroad, and call for the expert opinion of a lay person. Without waiving said objection, the Plaintiff states: Please refer to Production of Documents.

## INTERROGATORY 22:

If, as a result of the injuries you claim to have suffered, you received Personal Injury Protection (P.I.P.) benefits, please state:

a.     the name and address of the insurer

b.     the amount of such benefits received.

9

*ANSWER No. 22:*

Travelers Insurance, 44 Bedford Street, Middleboro, MA 02344;  $8,000.00 personal injury protection and $5,000.00 medical payments were exhausted.

## INTERROGATORY 23:

Please state fully and completely all expenses incurred by you or on your behalf to date resulting from the alleged accident.

*ANSWER No. 23:*

OBJECTION.  The Plaintiff objects to Interrogatory No. 5 on the grounds that said Interrogatory is vague, overbroad, unduly burdensome.  Without waiving said objection, the Plaintiff states:  Please refer to Production of Documents.  I have not fully determined all expenses incurred as a result of the accident, but will timely supplement upon receipt of same.

## INTERROGATORY 24:

If you claim that as a result of the alleged accident you sustained injuries which prevent, or have prevented, you from following your usual occupation, kindly state:

    a.     The name and address of your employer immediately prior to the alleged accident.

    b.     The average weekly earnings, salary or income you were receiving immediately prior to the alleged accident.

    c.     The date on which you resumed the duties of your occupation.

    d.     The amount of salary or wages that you lost from the date of the alleged accident to the date you returned to work.

  e.  If you have not yet returned to work, the amount of wages lost from the date of

the alleged accident to the present.

*ANSWER No 24:*

  a.  Self employed owner operator of Four Brothers Trucking, 175 Mechanic Street,

Bellingham, MA., 02019.

  b.  Weekly gross was between $2,800.00 and $3,000.00 per week.

  c.  I have not returned to work.

  d.  Approximately $2,800.00 to $3,000.00 per week since the accident of February

7, 2003.

  e.  I have not determined the full amount of lost wages but will supplement in a

timely manner upon receipt of same.

**INTERROGATORY 25:**

Please state the identity and location of all persons having knowledge of any

discoverable matter.

*ANSWER No. 25:*

OBJECTION.  The Plaintiff objects to Interrogatory No. 25 on the grounds that said

Interrogatory is vague, overbroad, unduly burdensome and seeks information that is

equally available to the propounding party and is not likely to lead to the discovery of

admissible evidence.  Without waiving said objection, the Plaintiff states:  Please refer to

Production of Documents.

**INTERROGATORY 26:**

Please state every person you expect to call as a witness at trial and state as to each such

person their name, residence, business address and telephone number.

**ANSWER No. 26:**   I have not determined all experts I will call at trial but understand my duty

to supplement this interrogatory in a timely manner prior to trial.

## INTERROGATORY 27:

Please state every person you expect to call as an expert witness at trial and state as to

each such person:

a.      the educational, trade and/or technical skills qualifying such person as an expert.

b.      the subject matter on which such person is expected to testify;

c.      the substance of the facts and opinions to which such person is expected to testify; and

d.      a summary of the grounds for each such opinion in (c).

**ANSWER No. 27:**

I have not determined all experts I will call at trial but understand my duty to

supplement this interrogatory in a timely manner prior to trial.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS _8 7th_ DAY OF

_February_            , 2006

Steven McDermott

SIGNATURE TO OBJECTIONS AND
RESERVATIONS

Joseph M. Mahaney, BBO #549042
Goguen, McLaughlin, Richards & Mahaney, LLP
The Harriet Beecher Stowe House
Two Pleasant Street
South Natick, Massachusetts 01760
508/651-1000

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing
document was served upon the attorney(s) of record
for each other party by mail/hand on __ _2/8/06_

/s/

12

# EXHIBIT 2



NEW ENGLAND BAPTIST HOSPITAL
125 Parker Hill Avenue
Boston, MA 02120

MCDERMOTT,STEVEN
MR:  K000402428
ACCT:  K1286994
ADM DATE:  06/27/03
DIS DATE:  07/04/03

## DISCHARGE SUMMARY

DATE OF ADMISSION:
06/27/03

DATE OF DISCHARGE:
07/04/03

SURGICAL PROCEDURE:
Revision discectomy, laminectomy, posterior lumbar interbody fusion
L3-L4, L4-L5.

SURGEON:
Dr. Michael Mason.

ASSISTANT:
Lampros Minos, PA.

HISTORY OF PRESENT ILLNESS:
This is a patient who was involved in a motor vehicle accident 02/2003.
He has had back pain and numbness in his lower right leg and toes.  He
has failed conservative therapy with modalities.  He now presents to
New England Baptist Hospital for surgical intervention for a L3-L5
herniated nucleus pulposus and degenerative disk disease.  He is status
post L3-L4 microdiscectomy.

PHYSICAL EXAMINATION:
This is an obese male with limited range of motion of his right lower
extremity and decreased strength to be 3/5 in his right lower
extremity.

PAST MEDICAL HISTORY:
Significant for asthma, gastroesophageal reflux disease, and diabetes.

LABORATORY DATA:
See chart.

HOSPITAL COURSE:
On 06/27/03, the patient underwent revision discectomy, laminectomy,
and posterior lumbar interbody fusion with instrumentation and use of
left iliac crest bone graft from L3-L4, L4-L5.  Postoperatively, the
patient tolerated this procedure and he had EHL, FHL, gastrocnemius
muscle power to be 5/5 bilaterally with soft touch intact in both feet.
The patient was maintained on a PCA for approximately 48 hours and
switched over to p.o. pain medication.  He underwent the usual physical
therapeutic regimen including gait training and was pretty slow with
this.  He may be in need of further rehabilitative care.  His wound has
remained clean, dry, and intact.  There is a slight serosanguinous
drainage from his wound, however.

DISCHARGE MEDICATIONS:
OxyContin 20 mg p.o. b.i.d., OxyIR 5-10 mg p.o. q.4h. p.r.n. pain,

 

*NEW ENGLAND BAPTIST HOSPITAL*
125 Parker Hill Avenue
Boston, MA 02120

MCDERMOTT, STEVEN
MR:  K000402428
ACCT:  K1286994
ADM DATE:  06/27/03
DIS DATE:  07/04/03

## DISCHARGE SUMMARY

Serevent inhaler 2 puffs b.i.d., albuterol inhaler 2 to 3 three times
per day p.r.n., Prilosec 20 mg p.o. b.i.d., Avandia 1000 mg p.o. b.i.d.

DISCHARGE INSTRUCTIONS:
Daily wound checks with staple removal, postoperative day 14 with house
diet 1800 calorie ADA.  Physical therapy to include gait training.

GOALS:
Anticipated goals were activities of daily living.

DISCHARGE DIAGNOSES:
Degenerative disk disease L3-L5 and herniated nucleus pulposus.

Dictated by:
Steven Fleit, PA for Dr. Michael Mason.

eScription IF1-1571268 Dictated 07/01/03 Transcribed 07/02/03

CC:

<Electronically Signed>
_____
Michael Mason D.O.

 

*NEW ENGLAND BAPTIST HOSPITAL*
125 Parker Hill Avenue
Boston, MA 02120

MCDERMOTT,STEVEN
MR: K000402428
ACCT: K1456933
ADM DATE: 09/17/04
DIS DATE: 09/22/04

## DISCHARGE SUMMARY

**ATTENDING PHYSICIAN:**
Michael Mason, D.O.

**DATE OF ADMISSION:**
09/17/04

**DATE OF DISCHARGE:**
09/22/04

**REASON FOR ADMISSION:**
Revision posterior spinal fusion with instrumentation and right iliac crest bone graft, levels L3-S1.

**HISTORY OF PRESENT ILLNESS:**
The patient is a 39-year-old male status post back surgery in 2003 who has been evaluated by Dr. Mason on an outpatient basis. The patient has continued low back pain and discomfort since his previous surgery. The patient has had epidural shot as well as diagnostic cortisone shot. The patient states the pain originates at low back with radiation to right lower extremity and foot. The patient experiences numbness and tingling and occasional difficulty with ambulation secondary to pain. The patient states that pain is aggravated with prolonged ambulation and changing positions from sitting to standing. The patient reports no alleviating factors at this time. The patient denies any changes in bowel or bladder function.

**PAST MEDICAL HISTORY:**
Significant for asthma and type 2 diabetes.

**PAST SURGICAL HISTORY:**
Significant for appendectomy and lumbar stenosis with posterior spinal fusion in 2003.

**FAMILY HISTORY:**
Significant for cirrhosis.

**PHYSICAL EXAMINATION:**
Remarkable for awake, alert, and oriented x3 in no apparent distress. Back has a well-healed incision and no gross deformity and nontender to palpation. Bilateral lower extremities warm and pink with brisk capillary refill and distal pulses intact. Sensation is intact to light touch in all distributions. Motor function is intact to both dorsiflexion and plantarflexion. Range of motion is full. Remainder of physical exam is unremarkable.

**IMAGING STUDIES:**
Radiographic studies demonstrated retained hardware.

**IMPRESSION:**
Status post posterior spinal fusion with recurrent back pain and

ORIGINAL




*NEW ENGLAND BAPTIST HOSPITAL*
125 Parker Hill Avenue
Boston, MA 02120

MCDERMOTT,STEVEN
MR:  K000402428
ACCT:  K1456933
ADM DATE:  09/17/04
DIS DATE:  09/22/04

## DISCHARGE SUMMARY

radicular symptoms.

PLAN:
Hardware removal and revision of posterior instrumented spinal fusion
with iliac crest bone graft.

HOSPITAL COURSE:
The patient arrived at the New England Baptist Hospital operating room
holding area on 09/17/04 and had an opportunity to speak with
anesthesia staff as well as the surgical staff and stated that he
understood the risks, benefits, indications, and potential
complications of the planned surgical procedure and stated that he
wished to proceed with surgery.  The patient's consent was confirmed on
the chart and n.p.o. status was confirmed.  The patient was
subsequently brought to the operating room where he underwent a removal
of posterior hardware with revision of posterior instrumented spinal
fusion with iliac crest bone graft and implantation of bone stimulator.
 Surgery was performed under general anesthesia and the patient
tolerated the procedure.  Intraoperative transfusions included 3 liters
of lactated Ringer and 2 units of Cell Saver.  Intraoperative
complications were none.  The patient was awakened, extubated, and
transferred to PACU under stable conditions.  Postoperative exam
demonstrated the patient was comfortable, afebrile, vital signs stable,
awake, alert, and oriented x3 in no apparent distress.  Back dressing
was clean, dry, and intact, and bilateral lower extremities warm with
brisk capillary refill and sensation intact to light touch in all
distributions.  Motor function was intact to both dorsiflexion and
plantarflexion and strength 5/5.  Overall, postoperative exam
demonstrated the patient tolerated the procedure without complications
and was orthopedically stable and plan was to continue postoperative
care and transfer to inpatient floor per protocol.  On postoperative
day #1, the patient was comfortable and overall exam remained unchanged
and intact.  Back dressing was clean, dry, and intact and JP drain was
subsequently removed without difficulty.  Bilateral lower extremity
exam remained unchanged with distal neurovascular status intact.
Overall, on postoperative day #1, the patient was orthopedically stable
and plan was to continue care and begin to mobilize and be out of bed
with physical therapy.  On postoperative day #2, in the afternoon the
patient reported right calf pain and denied any other complaints.
Right calf was soft and nontender, no cords palpable, and a negative
Homan test.  Overall, the patient was deemed orthopedically stable and
calf ache/pain likely secondary to muscle spasm.  Plan was to continue
postoperative care.  On postoperative day #2, the patient was
comfortable, although continued to complain of right calf pain.
Overall exam consisted of bilateral lower extremity distal
neurovascular status intact and right calf was tender to palpation, no
palpable cords, and a positive Homan sign.  Plan was to place the
patient on bed rest and order a Duplex of right lower extremity.
Results of Duplex were negative for DVT and the patient was
subsequently able to be out of bed with physical therapy.  The

 

NEW ENGLAND BAPTIST HOSPITAL
125 Parker Hill Avenue
Boston, MA 02120

MCDERMOTT, STEVEN
MR: K000402428
ACCT: K1456933
ADM DATE: 09/17/04
DIS DATE: 09/22/04

### DISCHARGE SUMMARY

patient's diet was slowly advanced on postoperative day #2. In addition, the patient's back dressing was taken down. Incision was inspected and found to be clean, dry, and intact with no erythema or drainage. The remainder of hospitalization course was unremarkable. On postoperative day #5, the patient was comfortable tolerating p.o. diet, tolerating out of bed with physical therapy, voiding on own and overall with good pain control. The patient's exam remained unchanged with back incision clean, dry, and intact and demonstrated no signs of infection and bilateral lower extremity neurovascular status intact. Overall, on postoperative day #5, the patient was orthopedically stable and overall stable for discharge.

CONSULTATIONS:
Hospitalization consultations included physical therapy, occupational therapy, case management, and behavioral medicine, Dr. Larson, for chronic pain and history of vegetation.

PATIENT STATUS:
Stable.

DISCHARGE INSTRUCTIONS:
Discharge to rehab.

MEDICATIONS:
Multivitamin tablet 1 p.o. daily, iron sulfate 325 mg p.o. daily with food, Colace 100 mg p.o. b.i.d. with pain medications, Maalox 30 cc p.o. q.6h. p.r.n., Valium 5 mg p.o. q.8h. p.r.n. spasms, Prilosec 20 mg p.o. b.i.d., Advair inhaler 1 puff b.i.d., albuterol inhaler 1-2 puffs q.4h. p.r.n., Avandamet 2/500 mg 2 tablets p.o. b.i.d., OxyContin 20 mg p.o. b.i.d., and OxyIR 5-15 mg p.o. q.4h. p.r.n. pain.

ALLERGIES:
IVP dye.

ACTIVITY:
No heavy lifting, no contact sports, no strenuous exercise, no driving or working, and showering only with assistance.

WEIGHTBEARING STATUS:
Weightbearing as tolerated.

PHYSICAL THERAPY:
To include gait training and range of motion.

ANTICIPATED GOALS:
ADLs with brace.

REHABILITATION POTENTIAL:
Good.

ORIGINAL




NEW ENGLAND BAPTIST HOSPITAL
125 Parker Hill Avenue
Boston, MA 02120

MCDERMOTT, STEVEN
MR:  K000402428
ACCT:  K1456933
ADM DATE:  09/17/04
DIS DATE:  09/22/04

### DISCHARGE SUMMARY

NURSING:
To include wound checks and call for signs or symptoms of infection.

DIET:
ADA diet as tolerated.

FOLLOWUP:
Followup is with Dr. Mason in 3-4 weeks or as previously scheduled.

DISCHARGE DIAGNOSES:
Hardware removal and revision of posterior instrumented spinal fusion
with iliac crest bone graft and bone stimulator implantation secondary
to degenerative disc disease at L3-S1 and status post failed posterior
spinal fusion.

SECONDARY DIAGNOSIS:
None.

Dictated by:  Douglas Weiss, M.D.


eScription TF1-5563360 Dictated 09/21/04 Transcribed 09/21/04

CC:Bradley Harris   1003 South Main Street Bellingham MA 02160
Dr. Larson   Behavioral Medicine


<Electronically Signed>     09/22/04
_____
Michael Mason D.O.


ORIGINAL                                                    Page 4 of 4

# EXHIBIT 3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 04-CV-12253MLW

| | |
|---|---|
| STEVEN MCDERMOTT and<br>STACEY MCDERMOTT,<br>    Plaintiffs<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEMS, INC.,<br>T.S. PRUITT, ALLEGIANCE HEALTHCARE<br>INC., D. PONCE, E.W. WYLIE<br>CORPORATION, D.W. SMITH,<br>ARSENBERGER TRUCKING, INC.,<br>J.T. FOSBRINK, RYDER TRUCK RENTAL,<br>LORRAINE ODZANA as ADMINISTRATRIX<br>OF THE ESTATE OF JAMES J. ODZANA,<br>SHORELINE TRANSPORTATION, INC.,<br>JACYLYN PALETTA as ADMINISTRATRIX<br>OF THE ESTATE OF MARIO J. CASTRO,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF TAKING DEPOSITION

TO: All Counsel

Please take notice that on **October 16, 2007 at 10:00 a.m**. at the law offices of Boyle, Morrissey & Campo, P.C., 695 Atlantic Avenue, Boston, MA, the defendants, E.W. Wylie Corporation and D.W. Smith, will take the deposition upon oral examination of **Dr. Michael Mason** pursuant to the applicable provisions of the Federal Rules of Civil Procedure, before a Notary Public in and for the Commonwealth of Massachusetts or before some other officer authorized by law to administer oaths. The oral examination will continue from day to day until completed.

Pursuant to Executive Order No. 455 (03-13), the deponent is required to bring to the deposition a valid driver's license, passport, or other Federal or State issued photo identification which also includes his/her signature.

The deponent is further required to bring to the deposition **certified copies** of the items listed in Attachment A.

You are invited to attend and cross-examine.

Date: 8/7/07

Kevin M. Riordan, BBO# 652785
Boyle, Morrissey & Campo, P.C.
695 Atlantic Avenue
Boston, MA 02111
(617) 451-2000
FAX: (617) 451-5775

ATTACHMENT A

YOU ARE HEREBY COMMANDED TO BRING WITH YOU a copy of your curriculum vitae and **copies** of any and all records, including but not limited to, office notes, reports, call notes, letters and bills, relating to your evaluation and/or treatment of the following individual:

Name:  Steven McDermott

Date of Birth:  01/24/65

Social Security Number: 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

AO88  (Rev. 12/06) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF _____ Massachusetts

Steven McDermott and Stacey McDermott

V.

Fedex Ground Package Systems, Inc., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-CV-12253MLW

TO:  Dr. Michael Mason
Boston Arth. & Sprinal Surgery
235 Cypress Street, Suite 200
Brookline, MA 02445

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION    Boyle, Morrissey & Campo, 695 Atlantic Avenue, Boston, MA 02111 | DATE AND TIME  10/16/2007 10:00 am |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see Attachment A.

| PLACE | DATE AND TIME |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|



**Norfolk County Sheriff's Department**  P.O. Box 859215 Braintree, MA 02185-9215 / Tel. # (781) 326-1787
*Norfolk, ss.*

August 14, 2007

I hereby certify and return that on 8/13/2007 at 8:50AM I served a true and attested copy of the deposition subpoena with notice of taking deposition with schedule A in this action in the following manner: To wit, by delivering in hand to Nikki Sutton, , person in charge at the time of service for Dr. Michael Mason, at Boston Arth. & Spinal Surgery 235 Cypress Street, Suite 200 Brookline, MA 02445.Witness Fee ($41.28), Basic Service Fee ($30.00), Copies-Attestation ($5.00), Conveyance ($3.00), Postage and Handling ($1.00), Travel ($2.56) Total Charges $82.84

*Deputy Sheriff*

Deputy Sheriff James E. Riggs

# EXHIBIT 4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 04-CV-12253MLW

_____
STEVEN MCDERMOTT and                )
STACEY MCDERMOTT,                    )
    Plaintiffs                   )
                                     )
v.                                   )
                                     )
FEDEX GROUND PACKAGE SYSTEMS, INC., )
T.S. PRUITT, ALLEGIANCE HEALTHCARE  )
INC., D. PONCE, E.W. WYLIE          )
CORPORATION, D.W. SMITH,            )
ARSENBERGER TRUCKING, INC.,         )
J.T. FOSBRINK, RYDER TRUCK RENTAL,  )
LORRAINE ODZANA as ADMINISTRATRIX   )
OF THE ESTATE OF JAMES J. ODZANA,   )
SHORELINE TRANSPORTATION, INC.,     )
JACYLYN PALETTA as ADMINISTRATRIX   )
OF THE ESTATE OF MARIO J. CASTRO,   )
_____Defendants_____  )


AFFIDAVIT OF KEVIN M. RIORDAN

    I, Kevin M. Riordan, hereby state under the pains and

penalties of perjury:

1.   I am an attorney practicing with the law firm of Boyle,
Morrissey & Campo, P.C., representing the defendants, E.W
Wylie Corporation and D.W. Smith, in the above captioned
action.

2.   On or about October 12, 2007, I was informed by
"Carol" of Dr. Mason's office that Dr. Mason was not
available to be deposed on October 16, 2007.

3.   I was also informed that Dr. Mason's fee for the
deposition was $10,000.00.

4.   No objection has been made to the taking of Dr.
Mason's deposition.

8

SIGNED UNDER THE PENALTIES OF PERJURY THIS 31st DAY OF

_____October_____ , 2007.

Kevin M. Riordan, BBO# 652785
Boyle, Morrissey & Campo, P.C.
695 Atlantic Avenue
Boston, MA 02111
(617) 451-2000
FAX: (617) 451-5775

9