UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-12253JLA

|  |  |
|---|---|
| STEVEN MCDERMOTT and  <br> STACEY MCDERMOTT, <br>         Plaintiffs, <br> v. <br><br> FEDEX GROUND PACKAGE SYSTEMS, INC., <br> T.S. PRUITT, ALLEGIANCE HEALTH CARE <br> INC., D. PONCE, E.W. WYLIE CORPORATION, <br> D.W. SMITH, ARSENBERGER TRUCKING <br> INC. J.T. FOSBRINK, RYDER TRUCK RENTAL, <br> LORRAINE ODZANA as ADMINISTRATRIX <br> OF THE ESTATE OF JAMES J. ODZANA, <br> SHORELINE TRANSPORTATION, INC., <br> JACLYN PALETTA as ADMINSTRATRIX <br> OF THE ESTATE OF MARIO J. CASTRO, <br>         Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

REPLY TO D.W. SMITH AND E.W. WYLIE'S CONSOLIDATED LIMITED
OPPOSITION TO THE CO-DEFENDANTS'
MOTIONS FOR SEPARATE AND FINAL JUDGMENT

BRIEF INTRODUCTION

On September 18, 2007, this Court granted Defendant, Jaclyn Paletta's ("Ms. Paletta"), motion to dismiss on the grounds that she was not subject to personal jurisdiction in the Commonwealth of Massachusetts. See Docket Entry 120. Ms. Paletta was a party to this action in her capacity as Administratrix of the Estate of Mario J. Castro. Mr. Castro was an employee of another Defendant, Shoreline Transportation,

Inc. ("Shoreline").  Shoreline's motion to dismiss, along with those of several other defendants, was also granted on the same grounds.

On October 3, 2007, Ms. Paletta filed a motion for entry of separate and final judgment and supporting memorandum.  Shoreline filed a similar motion on October 29, 2007.  This Court allowed Shoreline's motion two days later.  Defendants, D.W. Smith and E.W. Wylie ("Smith and Wylie") subsequently filed an opposition to the motions for entry of separate and final judgment filed by Ms. Paletta, Shoreline, and the other Defendants seeking the same relief.  Smith and Wylie argue that separate and final judgment should not enter where they "reserve their right to file a contribution action against the dismissed co-defendants in Pennsylvania."

## ARGUMENT

I. <u>This Court Should not Consider Smith and Wylie's Opposition on the Grounds that it was Filed Late</u>

Ms. Paletta filed and served her motion for entry of separate and final judgment on October 3, 2007.  Smith and Wylie did not file and serve their opposition until November 6, 2007.  Pursuant to United States District Court L.R. 7.1, a party opposing a motion is required to file same within fourteen (14) days after service of the motion.  Without seeking leave of court, Smith and Wylie served their opposition almost three (3) weeks past the date proscribed by the rule.  Therefore, this Court should not consider Smith and Wylie's opposition to Ms. Paletta's motion for entry of separate and final judgment.

II.  Entry of Separate and Final Judgment in Favor of Ms. Paletta has no Bearing on Future Claims Contemplated by Smith and Wylie

Entry of separate and final judgment in Ms. Paletta's favor is proper here. Smith and Wylie argue that because a dismissal on personal jurisdiction grounds is not an adjudication on the merits for res judicata purposes, they would not be barred from filing a subsequent contribution claim in Pennsylvania, the situs of the accident that is the subject matter of this lawsuit. If this is true, entry of separate and final judgment in favor of Ms. Paletta would not have any bearing on Smith and Wylie's ability to file a separate action in Pennsylvania. Accordingly, Ms. Paletta's motion should be allowed.

Setting aside the issue of whether entry of separate and final judgment is a bar to subsequent claims in general, Smith and Wylie's argument is flawed in another important respect. Smith and Wylie would not be able to recover under a contribution theory in Pennsylvania against Ms. Paletta under any circumstances. Under both Massachusetts and Pennsylvania law, the right to contribution arises only among joint-tortfeasors. See Kemper National P&C Companies v. Smith, 615 A.2d 372, 380 (1992); see also 42 Pa.C.S.A. §8324. The Pennsylvania statute defines joint tortfeasors as "two or more persons jointly or severally liable in tort for the same injury to persons or property, whether or not judgment has been recovered against all or some of them." See 42 Pa.C.S.A. §8322.

Having been dismissed from the instant action, Ms. Paletta cannot be found jointly and severally liable with Smith and Wylie to the allegedly injured Plaintiffs (the

"McDermotts"). Because Ms. Paletta cannot be held jointly and severally liable to the McDermotts, she cannot be considered a "joint tort-feasor." Since she is not a joint-tortfeasor, Smith and Wylie cannot recover from her under a contribution theory in Pennsylvania.

## CONCLUSION

For the reasons set forth above, this Court should enter separate and final judgment in favor of Ms. Paletta.

Dated: October 3, 2007

Respectfully Submitted,
JACLYN PALETTA as
ADMINISTRATRIX of the
ESTATE OF MARIO J. CASTRO,
By her attorneys,

/s/

James S. Franchek (BBO #177030)
Adam M. Berkowitz (BBO #648172)
Franchek Law, LLC
92 State Street, 8th Floor
Boston, Massachusetts  02109
(617) 573-0020

CERTIFICATE OF SERVICE

    I, Adam M. Berkowitz, Esq., hereby certify that on November 7, 2007 this document is being filed through the ECF system and, accordingly, is being sent electronically to the registered participants as identified on the Notice of Electronic Filing and a paper copy will be sent to any party indicated as a non-registered participant

/s/
_____
Adam M. Berkowitz