UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-12253-JLA

STEVEN MCDERMOTT
and STACEY MCDERMOTT,

Plaintiffs

v.

FEDEX GROUND SYSTEMS, INC., et al.,

Defendants

**ORDER ON**

**DEFENDANTS' MOTION TO COMPEL DEPOSITION OF TREATING PHYSICIAN AT A REASONABLE COST**
**(Docket #134 )**

ALEXANDER, M.J.

Defendants, E.W. Wylie and D.W. Smith ("Defendants"), move to compel the deposition of plaintiff's treating physician, Dr. Michael Mason, at "a reasonable cost." For the reasons detailed below, Defendants' motion is ALLOWED as consistent with this order.

Dr. Mason is a physician who treated the plaintiff for his injuries on at least two occasions. Importantly, Dr. Mason has not been designated as an expert witness in this litigation. As such, Defendants noticed Dr. Mason to provide deposition testimony of

his personal knowledge with regard to the treatment he provided to the plaintiff. In response to the deposition notice, Dr. Mason did not object to attending a deposition, but demanded a fee of $10,000 for his preparation, attendance, and testimony. Defendants, understandably, sought relief from this Court to obtain Dr. Mason's testimony for a more modest amount.

There is no dispute that Dr. Mason would be entitled to some compensation for providing deposition testimony. At issue, however, is whether his position as a physician dictates that calculation of his compensation flows from Rule 26(b)(4)(C) of the Federal Rules of Civil Procedure as opposed to 28 U.S.C. § 1821. The central question is, thus, whether Dr. Mason, despite having not been specifically designated an expert witness in this litigation, is nonetheless entitled to compensation as an expert witness under Rule 26's "reasonable fees" calculation and not as an ordinary "fact" witness under 28 U.S.C. § 1821.

28 U.S.C. § 1821 provides:

> A [fact] witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

28 U.S.C. § 1821(b).

As to an expert witness, a party may depose any person identified as an expert

witness whose opinions may be presented at trial. Fed. R. Civ. P. 26(b)(4)(A)(B). Thus:

> [u]nless manifest injustice would result, the court must require that the party seeking discovery: (I) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (B); and (ii) for discovery under (B), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions.

Fed. R. Civ. P. 26(b)(4)(c).

This issue is not novel to many district courts, though this Court is unable to locate any published decisions from the District of Massachusetts or the First Circuit. In reviewing those decisions, a clear split among the district courts is evident.[1] One camp reads the plain language of Rule 26 and 28 U.S.C. § 1821, holding that a treating physician who is not designated as an expert witness is no different than any other fact witness and, thus, entitled only to the compensation scheme set forth in 28 U.S.C. § 1821. The other camp finds the societal role of physicians of paramount concern, opining that requiring physicians to curtail their usually lucrative practice, for the purpose of providing testimony at the laughable statutory rate, flies in the face of sound

---

[1] In fact, the Northern District of Illinois finds itself with one Magistrate Judge in each camp. See, e.g., Demar v. U.S., 199 F.R.D. 617 (N.D. Ill. 2001) (treating physicians to be compensated under 28 U.S.C. § 1821); Hoover v. U.S., No. 01 C 2372, 2002 WL 1949734 (N.D. Ill. Aug. 22, 2002) (treating physicians to be compensated with "reasonable fees" as per Rule 26(b)(4)(C)).

public policy. As this Court has found no guidance within either this District or with the First Circuit, reviewing the decisions of our sister courts provides welcomed guidance.

The "statutory camp" finds a simple and straightforward articulation of its position by Judge Motley in the Southern District of New York. The distinction between expert and fact witnesses is clear, according to Judge Motley. As such, "[e]xperts are retained for purposes of trial and their opinions are based on knowledge acquired or developed in anticipation of litigation." Derienzo v. Met. Transit Authority, et al., No. 01 Civ. 8138, 2004 WL 67479, at * 2 (S.D.N.Y. Jan. 15, 2004) (quoting Mangala, M.D. v. Univ. of Rochester, 168 F.R.D. 137, 139 (W.D.N.Y. 1996)). By contrast:

> [treating physicians] are witnesses testifying to the facts of their examination, diagnosis and treatment of a patient. It does not mean that the treating physicians do not have an opinion as to the cause of an injury based upon their examination of the patient or the degree of injury in the future. These opinions are a necessary part of the treatment of the patient. Such opinions do not make the treating physicians experts as defined by Rule 26(b)(4)(C).

Derienzo, 2004 WL 67478, at * 2 (quoting Baker v. Taco Bell Corp., 163 F.R.D. 348, 349 (D. Colo. 1995)).

In adhering to the distinction between a physician specifically designated as an expert witness and one who's testimony is sought simply in the capacity as a treating

4

physician, i.e. a fact witness, numerous district courts have held that a treating physician is not entitled to "reasonable fees" under Rule 26(b)(4)(C), but is only entitled to the compensation scheme outlined in 28 U.S.C. § 1821.  See, e.g., Deriezo, 2004 WL 67479, at * 2 ("To the extent that [the treating physicians] will speak to their own personal consultations with plaintiff, they are not 'experts' under the auspices of Rule 26 and are therefore limited to the compensation scheme set forth in [28] U.S.C. § 1821."); Zanowic v. Ashcroft, 2002 WL 826878 (S.D.N.Y. Apr. 30, 2002) (treating physician not entitled to fees other than those prescribed by 28 U.S.C. § 1821); Demar, 199 F.R.D. at 617 (same); Fisher v. Ford Motor Co., 178 F.R.D. 195, 197 (N.D. Ohio 1998) (treating physicians are not generally considered to be expert witnesses and cannot rely on Rule 26(b)(4)(C) to claim they are entitled to more than the statutory compensation scheme set forth in 28 U.S.C. § 1821); Mangala, 168 F.R.D. at 139 (testimony related to a physician's own care and treatment of a plaintiff is ordinary, factual testimony and not expert testimony); Baker, 163 F.R.D. at 349 (treating physicians are not entitled to a fee other than the statutory fee of $40 as a matter of law).

Many courts query the logic where a physician, who is specifically not designated as an expert witness, may benefit from the "reasonable fees" provision of Rule 26(b) where any other citizen, whether professional or laborer, may not.  See, e.g.,

Irons v. Karceski, 74 F.3d 1262 (D.C. Cir. 1995) (holding that an attorney fact witness was not entitled to be paid his hourly billing rate and not unduly burdened by being compensated $40 per day plus mileage for an expected three day deposition); Demar, 199 F.R.D. at 619-20 (listing other professional that may equally have specialized expertise, significant overhead costs, and be similarly inconvenienced and likewise finding no special treatment for physicians appropriate). While there is no dispute that a physician fact witness will suffer inconvenience and some degree of professional and financial harm when forced to attend a deposition, "He will, however, suffer no more inconvenience than many other citizens called forward to be deposed or testify as a trial witness in a matter in which they have first hand factual knowledge." Mangla, 168 F.R.D. at 140.

  The "reasonable fees camp," however, invokes public policy concerns to support the imposition of the "reasonable fee" requirement of Rule 26(b)(4)(C) for a treating physician who is not technically an expert witness. See, e.g., Lamere v. New York State Office for the Aging, 223 F.R.D. 85, 91-92 (N.D.N.Y. 2004); Mock v. Johnson, 218 F.R.D. 680, 683 (D. Haw. 2003); Harvey v. Shultz, No. 99-1217, 2000 WL 33170885, at *2 (D. Kan. Nov. 16, 2000); Coleman v. Dydula, 190 F.R.D. 320, 323-24 (W.D.N.Y. 1999); Haslett v. Texas Indus., Inc., No. 397-CV-2901D, 1999 WL 354227, at *2 (N.D. Tex. May 20, 1999); Scheinholtz v. Bridgestone/Firestone, Inc.,

187 F.R.D. 221, 222 (E.D. Pa. 1999).

These cases almost universally rely in some way on the propositions formulated in <u>Haslett</u> that: (1) local custom dictates reasonable compensation for physicians for their testimony; (2) physicians provide invaluable services and should be remunerated for their time when prevented from delivering medical care; and (3) physicians incur substantial overhead costs when providing testimony.  1999 WL 354227, at *6.  An emerging reasoning is found in the District of Hawaii, which notes: "As opposed to the observations that ordinary fact witnesses provide, the observations and *opinions* that medical professionals provide derive from their highly specialized training."  <u>Mock</u>, 218 F.R.D. at 683 (emphasis in original).  <u>Mock</u> goes on to reason that a medical professional's use of this specialized knowledge fall within the definition of "expert testimony" as contemplated by Rule 702 of the Federal Rules of Evidence, because the witness is being asked as experts in their field about "scientific, technical, or other specialized knowledge" that will "assist the trier of fact to understand the evidence or to determine a fact in issue."  <u>Id.</u> (citations omitted).  Both reasons fail, however, to provide any logical explanation as to why this rule applies to physicians and no other class of professional or otherwise with "specialized knowledge" about the testimony

to be provided.[2]

This Court's conclusion has been aptly articulated by Judge Keys in Demar: "This Court declines to set precedent in this jurisdiction that, essentially, singles out physicians for special treatment. . . . If Congress wishes to single out certain professions for higher compensation, that is certainly its prerogative, but this Court declines to enter that arena, which is, essentially, a slippery slope." 199 F.R.D. at 619-20. Therefore, as a matter of law, Dr. Mason is entitled to no more than that provided under the compensation scheme of 28 U.S.C. § 1821. The parties are, however, free to provide Dr. Mason with additional funds above and beyond the statutory minimum, if they so desire. See id. at 620, n.8.

Accordingly, Defendants' motion to require Dr. Mason to attend a deposition is ALLOWED to the extent consistent with this order.

SO ORDERED.

December 20, 2007                             /s/ Joyce London Alexander
Date                                          United States Magistrate Judge

---

[2] One court in the reasonable fees camp recently proposed that treating physicians fall within a "hybrid expert" classification. Badr v. Liberty Mut. Group, Inc., Civ. No. 3:06CV1208, 2007 WL 2904210, at *4-5 (D. Conn. Sept. 28, 2007). While not expert witnesses in name, treating physicians "fit squarely within the definition" of the Fed. R. Evid. 702 and should be compensated in excess of the 28 U.S.C. § 1821 minimum. Id. at *4.