UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN McDERMOTT and STACEY McDERMOTT<br>    Plaintiffs<br>v.<br><br>FEDEX GROUND PACKAGE SYSTEMS, INC., T.S. PRUITT, ALLEGIANCE HEALTHCARE, INC., D. PONCE, E. W. WYLIE CORPORATION, D.W. SMITH, ARSENBERGER TRUCKING, INC., J.T. FOSBRINK, RYDER TRUCK RENTAL; LORRRAINE ODZANA as ADMINISTRATRIX OF THE ESTATE OF JAMES J. ODZANA, SHORELINE TRANSPORTATION, INC.; JACYLYN PALETTA as ADMINISTRATIX OF THE ESTATE OF MARIO J. CASTRO<br>    Defendants | CIVIL ACTION NO. 04-CV-12253MLW |

**PLAINTIFFS, STEVEN MCDERMOTT AND STACEY MCDERMOTT'S OPPOSITION TO THE DEFENDANTS, SHORELINE TRANSPORTATION, INC.'S, AND JACLYN PALETTA AS ADMINISTRATRIX OF THE ESTATE OF MARIO J. CASTRO'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

I. **INTRODUCTION**

The above entitled action was filed in the U.S. District Court on or about October 26, 2004 and arises from a multiple tractor trailer accident that occurred on February 7, 2003 in the Commonwealth of Pennsylvania. Plaintiff's ("McDermott") filed a Second Amended Complaint on or about December 22, 2006, incorporating a number of additional defendants, specifically, Shoreline Tranportation, Inc., ("Shoreline") and

1

Jaclyn Paletta, as administratrix of the estate of Mario J. Castro, ("Paletta"). Shoreline and Paletta move to dismiss their respective complaints on the basis of lack of in personam jurisdiction. The Plaintiff's now respond.

## II. SUMMARY OF FACTS[1]

On or about February 7, 2003 the plaintiff, Steven McDermott was severely injured in an automobile accident on Interstate 84 in the Commonwealth of Pennsylvania. The plaintiff had completed his scheduled deliveries and was driving back to Massachusetts in the early morning hours. While driving east on Interstate 84, a snowstorm converged on the area and began covering the highway. Despite the dangerous conditions, a number of tractor-trailer drivers continued driving at speeds considerably above what was safe and reasonable. A multiple truck accident occurred on the Interstate, including but not limited to the truck owned by Shoreline, and operated by its driver, Mario J. Castro. The Plaintiff contends that Shoreline and its agent, servant and/or employee, Mario J. Castro, were negligent in the manner in which they operated their tractor-trailers in light of the roadway conditions. Their negligent acts and/or omissions resulted in numerous collisions effectively blocking the highway and littering the highway with their respective loads. The Plaintiff contends that he was driving safely and reasonably given the weather conditions. The Plaintiffs contend but for the debris and damaged tractor-trailer that was strewn about the roadway, which were the result of the negligent actions and/or omissions of Shoreline and its agent, servant and/or employee, Mario J. Castro, his severe and permanent injuries suffered by him would not have occurred.

---

[1] Plaintiff Stacey McDermott maintains a loss of consortium claim against all defendants.

Shoreline's and Paletta's answer, filed on or about May 9, 2007, **did not** include the affirmative defense of lack of personal jurisdiction. It would appear that Arsenberger and Fosbrink only considered this motion after Cardinal addressed the issue.

### III. ARGUMENT

#### A. Defendants Shoreline and Paletta Have Waived Their Defense of Lack of Personal Jurisdiction By Failing To Plead As An Affirmative Defense.

Shoreline's and Palletta's argument that this Court lacks personal jurisdiction over this matter has been waived. Shoreline and Paletta answered the complaint on or about May 9, 2007, which answers failed to assert the affirmative defense of lack of personal jurisdiction.

The purpose of Rule 12 is to eliminate unnecessary delays in the early pleading stages of a suit so that all available Rule 12 defenses are advanced before consideration of the merits." See: Manchester Knitted Fashions v. Amalgamated, 967 F.2d 688, 691 (1st Cir. 1992), Pilgrim Badge & Label Corp. v. Barrios, 857 f.2d 1, 3(1st Cir. 1988).

If the first defensive move of the Defendant is a responsive pleading, 12(h)(1)(B) requires that the defense of lack of personal jurisdiction be raised in that pleading. Fed. R. Civ. P. 12 (h)(1)(A) & (B) *require* (emphasis added) "that defendants wishing to raise a defense of lack of personal jurisdiction must do so in their first defensive move, be it a Rule 12 motion of a responsive pleading." Glater v.

Eli Lilly & Co., 712 F.2d 735, 738 (1st Cir. 1983); see also Rogue v. United States, 857 F.2d 20, 21 (1st Cir. 1988). Under Rule 12(h)(1), a "defense of personal jurisdiction is waived if not raised in the answer or in a motion filed *prior to* or contemporaneously with the answer." (emphasis added).

Fed. R. Civ. P. 12(g) contemplates the presentation of an omnibus pre-answer motion in which the defendant advances every available Rule 12 defense and objection he may have that is assertable by motion. 5 Wright & Miller, *Federal Practice and Procedure*: Civil § 1384 at 837 (1969). However, if the **first** defensive move of the defendant is a responsive pleading, 12(h)(1)(B) requires that the defense of lack of personal jurisdiction be raised in that pleading. Glater, *supra*.

Defendant, Cardinal Health 200, Inc., f/n/a Allegiance Health Care, Inc., filed a Motion to Dismiss for Lack of Personal Jurisdiction on May 21, 2007.[2] Thirteen days prior to the scheduled August 2, 2007 hearing on Cardinal's motion, defendants Shoreline and Paletta filed their respective motions[3].

### B.   Defendants Shoreline and Paletta Have Exceeded The Time Requirements Allowing Amendments To Their Respective Complaints.

Fed.R.Civ.P. 15(a) states: a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon

---

[2] Cardinal Health 200, Inc., was the first defendant to challenge in personam jurisdiction. Only after review of this motion did other defendants respond not having contemplated this defense in their responsive pleadings.
[3] Cardinal's Motion to Dismiss was subsequently withdraw the day prior to it's scheduled hearing.

the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

Amendments of the respective answers are not available to Shoreline nor Paletta because the time limits set forth in 15(a) have expired. Shoreline and Paletta cannot seek leave of the court for additional time after the expiration of the twenty day time period to file their amended answer. Although Fed.R.Civ.P. 15(a) also provides for amendments to pleadings by leave of court and as well states that leave will be freely given when justice requires, it follows the language of Fed.R.Civ.P. 12(h)(1) that this amendment procedure is **not** available to raise the personal jurisdiction defense. Green Acres Farm, Inc. v. Mid-Atlantic Cars, Inc., 1986 U.S. District LEXIS 28276 (D. Mass. 12, 1986).

Green Acres relies on Murphy v. Erwin- Wasey, Inc., 460 F.2d 661 (1st Cir. 1972) where a Massachusetts plaintiff sued and out-of-state defendant where no motion to dismiss was filed in the defendant answer nor did the answer include the affirmative defense of lack of personal jurisdiction. "Since [defendant] has waived the objections to jurisdiction over its person and venue, it would be an abuse of discretion to permit it to resurrect either defense by way of a motion to dismiss…" "Glater v. Eli Lilly & Co., 712 F.2d 735, 738 (1st Cir. 1983) is controlling." (emphasis added).

### C. Deference to Plaintiffs' Choice of Forum

Deference should be given to the McDermotts' choice of forum. "Before balancing the various private and public interest factors at issue, the Court must first determine how much deference to afford the Plaintiffs' choice of forum. In general, a plaintiff's choice of forum is afforded a great amount of deference. U.S. plaintiffs, however, are afforded a heightened deference: [T]he standard of deference for a U.S. plaintiffs choice of a home forum permits dismissal only when the defendant "establish[es] such **oppressiveness** and **vexation** to a defendant as to be out of all proportion to plaintiffs convenience, which may be shown to be slight or nonexistent." Duha, 448 F.3d at 873-74 (emphasis added) (quoting Koster v. American Lumbermens Mut. Cas. Co., 330 U.S. 518, 524, 67 S.Ct. 828, 91 L.Ed. 1067 (1947)). The Court will dismiss only if "the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court." Piper Aircraft Co., 454 U.S. at 256 n. 23, 102 S.Ct. 252. (1984).

## IV. CONCLUSION

For these reasons, the Plaintiffs respectfully request this Court deny Defendant Shoreline's and Paletta's Motion to Dismiss for Lack of Personal Jurisdiction.

Respectfully submitted,
The Plaintiffs, Steven and Stacey McDermott,
By their attorneys,

/s/ Joseph M. Mahaney
_____
Joseph M. Mahaney BBO# 5549042
Goguen, McLaughlin, Richards & Mahaney, LLP
The Harriet Beecher Stowe House
Two Pleasant Street
South Natick, MA 01760
(508) 651-1000

/s/ Michael P. Welsh
_____
Michael P. Welsh  BBO# 555678
Law Office of Howard M. Kahalas
Six Beacon Street, Suite 700
Boston, MA 02108
(617) 523-1155

dated: August 13, 2007

## CERTIFICATE OF SERVICE

I, Joseph M. Mahaney, certify that on July 6, 2007 a true copy of the above was filed electronically and therefore sent to all parties identified through the ECF system.

/s/ Joseph M. Mahaney

_____
Joseph M. Mahaney