EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN McDERMOTT,<br>STACY McDERMOTT,<br>    Plaintiffs,<br><br>vs.<br><br>FEDEX GROUND PACKAGE<br>SYSTEMS, INC., T.S. PRUITT,<br>ALLEGIANCE HEALTHCARE, INC.,<br>D. PONCE, E.W. WYLIE<br>CORPORATION, D.W. SMITH,<br>ARSENGERGER TRUCKING, INC.,<br>J.T. FOSBRINK, RYDER TRUCK<br>RENTAL; LORRAINE ODZANA as<br>ADMINISTRATRIX OF THE ESTATE<br>OF JAMES J. ODZANA, SHORELINE<br>TRANSPORTATION, INC., JACLYN<br>PALETTA as ADMINISTRATRIX OF<br>THE ESTATE OF MARIO J. CASTRO,<br>    Defendants | CASE NO. NO.: 04-CV-12253 |

## **DEFENDANTS, SHORELINE TRANSPORTATION, INC. AND JACLYN PALETTA as ADMINISTRATRIX OF THE ESTATE OF MARIO J. CASTRO'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND ANSWER TO FEDEX GROUND PACKAGE SYSTEMS, INC. CROSS CLAIMS AND JURY DEMAND**

Defendants, Shoreline Transportation, Inc., ("Shoreline") and Jaclyn Paletta as

Administratrix of the Estate of Mario J. Castro ("Castro") respond as follows to the Plaintiffs'

Second Amended Complaint.

## I.    **PARTIES**

1-12.    Defendant, Shoreline is without sufficient knowledge or information to form a belief as to

        the truth the allegations set forth in Paragraphs 1 through 12 of the Second Amended

        Complaint.

13.    Defendant, Shoreline admits that it is a foreign corporation and that it owned a tractor and trailer at the time of the alleged incident but denies the remaining averments.

14.    Admit.

## II.    JURISDICTION

15-17.  Denied

## III.    FACTS

18 -28. Defendants, Shoreline and Castro deny the averments to the extent they pertain to Shoreline and Castro.

29.    Denied.

30.    Denied.

31.    Defendants, Shoreline and Castro deny the averments to the extent they pertain to Shoreline and Castro.

32.    Defendants, Shoreline and Castro state that paragraph 32 calls for a legal conclusion and to the extent that paragraph 32 is intended to allege any fault, wrongdoing, liability or damages attributable to Shoreline and/or Castro, they are expressly denied.

## IV.    NEGLIGENCE
### Steven McDermott v. FedEx Ground Package Systems, Inc.

33.    Defendants, Shoreline and Castro repeat and incorporate by reference their responses to paragraphs 1 through 32 of the Second Amended Complaint.

34-36.   The allegations contained in paragraphs 34 through 36 of the Second Amended
Complaint pertain to a defendant other than Shoreline and Castro, and therefore, no
response is required.  To the extent paragraphs 34 through 36 of the Second Amended
Complaint are intended to allege any fault, wrongdoing, liability or damages attributable
to Shoreline and/or Castro, they are expressly denied.

**WHEREFORE,** Defendants Shoreline and Castro demand judgment be entered in their
favor dismissing the Second Amended Complaint along with interest, costs, and disbursements
incurred herein.

### V.    NEGLIGENCE
### Steven McDermott v. T.S. Pruitt

37.    Defendants, Shoreline and Castro repeat and incorporate by reference their responses to
paragraphs 1 through 36 of the Second Amended Complaint.

38-40.   The allegations contained in paragraphs 38 through 40 of the Second Amended
Complaint pertain to a defendant other than Shoreline and Castro, and therefore, no
response is required.  To the extent paragraphs 38 through 40 of the Second Amended
Complaint are intended to allege any fault, wrongdoing, liability or damages attributable
to Shoreline and/or Castro, they are expressly denied.

**WHEREFORE,** Defendants Shoreline and Castro demand judgment be entered in their
favor dismissing the Second Amended Complaint along with interest, costs, and disbursements
incurred herein.

### VI.    LOSS OF CONSORTIUM
### Stacey McDermott v. FedEx Ground Package Systems, Inc.

41.    Defendants, Shoreline and Castro repeat and incorporate by reference their responses to
paragraphs 1 through 40 of the Second Amended Complaint.

42.    Defendants, Shoreline and Castro are without sufficient knowledge or information to form a belief as to the truth the allegations set forth in Paragraphs 42 of the Second Amended Complaint.

43-44. The allegations contained in paragraphs 43 through 44 of the Second Amended Complaint pertain to a defendant other than Shoreline and Castro, and therefore, no response is required.  To the extent paragraphs 43 through 44 of the Second Amended Complaint are intended to allege any fault, wrongdoing, liability or damages attributable to Shoreline and/or Castro, they are expressly denied.

    **WHEREFORE,** Defendants Shoreline and Castro demand judgment be entered in their favor dismissing the Second Amended Complaint along with interest, costs, and disbursements incurred herein.

## VII.    LOSS OF CONSORTIUM
### Stacey McDermott v. T.S. Pruitt

45.    Defendants, Shoreline and Castro repeat and incorporate by reference their responses to paragraphs 1 through 44 of the Second Amended Complaint.

46.    Defendants, Shoreline and Castro are without sufficient knowledge or information to form a belief as to the truth the allegations set forth in Paragraphs 46 of the Second Amended Complaint.

47-48  The allegations contained in paragraphs 47 through 48 of the Second Amended Complaint pertain to a defendant other than Shoreline and Castro, and therefore, no response is required.  To the extent paragraphs 47 through 48 of the Second Amended Complaint are intended to allege any fault, wrongdoing, liability or damages attributable to Shoreline and/or Castro, they are expressly denied.

WHEREFORE, Defendants Shoreline and Castro demand judgment be entered in their favor dismissing the Second Amended Complaint along with interest, costs, and disbursements incurred herein.

## VIII.   NEGLIGENCE
### Steven McDermott v. Allegiance Health Care Inc.

49.     Defendants, Shoreline and Castro repeat and incorporate by reference their responses to paragraphs 1 through 48 of the Second Amended Complaint.

50-52    The allegations contained in paragraphs 50 through 52 of the Second Amended Complaint pertain to a defendant other than Shoreline and Castro, and therefore, no response is required.  To the extent paragraphs 50 through 52 of the Second Amended Complaint are intended to allege any fault, wrongdoing, liability or damages attributable to Shoreline and/or Castro, they are expressly denied.

WHEREFORE, Defendants Shoreline and Castro demand judgment be entered in their favor dismissing the Second Amended Complaint along with interest, costs, and disbursements incurred herein.

## IX.   NEGLIGENCE
### Steven McDermott v. D. Ponce

53.     Defendants, Shoreline and Castro repeat and incorporate by reference their responses to paragraphs 1 through 52 of the Second Amended Complaint.

54-56.   The allegations contained in paragraphs 54 through 56 of the Second Amended Complaint pertain to a defendant other than Shoreline and Castro, and therefore, no response is required.  To the extent paragraphs 54 through 56 of the Second Amended Complaint are intended to allege any fault, wrongdoing, liability or damages attributable to Shoreline and/or Castro, they are expressly denied.

**WHEREFORE,** Defendants Shoreline and Castro demand judgment be entered in their favor dismissing the Second Amended Complaint along with interest, costs, and disbursements incurred herein.

## X.     LOSS OF CONSORTIUM
**Stacey McDermott v. Allegiance Health Care, Inc.**

57.     Defendants, Shoreline and Castro repeat and incorporate by reference their responses to paragraphs 1 through 57 of the Second Amended Complaint.

58.     Defendants, Shoreline and Castro are without sufficient knowledge or information to form a belief as to the truth the allegations set forth in Paragraphs 58 of the Second Amended Complaint.

59-60.  The allegations contained in paragraphs 59 through 60 of the Second Amended Complaint pertain to a defendant other than Shoreline and Castro, and therefore, no response is required.  To the extent paragraphs 59 through 60 of the Second Amended Complaint are intended to allege any fault, wrongdoing, liability or damages attributable to Shoreline and/or Castro, they are expressly denied.

**WHEREFORE,** Defendants Shoreline and Castro demand judgment be entered in their favor dismissing the Second Amended Complaint along with interest, costs, and disbursements incurred herein.

## XI.     LOSS OF CONSORTIUM
**Stacey McDermott v. D. Ponce**

61.     Defendants, Shoreline and Castro repeat and incorporate by reference their responses to paragraphs 1 through 60 of the Second Amended Complaint.

62.    Defendants, Shoreline and Castro are without sufficient knowledge or information to form a belief as to the truth the allegations set forth in Paragraphs 62 of the Second Amended Complaint.

63-64.  The allegations contained in paragraphs 63 through 64 of the Second Amended Complaint pertain to a defendant other than Shoreline and Castro, and therefore, no response is required.  To the extent paragraphs 63 through 64 of the Second Amended Complaint are intended to allege any fault, wrongdoing, liability or damages attributable to Shoreline and/or Castro, they are expressly denied.

    **WHEREFORE,** Defendants Shoreline and Castro demand judgment be entered in their favor dismissing the Second Amended Complaint along with interest, costs, and disbursements incurred herein.

## XII.  NEGLIGENCE
### Steven McDermott v. E.W. Wylie Corporation

65.    Defendants, Shoreline and Castro repeat and incorporate by reference their responses to paragraphs 1 through 64 of the Second Amended Complaint.

66-68.  The allegations contained in paragraphs 66 through 68 of the Second Amended Complaint pertain to a defendant other than Shoreline and Castro, and therefore, no response is required.  To the extent paragraphs 66 through 68 of the Second Amended Complaint are intended to allege any fault, wrongdoing, liability or damages attributable to Shoreline and/or Castro, they are expressly denied.

    **WHEREFORE,** Defendants Shoreline and Castro demand judgment be entered in their favor dismissing the Second Amended Complaint along with interest, costs, and disbursements incurred herein.

## XIII.   NEGLIGENCE
### Steven McDermott v. D.W. Smith

69.    Defendants, Shoreline and Castro repeat and incorporate by reference their responses to
       paragraphs 1 through 68 of the Second Amended Complaint.

70-72.  The allegations contained in paragraphs 70 through 72 of the Second Amended
        Complaint pertain to a defendant other than Shoreline and Castro, and therefore, no
        response is required.  To the extent paragraphs 70 through 72 of the Second Amended
        Complaint are intended to allege any fault, wrongdoing, liability or damages attributable
        to Shoreline and/or Castro, they are expressly denied.

        **WHEREFORE,** Defendants Shoreline and Castro demand judgment be entered in their
favor dismissing the Second Amended Complaint along with interest, costs, and disbursements
incurred herein.

## XIV.   LOSS OF CONSORTIUM
### Stacey McDermott v. Allegiance Health Care, Inc.

73.    Defendants, Shoreline and Castro repeat and incorporate by reference their responses to
       paragraphs 1 through 72 of the Second Amended Complaint.

74.    Defendants, Shoreline and Castro are without sufficient knowledge or information to
       form a belief as to the truth the allegations set forth in Paragraphs 74 of the Second
       Amended Complaint.

75-76.  The allegations contained in paragraphs 75 through 76 of the Second Amended
        Complaint pertain to a defendant other than Shoreline and Castro, and therefore, no
        response is required.  To the extent paragraphs 75 through 76 of the Second Amended
        Complaint are intended to allege any fault, wrongdoing, liability or damages attributable
        to Shoreline and/or Castro, they are expressly denied.

8

WHEREFORE, Defendants Shoreline and Castro demand judgment be entered in their favor dismissing the Second Amended Complaint along with interest, costs, and disbursements incurred herein.

## XV.    LOSS OF CONSORTIUM
### Stacey McDermott v. D.W. Smith

77.    Defendants, Shoreline and Castro repeat and incorporate by reference their responses to paragraphs 1 through 76 of the Second Amended Complaint.

78.    Defendants, Shoreline and Castro are without sufficient knowledge or information to form a belief as to the truth the allegations set forth in Paragraphs 78 of the Second Amended Complaint.

79-80. The allegations contained in paragraphs 79 through 80 of the Second Amended Complaint pertain to a defendant other than Shoreline and Castro, and therefore, no response is required.  To the extent paragraphs 79 through 80 of the Second Amended Complaint are intended to allege any fault, wrongdoing, liability or damages attributable to Shoreline and/or Castro, they are expressly denied.

WHEREFORE, Defendants Shoreline and Castro demand judgment be entered in their favor dismissing the Second Amended Complaint along with interest, costs, and disbursements incurred herein.

## XVI.    NEGLIGENCE
### Steven McDermott v. Arsenberger Trucking, Inc.

81.    Defendants, Shoreline and Castro repeat and incorporate by reference their responses to paragraphs 1 through 80 of the Second Amended Complaint.

82-84. The allegations contained in paragraphs 82 through 84 of the Second Amended Complaint pertain to a defendant other than Shoreline and Castro, and therefore, no

response is required.  To the extent paragraphs 82 through 84 of the Second Amended

Complaint are intended to allege any fault, wrongdoing, liability or damages attributable

to Shoreline and/or Castro, they are expressly denied.

**WHEREFORE,** Defendants Shoreline and Castro demand judgment be entered in their

favor dismissing the Second Amended Complaint along with interest, costs, and disbursements

incurred herein.

## XVII.  NEGLIGENCE
### Steven McDermott v. J.T. Fosbrink

85.     Defendants, Shoreline and Castro repeat and incorporate by reference their responses to

paragraphs 1 through 84 of the Second Amended Complaint.

86-88. The allegations contained in paragraphs 86 through 88 of the Second Amended

Complaint pertain to a defendant other than Shoreline and Castro, and therefore, no

response is required.  To the extent paragraphs 86 through 88 of the Second Amended

Complaint are intended to allege any fault, wrongdoing, liability or damages attributable

to Shoreline and/or Castro, they are expressly denied.

**WHEREFORE,** Defendants Shoreline and Castro demand judgment be entered in their

favor dismissing the Second Amended Complaint along with interest, costs, and disbursements

incurred herein.

## XVIII. LOSS OF CONSORTIUM
### Stacey McDermott v. Arsenberger Trucking, Inc.

89.     Defendants, Shoreline and Castro repeat and incorporate by reference their responses to

paragraphs 1 through 88 of the Second Amended Complaint.

90.     Defendants, Shoreline and Castro are without sufficient knowledge or information to

form a belief as to the truth the allegations set forth in Paragraphs 90 of the Second

Amended Complaint.

91-92.  The allegations contained in paragraphs 91 through 92 of the Second Amended
Complaint pertain to a defendant other than Shoreline and Castro, and therefore, no
response is required.  To the extent paragraphs 91 through 92 of the Second Amended
Complaint are intended to allege any fault, wrongdoing, liability or damages attributable
to Shoreline and/or Castro, they are expressly denied.

**WHEREFORE,** Defendants Shoreline and Castro demand judgment be entered in their
favor dismissing the Second Amended Complaint along with interest, costs, and disbursements
incurred herein.

## XIX.    LOSS OF CONSORTIUM
### Stacey McDermott v. J.T. Fosbrink

93.    Defendants, Shoreline and Castro repeat and incorporate by reference their responses to
paragraphs 1 through 92 of the Second Amended Complaint.

94.    Defendants, Shoreline and Castro are without sufficient knowledge or information to
form a belief as to the truth the allegations set forth in Paragraphs 94 of the Second
Amended Complaint.

95-96.  The allegations contained in paragraphs 95 through 96 of the Second Amended
Complaint pertain to a defendant other than Shoreline and Castro, and therefore, no
response is required.  To the extent paragraphs 95 through 96 of the Second Amended
Complaint are intended to allege any fault, wrongdoing, liability or damages attributable
to Shoreline and/or Castro, they are expressly denied.

**WHEREFORE,** Defendants Shoreline and Castro demand judgment be entered in their
favor dismissing the Second Amended Complaint along with interest, costs, and disbursements
incurred herein.

## XX.    NEGLIGENCE
### Steven McDermott v. Ryder Truck Rental

97.    Defendants, Shoreline and Castro repeat and incorporate by reference their responses to paragraphs 1 through 96 of the Second Amended Complaint.

98-100. The allegations contained in paragraphs 98 through 100 of the Second Amended Complaint pertain to a defendant other than Shoreline and Castro, and therefore, no response is required. To the extent paragraphs 98 through 100 of the Second Amended Complaint are intended to allege any fault, wrongdoing, liability or damages attributable to Shoreline and/or Castro, they are expressly denied.

**WHEREFORE,** Defendants Shoreline and Castro demand judgment be entered in their favor dismissing the Second Amended Complaint along with interest, costs, and disbursements incurred herein.

## XXI.    NEGLIGENCE
### Steven McDermott v. Lorraine Odzana, as Administratrix of the Estate of James J. Odzana

101.    Defendants, Shoreline and Castro repeat and incorporate by reference their responses to paragraphs 1 through 100 of the Second Amended Complaint.

102-104. The allegations contained in paragraphs 102 through 104 of the Second Amended Complaint pertain to a defendant other than Shoreline and Castro, and therefore, no response is required. To the extent paragraphs 102 through 104 of the Second Amended Complaint are intended to allege any fault, wrongdoing, liability or damages attributable to Shoreline and/or Castro, they are expressly denied.

**WHEREFORE,** Defendants Shoreline and Castro demand judgment be entered in their favor dismissing the Second Amended Complaint along with interest, costs, and disbursements incurred herein.

12

## XXII.  LOSS OF CONSORTIUM
### Stacey McDermott v. Ryder Truck Rental

105.    Defendants, Shoreline and Castro repeat and incorporate by reference their responses to
paragraphs 1 through 104 of the Second Amended Complaint.

106.    Defendants, Shoreline and Castro are without sufficient knowledge or information to
form a belief as to the truth the allegations set forth in Paragraphs 106 of the Second
Amended Complaint.

107-108. The allegations contained in paragraphs 107 through 108 of the Second Amended
Complaint pertain to a defendant other than Shoreline and Castro, and therefore, no
response is required.  To the extent paragraphs 107 through 108 of the Second Amended
Complaint are intended to allege any fault, wrongdoing, liability or damages attributable
to Shoreline and/or Castro, they are expressly denied.

    **WHEREFORE,** Defendants Shoreline and Castro demand judgment be entered in their
favor dismissing the Second Amended Complaint along with interest, costs, and disbursements
incurred herein.

## XXIII. LOSS OF CONSORTIUM
### Stacey McDermott v. Lorraine Odzana, as Administratrix of the Estate of James J. Odzana

109.    Defendants, Shoreline and Castro repeat and incorporate by reference their responses to
paragraphs 1 through 108 of the Second Amended Complaint.

109.    Defendants, Shoreline and Castro are without sufficient knowledge or information to
form a belief as to the truth the allegations set forth in Paragraphs 109 of the Second
Amended Complaint.

110-112. The allegations contained in paragraphs 110 through 112 of the Second Amended
Complaint pertain to a defendant other than Shoreline and Castro, and therefore, no

response is required.  To the extent paragraphs 110 through 112 of the Second Amended
Complaint are intended to allege any fault, wrongdoing, liability or damages attributable
to Shoreline and/or Castro, they are expressly denied.

**WHEREFORE,** Defendants Shoreline and Castro demand judgment be entered in their
favor dismissing the Second Amended Complaint along with interest, costs, and disbursements
incurred herein.

### XXIV. NEGLIGENCE
**Steven McDermott v. Shoreline Transportation, Inc.**

113.    Defendants, Shoreline and Castro repeat and incorporate by reference their responses to
        paragraphs 1 through 112 of the Second Amended Complaint.

114-116.  Denied.

**WHEREFORE,** Defendants Shoreline and Castro demand judgment be entered in their
favor dismissing the Second Amended Complaint along with interest, costs, and disbursements
incurred herein.

### XXV.  NEGLIGENCE
**Steven McDermott v. Jaclyn Paletta as Administratrix of the Estate of Mario J. Castro**

117.    Defendants, Shoreline and Castro repeat and incorporate by reference their responses to
        paragraphs 1 through 116 of the Second Amended Complaint.

118-120.  Denied.

**WHEREFORE,** Defendants Shoreline and Castro demand judgment be entered in their
favor dismissing the Second Amended Complaint along with interest, costs, and disbursements
incurred herein.

### XXVI. LOSS OF CONSORTIUM
**Stacey McDermott v. Shoreline Transportation Inc.**

121.   Defendants, Shoreline and Castro repeat and incorporate by reference their responses to
       paragraphs 1 through 120 of the Second Amended Complaint.

122.   Defendants, Shoreline and Castro are without sufficient knowledge or information to
       form a belief as to the truth the allegations set forth in Paragraphs 122 of the Second
       Amended Complaint.

123-124. Denied.

   **WHEREFORE,** Defendants Shoreline and Castro demand judgment be entered in their
favor dismissing the Second Amended Complaint along with interest, costs, and disbursements
incurred herein.

### XXVII.   LOSS OF CONSORTIUM
**Stacey McDermott v. Jaclyn Paletta, as Administratrix of the Estate of Mario J. Castro**

125.   Defendants, Shoreline and Castro repeat and incorporate by reference their responses to
       paragraphs 1 through 124 of the Second Amended Complaint.

126.   Defendants, Shoreline and Castro are without sufficient knowledge or information to
       form a belief as to the truth the allegations set forth in Paragraphs 126 of the Second
       Amended Complaint.

127-128. Denied.

   **WHEREFORE,** Defendants Shoreline and Castro demand judgment be entered in their
favor dismissing the Second Amended Complaint along with interest, costs, and disbursements
incurred herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The plaintiffs' complaint fails to state a cause of action for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

One or more counts of the Complaint are barred by operation of the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

That if, in fact Shoreline was negligent, which Shoreline expressly denies, the negligence of the plaintiff, Steven McDermott was of a greater degree than that of Shoreline, whereby the plaintiffs are barred from recovery.

### FOURTH AFFIRMATIVE DEFENSE

That if, in fact Castro was negligent, which Castro expressly denies, the negligence of the plaintiff, Steven McDermott was of a greater degree than that of Castro, whereby the plaintiffs are barred from recovery.

### FIFTH AFFIRMATIVE DEFENSE

That if, in fact Shoreline was negligent, which Shoreline expressly denies, the plaintiff Steven McDermott was also negligent and any recovery or verdict for the plaintiffs must be reduced by the percentage equal to the comparative negligence of the plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

That if, in fact Castro was negligent, which Castro expressly denies, the plaintiff Steven McDermott was also negligent and any recovery or verdict for the plaintiffs must be reduced by the percentage equal to the comparative negligence of the plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

The acts or omissions which are alleged to have caused the damages and/or injuries referred to in the Complaint were committed by a third party who was not an agent or employee of the defendant(s) and for whose acts or omissions the defendant(s) **(is/are)** not legally responsible.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint must fail due to insufficiency of service of process.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint must fail due to insufficiency of process.

### TENTH AFFIRMATIVE DEFENSE

The plaintiffs' action is barred by Mass. General Laws Chapter 90 Section 34A and 34M and Chapter 231 Section 6D.

### ELEVENTH  AFFIRMATIVE DEFENSE

The plaintiffs' claims against Shoreline and Castro are barred because the plaintiffs' alleged injuries and damages, if any, were caused by the intervening and superseding acts or omissions of third persons.

### TWELFTH AFFIRMATIVE DEFENSE

The venue in which the plaintiffs have brought this action is improper

### THIRTEENTH AFFIRMATIVE DEFENSE

The venue in which the plaintiffs have brought this action is inconvenient.

### DEFENDANTS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE

## DEFENDANTS, SHORELINE TRANSPORTATION, INC. AND JACLYN PALETTA as ADMINISTRATRIX OF THE ESTATE OF MARIO J. CASTRO'S ANSWER TO FEDEX GROUND PACKAGE SYSTEMS, INC.CROSS CLAIMS

### COUNTS I –IV

1-8     The allegations contained in paragraphs 1 through 8 of Defendant, FedEx Cross Claims contained within the Second Amended Complaint pertain to a defendant other than Shoreline and Castro, and therefore, no response is required.  To the extent paragraphs 1 through 8 of the Defendant, Fedex's Cross Claims contained within the Second Amended Complaint are intended to allege any fault, wrongdoing, liability or damages attributable to Shoreline and/or Castro, they are expressly denied.

**WHEREFORE,** Defendants Shoreline and Castro demand judgment be entered in their favor dismissing the Cross Claims of Defendant, Fedex contained within the Second Amended Complaint along with interest, costs, and disbursements incurred herein.

### COUNT V.

9-10. Denied.

**WHEREFORE,** Defendants Shoreline and Castro demand judgment be entered in their favor dismissing the Cross Claims of Defendant, Fedex, contained within the Second Amended Complaint along with interest, costs, and disbursements incurred herein.

### COUNTS VI –VIII

11-16. The allegations contained in paragraphs 11 through 16 of Defendant, FedEx Cross Claims contained within the Second Amended Complaint pertain to a defendant other than Shoreline and Castro, and therefore, no response is required.  To the extent paragraphs 11 through 16 of Defendant, Fedex's Cross Claims contained within the Second Amended Complaint are intended to allege any fault, wrongdoing, liability or damages attributable to Shoreline and/or Castro, they are expressly denied.

**WHEREFORE,** Defendants Shoreline and Castro demand judgment be entered in their favor dismissing the Cross Claims of Defendant, Fedex contained within the Second Amended Complaint along with interest, costs, and disbursements incurred herein.

## COUNT IX.

17-18. Denied.

**WHEREFORE,** Defendants Shoreline and Castro demand judgment be entered in their favor dismissing the Cross Claims of Defendant, Fedex, contained within the Second Amended Complaint along with interest, costs, and disbursements incurred herein.

## COUNT X

19-20.  The allegations contained in paragraphs 19 through 20 of Defendant, FedEx Cross Claims contained within the Second Amended Complaint pertain to a defendant other than Shoreline and Castro, and therefore, no response is required.  To the extent paragraphs 19 through 20 of Defendant, Fedex's Cross Claims contained within the Second Amended Complaint are intended to allege any fault, wrongdoing, liability or damages attributable to Shoreline and/or Castro, they are expressly denied.

**WHEREFORE,** Defendants Shoreline and Castro demand judgment be entered in their favor dismissing the Cross Claims of Defendant, Fedex contained within the Second Amended Complaint along with interest, costs, and disbursements incurred herein

**DEFENDANTS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

DEFENDANTS,
SHORELINE TRANSPORTATION INC., &
JACLYN PALETTA as ADMINISTRATRIX OF
THE ESTATE OF MARIO J. CASTRO,
By their attorney,

/s/ Brian J. Donegan
Brian J. Donegan
NEVILLE LAW, LLC
24 Muzzey Street
Lexington, MA 02421
(781) 372-7200
BBO Number:  648501
Dated:  May 9, 2007

## CERTIFICATE OF SERVICE

I, Brian J. Donegan, Esquire attorney for the Defendants, Shoreline Transportation, Inc. and Jaclyn Paletta as Administratrix of the Estate of Mario J. Castro, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this day.

Date:   May 9, 2007

/s/ Brian J. Donegan
Brian J. Donegan, Esquire
NEVILLE LAW, LLC
24 Muzzey Street
Lexington, Massachusetts 02421
BBO # 648501
Tel: (781) 372-7200
Fax: (781) 372-7299