# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN McDERMOTT and<br>STACEY McDERMOTT<br>      Plaintiffs<br>v.<br><br>FEDEX GROUND PACKAGE<br>SYSTEMS, INC., T.S. PRUITT,<br>ALLEGIANCE HEALTHCARE, INC.,<br>D. PONCE, E. W. WYLIE<br>CORPORATION, D.W. SMITH,<br>ARSENBERGER TRUCKING, INC.,<br>J.T. FOSBRINK, RYDER TRUCK<br>RENTAL; LORRRAINE ODZANA as<br>ADMINISTRATRIX OF THE ESTATE<br>OF JAMES J. ODZANA, SHORELINE<br>TRANSPORTATION, INC.; JACYLYN<br>PALETTA as ADMINISTRATIX OF<br>THE ESTATE OF MARIO J. CASTRO<br>      Defendants | ) )<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 04-CV-12253MLW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFFS, STEVEN MCDERMOTT AND STACEY MCDERMOTT'S OPPOSITION TO THE DEFENDANTS, ARSENBERGER TRUCKING, INC.'S, AND J. T. FOSBRINK'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

## I.    INTRODUCTION

The above entitled action was filed in the U.S. District Court on or about October 26, 2004 and arises from a multiple tractor trailer accident that occurred on February 7, 2003 in the Commonwealth of Pennsylvania.  Plaintiff's ("McDermott") filed a Second Amended Complaint on or about December 22, 2006, incorporating a number of additional defendants, specifically, Arsenberger Trucking, Inc., ("Arsenberger") and J.T.

Fosbrink, ("Fosbrink"). Arsenberger and Fosbrink move to dismiss their respective complaints on the basis of lack of in personam jurisdiction. The Plaintiff's now respond.

## II.    SUMMARY OF FACTS[1]

On or about February 7, 2003 the plaintiff, Steven McDermott was severely injured in an automobile accident on Interstate 84 in the Commonwealth of Pennsylvania. The plaintiff had completed his scheduled deliveries and was driving back to Massachusetts in the early morning hours. While driving east on Interstate 84, a snowstorm converged on the area and began covering the highway. Despite the dangerous conditions, a number of tractor-trailer drivers continued driving at speeds considerably above what was safe and reasonable. A multiple truck accident occurred on the Interstate, including but not limited to the truck owned by Arsenberger, and operated by its driver, J. T. Fosbrink. The Plaintiff contends that Arsenberger and its agent, servant and/or employee, Fosbrink, were negligent in the manner in which they operated their tractor-trailers in light of the roadway conditions. Their negligent acts and/or omissions resulted in numerous collisions effectively blocking the highway and littering the highway with their respective loads. The Plaintiff contends that he was driving safely and reasonably given the weather conditions. The Plaintiffs contend but for the debris and damaged tractor-trailer that was strewn about the roadway, which were the result of the negligent actions and/or omissions of Arsenberger and its agent, servant and/or employee, Fosbrink, his severe and permanent injuries suffered by him would not have occurred.

---

[1] Plaintiff Stacey McDermott maintains a loss of consortium claim against all defendants.

Arsenberger's and Fosbrink's answer, filed on or about April 5, 2007, **did not** include the affirmative defense of lack of personal jurisdiction.

## III.    ARGUMENT

### A.    Defendants Arsenberger and Fosbrink Have Waived Their Defense of Lack of Personal Jurisdiction By Failing To Plead As An Affirmative Defense.

Arsenberger's and Fosbrink's argument that this Court lacks personal jurisdiction over this matter has been waived.  Arsenberger and Fosbrink answered the complaint on or about April 5, 2007, which answers failed to assert the affirmative defense of lack of personal jurisdiction.

The purpose of Rule 12 is to eliminate unnecessary delays in the early pleading stages of a suit so that all available Rule 12 defenses are advanced before consideration of the merits." See: Manchester Knitted Fashions v. Amalgamated, 967 F.2d 688, 691 (1st Cir. 1992), Pilgrim Badge & Label Corp. v. Barrios, 857 f.2d 1, 3(1st Cir. 1988).

If the first defensive move of the Defendant is a responsive pleading, 12(h)(1)(B) requires that the defense of lack of personal jurisdiction be raised in that pleading.  Fed. R. Civ. P. 12 (h)(1)(A) & (B) *require* (emphasis added) "that defendants wishing to raise a defense of lack of personal jurisdiction must do so in their first defensive move, be it a Rule 12 motion of a responsive pleading." Glater v. Eli Lilly & Co., 712 F.2d 735, 738 (1st Cir. 1983); see also Rogue v. United States, 857 F.2d 20, 21 (1st Cir. 1988).  Under Rule 12(h)(1), a "defense of personal

jurisdiction is waived if not raised in the answer or in a motion filed *prior to* or contemporaneously with the answer." (emphasis added).

Fed. R. Civ. P. 12(g) contemplates the presentation of an omnibus pre-answer motion in which the defendant advances every available Rule 12 defense and objection he may have that is assertable by motion.  5 Wright & Miller, *Federal Practice and Procedure*: Civil § 1384 at 837 (1969).  However, if the **first** defensive move of the defendant is a responsive pleading, 12(h)(1)(B) requires that the defense of lack of personal jurisdiction be raised in that pleading.  Glater, *supra*.

Defendant, Cardinal Health 200, Inc., f/n/a Allegiance Health Care, Inc., filed a Motion to Dismiss for Lack of Personal Jurisdiction on May 21, 2007.[2]  Thirteen days prior to the scheduled August 2, 2007 hearing on Cardinal's motion, defendants Arsenberger and Fosbrink filed their respective motions[3].  It would appear that Arsenberger and Fosbrink only considered this motion after Cardinal addressed the issue.

**B.**    **Defendants Arsenberger and Fosbrink Have Exceeded The Time Requirements Allowing Amendments To Their Respective Complaints.**

Fed.R.Civ.P. 15(a) states:  a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served.

---

[2] Cardinal Health 200, Inc., was the first defendant to challenge in personam jurisdiction.  Only after review of this motion did other defendants respond not having contemplated this defense in their responsive pleadings.
[3] Cardinal's Motion to Dismiss was subsequently withdraw the day prior to it's scheduled hearing.

Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

Amendments of the respective answers are not available to Arsenberger nor Fosbrink because the time limits set forth in 15(a) have expired. Arsenberger and Fosbrink cannot seek leave of the court for additional time after the expiration of the twenty day time period to file their amended answer. Although Fed.R.Civ.P. 15(a) also provides for amendments to pleadings by leave of court and as well states that leave will be freely given when justice requires, it follows the language of Fed.R.Civ.P. 12(h)(1) that this amendment procedure is **not** available to raise the personal jurisdiction defense. <u>Green Acres Farm, Inc. v. Mid-Atlantic Cars, Inc.</u>, 1986 U.S. District LEXIS 28276 (D. Mass. 12, 1986).

Green Acres relies on <u>Murphy v. Erwin- Wasey, Inc.</u>, 460 F.2d 661 (1st Cir. 1972) where a Massachusetts plaintiff sued and out-of –state defendant where no motion to dismiss was filed in the defendant answer nor did the answer include the affirmative defense of lack of personal jurisdiction. "Since [defendant] has waived the objections to jurisdiction over its person and venue, it would be an abuse of discretion to permit it to resurrect either defense by way of a motion to dismiss…" "<u>Glater v. Eli Lilly & Co.</u>, 712 F.2d 735, 738 (1st Cir. 1983) is controlling." (emphasis added).

**C.**    **Deference to Plaintiffs' Choice of Forum**

Deference should be given to the McDermotts' choice of forum. "Before balancing the various private and public interest factors at issue, the Court must first determine how much deference to afford the Plaintiffs' choice of forum. In general, a plaintiff's choice of forum is afforded a great amount of deference. U.S. plaintiffs, however, are afforded a heightened deference: [T]he standard of deference for a U.S. plaintiffs choice of a home forum permits dismissal only when the defendant "establish[es] such **oppressiveness** and **vexation** to a defendant as to be out of all proportion to plaintiffs convenience, which may be shown to be slight or nonexistent." Duha, 448 F.3d at 873-74 (emphasis added) (quoting Koster v. American Lumbermens Mut. Cas. Co., 330 U.S. 518, 524, 67 S.Ct. 828, 91 L.Ed. 1067 (1947)).  The Court will dismiss only if "the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court." Piper Aircraft Co., 454 U.S. at 256 n. 23, 102 S.Ct. 252. (1984).

IV.    **CONCLUSION**

For these reasons, the Plaintiffs respectfully request this Court deny Defendant

Arsenberger's and Fosbrink's Motion to Dismiss for Lack of Personal Jurisdiction.


Respectfully submitted,
The Plaintiffs, Steven and Stacey McDermott,
By their attorneys,


/s/  Joseph M. Mahaney

Joseph M. Mahaney BBO# 5549042
Goguen, McLaughlin, Richards & Mahaney, LLP
The Harriet Beecher Stowe House
Two Pleasant Street
South Natick, MA 01760
(508) 651-1000

/s/  Michael P. Welsh

Michael P. Welsh  BBO# 555678
Law Office of Howard M. Kahalas
Six Beacon Street, Suite 700
Boston, MA 02108
(617) 523-1155


dated:  August 13, 2007

## CERTIFICATE OF SERVICE

I, Joseph M. Mahaney, certify that on July 6, 2007 a true copy of the above was filed electronically and therefore sent to all parties identified through the ECF system.

/s/ Joseph M. Mahaney

Joseph M. Mahaney

EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| STEVEN MCDERMOTT and STACEY MCDERMOTT Plaintiffs, | ) ) ) ) ) | |
| v. | ) ) | DOCKET NO: 04-CV-12253 |
| FEDEX GROUND PACKAGE SYSTEMS, INC., T.S. PRUITT, ALLEGIANCE HEALTHCARE, INC., D. PONCE, E.W. WYLIE CORPORATION, D.W. SMITH, ARSENBERGER TRUCKING, INC., J.T. FOSBRINK, RYDER TRUCK RENTAL, LORRAINE ODZANA as ADMININSTRATRIX OF THE ESTATE OF JAMES J. ODZANA, SHORELINE TRANSPORTATION, INC., JACLYN PALETTA as ADMINISTRATRIX OF THE ESTATE OF MARIO J. CASTRO Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

## ANSWER OF DEFENDANTS ARSENBERGER TRUCKING, INC., and J.T. FOSBRINK TO PLAINTIFFS' SECOND AMENDED COMPLAINT

### FIRST DEFENSE

The Second Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The defendants respond to the allegations of the Second Amended Complaint as follows:

#### I. Parties

1.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

1056090v1

2.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

3.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

4.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

5.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

6.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

7.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

8.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

9.    The defendants admit the allegations contained in this paragraph.

10.    The defendants admit the allegations contained in this paragraph.

2

11.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

12.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

13.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

14. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

## II. Jurisdiction

15.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

16.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

17.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

1056090v1

<u>III. Facts</u>

18.    The defendants deny the allegations contained in this paragraph.

19.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

20.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

21.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

22.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

23.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

24.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

25.    The defendants deny the allegations contained in this paragraph.

26.    The defendants deny the allegations contained in this paragraph.

4

1056090v1

27.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

28.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

29.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

30.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

31.    The defendants deny the allegations contained in this paragraph.

32.    The defendants deny the allegations contained in this paragraph.

### IV. Negligence
### Fedex Ground Package Systems, Inc.

33.    The defendants repeat their responses to paragraphs 1-32 above as if fully set forth herein.

34.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

35.     The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

36.     The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

V. Negligence
T.S. Pruitt

37.     The defendants repeat their responses to paragraphs 1-36 above as if fully set forth herein.

38.     The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

39.     The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

40.     The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

VI. Loss of Consortium
Fedex Ground Package Systems, Inc.

41.     The defendants repeat their responses to paragraphs 1-40 above as if fully set forth herein.

42.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

43.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

44.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

<u>VII. Loss of Consortium</u>
<u>T.S. Pruitt</u>

45.    The defendants repeat their responses to paragraphs 1-44 above as if fully set forth herein.

46.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

47.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

48.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

7

VIII. Negligence
Allegiance Health Care, Inc.

49.    The defendants repeat their responses to paragraphs 1-48 above as if fully set forth herein.

50.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

51.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

52.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

IX. Negligence
D. Ponce

53.    The defendants repeat their responses to paragraphs 1-52 above as if fully set forth herein.

54.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

55.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

1056090v1

56.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

### X. Loss of Consortium
### Allegiance Health Care, Inc.

57.    The defendants repeat their responses to paragraphs 1-56 above as if fully set forth herein.

58.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

59.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

60.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

### XI. Loss of Consortium
### D. Ponce

61.    The defendants repeat their responses to paragraphs 1-60 above as if fully set forth herein.

62.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

1056090v1

63.     The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

64.     The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

## XII. Negligence
### E.W. Wylie Corporation

65.     The defendants repeat their responses to paragraphs 1-64 above as if fully set forth herein.

66.     The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

67.     The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

68.     The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

## XIII. Negligence
### D. W. Smith

69.     The defendants repeat their responses to paragraphs 1-68 above as if fully set forth herein.

10

1056090v1

70.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

71.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

72.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

### XIV. Loss of Consortium
### E.W. Wylie Corporation

73.    The defendants repeat their responses to paragraphs 1-72 above as if fully set forth herein.

74.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

75.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

76.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

11

### XV. Loss of Consortium
### D. W.Smith

77.     The defendants repeat their responses to paragraphs 1-76 above as if fully
set forth herein.

78.     The defendants are without knowledge or information sufficient to form a
belief as to the truth of the allegations contained in this paragraph and call upon the
plaintiff to prove same.

79.     The defendants are without knowledge or information sufficient to form a
belief as to the truth of the allegations contained in this paragraph and call upon the
plaintiff to prove same.

80.     The defendants are without knowledge or information sufficient to form a
belief as to the truth of the allegations contained in this paragraph and call upon the
plaintiff to prove same.

### XVI. Negligence
### Arsenberger Trucking, Inc.

81.     The defendants repeat their responses to paragraphs 1-80 above as if fully
set forth herein.

82.     The defendants deny the allegations contained in this paragraph.

83.     The defendants deny the allegations contained in this paragraph.

84.     The defendants deny the allegations contained in this paragraph.

WHEREFORE, the defendants deny that the plaintiff is entitled to judgment in
any amount.

1056090v1

### XVII. Negligence
### J.T. Fosbrink

85.    The defendants repeat their responses to paragraphs 1-84 above as if fully set forth herein.

86.    The defendants deny the allegations contained in this paragraph.

87.    The defendants deny the allegations contained in this paragraph.

88.    The defendants deny the allegations contained in this paragraph.

WHEREFORE, the defendants deny that the plaintiff is entitled to judgment in any amount.

### XVIII. Loss of Consortium
### Arsenberger Trucking, Inc.

89.    The defendants repeat their responses to paragraphs 1-88 above as if fully set forth herein.

90.    The defendants deny the allegations contained in this paragraph.

91.    The defendants deny the allegations contained in this paragraph.

92.    The defendants deny the allegations contained in this paragraph.

WHEREFORE, the defendants deny that the plaintiff is entitled to judgment in any amount.

### XIX. Loss of Consortium
### J.T. Fosbrink

93.    The defendants repeat their responses to paragraphs 1-93 above as if fully set forth herein.

94.     The defendants deny the allegations contained in this paragraph.

95.     The defendants deny the allegations contained in this paragraph.

96.     The defendants deny the allegations contained in this paragraph.

WHEREFORE, the defendants deny that the plaintiff is entitled to judgment in any amount.

## XX. Negligence
## Ryder Truck Rental

97.     The defendants repeat their responses to paragraphs 1-96 above as if fully set forth herein.

98.     The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

99.     The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

100.     The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

## XXI. Negligence
## Odzana

101.     The defendants repeat their responses to paragraphs 1-100 above as if fully set forth herein.

1056090v1

102.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

103.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

104.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

XXII. Loss of Consortium
Ryder Truck Rental

105.    The defendants repeat their responses to paragraphs 1-104 above as if fully set forth herein.

106.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

107.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

108.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

1056090v1

## XXIII. Loss of Consortium
### Odzana

109.    The defendants repeat their responses to paragraphs 1-108 above as if fully set forth herein.

110.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

111.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

112.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

## XXIV. Negligence
### Shoreline Transportation, Inc.

113.    The defendants repeat their responses to paragraphs 1-112 above as if fully set forth herein.

114.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

115.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

1056090v1

116.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

## XXV. Negligence
### Paletta

117.    The defendants repeat their responses to paragraphs 1-116 above as if fully set forth herein.

118.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

119.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

120.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

## XXVI. Loss of Consortium
### Shoreline Transportation, Inc.

121.    The defendants repeat their responses to paragraphs 1-120 above as if fully set forth herein.

122.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

1056090v1

123.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

124.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

### XXVII. Loss of Consortium
### Paletta

125.    The defendants repeat their responses to paragraphs 1-124 above as if fully set forth herein.

126.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

127.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

128.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and call upon the plaintiff to prove same.

## AFFIRMATIVE DEFENSES

## THIRD DEFENSE

The defendants deny each and every allegation of the Plaintiffs' Second Amended Complaint except as specifically admitted above.

1056090v1

### FOURTH DEFENSE

By way of affirmative defense, the defendants say that the action is barred by the applicable statute of limitations and by the doctrines of laches.

### FIFTH DEFENSE

By way of affirmative defense, the defendants say that if the plaintiff suffered damages as alleged, such damages were caused by someone for whose conduct the defendants are not legally responsible.

### SIXTH DEFENSE

By way of affirmative defense, the defendants state that this action shall be dismissed for insufficiency of process.

### SEVENTH DEFENSE

By way of affirmative defense, the defendants state that they reserve the right to assert further affirmative and other defenses as they become evident through discovery or investigation.

### JURY DEMAND

The defendants demand a trial by jury.

> The Defendants,
> **ARSENBERGER TRUCKING, INC., and**
> **J.T. FOSBRINK**
> By their attorney:
> MORRISON MAHONEY LLP
>
> */s/ Lee Stephen MacPhee*
> Lee Stephen MacPhee
> BBO # 312400
> 250 Summer Street
> Boston, MA 02210
> (617) 439-7500

1056090v1

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants this 5TH day of April, 2007.

/s/ Lee Stephen MacPhee
Lee Stephen MacPhee

20

1056090v1